UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Elizabeth Nelson
PO Box 1422
WARREN MI 48090
CI

ALBERT THROWER
PO BOX 6702
CLEVELAND, OH 44101

Plaintiffs(s)
-vs-

COMPLAINT

FILED
CLERK'S OFFICE
AUG 2 5 2023
U.S DISTRICT COURT
EASTERN MICHIGAN

Case No. 2:23-cv-11597 NGE-

Judge:   Nancy Edmunds

Magistrate Judge Curtis Ivy Jr

2nd   AMENDED

42 USC Section 1983
4th, 5th, 14th Amendment,
Privacy Act violations

Jury Trial Demanded

$100 Million USD

VERTIFIED COMPLAINT

ROBERT SCOTT (JOHN DOE PROPERTY MAINTENANCE DIVISION
SUPERVISOR rscott@*cityofwarren*.org.
SUITE 315. ONE CITY SQUARE, **WARREN**, MI, 48093

SERVICE TOWING INC
6006 Rinke Ave
Warren MI  48091

1

ABLE TOWING LLC
6006 Rinke Ave
Warren MI 48091

EDWARD D. HERTZ President
6006 Rinke Ave
Warren, MI 48091

BRUCE HERTZ Secretary
6006 Rinke Ave
Warren, MI 48091

Sandra A Hertz Registered Agent of SERVICE TOWING INC.
6006 Rinke Ave Warren MI 48091

RANDY HERTZ
6006 Rinke Ave, Warren MI 48091

DENNIS HERTZ
6006 Rinke Ave., Warren MI 48091

JAMES CUMMINS BUILDING DEPARTMENT DIRECTOR
1 CITY SQUARE, WARREN, MI 48093

CURTIS GAUSS #22
CITY OF WARREN MI DEPARTMENT OF MAINTENANCE EMPLOYEE
1 City Square, Warren, MI 48093

Frank Badalamente / Badalamenti
City of Warren Bldg Dept
One City Square
Warren, MI 48093

Mary Michaels
One City Square
Warren, MI 48093

Brian Kijewski
City of Warren MI Dept of Maintenance Employee
One City Square
Warren, MI 48093

Marilyn Trembath
One City Square
Warren, MI 48093

4 JOHN DOE WARREN POLICE DEPT POLICEMEN
29900 CIVIC CENTER DR
WARREN MI 48093

CITY OF WARREN
1 City Square, Warren, MI 48093

WARREN POLICE COMMISSIONER WILLIAM DWYER
29900 CIVIC CENTER DR
WARREN, MI 48093

Captain William Reichling
29900 CIVIC CENTER DR
WARREN, MI 48093

Mayor James Fouts
1 City Square, Warren, MI 48093

KIMBERLY ELIZABETH BRANSON

*EVERETT MURPHY
CITY OF WARREN FILED INSPECTOR
1 City Square,
Warren MI 48093

*PETE WARACK
1 City Square
Warren MI 48093

*ANNETTE GATTARI ROSS
1 City Square
Warren MI 48093

*R. LIPA
CITY OF WARREN RENTAL INSPECTOR
1 City Square
Warren, MI 48093

## VERIFIED COMPLAINT

**Preliminary Statement**

This is a civil rights action filed by Elizabeth Nelson, Michigan citizen, Albert Thrower, Ohio citizen for damages and injunctive relief under 42 USC Section 1983, alleging illegal search and seizure 3/11/20, 7/7/21, 7/8/21 under 4th, 5th 14th Amendment of the United States Constitution, and torts of assault and battery, trespass, under state law

- 1) This action seeks money damages because of a CITY OF WARREN EMPLOYEES' participation, conspiring, acting in concert in private parties' violating plaintiffs united states constitutional rights, wrongful deprivation of plaintiffs' (p) property and state crimes of falsification, trespassing et al crimes in the process

- 2) Plaintiffs allege all Defendants acted "under color of state law", "acting in their individual capacities" and violated plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments Constitution of United States, Michigan Constitution Due Process Cl Art 1 Sec 17, Sec 11

- 3) Plaintiffs also bring state law claims pursuant to Court's supplemental jurisdiction of trespass, theft, assault and battery, kidnapping, false imprisonment, abuse of process.

- 4) At all times Private parties named "conspired", acted in concert, tandem, with state actors in the deprivation of (P) US Constitutional rights

- 5) (D) JOHN DOE is the City of Warren policy maker in

### Jurisdiction

- 6) This Court has jurisdiction over Plaintiffs' federal claim under 42 U.S.C. §§ 1331(a) and 1343.

- 7) The Court has supplemental jurisdiction over Plaintiffs', state law claims, under 28 U.S.C. § 1367.

- 8) Venue in the United States District Court for Eastern District of Michigan

Southern Division is proper pursuant to 28 U.S.C. § 1391 where the acts occurred.

9) Plaintiff ELIZABETH NELSON is a Michigan citizen & rents basement apartment at 7568 Hudson Ave Warren MI 48091 during time period of facts alleged

10) Plaintiff ALBERT THROWER is a citizen of Ohio. Hereinafter (P) Thrower has his choice of 1 of 4 vacant apartments @ 7568 Hudson Ave Warren MI 48091 pursuant to a written lease, as his capacity as manager. Ex A and was living in basement apartment 7568 Hudson Ave Warren MI 48091 when in town during time period of facts alleged

11) Defendants SERVICE TOWING INC., ABLE TOWING LLC is a company principally engaged in the business of towing motor vehicles and has its principal place of business in WARREN MICHIGAN. (D) EDWARD HERTZ IS President, (D) DENNIS HERTZ Treasurer, (D) BRUCE HERTZ Secretary, (D) Sandra Hertz Resident Agent of SERVICE TOWING INC., Able Towing LLC, Randy Hertz is owner/employee. All these private parties acted "under color of state law" acted "in concert" and in a "conspiracy" with state actors acting under "color of state law" defendants per the facts alleged.

- 12) Defendant Kimberly Elizabeth Branson ((D) Branson) is a tenant @ 7568 Hudson Ave Warren MI 48091 Upstairs. She entered into an agreement, to "work for the city" per (D) Robert Scott, (D) Fouts and other city defendants. She had her eviction stayed due to covid or informant status. She conspired with state actors acting in their individual capacities under color of law to violate the United States Constitutional rights of plaintiffs

- 13) Defendants EDWARD HERTZ, DENNIS HERTZ, BRUCE HERTZ, RANDY HERTZ, hereafter (Ds') HERTZ BROS. & SANDRA HERTZ are owners, employees of Service Towing Inc., Able Towing LLC, a tow company in Warren Mi., these (Ds') acted in concert and conspiracy with SCOTT, CUMMINS, GAUSS, BADALEMENTE, TREMBATH, KIJEWSKI, MICHEALS, DWYER, FOUTS, REICHLING, MURPHY, WARACK, R. LIPA, Doe Defendants, Doe city of warren police dept. john doe defendants, to violate United States Constitutional rights of the plaintiffs

- 14) Defendants' Does are employed by city of warren Michigan, and will be

5

identified after discovery including city of warren policymaker

- 15) Defendant Robert Scott is the supervisor of city of warren mi property and maintenance division and has been identified he is being sued in his "INDIVIDUAL CAPACITY" AND AT ALL TIMES ACTED "UNDER COLOR OF STATE LAW"

- 16) Defendant James Cummins is city of Warren mi building department director, he is sued in is "individual capacity" and all times acted "under color of state law"
- 17) Defendant Gus Ghanam is public service director, he is sued in his "individual capacity" and all time acted "under color of state law"
- 18) (D) Frank Badalemente is an employee of City of Warren Building Dept. He is being sued in his individual capacity acting under color of law

- 19) DEFENDANT EVERETT MURPHY IS FIELD INSPECTOR FOR THE CITY OF WARREN MICHIGAN, HE IS BEING SUED IN HIS "INDIVIDUAL CAPACITY" VIOLATING CIVIL RIGHTS "UNDER THE COLOR OF LAW"

- 20) DEFENDANT R. LIPA IS A CITY OF WARREN MI RENTAL INSPECTOR, HE IS BEING SUED IN HIS "INDIVIDUAL CAPACITY" VIOLATING CIVIL RIGHTS "UNDER THE COLOR OF LAW"

- 21) DEFENDANT PETE WARACK IS A CITY OF WARREN MI EMPLOYTEE, HE IS BEING SUED IN HIS "INDIVIDUAL CAPACITY" VIOLATING CIVIL RIGHTS "UNDER THE COLOR OF LAW"

- 22) At all times relevant hereto all defendants named, and JOHN DOES, (D) ROBERT SCOTT, JAMES CUMMINS, GUS GHANAM, Trembath, Michaels, Kijewski, Gauss, Badalamente, EVERETT MURPHY, R. LIPA, WARACK acted in concert, conspired with other Defendants INCLUDING SERVICE TOWING INC., ABLE TOWING LLC (Ds') EDWARD HERTZ, BRUCE HERTZ, SANDRA HERTZ, DENNIS HERTZ, Branson "under color of state law" acting in their individual capacity. Named defendants and JOHN DOES are sued in their individual capacity.

- 23) Defendant City of Warren MI is the local governmental unit for which Defendant DOES work. It is being sued for "failure to train" it's employees

- 24) (D) warren police commissioner William Dwyer is identified as the police commissioner for the city of warren, mi, he is being sued in his individual capacity

- and acting under color of state law, and failing to train his policer officers
- 25) CURTIS GAUSS #22 is a city of Warren Bldg Dept or Maintenance Dept employee, sued in his individual capacity, acting under color of state law
- 26) Brian Kijewski works for the city of Warren Mi Maintenance Dept. He is being sued in his individual capacity and acting under color of state law
- Mary Michael's is City attorney sued in her individual capacity acting under color of state law giving other defendants to go ahead to enter basement apartment of plaintiffs and to tow cars
- 27) Mary Trembeth is sued in her individual capacity, her job will be identified in further filings
- 28) Defendant ANNETTE GATTARI ROSS is being sued in her individual capacity acting under color of law
- 29) Defendant Captain William Reichling is the supervisor of the Van Dyke substation police station on Van Dyke- he was at the scene to tow vehicles 7/7/21 acting in his individual capacity with other Doe officers

## FACTS

- 30) On or about 3/11/2020, the defendants (hereinafter Ds') SCOTT, CUMMINS, Gauss, Badalemente, Brian Kijewski, MURPHY, WARACK, LIPA, DOES, GUS GHAHAM entered the basement of property at 7568 Hudson Ave Warren MI 48091 with the assistance of tenant Kim Branson. (Ps') were not present.
- 31) Renter Branson was being evicted from 7568 Hudson Ave Warren MI upper, since 2019, an apartment with exterior entrance & had her eviction stayed 3/8/20 due to covid and/or since she was "working for the city" to gain entry at 7568 Hudson Ave property per 8/21 Tsp.
  - 32) Branson had a key for the 1st basement steel door that was to be used for emergency purposes only, i.e., if a breaker tripped in an area behind the steel door.
- 33) At 7568 Hudson Ave there is a basement apartment Nelson/Thrower used as residence per the facts, time period in this complaint. (P) Thrower-manager of building, told (D) Branson that basement apartment off main basement room was private residence and that under no circumstances was she to enter this basement apartment. (D) Branson was aware that (Ps') lived in basement apartment & that apartment started at 1st steel door.
- 34) There is a 2nd door entering another part of basement apartment secured by a dead bolt.

7

- On or about 3/11/20, defendants Scott, Gauss, Badalamente, Kijewski, Cummins, MURPHY, WARACK, LIPA, GHANAM, DOES entered the basement area behind steel door unlocked by (D) Branson renter acting in her secret informant capacity and having her eviction stayed due to same or from covid.
- 35) Ps' aver (Ds) Scott, Gauss, Badalamente, Kijewski, Cummins, MURPHY, LIPA, WARACK, Does broke through 2nd basement door to enter basement apartment and/or entered through closed door after being told by (D) Branson that Ps' lived in basement apartment area.
- 36) ( Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, MURPHY, R. LIPA, WARACK, Does entered basement apartment after conferring with Warren MI legal department (Ds') Michaels, Trembath, ANNETTE GATTARI ROSS which is the custom & policy & (Ds') Michaels, Trembeth, ANNETTE GATTARI ROSS told city employees (Ds') to carrying out a scheme hatched by using (D) Branson informant status.
- 37) It was obvious to (Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, MURPHY, R. LIPA, Does that the basement area off the main basement room was used for a living area after entering door and going through corridor and indeed was informed of (D) Branson of this fact.
- 38) 2/20/20 WHO (World Health Organization) declared Covid a worldwide pandemic.
- 39) (D) Mayor Fouts had issued emergency declarations 2/20/20 in re covid
- 40) (Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, WARACK, MURPHY, R. LIPA, Does did not have a search warrant to enter basement apartment and ignored covid pandemic guidelines including wearing mask or gloves ON OR ABOUT 3/13/20.
- 41) "Entry to Rental Property" "Under Michigan common law, a tenant has a right to 'quiet enjoyment' of the rental premises… protects against unreasonable entry. Unreasonable entry isn't lawful, it is trespassing. Trespassing is both a tort and a crime" , AND VIOLATION OF US CONSTITUION 4th, 14th AMENDMENT

RIGHTS, PRIVACY ACT

- 42) (D) Branson-a tenant did not have legal authority or apparent authority to allow (Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, MURPHY, WARACK, R. LIPA, Does to enter basement apartment of (Ps') Thrower, Nelson and was (Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, MURPHY, WARACK, R. LIPA, Does were told by (D) Branson (Ps') Thrower/Nelson lived in the basement apartment secured with deadbolt. The basement apartment began behind the deadbolt steel door next to the laundry room and there was a 2nd door with deadbolt for additional security
- *43)* (D) Branson 3/8/20 had her eviction stayed due to covid from a default judgment entered at her eviction hearing 1/20 or stayed via informant status.
- *44)* When Ds' Scott, Gauss, Cummins, Badalamente, Kijewski, MURPHY, WARACK, R. LIPA, Does entered the basement apartment of Ps' it was obvious that this was used as a living area by (Ps'). Ds' Scott, Gauss, Cummins, Badalamente, Kijewski, MURPHY, R. LIPA, WARACK, Does disregarded 2/20/20 WHO covid declaration pandemic and did not wear gloves, or mask and did not tell Ps' Thrower, Nelson that they entered said apartment. See Ex A (P) Thrower lease
- 45) (Ps) Thrower, Nelson did not become aware that (Ds') Scott, Cummins, Gauss, Badalamente, Kijewski, MURPHY, WARACK, R. LIPA, Does had entered basement apartment until 4/23.
- 46) (P) Thrower 3/20 was informed he had prostate cancer and was scheduled for 40 days of radiation treatment 4/14/20-5/21/20 Cleveland MetroHealth making him "at risk" person for covid virus transmission, Ex B
- 47) (P) Nelson, then a 51 Warren Mi citizen home was 7568 Hudson Ave basement at time of entrance and is considered "at risk" individual per covid guidelines, including being a cancer survivor. This is the address on her driver's license and lease listing same.
- 48) Although covid had been declared a worldwide pandemic 2/20/20 by WHO (World Health Organization) no one knew how it was spread or how long the virus

remained lethal compounding the exposure to covid to "at risk" Ps' Thrower, Nelson by the secret entering and non-disclosure of Ds' Scott, Cummins, Gauss, Badalamente, Kijewski, MURPHY, WARACK, R. LIPA, Does into Ps' Thrower/Nelson basement apartment.

- 49) (Ps') aver that (Ds') city attorney Mary Michaels, Trembath, ANNETTE GATTARI ROSS was aware and approved of the illegal "sneak and peak" entry and in fact advised during same
- *50)* DEFENDANT CITY OF WARREN CHARGED (P) ALBERT THROWER 3/13/20 $472.64 FOR ALLEGED WORK, PAID BY (P) ALBERT THROWER, WHEN STATE OF MICHIGAN, CITY OF WARREN WAS ON EMERGENCY COVID LOCK DOWN
- 51) DEFENDANT CITY OF WARREN MI CHARGED (P) ALBERT THROWER 3/24/20 FOR "WORK DONE AT THE ABOVE PROPERTY", $475, FOR 'BLIGHT GRASS" WHEN GRASS DOES NOT GROW IN MARCH AND CITY OF WARREN, STATE OF MI WAS ON EMERGENCY COVID LOCKDOWN AND GRASS CUTTING WAS SUSPENDED BY GOVERNOR WHITMER ORDERS
- 52) On or about 7/21, (D) Branson still living 7568 Hudson Ave and paying rent into escrow to Warren 37th District Court was told by (D) Scott to disregard Judge Chupa order and "not to pay rent into escrow at the court" as ordered by Judge Chupa.
- 53) 8:00 AM 7/7/21 (D) Branson called (D) Scott, MURPHY, LIPA, WARACK, CUMMINS, or (D) Mayor Fouts, Does acting as an informant per agreement and told (Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, MURPHY, WARACK, LIPA, Does that (P) Thrower arrived at 7568 Hudson Ave.
- 54) (D) Scott, Gauss, Cummins, Badalamente, Kijewski, WARACK, LIPA, MURPHY, Does contacted the Warren Police Van Dyke substation and raided (P) Thrower address 7568 Hudson Ave Warren Mi and towed (P) Thrower 2011 Silverado with (D) Service Towing Inc., Able Towing LLC Hertz Brothers defendants in the morning. AT THE TIME OF THE RAID (P) THROWER DID NOT HAVE

ANY CHARGES PENDING AGAINST HIM PER COURT RECORDS. DEFENDANTS DID NOT HAVE A SEARCH WARRANT ISSUED BY A NUETRAL JUDGE UPON ENTERING THE PROPERTY IN VIOLATION OF THE 4, 14th AMENDMENT UNITED STATES CONSTITUTION

- 55) (P) Thrower avers that (D) Michaels, Trembath, ANNETTE GATTARI ROSS conferred with Judge Chumra to obtain a misdemeanor warrant 7/7/21 for (P) Thrower arrest and tow "inoperable vehicles" after vehicles were towed AND AFTER ENTERING 7568 HUDSON AVE WARREN MI PROPERTY WITHOUT SEARCH WARRANT.
- 56) (D) Scott yelled "I want the black car towed" that belonged to (P) Nelson who was in Michigan Ascension hospital having travelled there by ambulance several days before from 7568 Hudson Ave Warren MI address.
- 57) DEFENDANT ROBERT SCOTT, THREW (P) THROWER MOWER IN HIS SILVERADO UPSIDE DOWN RUINING SAME 7/7/21, AND CITY OF WARREN, SCOTT, MURPHY, WARACK, CUMMINS, LIPA, BADALAMENTE, MICHAELS, CHARGED (P) THROWER, APID BY THROWER $687.50 "blight grass...charge for work done at the above property on 7/JUL/21"
- 58) On 7/7/21 (D) Scott #32 wrote a ticket for 301.3 Unsafe Structure for Human Habitation, when (D) Scott is not qualified to write a ticket for same being Head of Property Maintenance & INFORMATION TO WRITE SAME WAS OBTAINED THROUGH ILLEGAL ENTRY WAS DETAILED *SUPRA*.
- 59) When (P) Nelson, a renter @ 7568 Hudson Ave exited the hospital her Honda Civic was @ (D) Service Towing Inc. tow yard and she incurred towed fees $330 removing operable vehicle.
- 60) (P) Nelson 2008 Honda Civic was legally parked on cement in the back of the 7568 Hudson Ave Warren MI triplex
- 61) Ps' aver after towing (Ps') cars (Ds') MICHAELS, TREMBATH, ANNETTE GATTARI ROSS obtained Judge Chumra issued CYA 7/7/21 order to tow "inoperable vehicles" when towed vehicles were operable and order was issued

without a ticket being written and without notice to (Ps') violating the 4th 5, 14th Amendment of the United States Constitution. See *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306 case where Supreme Court set forth constitutional requirements for notice of judicial proceedings to a potential party under the 14th Amendment of the United States Constitution

- 62) Judge Chumra alleged order was issued "without notice and an opportunity to be heard" as a matter of fact and law issued 7/7/21 with cars towed 7/7/21 9 AM.
- 63) Chumra order 7/7/21 was unconstitutional in violation of the 4, 5, 14th Amendment on its face.
- 64) 7/7/21 Ds' Scott, Cummins, Gauss, Badalamente, Kijewski, WARACK, LIPA, MURPHY, Does threw (P) Thrower mower in pickup upside-down ruining mower.
- 65) Ps' Thrower heard D Scott screaming in the driveway "I want that black (Honda) car towed" after (Ds') Hertz Bros said car "could not be towed without damaging same".
- 66) Defendants Scott, Cummins, Gauss, Badalamente, Kijewski, WARACK, LIPA, MURPHY, Does 7/7/21 took personal property belonging to (Ps') Thrower, NELSON including 2nd grill, drainage piping attached to house and wood AND CHARGED $687.50 FOR ILLEGALLY TAKING PROPERTY
- 67) On 7/8/21 (P) Thrower went to tow yard to retrieve Silverado @ 9.15 AM.
- 68) (D) DOE Hertz brother stalled (P) Thrower and (D) Hertz brother(s) called (D) Scott, Property and Maintenance Supervisor per earlier agreement who rushed over to Service Towing Inc.
- 69) 9.40 AM (D) Scott #32 arrived at (D) SERVICE TOWING INC., Able Towing LLC business 6006 Rinke Ave Warren MI and RACED UP threw (P) Thrower against the wall physically restraining Thrower inside (D) Service Towing Inc garage (D) Scott yelling @ (P) Thrower "there was a warrant out for housing violations allegedly issued 7/7/21".
- 70) (P) Thrower yelled @ (D) Scott "what are you doing"? (D) Scott replied, "doing a citizen's arrest". (P) TOLD (D) SCOTT THAT UNDER MICHIGAN LAW HE

12

COULD PERFORM A CITIZENS ARREST. (P) Thrower proceeded to call 911 to report crime of Kidnapping in process under MI law. (D) Scott #32 knocked (P) Thrower 313 line out of his hand and knocked (P) Thrower glasses off, breaking them committing felony "assault & battery". (P) Thrower told (D) Scott #32 "you are assaulting me and doing battery on me", (D) Scott roughing (P) Thrower up and holding his hands behind his back.

- 71) While restraining (P) Thrower (D) Scott searched (P) Thrower Aldi's bag with personal property committing tort of trespass, crime of trespass and performing an illegal search and seizure under Michigan Constitution, 4, 5, 14th Amendment including illegal seizure by physically restraining (P) Thrower.
- 72) Under Michigan law (D) Scott did not have authority to do a citizen's arrest for misdemeanor warrant. (P) Thrower told (D) Scott he did not have legal authority to restrain (P) Thrower, to which (D) Scott #32 responded, "I'm doing a citizens arrest". Which (P) Thrower informed (D) Scott "he did not have authority to perform a citizen's arrest under MI law per facts".
- 73) (P) Thrower phone was knocked out of his hand, and he was forcibly detained and injured (P) Thrower by (D) Scott.
- 74) Covid was still an issue during this alleged citizen's arrest 7/8/21 and (D) Scott was yelling @ (P) Thrower and spit was going on (P) Thrower from (D) Scott.
- 75) After about 10-15 minutes of (P) Thrower being physically detained by (D) Scott Warren police arrived
- 76) WARREN POLICE WITNESSED THE FELONY IN PROCESS OF KIDNAPPING (P) ALBERT THROWER AND DID NOT ARREST (D) SCOTT BUT RATHER ARRESTED (P) THROWER FOR ALLEGED MISDEANMOR HOUSING VIOLATIONS
- 77) Under Michigan Code of Criminal Procedures Act 175 of 1927, 764.16 Arrest by Private Persons, situations. Sec 16
    - For a felony committed in the private person's presence
    - ...committed felony not in private person's presence

- If the private person is summoned by a peace officer to assist the officer... d) ..."
- 78) After 10 minutes (D) Doe Warren police officers arrived and witnessed (P) Thrower being physically restrained by (D) Scott, committing the crime of kidnapping, assault and battery, false imprisonment on the person of (P) Thrower. (Ds') 4 Doe Warren police officers did nothing except arrest (P) Thrower while a trained officer would have recognized (D) Scott did not have authority to perform a "citizens arrest" under Michigan law and (D) SCOTT was breaking numerous state laws in Doe officers presence.
- 79) Doe Warren police officers committed the crime of "failure to report a crime" by not arresting (D) Scott #32 Under Michigan law: "failure to fulfill this legal duty to report impeding someone from doing a crime and may be charged as a misdemeanor."
- 80) (P) Thrower made a police report on (D) Scott 7/21 for kidnapping, false arrest, assault and battery but to (P) Thrower knowledge this was never prosecuted Incident #21-33784.
- 81) 7/7/21 (Ds') SCOTT, Gauss, Cummins, Badalamente, Kijewski, MURPHY, WARACK, LIPA, Does, Reichling, Dwyer did nothing to ascertain whose cars were being towed despite defendant Warren police presence or to determine if same were operable as Judge Chumra order ISSUED WITHOUT NOTICE AS A MATTER OF LAW AND FACT indicated. Further, as stated *supra*, said order was issued 7/7/21 and not issued with probable cause, was never served on (Ps') and cars were towed BEFORE said order was issued. The custom and police are to write a ticket before towing cars and an opportunity to be heard in court of Warren city.
- 82) After towing cars and arresting (P) (D) Fouts issued news release that he was "keeping 6/21 promise" to get bad landlords-showing he was part of the conspiracy.
- 83) Wherefore, plaintiffs' requests that the court grant the following relief:
- 84) (D) NELSON AN "AT RISK" PERSON UPON EXITING THE HOSPITAL HAD TO RETRIEVE HER 2008 HONDA CIVIC FROM (D) SERVICE TOWING INC., ABLE TOWING LLC, EXPOSING HER TO RISK OF COVID
  - CLAIMS RELIEF REQUESTED

CLAIM NUMBER ONE:

Per the facts same as if rewritten herein.

- 85) The (Ds) Scott, Gauss, Cummins, Badalamente, Kijewski, R. LIPA, EVERETTE MURPHY, PETE WARACK, Does, Michaels, Trembeth, ANNETTE GATTARI ROSS violated the (Ps') United States Constitutional rights 4th Amendment, 14th Amendment Due Process Clause when (Ds) entered Ps' basement apartment area ON OR ABOUT 3/13/20, without search warrant, without authority, WITHOUT PROBABLE CAUSE with or without permission from (D) Branson who was not able to give legal permission and was specifically told that she could not enter basement apartment area of (Ps') Thrower/Nelson and violated the federal Privacy Act, state laws of trespass a crime under Michigan law.

CLAIM NUMBER TWO

- 86) PER FACTS SAME REWRITTEN HEREIN the (Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, WARACK, MURPHY, LIPA, Michaels, Trembeth, ANNETTE GATTARI ROSS, Does entered the apartment ON OR ABOUT 3/13/20 WITHOUT MASKS OR GLOVES of plaintiffs' when WHO (World Health Organization) had determined that covid was a world pandemic 2/20/20, (D) Fouts & MICHIGAN GOVERNOR had ISSUED emergency announcements in re covid violating (Ps) Due Process rights (Ps') 4, 5th, 14th Amendment United States Constitution because of exposing "at risk" plaintiffs' to a state created risk of covid by entering (Ps') apartment and failing to disclose entering said apartment so (Ps') could take action in re same.

CLAIM NUMBER THREE

- 87) Per FACTS SAME REWRITTEN HEREIN the (Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, WARACK, MURPHY, LIPA, Does, Michaels, Trembeth, ANNETTE GATTARI ROSS, towed (Ps') vehicles 7/7/21 entering the CURTILAGE OF (Ps') residence property 7568 Hudson Ave Warren Mi without probable cause or search warrant IN VIOLATION OF THE 4, 5, 14th AMENDMENT US CONSTITUTION. The court order to tow "inoperable vehicles" was issued by Judge Chumra AFTER cars were towed and ORDER was limited to

"inoperable vehicles". This order is unconstitutional because the 2 cars were towed WERE OPERABLE & entered the same day the order was entered and was not served on Ps' Thrower or Nelson, i.e., "without notice and an opportunity to be heard". (P) Thrower 2011 Silverado just arrived 7/7/21 from OH hours before-7.00 AM. (P) NELSON HONDA WAS PARKED ON CONCRETE DRIVEWAY BEHIND APARTMENT BUILDING. This violated (Ps') United States Constitutional rights under the 4, 5, 14th Amendment and Privacy Act. There was no legal reason to tow licensed OPERABLE vehicles from (Ps') residence. (P) NELSON WAS A TENANT OF THE PROPERTY, 7/7/21, (P) NELSON HONDA WAS OPERABLE & WAS TOWED WITHOUT SEARCH WARRANT, WITHOUT PROBABLE CAUSE, DEFENDANTS ENTERING THE CURTILAGE PROPERTY WITHOUT SEARCH WARRANT

- CLAIM NUMBER FOUR

- 88) Per the facts supra same as if rewritten herein the United States Constitutional rights 4th, 5TH, 14th Amendment of UNITED STATES CONSTITUTION OF plaintiff Thrower were violated when (D) Scott performed a) "citizens arrest" on (P) Thrower SEIZING (P) THROWER, SEARCHING (P) THROWER AND HIS PERSONAL PROPERTY after being contacted by (D) Hertz Brothers in a conspiracy stating that "Thrower was attempting to retrieve his vehicles" per earlier agreement, 7/7/21. b) during (D) Scott "citizen's arrest" 7/8/21 (D) SCOTT, RESTRAINING THROWER spitting on (P) Thrower WHILE SCREAMING during unconstitutional CITIZENS arrest when covid WAS STILL AN ISSUE EXPOSING (P) THROWER TO "STATE CREATED RISK", SINCE PEOPLE WERE STILLING DIEING OF covid THROWER BEING DEFINED AS AN "AT RISK" PERSON

- CLAIM NUMBER FIVE

- 89) The defendant Scott violated state law of assault and battery, kidnapping, when doing an alleged citizen's arrest on plaintiff Thrower at (D) Service Towing Inc. tow yard in conspiracy with (D) Hertz brother(s).

- CLAIM NUMBER SIX

- 90) The actions of the DEFENDANTS SAME REWRITTEN HEREIN EXPOSED (P) NELSON TO "STATE CREATED RISK" IN VIOLATION OF THE 4, 5, 14th AMENDMENT US CONSTITUITON WHEN (Ps') NELSON/Thrower were FORCED TO RETREIVE ILLEGALLY TOWED HONDA FROM SERVICE TOWING INC., ABLE TOWING LLC (D) HERTZ BROTHERS private parties, WHEN COVID WAS STILL A RISK AND (Ps') NELSON/Thrower are DEFINED "AT RISK" PERSON in re covid
-        CLAIM NUMBER SEVEN
- 91) Per facts rewritten herein intentional infliction of emotional distress
-        RELIEF
- Award $100 million US Dollars compensatory and punitive damages jointly and severally, all towing fees 7/7/21, interest, ALL EXPENSES, cost of personal property taken 7/7/21, broken glasses, phone 7/8/21, PERSONAL PROPERTY TAKEN FROM (Ps') NELSON, THROWER 3/20, 7/7/21, AND RETURN MONIES PAID BY (P) THROWER FOR ALLEGED "WORK", "MOWING GRASS", PER FACTS WHEN GOVERNOR HAD ISSUED EMERGENCY ORDERS "HARBOR IN PLACE", "NO MOWING" DURING COVID
- JURY TRIAL DEMANDED
- Grant any other relief this Court deems just and is entitled

Respectfully submitted,

Albert Thrower pro'se/ Elizabeth Nelson pro'se