UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON and
ALBERT THROWER,

       Plaintiffs,

-v-

ROBERT SCOTT (JOHN DOE PROPERTY
MAINTENANCE DIVISION SUPERVISOR),
SERVICE TOWING, INC., ABLE TOWING,
LLC, EDWARD D. HERTZ, PRESIDENT,
BRUCE HERTZ, SECRETARY, SANDRA A.
HERTZ, REGISTERED AGENT, RANDY
HERTZ, DENNIS HERTZ, 1 JOHN DOE CITY
OF WARREN PROPERTY MAINTENANCE
DIVISION EMPLOYEES, JAMES CUMMINS,
BUILDING DEPARTMENT DIRECTOR, CITY
OF WARREN ZONING DEPT. EMPLOYEES,
CURTIS GAUSS #22, FRANK BADALAMENTE,
MARY MICHAELS, BRIAN KIJEWSKI, MARILYN
TREMBATH, 1 JOHN DOE, 4 JOHN DOE WARREN
POLICE DEPARTMENT POLICEMEN, CITY OF
WARREN, WARREN POLICE COMMISSIONER
WILLIAM DWYER, CAPTAIN WILLIAM
REICHLING, MAYOR JAMES FOUTS,
EVERETT MURPHY,PETE WARACK, ANNETTE
GATTARI ROSS, AND R. LIPA,

       Defendants.

Case No. 2:23-cv-11597
Hon. Nancy G. Edmunds
Magistrate Judge Curtis Ivy, Jr.

_____

| | |
|---|---|
| Elizabeth Nelson | BERRY MOORMAN P.C. |
| P.O. Box 1422 | Mark E. Straetmans (P29158) |
| Warren, MI 48090 | Rachel C. Selina (P85430) |
| In Pro Per | 255 E. Brown Street, Suite 320 |
| | Birmingham, MI 48009 |

{00426947;v1 }1

Albert Thrower
P.O. Box 6702
Cleveland, OH  44101
In Pro Per

(248) 645-9680
Attorney for Named City of Warren Defendants
mstraetmans@berrymoorman.com
rselina@berrymoorman.com

LAW OFFICES OF JENNIFER E. MEAD
Jennifer Mead (P57106)
P.O. Box 806042
St. Clair Shores, MI 48080
(313) 485-1250
Attorney for Service Towing, Inc. Defendant
meadjenn@hotmail.com

**REPLY BRIEF IN SUPPORT OF NAMED CITY OF WARREN DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND BASED ON THE STATUTE OF LIMITATIONS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

NOW COME, Defendants, City of Warren, James Fouts, Robert Scott, James Cummins, Curtis Gauss, Frank Badalamente, Mary Michaels, Brian Kijewski, Marilyn Trembath, Everett Murphy, Pete Warack, Annette Gattari-Ross, R. Lipa, William Reiching, and William Dwyer, by and through their attorneys Berry Moorman P.C., for their Reply Brief in Support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Based on the Statute of Limitations or in the Alternative Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56[1], state as follows:

---

[1] I, Rachel C. Selina, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for

I. Introduction

To the extent Plaintiffs' untimely Response (ECF 40) is actually responsive to Defendants' Motion, this Reply will address those arguments below. Otherwise, Plaintiffs' Response appears to consist of mostly of irrelevant case citations, copy and pasted text, newly alleged facts, arguments in support of claims that are not included in their complaint, unrelated factual statements, and little or no responsive argument or analysis.

II. Argument
   a. **Plaintiffs failed to adequately respond to Defendants' argument regarding the lack of factual allegations against Defendants Fouts, Dwyer, Reichling, and the City of Warren, so the claims against them must be dismissed.**

Plaintiffs' Complaint only makes mention of Defendants Fouts, Dwyer, Reichling, and the City of Warren in connection with Claims Six and Seven. Rather than address Defendants' argument that Plaintiffs' Complaint is deficient as to these Defendants, Plaintiffs instead refer to other, unrelated litigation matters involving the City of Warren (ECF 40, Page ID 407), make legal conclusions about these Defendants being "policymakers" (*Id.* at 408), and make unsubstantiated allegations (e.g., that "Fouts…targeted P's)(*Id.* at 409). Plaintiffs' unorganized, confusing, and repetitive filing is not responsive to Defendants' Motion. Even where a plaintiff files

---

non-proportional fonts) or 14-point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

a response to a motion, a claim may be considered abandoned if arguments raised in the original motion are not addressed. *See Alexander v. Carter,* Fed. Appx. 256, 261 (6th Cir. 2018).

### b. Even if Plaintiffs' claims were not barred by the statute of limitations, Plaintiffs' Claims One and Two must be dismissed for failure to state a claim.

Defendants maintain that the period for the statute of limitations began running on March 11, 2020 – the day the alleged facts occurred upon which Claims One and Two are based. (ECF 25, Page ID: 71)[2]. However, even if the Michigan Supreme Court's Administrative Order applied to these claims, as Plaintiffs suggest, the time for filing expired on June 21, 2023[3]. Consequently, these Claims were untimely when filed on July 7, 2023.

Even if Plaintiffs' Claims One and Two are not barred by the statute of limitations, the facts actually pled cannot support a cause of action for Claims One or Two. First, Claim One alleges a violation of the 4th and 14th Amendment for an illegal search of the Hudson Property without a search warrant. (*Id.*). However, consent is a well-established exception to the warrant requirement. *Georgia v. Randolph,* 547 U.S. 103, 106 (2006). Plaintiffs' Complaint alleges that the occupant of the home gave consent for the search – in fact, they attempted to sue the occupant

---

[2] Plaintiffs' Complaint identifies March 11, 2020 and March 13, 2020 as the date for these allegations, though March 11, 2020 is used more frequently.
[3] Or June 23, 2023.

for giving that consent. (*Id.* at Page ID: 65; See Docket, former Defendant Kim Branson). Plaintiffs claim to be tenants at the Hudson Property; however, "if a co-tenant is not present and, therefore, does not object, the [government official] may search." *Randolph,* 547 U.S. at 121. The government official has no obligation to seek out potential objectors. *Id.* 121-122. That Plaintiffs (Thrower in particular) were not present and claim to be tenants is immaterial, especially where their absence from and extreme neglect of the property was the reason for the search in the first place.

Second, the "state created risk" theory of liability in Claim Two is untenable. Defendants incorporate by reference their argument from ECF 35 as to Plaintiffs' other "state created risk claim." *See* ECF 35, Page ID: 188-189.

### c. As to the remainder of Plaintiffs' claims[4], they make no attempt to address Defendants' arguments and merely reiterate their factually and legally deficient positions.

Plaintiffs' attempt to move forward with litigation without addressing the flaws in their pleadings is ineffectual and impermissible. *See Humphrey v. United States Attorney Gen.'s Office,* 279 F. App'x 328, 331 (6th Cir. 2008)(finding that a plaintiff must oppose a motion to dismiss and otherwise respond to the motion or any opposition to that motion is deemed waived). Plaintiffs' Response merely

---

[4] Claim Number Three, Claim Number Four, Claim Number Five, Claim Number Six, Claim Number Seven.

reiterates their deficient factual allegations and legal conclusions. Defendants maintain the arguments set forth in their Motion (ECF 37).

### III. Conclusion

Plaintiffs' Response is nearly identical to their previous voluminous filings. It consists of difficult to follow legal conclusions, recitations of irrelevant case law, unsubstantiated, false, and implausible facts, and non-actionable grievances. It does not consist of any legitimate responses to the arguments advanced in Defendants' Motion. As such, all of Plaintiffs' claims, against all City of Warren Defendants should be dismissed.

Respectfully submitted,

BERRY MOORMAN P.C.

By:/s/*Rachel C. Selina*
Rachel C. Selina (P85430)
Attorneys for City of Warren Defendants
(248) 645-9680
rselina@berrymoorman.com

Dated: December 11, 2023

### CERTIFICATE OF SERVICE

I, Cindy Lang, hereby certify that on December 11, 2023, I electronically filed the foregoing pleading and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing. I further certify that on December 11, 2023, I

also sent the foregoing document and this Certificate of Service via first-class mail and electronic mail to Elizabeth Nelson and Albert Thrower at the physical and email addresses they provided to the Court.

/s/*Cindy Lang*
Cindy Lang