U.S. District Court
Eastern District of Michigan (Detroit)
CIVIL DOCKET FOR CASE #: 2:23-cv-11597-BRM-CI

Nelson et al

v.

Scott et al

FILED
APR 29 2024
CLERK'S OFFICE
DETROIT

Judge: B. McMillion

Magistrate IVY, JR

OBJECTION TO MAGISTRATES REPORT ECF No. 46

Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) provide that such written objections are to be filed and served within *14 days after service of a copy* of the recommended disposition. The district court then conducts a *de novo* review of any portion of the report and recommendation that has been properly objected to. *See id.* EDMI Local Rule 72.1(d) "after service of a copy".

    Plaintiff's do not have access to the internet where they are at so service must be calculated by mail adding at least 4 days to Cleveland, OH to reach plaintiffs.

    Plaintiff's file a timely objection to Magistrate's Report.

What constitutes a "proper objection"? As one district court in Michigan recently observed, "it is not the job of the Court to make arguments on [a party's] behalf" – parties cannot simply make an "argument in the most skeletal way, leaving the court to … put flesh on its bones." *Sands v. Brennan*, 2018 WL 4356650, at *2 (E.D. Mich. Sept. 13, 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).

Ps'=Plaintiffs rewrite entire amended complaint ECF No. 29-2ND AMENDED COMPLAINT same as if rewritten herein

All the allegations in complaint must be accepted as true. *Anderson v Liberty Lobby*, 477 US 242, 248. Per

The facts in this complaint deal with 2 different cars towed=Honda, Silverado towed on 7/7/21, one year and 2 month after facts in case *Nelson v Service Towing Inc.*, Case 22-cv-10918 and an incident of illegal search of Ps' apartment and a citizen's arrest 7/8/21 @ STI tow yard which magistrate correctly found were different.

OBJECTION   No. 1

MAGISTRATE ERRED BY STATING PLAINTIFF THROWER= (PT) DID NOT STATE A 4TH AMENDMENT CLAIM AGAINST ROBERT SCOTT-Warren Property & Maintenance supervisor WHEN HE DID A CITIZENS ARREST AT SERVICE TOWING INC=STI TOW YARD 7/8/21 working in agreement with (D) STI Towing, Hertz Bros., DOE-Sullivan employee.

Per complaint ECF 29 pg 12, P "67. On 7/8/21 (P) Thrower went to tow yard to retrieve Silverado @ 9:15 AM.

68. (D) Doe Hertz brother stalled (P) Thrower and (D) Hertz brother(s) called (D) Scott, Property and Maintenance Supervisor per earlier agreement who rushed over to (STI).

69. 9.40 AM (D) Scott #32 (deceased-estate substituted) arrived at (D) STI…6006 Rinke Ave Warren MI and threw (P) Thrower against the wall (actually he restrained Thrower physically in the center right of the STI garage where (D) Doe Hertz Brother or (D) Sullivan told (P) Thrower to wait) physically restraining (P) Thrower inside STI garage (D) Scott yelling @ (P) Thrower 'there was a warrant out for housing violations (allegedly) issued 7/7/21'". See ECF 40, INDEX OF EXHIBITS 26 pg 1-2 AFFIDAVIT OF ALBERT THROWER, Ex 25 pg 1-3 Affidavit of Elizabeth Nelson (two affidavits).

70. "(P) Thrower yelled at (D) Scott 'what are you doing'? (D) Scott replied 'doing a citizens arrest'. (P) told (D) SCOTT that under Michigan law (p 13) he could (NOT) sic perform a citizen's arrest. (P) Thrower proceeded to call 911 to report crime of Kidnapping in process under MI law. (D) Scott knocked (P) Thrower 313 line out of his hand and knocked (P) Thrower glasses off, breaking them committing felony 'assault and battery'. (P) Thrower told (D) Scott #32 "you are assaulting me and doing battery on me', (D) Scott (deceased-estate substituted) roughing (P) Thrower up and holding his hands behind his back." (D) Scott is an x-Warren police officer of 28 years, (obit) and apparently still thinks he was a police officer.

71. "While restraining (P) Thrower (D) Scott #32 searched (P) Thrower Aldi's bag with personal property ....performing illegal search and seizure under Michigan Constitution, United States Constitution 4, 5, 14th Amendment including illegal seizure by physically restraining (P) Thrower."

72. "Under Michigan law (D) Scott did not have authority to do a citizen's arrest for misdemeanor warrant. (P) Thrower told (D) Scott he did not have legal authority to restrain (P) Thrower, to which (D) Scott #32 responded, 'I am doing a citizen's arrest'. Which (P) Thrower informed (D) Scott 'he did not have authority to perform a citizen's arrest under MI law per facts.'"

73. "(P) Thrower phone was knocked out of his hand, and he was forcibly detained and injured ... by (D) Scott."

74. "Covid was still an issue during this alleged citizen's arrest 7/8/21 and (D) Scott was yelling @ (P) Thrower and spit was going on (P) Thrower from (D) Scott."

75. After about 10-15 minutes of (P) Thrower being physically restrained by (D) Scott Warren police arrived (witnessing (D) Scott physically restraining (P) Thrower).

76. Warren police witnessed the felony in process of kidnapping (P) ..Thrower and did not arrest (D) Scott but rather arrested (P) Thrower for alleged misdemeanor housing violations."

Magistrate erred because it appears that since Warren police ultimately arrested (P) Thrower that (D) Scott did not perform a "citizen's arrest" as he claimed he did to (P) Thrower.

(D) Scott having ample to time to respond under oath does not deny this assault and citizen's arrest took place, nor have Warren police officer's arrived who witnessed same, or (D) Hertz Bros (Ds') or employee Sullivan.

77) "Under Michigan Code of Criminal Procedures Act 175 of 1927, 764.16 Arrest by Private Persons… Section 16

- For a felony committed in the private person's presence
- … committed felony not in private person's presence
- If the private person is summoned by a peace officer to assist the officer….(d) …" ECH 46 pg 3, P 2, magistrate correctly states fact: "July 8, 2021, Thrower went to the tow yard to retrieve the vehicles… (D) Hertz (or (D)=Doe employee Sullivan-who was mistaken as one of the (Ds') Hertz Brothers stalled Thrower while (D) Scott was on his way to the tow yard (after being called by (D) Hertz Bros per agreement). When (D) Scott arrived, he threw (P) Thrower against the wall and conducted a citizen's arrest for unsafe structure-for-habitation ticket(issued the day before 7/7/21 & not served on (P) Thrower) (Id. At PageID,94-95) (as noted in (Ps') brief tenant Branson had her eviction stayed because of covid, and then evictions were tolled because of covid-later (D) Scott testified at 8/21 eviction hearing that Branson should be allowed to stay at Hudson property for free while (D) Scott helped her find a place-to 37th District Court's Judge Chuma's dismay). While restraining ((P) Thrower), (D) Scott searched through Thrower's bag (and assault and battery (P) Thrower per ECF 29 pg 12-13 complaint "which must be accepted as true" quoted *supra*. Thrower alleges that Scott lacked authority to conduct a citizen's arrest for a misdemeanor charge. Warren police then arrived but did not arrest Scott for kidnapping; instead, they arrested (P) Thrower on the misdemeanor housing violation." CLAIM 4 in ECF 29 Amended complaint @ pg 16

Magistrate was correct by holding (Ps') complaint to a lesser pro'se standard per *Haines v Kerner,* 404 US 519, 520. @ pg 5 P 2.

4

Magistrate erred in applying law in re citizen's arrest. Pg 22 ECF 46 PageID 547, as to probable cause for (D) Scott to do a citizen's arrest-restrain (P) Thrower, "assault & battery on (P) Thrower per ECF 25 Amended complaint quoted supra. (D) Scott is not a police officer, magistrate using "The officer subjective reason for making the arrest …" *Devenpeck v Alford,* 543 US 146, 153. As stated in ECF Amended complaint 29 (D) Scott is a supervisor with Warren Property and Maintenance. (Ps') can find no law, nor has magistrate cited any that an employee of Warren property and maintenance can do a "citizen's arrest" as (D) Scott claimed he did, and even if was not a "citizen's arrest" as (D) Scott claimed it was attacking (P) Thrower restraining (P) Thrower, knocking Thrower's glasses off, knocking his phone out of his hand, spit in (P) Thrower during covid, and physically holding him and restraining (PT) until Warren police arrived "10-15 minutes later", he being a public official, city of Warren employee under Michigan law was not allowed to do same. Using a police case as to whether a <u>police had probable cause to arrest</u> … *Devenpeck Id.*, is not on point. "*Held: 1. A <u>warrantless arrest by a law officer</u> is reasonable under the Fourth Amendment if, given the facts known to the officer, there is probable cause to believe that a crime has been or is being committed. The Ninth Circuit's additional limitation—that the offense establishing probable cause must be "closely related" to, and based on the same conduct as, the offense the arresting officer identifies at the time of arrest—is inconsistent with this Court's precedent, which holds that an arresting officer's state of mind (except for facts that he knows) is irrelevant to probable cause, see Whren* v. *United States,* 517 U. S. 806, 812–815. *The "closely related offense" rule is also condemned by its perverse consequences: it will not eliminate sham arrests but will cause officers to cease providing reasons for arrest, or to cite every class of offense for which probable cause could conceivably exist. Pp. 5–9.*"

"Officer Joi Haner of the Washington State Patrol, one of the two petitioners here, … 333 F. 3d, at 974. .. On the basis of this information, Haner radioed his supervisor, Sergeant Gerald Devenpeck," *Devenpeck v Alford, Id*

As noted, and clearly in complaint ECF 29, (D) Scott is the supervisor or City of Warren Property & Maintenance", not "a police officer", so *Devenpeck v Alford, Id.,* is not relevant. The city of Warren failed to train (D) Scott and "train" him that he is "(not) a law officer" as he was for 28 yrs (Scott obit). The city of Warren is liable for it's failure to train policy" and ample case and newspaper articles set forth in Ps' ECF 40 RESPONSE TO DEFENDANTS

MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT INSTANTER same as if rewritten herein including exhibits 1-35.

The magistrate states @ pg 22 para 2 "As Scott noted, Plaintiffs did not allege that the citizens arrest ... was affected without probable cause...". Scott, per ECF 29 pg 6 P"15) Defendant Robert Scott is supervisorof city of warren mi property and maintenance division...". For a city employee the law states he cannot make a "citizens arrest". There is no weighing if he had "probable cause" as he is not a police officer. 2nd, the Warren Police officers that arrived 10-15 minutes later and observed (D) Scott "physically restraining" (PT) had they been "properly trained" would have observed that there was a felony in the process of kidnapping, assault and battery and should have arrested (D) Scott instead of just arresting (P) Thrower for outstanding misdemeanor warrant. (PT) does not allege that Warren police could not have arrested (PT) in complaint which must be "accepted as true". See ECF 40, INDEX OF EXHIBITS   26 pg 1-2 AFFIDAVIT OF ALBERT THROWER

Yet, magistrate erred when applying the law to these facts and stating (P) Thrower did not state a claim for relief, and that his 4, 5, 14th Amendment rights were violated by the actions of (D) Scott acting in conspiracy with private parties (D) Hertz Brothers, STI, Able Towing LLC to stall (P) Thrower & tip off (D) Scott.

OBJECITON No. 2

MAGISTRATE ERRED BY STATING PLAINTIFFS' THROWER/NELSON (P-T/N) or (Ps') DID NOT STATE A CLAIM WHEN DEFENDANTS' TOWED OPERABLE VEHICLES OFF PRIVATE PROPERTY WHERE PLAINTIFFS' WERE RENTING

(Ds') with (D) STI, (D) Scott, (D) Hertz Bros towed 2008 Honda Civic-driven by plaintiff Nelson (PN) 7/7/21.  2011 Silverado driven by (PT) was towed 7/7/21 off private property in violation of 4, 5, 14th AMENDMENT United States Constitution.

Magistrate erred by claiming (Ps') failed to state a claim because Ps' could not ID who towed cars. Per ECF 29 pg 11 P "56) (D) Scott yelled 'I want the black car towed' that was being driven by (P) Nelson (tenant of 7568 Hudson) and was in Michigan Ascencion hospital having

travelled there by ambulance...". Per complaint ECF 29, ECF 40, Ex 26 para 11 Affidavit of (P) Thrower-renter @ 7568 Hudson Ave Warren MI

"11) Warren Property & Maintenance Supervisor ROBERT SCOTT came to 7568 Hudson Ave and was screaming 'I want all vehicles towed'. Service Towing Inc. employee said "I can't get the Honda because it behind the house parked at an angle. If I tow Honda, i will damage it. Robert Scott-was observed through the basement window and known to affiant, screamed 'I don't care, I want the Honda towed too....'"

. Per the complaint and RESPONSE TO MOTION TO DISMISS Td 40 PageId.468 AFFIDAVIT (P) Thrower saw (D) Scott-a supervisor directing towing of Silverado & Honda per ECF 29, ECF 40. (D) STI & Hertz Brother's towed same. The cars were towed, with a tow truck from (D) STI Towing in a conspiracy – agreement with (D) Scott & other (Ds') off private property. Magistrate admits 2 cars were "operable" in violation of 37th District Court Judge Chunra 7/7/21 order to tow "inoperable vehicles"-the same day 7/7/21 of the towing & (Ps") allege issued AFTER cars towed in CYA order & not served on (Ps') in a meaningful manner as to give notice to (Ps'). Why were the cars towed off private property?, the (D)'s do not address why they were "towed off private property". Per ECF 29 AMENDED COMPLAINT same rewritten herein & ECF 40 RESPONSE TO MOTION TO DISMISS same rewritten herein magistrate erred by not stating (Ps') stated a claim under 4, 5, 14th Amendment United States Constitution. (PT) avers under oath he saw (D) Scott tow the cars "through the basement window known to affiant", and (Ds') STI Towing, Hertz Brothers towed the cars. Thus magistrate erred when it opined that complaint should be DISMISSED WITHOUT PREJUDICE to allow to refile identifying which parties did what. 1) This is what DISCOVERY IS FOR 2) (Ps') ID'd (D) SCOTT as the person directing that the 2 cars be towed, the same (D) SCOTT that did "citizen's arrest" on (PT) Objection to Magistrate's Report No. 1.

OBJECTION No. 3

The 37th District Court entered order same day 2 cars were towed 7/7/21 without United States Constitutional notice *Mathews v Eldridge*, 424 U.S. 319 (1976), *Mullane v Central Hanover Bank & Trust Co.*,

(1950) "Notice must be reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to respond. The ECF 40 RESPONSE TO MOTION TO DISMISS Ex 1 shows 37th District Court Chmura order dated 7/7/21, same day cars were towed, "IT IS ORDERED TODAY..". Ps' aver that as a matter of law an order entered 7/7/21 and executed "today" is unconstitutional insufficient notice as a matter of law.

Ps' need discover to see who ordered cars towed. Ps' stated in ECF 29 AMENDED COMPLAINT ECF 40 RESPONSE TO MOTION TO DISMISS they heard (D) Scott ordering the cars towed and (P) Thrower saw (D) Scott directing police and (D) STI and Hertz Brothers towing same. See FedR.Civ.P. 26(b) "Parties may obtain discovery regarding any matter no privileged, which is relevant to the subject matter involved in the pending action...." And that "this rule 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" *Oppenheimer Fund. Inc. v Sanders*, 437 US 340, 351. The magistrate erred because opined that "plaintiffs' are master of their own complaint" but have not allowed to case to proceed to discovery to identify who called the (D) STI, (D) Hertz Brothers' tow company and serve ADMISSIONS.

OBJECTION No. 4

Renters whose eviction was tolled because of covid did not have authority or apparent authority to give defendant city employees ID's in ECF 29 access to basement apartment of plaintiffs as magistrate correctly found.

At ECF 46 pg 2 ft 1, the magistrate erred by changing the date the Ps' found out about the illegal search. "Plaintiffs learned of Defendants' search of the residence on April 23, 2020, ft 1 (Id. At PageID.91) Ft 1 Plaintiff's wrote "4/23". Ps' aver it was "4/23" when they found about the illegal search of their apartment. See ECF 29 pg 9 P "45) "(Ps') Thrower , Nelson did not become aware that (Ds') Scott, Cummins, ... had entered basement apartment until 4/23". Although there was an earlier date alleged 8/21 in complaint where Ps' could have found out about the illegal entry, *they did not* and actually found out about illegal search 4/23 as complaint states, thus the magistrate erred by changing the date of (Ps') complaint when (Ps') stated they

found out about the illegal entry into their basement apartment from "4/23" to "April 23, 2020" and the statute of limitations has to be reapplied under this discovery context, (Ps') averring magistrate erred per (Ps') ECF 40 RESPONSE TO MOTION TO DISMISS in re statute of limitations same as if rewritten herein. Ps' also state magistrate erred that the repeated ENTRY onto (Ps') rented premises was an ongoing pattern of illegally entering Ps' rented premises that extended statute of limitations as set forth in ECF 40.

WHEREFORE magistrates erred in granting MOTION TO DISMISS and the case should proceed to discovery and trial.

Respectfully submitted,

Albert Thrower pro'se  Elizabeth Nelson pro se

### CERTIFICATE OF SERVICE

A copy of this motion has been served on the below defendants after calling same to see if they agree with (Ps') position this 4/28/2024

Mark Straetmans/ Rachel Selina  255 E Brown St #320 Birmingham, MI 48009  tel  2486459680

mstraetmans@berrymoorman.com

rselina@berrymoorman.com

Jenifer Mead    PO Box 806042 St Clair Shores, MI 48080   tel 3134851250

meadjenn@hotmail.com

Law Offices of Thomas H. Stidham. 1401 W Fort St. Rm 1006. Detroit, MI 48233.
Telephone: (248) 303-0306. Fax: (313) 832-7661.

Tsstidham@hotmail.com

Albert Thrower, pro se    Elizabeth Nelson pro se