UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



ELIZABETH NELSON and
ALBERT THROWER,

Plaintiffs,

Case No. 2:23-cv-11597

Hon. Brandy R. McMillion
Hon. Mag. Judge Curtis Ivy, Jr.

-v-
ROBERT SCOTT,
SERVICE TOWING, INC., ABLE TOWING,
LLC, EDWARD D. HERTZ, PRESIDENT,
BRUCE HERTZ, SECRETARY, SANDRA A.
HERTZ, REGISTERED AGENT, RANDY
HERTZ, DENNIS HERTZ, 1 JOHN DOE CITY
OF WARREN PROPERTY MAINTENANCE
DIVISION EMPLOYEES, JAMES CUMMINS,
BUILDING DEPARTMENT DIRECTOR, CITY
OF WARREN ZONING DEPT. EMPLOYEES,
CURTIS GAUSS #22, FRANK BADALAMENTE,
MARY MICHAELS, BRIAN KIJEWSKI, MARILYN
TREMBATH, 1 JOHN DOE, 4 JOHN DOE WARREN
POLICE DEPARTMENT POLICEMEN, CITY OF
WARREN, WARREN POLICE COMMISSIONER
WILLIAM DWYER, CAPTAIN WILLIAM
REICHLING, MAYOR JAMES FOUTS,
EVERETT MURPHY, PETE WARACK, ANNETTE
GATTARI ROSS, AND R. LIPA,

Defendants.

___

Elizabeth Nelson  P.O. Box 1422
Warren, MI 48090
Albert Thrower
P.O. Box 6702 Cleveland, OH 44101
~~Defendants~~  Plaintiffs

BERRY MOORMAN P.C.
 Rachel C. Selina (P85430)
Mark E. Straetmans (P29158)
255 E. Brown Street, Suite 320
Birmingham, MI 48009
(248) 645-9680

1

mstraetmans@berrymoorman.com
rselina@berrymoorman.com

LAW OFFICES OF JENNIFER E. MEAD
Jennifer Mead (P57106)
P.O. Box 806042
St. Clair Shores, MI 48080
(313) 485-1250
Attorney for Service Towing, Inc.
Defendants
meadjenn@hotmail.com

LAW OFFICES OF THOMAS H. STIDHAM
Thomas Stidham (P56504)
1401 W. Fort St., #44-1815
Detroit, MI 48244
(248) 303-0306
Co-Counsel for Service Towing, Inc.
Defendants

---

ALL PLAINTIFFS' JOINT RULE 26(f) PLAN

Pursuant to the Court's Order Requiring Rule 26(f) Meeting and Setting Date for Initial Rule 16 Conference [ECF 47], Parties are scheduled to appear via telephone on May 9, 2024, for a Rule 16 Conference. "Plaintiffs"), submit for the Court's consideration the following Proposed Joint Discovery Plan1:

I. Defendants' Factual Summary of the Case Plaintiffs filed their initial Complaint on July 7, 2023 [ECF 1].
II. On August 25, 2023, Plaintiffs filed their Amended Complaint [ECF 29].
III. Towing Defendants filed an answer to Plaintiff's Amended Complaint [ECF 31].
IV. City Defendants filed a Motion to Dismiss in lieu of an answer to Plaintiff's Amended Complaint [ECF 35]. a. Claims maintained against City Defendants

Presently, Plaintiff has an opportunity to amend their Amended Complaint to properly plead a cause of action by "expressly alleg[ing] personal involvement by the individuals named." [ECF 46; Page ID: 545]. These claims would be related to the alleged, unconstitutional towing of operable vehicles. Plaintiffs claim that some City of Warren employees,

2

including City Defendants Scott, Gauss, Cummins, Badalamente, Kijewski, Warack, Murphy, Lipa, Michaels, Trembeth, Dwyer, Reichling, Chmura, and Ross, were connected to the alleged unlawful towing of vehicles from Plaintiff Thrower's property. Plaintiffs apparently claim the towing was illegal because the warrant was created after the vehicles were towed and because the vehicles were operable. . See ECF 47, Page ID: 551-552.

b. Claims Maintained Against Towing Defendants

Plaintiffs' remaining claims are that all defendants—the City of Warren Defendants, Towing Defendants and Branson tenant—acted in concert and conspiracy with one another to violate Plaintiffs' constitutional rights involving the towing of two vehicles from the 7568 Hudson property taking and or destroying personal property in the process & entered agreement to "tip off" (D) Scott when (P) Thrower appeared to retrieve his towed vehicles.

On July 7, 2021, Plaintiffs allege that the City of Warren Defendants issued citations to Plaintiff Thrower for the 7568 Hudson property AFTER TOWING 2 CARS and taking or destroying personal property, including an Unsafe Structure for Human Habitation and Occupying Without City Certifications when per 37th District Court records (D) Scott & City (Ds')

had an agreement to keep tenants Branson In 7568 Hudson Ave Warren MI address after having tenants eviction "put out"

"stayed" because of covid, and subsequently, contacted the Warren Police Department—

Van Dyke substation to conduct a morning "raid" of Plaintiff Thrower at 7568 Hudson, towing 2

Cars in process and removing "personal property" after being tipped off by (D) Branson tenants per agreement.

Further, Plaintiffs allege that certain City of Warren Defendants conferred with 37th District Court Judge John Chmura to obtain a warrant for Thrower's arrest and to tow inoperable vehicles at 7568 Hudson after the two vehicles were towed and personal property was removed including throwing (P) Thrower mower into Silverrado upside down ruining same by (D) Scott.

A misdemeanor warrant was issued on July 7, 2021 same day containing four separate counts.

Plaintiffs further allege that Defendants "obtained Judge Chmura issued a CYA

7/7/21 order to tow "inoperable vehicles"" after the vehicles were towed and without

notice to Plaintiffs.  The 7/7/21 Judge Chumra order "as a matter of law" was unconstitutional

and violated "meaningful notice" delineated in *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*

"Notice must be reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to respond. Notice by publication may be insufficient if the names and addresses of the parties are known."

 as it was not serviced on (Ps') and was entered without "notice or an opportunity to be heard" and was not

entered pursuant to any violation and shows the backhanded manipulation conspiracy to violate (Ps')

4, 5, 14th Amendment rights  that ties all (Ds') together.

The next day, July 8, 2021, Plaintiff Thrower arrived at Service Towing, Inc.'s

office to redeem each vehicle. Plaintiffs allege that a Hertz brother (&/or employee DOE=SULLIVAN)

 "stalled Thrower" per agreement with (D) Scott and called Defendant Scott, who arrived and physically

 restrained Thrower inside "assault and battery" in (P) Thrower, searching his "Aldi's bag", "knocking phone

out of his hand when he was calling 911", claiming he was doing a "citizen's arrest",

in violation of Michigan law. (P) Thrower alleges that he called

911 to report the crime of kidnapping in process. Warren Police Department officers

arrived, arresting Thrower for the outstanding warrants, instead of arresting (D) Scott

(ex-Warren police officer for 26 yrs.) when visible felony of kidnapping in process

was observed inside STI Tow facility.

On July 9, 2021, St. Anthony The Great Monastery, by and through its agent

Albert Thrower, redeemed from Service Towing, Inc. a 2011 Chevrolet Silverado

pickup truck for $375.00 and a 2008 Honda Civic Sedan for $330.00

As to the Towing Defendants, the known core, dispositive factual issues

4

involve as Plaintiffs allege, that City of Warren property maintenance employees contacted the Warren Police Department who arrived at 7568 Hudson to, inter alia, stop the illegal occupation of the unsafe for human habitation Hudson property and to effect associated emergency relief (e.g., removal of unsafe items or remaining individuals). .

The principal defenses of the Towing Defendants to Count III are that none are state actors. On the facts alleged and employing any of the tests utilized within the Sixth Circuit, Plaintiffs can establish that the Defendants' conduct is fairly attributable to the state. Moreover, for purposes of Plaintiffs reference to the 5th Amendment, the law is well established that Section 1983 is the exclusive remedy for alleged constitutional violations.

To the extent Plaintiffs seek to maintain Claim Six, the Towing (Ds') are not state

actors but it is well established law that they can be liable acting in agreement, "conspiracy" with state actors.

   (Ds') listed in facts had entered into (Ps') apartment without warrant with assistance of informant

(Tsp 37th District Court) 3/11/20 but (Ps') did not learn of same until 4/23.

II. Legal Issues

a. City Defendants

This Court already dismissed many of Plaintiffs' claims against City

Defendants with (Ps') filing a timely OBJECTION TO THE MAGISTRATE'S REPORT.

Plaintiffs', will be Amending Complaint.

b. Towing Defendants

The Court stated it will permit Plaintiffs to amend its First Amended

Complaint, as to City Defendants, and only as to the allegations related to the towing of vehicles. [ECF 46; Page ID: 545]. City Defendants propose that any amended complaint be filed by June 24, 2024.

IV. Discovery

a. Discovery to be pursued

Plaintiffs intend to take the depositions of defendants also

intend to send written discovery consisting of requests for production of documents,

interrogatories, and requests for admissions to both Plaintiffs.

b. Exchanging initial disclosures

(Ps') propose that parties exchange their initial disclosures via email on

July 24, 2024. Plaintiffs have previously, successfully communicated with

Defendants through the email addresses:

c. Changes to or limitations on discovery

Defendants do not anticipate the need for any changes or limitations on

discovery outside of those rules regularly imposed by the Local Rules of Federal

Rules of Civil Procedure.

Limits on discovery (Ps') do not have any proposed limits on discovery outside of those set by the Federal Rules of Civil Procedure and this Court's Local Rules.

VI. Settlement Parties have not engaged in any settlement discussions.

Plaintiffs are interested in Case Evaluation.

VII. Consent Plaintiffs explicitly do NOT consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this civil action and to order the entry of a final judgment, as provided in 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

VIII. Trial Plaintiffs Amended Complaint demanded a trial by jury. [ECF 25, Page ID: 73].

Plaintiffs rely on that demand for a jury trial.

Plaintiffs anticipate four to five days for trial depending on the number of surviving claims and whether the Court conducts full-day trials.

Plaintiffs will not request a bifurcated trial.

Plaintiffs can be prepared for trial within approximately 1 month after a ruling on dispositive motions.


On 5/3/24, Plaintiffs attempted to contact defendants by phone to seek his concurrence with the scheduling order but was unable to reach.

X. Proposed Scheduling Order Exchange of Initial Disclosures Amended Complaints July 16, 2024 July 24, 2024 Fact and Expert Witness Lists Fact Discovery July 24, 2024 9-2-24 Dispositive Motions Sept 21, 2024

Respectfully submitted,

Albert Thrower    Elizabeth Nelson

CERTIFICATE OF SERVICE

A copy of this Rule 26 motion has been sent regular mail and US Mail to:

BERRY MOORMAN P.C. Rachel C. Selina (P85430) LAW OFFICES OF THOMAS H. STIDHAM By: Thomas H. Stidham Thomas H. Stidham (P56504) Attorneys for City of Warren Defendants Attorneys for Towing Defendants (248) 645-9680 (248) 303-0306 rselina@berrymoorman.com tsstidham@hotmail.com, Jennifr Mead @ her provided email and address

Dated: 5/3, 2024 I also sent the foregoing document and this Certificate of Service via first-class mail and electronic mail to Elizabeth Nelson and Albert Thrower at the physical and email addresses they provided to the Court.

Albert Thrower    Elizabeth Nelson