UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON and
ALBERT THROWER,

       Plaintiffs,

-v-

ROBERT SCOTT (JOHN DOE PROPERTY
MAINTENANCE DIVISION SUPERVISOR),
SERVICE TOWING, INC., ABLE TOWING,
LLC, EDWARD D. HERTZ, PRESIDENT,
BRUCE HERTZ, SECRETARY, SANDRA A.
HERTZ, REGISTERED AGENT, RANDY
HERTZ, DENNIS HERTZ, 1 JOHN DOE CITY
OF WARREN PROPERTY MAINTENANCE
DIVISION EMPLOYEES, JAMES CUMMINS,
BUILDING DEPARTMENT DIRECTOR, CITY
OF WARREN ZONING DEPT. EMPLOYEES,
CURTIS GAUSS #22, FRANK BADALAMENTE,
MARY MICHAELS, BRIAN KIJEWSKI, MARILYN
TREMBATH, 1 JOHN DOE, 4 JOHN DOE WARREN
POLICE DEPARTMENT POLICEMEN, CITY OF
WARREN, WARREN POLICE COMMISSIONER
WILLIAM DWYER, CAPTAIN WILLIAM
REICHLING, MAYOR JAMES FOUTS,
EVERETT MURPHY, PETE WARACK, ANNETTE
GATTARI ROSS, AND R. LIPA,

       Defendants.

Case No. 2:23-cv-11597
Hon. Brandy R. McMillion
Hon. Mag. Judge Curtis Ivy, Jr.

_____

| Elizabeth Nelson | BERRY MOORMAN P.C. |
|---|---|
| P.O. Box 1422 | Mark E. Straetmans (P29158) |
| Warren, MI 48090 | Rachel C. Selina (P85430) |
| In Pro Per | 255 E. Brown Street, Suite 320 |
| | Birmingham, MI 48009 |

{00432993;v1 }1

| | |
|---|---|
| Albert Thrower<br>P.O. Box 6702<br>Cleveland, OH  44101<br>In Pro Per | (248) 645-9680<br>Attorney for Named City of Warren Defendants<br>mstraetmans@berrymoorman.com<br>rselina@berrymoorman.com |
| | LAW OFFICES OF JENNIFER E. MEAD<br>Jennifer Mead (P57106)<br>P.O. Box 806042<br>St. Clair Shores, MI 48080<br>(313) 485-1250<br>Attorney for Service Towing, Inc. Defendant<br>meadjenn@hotmail.com |

_____

### CITY OF WARREN DEFENDANTS' RESPONSE TO PLAINTIFF'S UNTIMELY OBJECTIONS TO REPORT AND RECOMMENDATION ECF NO. 46

NOW COMES, Defendants, Badalamente, Cummins, Dwyer, Fouts, Gauss, Kijewski, Lipa, Michaels, Murphy, Reichling, Ross, Scott, Trembath, Warack, City of Warren, and City of Warren Zoning Department (together "City Defendants"), and for their responses to Plaintiff's untimely objections to Report and Recommendation ECF No. 46 state as follows:

Because Plaintiffs filed their objections 20 days after the entry of the Report and Recommendation No. 46, this Court may accept the Magistrate Judge's recommendation "without expressing any view on the merits of the magistrate [judge]'s conclusions." *Ivey v. Wilson,* 832 F.2d 950, 958 (6th Cir. 1987). Plaintiffs blame their apparent lack of internet access for their untimely objections (ECF 50, Page ID: 569), despite frequently contacting City Defendants via email and

previously demanding payment of their PACER charges (22-cv-10918, ECF 71, Page ID 1083). Nevertheless, Plaintiffs' objections to this Court's well-reasoned Report and Recommendation are completely without merit as articulated below:

## Content of Adequate Objections

As the Court articulated in its Report and Recommendation, "any objection must recite precisely the provision of this Report and Recommendation to which it pertains." ECF 46, Page ID: 549. L.R. 72.1(d)(1)(B) requires an objecting party must also "state the basis for the objection." "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before is not an 'objection' as that term is used in this context." *Aldrich v. Bock,* 327 F.Supp. 2d 743, 747 (April 14, 2004)(E.D. Mich. Cleland, J).

## Response to Objection No. 1

Plaintiff's first objection states that "MAGISTRATE ERRED" and reiterates the ruling from the Report and Recommendation No. 46. ECF 50, Page ID: 570. Plaintiff also states that the Court erred "when applying the law to these facts" but offers no legal or factual support from the record of this alleged error. *Id.* at Page ID: 574. The remainder of Plaintiff's Objection No. 1 appears to be copy and pasted

from their Amended Complaint and includes objections to other parts of the Court's Report and Recommendation. *See e.g., Id.* at Page ID: 570, ¶¶68-77; *Id.* at 573-574. So, Plaintiff's objections improperly group objections together and summarizes facts and arguments they have already presented to this Court. Plaintiff's Objection No. 1 is without merit.

### Response to Objection No. 2

Plaintiff's Objection No. 2 is likewise unclear, improper, and imprecise. Plaintiffs apparently object to the Court's reasoning for the dismissal without prejudice but also objects to the Court's decision to allow Plaintiffs to file an Amended Complaint. ECF 50, Page ID: 575.[1] The Court made its determination on this issue citing various case law which supports the contention that plaintiffs must identify in their complaint specific actors which participated in the alleged violations of Constitutional and federal law. ECF 46, Page ID: 542-545. Plaintiffs apparently disagree that they should be held to this standard but offer no legal support to the contrary. Plaintiff's Objection No. 2 is without merit.

### Response to Objection No. 3

Plaintiff's Objection No. 3 is again a reiteration of their previously stated allegations and arguments. *See generally* ECF 50, Page ID: 576. Plaintiff states that

---

[1] "Thus magistrate erred when it opined that complaint should be DISMISSED WITHOUT PREJUDICE to allow to refile identifying which parties did what."

this court erred in opining that "Plaintiffs' are master of their own complaint" because it has not permitted discovery to occur. *Id.* However, Plaintiff offers no support to explain why the Court's reasoning is improper or why they should have been permitted to conduct discovery before filing their Amended Complaint. Plaintiff's Objection No. 3 ignores that extensive discovery regarding substantially similar facts has already occurred in a now-dismissed action against these same Defendants. It also ignores the well-established supposition that "Rule 8… does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Plaintiff's Objection No. 3 is without merit.

### Response to Objection No. 4

Plaintiff's "Objection No. 4" apparently takes issue with the Court's position regarding the statute of limitations. ECF 50, Page ID: 576. Plaintiffs seem to state that the Court erred by clarifying that "4/23" from Plaintiffs' Amended Complaint means "April 23, 2020" rather than April 2023. *Id.* Plaintiffs apparently take the position now, contrary to their previous filings and for the first time, that the operative date for calculating the statute of limitations was some unidentified date in April 2023. Again, City Defendants are in the position of guessing what it is Plaintiffs are trying to argue, but if this is the argument Plaintiffs are advancing, it is contrary to their own pleadings. Plaintiff's Objection No. 4 is without merit.

WHEREFORE, City Defendants respectfully request this Court adopt the well-reasoned Report and Recommendation ECF No. 46.

                Respectfully submitted,

                BERRY MOORMAN P.C.

                By: /s/*Rachel C. Selina*
                Rachel C. Selina (P85430)
                Attorneys for City of Warren Defendants
                255 E. Brown St., Suite 320
                Birmingham, MI 48009
                (248) 645-9680
                rselina@berrymoorman.com

Dated: May 9, 2024

## **CERTIFICATE OF SERVICE**

    I, Traci L. Gesquiere, hereby certify that on May 9, 2024, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing. I further certify that on April 24, 24, I also sent the foregoing document and this Certificate of Service via first-class mail and electronic mail to Elizabeth Nelson and Albert Thrower at the physical and email addresses they provided to the Court.

                                                      /s/*Traci L. Gesquiere*
                                                      Traci L. Gesquiere