UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

ELIZABETH NELSON and ALBERT THROWER, Case No. 2:23-cv-11597

                                                 Hon. Brandy R. McMillion

      Plaintiffs,                          Mag. Judge Curtis Ivy, Jr.

-v-

ROBERT SCOTT (JOHN DOE PROPERTY
MAINTENANCE DIVISION SUPERVISOR),
SERVICE TOWING, INC., ABLE TOWING, LLC,
BRUCE HERTZ,
SECRETARY, SANDRA A. HERTZ, REGISTERED AGENT,
RANDY HERTZ, DENNIS HERTZ,
1 JOHN DOE CITY OF WARREN PROPERTY
MAINTENANCE DIVISION EMPLOYEES,
JAMES CUMMINS, BUILDING DEPARTMENT
DIRECTOR, CITY OF WARREN ZONING DEPT.
EMPLOYEES, CURTIS GAUSS #22, FRANK
BADALAMENTE, MARY MICHAELS,
BRIAN KIJEWSKI, MARILYN TREMBATH,
2 JOHN DOES, 4 JOHN DOE WARREN POLICE
DEPARTMENT POLICEMEN, CITY OF WARREN,
WARREN POLICE COMMISSIONER WILLIAM
DWYER, CAPTAIN WILLIAM REICHLING,
MAYOR JAMES FOUTS AND
KIMBERLY ELIZABETH BRANSON,

      Defendants.

_____/

| | |
|---|---|
| Elizabeth Nelson | Jennifer Mead (P57106) |
| P.O. Box 1422 | P.O. Box 806042 |
| Warren, MI 48090 | St. Clair Shores, MI 48080 |
| In Pro Per | (313) 485-1250 |
| | Attorney for Service Towing, Inc. |
| | meadjenn@hotmail.com |

Albert Thrower
P.O. Box 6702
Cleveland, OH 44101
In Pro Per

Thomas Stidham (P56504)
1401 W. Fort St., #44-1815
Detroit, MI 48244
(248) 303-0306
Co-Counsel for Service Towing, Inc.
Defendants
Tsstidham@hotmail.com

Mark E. Straetmans (P29158)
Rachel C. Selina (P85430)
255 E. Brown Street, Suite 320
Birmingham, MI 48009
(248) 645-9680
Attorneys for City of Warren
Defendants
mstraetmans@berrymoorman.com
rselina@berrymoorman.com

_____/

## SERVICE TOWING, INC. DEFENDANTS
## MOTION FOR DISMISSAL UNDER RULE 12(b)(6)

**NOW COME** Defendants SERVICE TOWING, INC., ABLE TOWING, LLC, DENNIS HERTZ, BRUCE HERTZ, SANDRA HERTZ, RANDY SULLIVAN and EDWARD HERTZ (collectively herein the "Service Towing Defendants" unless identified otherwise), by and through undersigned counsel, pursuant to Fed.R.Civ.P. 12(b)(6), and in support of their Motion For Dismissal Under Rule 12(b)(6), hereby state as follows:

The Service Towing Defendants move this Court to dismiss Claims I and II of Plaintiffs 3rd Amended Complaint (ECF No. 55, PageID.600) with prejudice

under Fed. R. Civ. P. 12(b)(6) as Plaintiffs have failed to state claims upon which relief may be granted and for the other reasons set forth in the accompanying Brief In Support thereof.  In further support thereof, the Service Towing Defendants incorporate by reference the attached Brief In Support.

WHEREFORE, for the foregoing reasons, as further established in their Brief In Support, the Service Towing, Inc. Defendants respectfully requests this Court:  (a) grant their Motion For Dismissal of Plaintiffs' Third Amended Complaint—ECF No. 55; (b) dismiss with prejudice Claim Numbers 1 and 2 on the basis of the 4th, 5th and 14th Amendments pursuant to Fed. R. Civ.P. 12(b)(6); (c) dismiss Defendants Sandra Hertz, Edward Hertz, Bruce Hertz, Dennis Hertz and Randy Sullivan and Able Towing, LLC from this action with prejudice; (d) award the Service Towing Defendants their costs and expenses, including attorney fees, incurred in filing this Motion, and (e) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_/s/ ThomasStidham_____
Thomas H. Stidham (P56504)
Jennifer Mead (P57106)
Co-Counsel for Service Towing, Inc.
Defendants

Dated:  June 12, 2024

3

## LR 7.1 STATEMENT OF CONFERRAL

In accordance with E.D. Mich. LR 7.1(a), there was a telephonic conference between counsel for the Service Towing, Inc. Defendants and Plaintiffs Elizabeth Nelson and Albert Thrower on June 12, 2024, in which counsel for the STI Defendants explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought herein.

Respectfully submitted,

 /s/ ThomasStidham
Thomas H. Stidham (P56504)
Jennifer Mead (P57106)
Co-Counsel for Service Towing, Inc.
Defendants

Dated:  June 12, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

ELIZABETH NELSON and ALBERT THROWER, Case No. 2:23-cv-11597

                                        Hon. Brandy R. McMillion

       Plaintiffs,                         Mag. Judge Curtis Ivy, Jr.

-v-

ROBERT SCOTT (JOHN DOE PROPERTY
MAINTENANCE DIVISION SUPERVISOR),
SERVICE TOWING, INC., ABLE TOWING, LLC,
BRUCE HERTZ,
SECRETARY, SANDRA A. HERTZ, REGISTERED AGENT,
RANDY HERTZ, DENNIS HERTZ,
1 JOHN DOE CITY OF WARREN PROPERTY
MAINTENANCE DIVISION EMPLOYEES,
JAMES CUMMINS, BUILDING DEPARTMENT
DIRECTOR, CITY OF WARREN ZONING DEPT.
EMPLOYEES, CURTIS GAUSS #22, FRANK
BADALAMENTE, MARY MICHAELS,
BRIAN KIJEWSKI, MARILYN TREMBATH,
2 JOHN DOES, 4 JOHN DOE WARREN POLICE
DEPARTMENT POLICEMEN, CITY OF WARREN,
WARREN POLICE COMMISSIONER WILLIAM
DWYER, CAPTAIN WILLIAM REICHLING,
MAYOR JAMES FOUTS AND
KIMBERLY ELIZABETH BRANSON,

       Defendants.

_____/

Elizabeth Nelson                  Jennifer Mead (P57106)
P.O. Box 1422                   P.O. Box 806042
Warren, MI 48090             St. Clair Shores, MI 48080
In Pro Per                      (313) 485-1250
                              Attorney for Service Towing, Inc.
                              meadjenn@hotmail.com

Albert Thrower
P.O. Box 6702
Cleveland, OH 44101
In Pro Per

Thomas Stidham (P56504)
1401 W. Fort St., #44-1815
Detroit, MI 48244
(248) 303-0306
Co-Counsel for Service Towing, Inc.
Defendants
Tsstidham@hotmail.com

Mark E. Straetmans (P29158)
Rachel C. Selina (P85430)
255 E. Brown Street, Suite 320
Birmingham, MI 48009
(248) 645-9680
Attorneys for City of Warren
Defendants
mstraetmans@berrymoorman.com
rselina@berrymoorman.com

_____/

## SERVICE TOWING, INC. DEFENDANTS
## BRIEF IN SUPPORT OF MOTION FOR DISMISSAL
## <u>UNDER RULE 12(b)(6)</u>

**NOW COME** Defendants SERVICE TOWING, INC., ABLE TOWING,
LLC, DENNIS HERTZ, BRUCE HERTZ, SANDRA HERTZ, RANDY
SULLIVAN and EDWARD HERTZ (collectively herein the "Service Towing
Defendants" unless identified otherwise), by and through undersigned counsel,
pursuant to Fed.R.Civ.P. 12(b)(6), and in support of their Motion For Dismissal,
hereby state as follows:

TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED…………………………………………iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY…………………vi

INDEX OF AUTHORITIES………………………………………………………..vii

I.  INTRODUCTION AND FACTUAL BACKGROUND………………………1

II.  STANDARD OF REVIEW………………………………………………………...2

III.  ARGUMENT……………………………………………………………………3

A.  Plaintiffs Fail To Allege With Specificity Which Of …………………………3
Named Defendants Were Personally Involved Or Responsible For
Alleged Violations Of Plaintiffs Federal Rights.

B.  Plaintiffs Do Not State Valid Claims For Unspecified Violations……………8
Of The 5th Amendment.

C.  Claims 1 And 2 Fail To State Claims That The STI Defendants………………9
Violated Plaintiffs' 4th Amendment Rights In Towing Vehicles.

D.  Plaintiffs Fail To State Valid Claims For Alleged Violations Of…………….12
The 14th Amendment

E.  Plaintiffs State Law Claims Are Frivolous And Fail To State………………...13
Claims Upon Which Relief May Be Granted.

F.  None Of STI Defendants Are "State Actors" And Cannot Be………………...15
Held Liable For Unspecified Constitutional Violations
IV.  CONCLUSION……………………………………………………………………18

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.  Whether the Plaintiffs fail to a state a claim where they fail to allege with any

degree of specificity which of the named STI Defendants were personally involved

or responsible for alleged violations of Plaintiffs Federal rights?

Defendants Answer:        Yes.
Plaintiffs Answer:        No.
II.  Whether the Plaintiffs have stated valid claims for unspecified violations of the

5th Amendment?

Defendants Answer:        No.

III.  Whether Plaintiffs' Claims Numbers 1 and 2 fail to state claims that the STI

Defendants violated Plaintiffs 4th Amendment rights in towing the vehicles?

Defendants Answer:        Yes.

IV.  Whether Plaintiffs fail to state valid claims for alleged violations of the 14th

Amendment?

Defendants Answer:        Yes.

V.   Whether Plaintiffs state law allegations or claims are frivolous and fail to state

claims upon which relief may be granted?

Defendants Answer:        Yes.

VI.  Whether the Service Towing Defendants are state actors for purposes of

Plaintiffs' constitutional claims?

Plaintiffs Answer:        No.

Defendants Answer:        Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed.R.Civ.P. 12(b)(6)

*Ashcroft v Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

*Bell Atlantic Corp v Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).

*Brite Financial Services, LLC v Bobby's Towing Service, LLC*, 461 F.Supp.3d 549, 558 (E.D. Mich. 2020)

MCL 257.252a, MCL 257.252d and MCL 257.252f

*Flagg v City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013).

*Lugar v Edmondson Oil Co*, 457 US 922, 937, 102 SCt 2d 744, 73 LEd2d 482 (1983).

*Mathews v Eldridge*, 424 US 319, 333 (1976)

*Moldowan v City of Warren*, 578 F3d 351, 399 (6th Cir. 2009),

*Olivia Robertson, et al v Breakthrough Towing*, LLC, USD.C. E.D. Mich. Case No. 2:19-cv-10266-MAG-EAS; ECF No. 148, PageID.2831-2867 (Most Appropriate Authority re: state actor)

*US v Morgan*, 744 F2d 1215, 1218 (6th Cir. 1984).

## INDEX OF AUTHORITIES

### Cases

*Amini v Oberlin Coll.*, 259 F3d 493, 502-503 (6th Cir. 2001)……………………2

*Ashcroft v Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)………………3

*Bell Atlantic Corp v Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,…………2-3,12
1964-65 (2007).

*Brentwood Acad v Tenn Secondary School Athletic Ass'n*, 531 US 288, 294,….17
121 SCt 924, 148 LEd2d 807 (2001).

*Brite Financial Services, LLC v Bobby's Towing Service, LLC,*………………8, 13
461 F.Supp.3d 549, 558 (E.D. Mich. 2020)

*Buck v Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010)………….3

*Carmen v City of Detroit*, 2018 WL 1326295, at *7-8……………………………16

*Erickson v Pardus*, 551 U.S. 89, 94 (2007)…………………………………………...2

*Flagg v City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013)………………………..5

*Habich v Wayne County, MI*, No. 22-1517, 6th Cir. April 12, 2023……………...10

*Haines v Kerner*, 404 U.S. 519, 520 (1972)………………………………………..3

*Jack-Bey v Michigan Dep't of Corr.*, 2014 WL 1255910, at *5…………………5-6
(W.D. Mich. Mar. 26, 2014)

*Lansing v City of Memphis*, 202 F3d 821, 831-832 (6th Cir. 2000)………………18

*Leisure v Hogan*, 21 F.App'x 277, 278 (6th Cir. 2001)…………………………..3,5

*Lugar v Edmondson Oil Co*, 457 US 922, 937, 102 SCt 2d 744, 73 LEd2d 482…15 (1983).

*Mathews v Eldridge*, 424 US 319, 333 (1976)…………………………………….12

*Moldowan v City of Warren*, 578 F3d 351, 399 (6th Cir. 2009)………………16-17

*Morrissey v Brewer*, 408 US 471, 481 (1972)…………………………………….12

*Nugent v Spectrum Juv. Just Servs*, 72 F4th 135, 139-140 (6th Cir. 2023)……….17

*Olivia Robertson, et al v Breakthrough Towing*, LLC, USD.C. E.D. Mich. Case..15 No. 2:19-cv-10266-MAG-EAS; ECF No. 148, PageID.2831-2867

*Robbins v Oaklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)…………………….6

*Roddy v Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005)…………...3

*Scheid v Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988)………...5

*Tahfs v Proctor*, 316 F3d 584, 590 (6th Cir. 2003)………………………………15

*Terry v Tyson Farms, Inc*, 604 F.3d 272, 276 (6th Cir. 2010)……………………..2

*Thomas v Shipka*, 848 F2d 496, 499 (6th Cir. 1987), vacated on other grounds,….9 488 US 1036 (1989)

*U.S. v Bishop*, 338 F.3d 623, 626 (6th Cir. 2003)………………………………...11

*U.S. v Coleman*, 923 F.3d 450, 455-56 (6th Cir. 2019)…………………………..10

*U.S. v Galaviz*, 645 F.3d 347, 356 (6th Cir. 2011)…………………………………..10

*US v Morgan*, 744 F2d 1215, 1218 (6th Cir. 1984)………………………………12

*Wells v Brown*, 891 F.2d 591, 594 (6th Cir. 1989)…………………………………5

## <u>Statutes</u>

42 U.S.C. Section 1983…………………………………………………………….2

MCL 257.252a *et seq*…………………………………………………...13

MCL 257.252d(1)…………………………………………………...11,13

MCL 257.252f…………………………………………………………11,13

## <u>Court Rules</u>

Fed.R.Civ.P. 12(b)(6)…………………………………………………………….18

## I.  INTRODUCTION AND FACTUAL BACKGROUND

Given a third bite at the proverbial pleading apple, Plaintiffs' 3rd Amended Complaint repeats and suffers from the same deficiencies that led to the Magistrate Judge's well-reasoned Report And Recommendation On Defendant's Motion To Dismiss And For Summary Judgment (ECF No. 35), ECF No. 46, PageID.526. Once again, Plaintiffs nakedly allege that in towing two vehicles on July 7, 2021, the Defendants violated their 4th, 5th and 14th Amendment rights.

Factually, some matters have been modified in the 3rd Amended Complaint. It deletes the prior allegations within the 2nd Amended Complaint that on July 7, 2021, Branson called Defendant Scott, or Mayor Fouts, Does acting as an informant per agreement and told (Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, Does that Thrower arrived at 7568 Hudson Ave. ECF No.29, PageID.83 at ¶22.  Importantly, it also deletes the Plaintiffs explanation of how the Warren Police Department were contacted and "raided" the 7568 Hudson address:

> "23) (D) Scott, Gauss, Cummins, Badalamente, Kijewski, Does contacted
> the Warren Police Van Dyke substation and raided (P) Thrower address
> 7568 Hudson Ave Mi and towed (P) Thrower 2011 Silverado with (D)
> Service Towing Inc., Able Towing LLC Hertz Brothers defendants in the
> morning." ECF No.29, PageID.83 at ¶23.

The 3rd Amended Complaint also deletes an important fact established in the 2nd Amended Complaint at ¶26:  that on 7/7/21, Defendant Scott wrote a ticket

1

for 301.3 Unsafe Structure for Human Habitation relative to 7568 Hudson, which

forms an important portion of the reason the authorities were at the property.  ¶26.

Perhaps even more puzzling, in the Third Amended Complaint, quotations

attributed to Mr. Scott have even slightly changed!  Nevertheless, Plaintiffs do not

plead cognizable claims under 42 USC §1983 for alleged violations of the 4th, 5th

and 14th Amendments arising from the towing of two vehicles and Plaintiffs do

not even attempt to plead the elements or facts in support of their state law claims.

Accordingly, all of their claims ought to be dismissed.

## II.  STANDARD OF REVIEW

A court considering a motion to dismiss under Fed. R. Civ.P. 12(b)(6)

accepts all well-pled allegations as true, but need not accept as true any "legal

conclusions or unwarranted factual inferences, and conclusory allegations or legal

conclusions masquerading as factual allegations." *Terry v Tyson Farms, Inc*, 604

F.3d 272, 276 (6th Cir. 2010). "[T]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Erickson v*

*Pardus*, 551 U.S. 89, 94 (2007)(citing *Bell Atlantic Corp v Twombly*, 550 U.S. at

555). A court may also consider matters of public record without conversion to

summary judgment.  See *Amini v Oberlin Coll.*, 259 F3d 493, 502-503 (6th Cir.

2001).  A court may take judicial notice of "other court proceedings" without

converting a motion to dismiss into a motion for summary judgment. *Buck v Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

To survive a motion to dismiss, the complaint must be plausible on its face and "raise the right to relief above the speculative level." *Bell Atlantic Corp v Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).  The allegations must include sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

## III.  ARGUMENT

**A.    PLAINTIFFS' 3RD AMENDED COMPLAINT (ECF NO. 55) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AS TO THE INDIVIDUAL SERVICE TOWING DEFENDANTS AND FAILS TO ALLEGE WITH ANY DEGREE OF SPECIFICITY WHICH OF THE NAMED DEFENDANTS WERE PERSONALLY INVOLVED OR RESPONSIBLE FOR ALLEGED VIOLATIONS OF PLAINTIFFS' FEDERAL RIGHTS.**

It is elementary that Plaintiffs are the "master[s] of [their] complaint." *Roddy v Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005).  "Although a *pro se* complaint must be held to a less stringent standard than that prepared by an attorney, the courts have not been willing to abrogate the basic pleading essentials in *pro se* suits." *Leisure v Hogan*, 21 F.App'x 277, 278 (6th Cir. 2001) (citing *Haines v Kerner*, 404 U.S. 519, 520 (1972).  In the Magistrate Judge's

3

Report And Recommendation ECF No. 46, PageID.545, the Magistrate Judge

dismissed count three (of the plaintiffs' 2nd Amended Complaint (ECF No. 29))

without prejudice and permitted Plaintiffs "to file an amended complaint in which

they expressly allege personal involvement by the individuals named." ECF No.

46, PageID.545.

On May 29, 2024, Plaintiffs filed their 3rd Amended Complaint Per Court

Order, ECF No. 55, Page ID.600, in which as to the individual Defendants, they

simply ignore the Court's admonitions and repeat the very same folly as contained

within their 2nd Amended Complaint.

With respect to the individual Service Towing Defendants, Bruce Hertz,

Dennis Hertz, Sandra Hertz and Randy Sullivan, there are no specific allegations

of which of these Defendants were personally involved in or responsible for the

alleged violations of plaintiffs' rights. There is no specificity at all as Plaintiffs do

not explain what specific acts did each commit? What did they do? Instead, as one

example, in ¶14, plaintiffs state various general principles of law or quotations

from various opinions concerning when one acts in concert or conspiracy with

state actors which purports to define when a private party becomes a "willful

participant" with the state to deprive others of constitutional rights. ECF No. 55,

PageID.602. Plaintiffs then allege "(D) STI and Hertz Bros., Sandra Hertz, Randy

Sullivan fit this definition for liability of private parties acting in concert with (D) Scott." *Id*. This is insufficient as a matter of law.

Yet ⁋14 and the remainder of the amended complaint fails to state sufficient factual allegations as to the facts surrounding the towing of the two vehicles, who did what and specifically how were plaintiffs constitutional rights allegedly violated. "[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Leisure v Hogan*, 21 F.App'x 277, 278 (6th Cir. 2001) (quoting Wells, 891 F.2d at 594). "A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citing *Scheid*, 859 F.2d at 437).

Moreover, as the Magistrate Judge noted in its Report And Recommendation, ECF No. 46, PageID.543, "[w]hen suing an individual actor… for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Flagg v City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). "[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Jack-Bey v Michigan*

5

*Dep't of Corr*., 2014 WL 1255910, at *5 (W.D. Mich. Mar. 26, 2014)(quoting

*Robbins v Oaklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis omitted)).

The STI Defendants submit that a fair reading of the 3rd Amended

Complaint once again repeats their initial folly as it fails to allege with specificity

how each STI Defendant violated the Constitution or another federal law.  There is

no personal involvement at all relative to Sandra Hertz or Edward Hertz, who

plaintiffs simply attempt to "drop" as a defendant without an order of the Court.

According to the allegations, at best, Defendant Scott called STI, Dennis

Hertz or Bruce Hertz or Sullivan, and plaintiff Thrower heard or saw STI, Dennis

Hertz or Bruce Hertz, and/or employee (D) Sullivan towing his 2011 Silverado &

Honda directed by Scott.  ⁋18, ECF 55, PageID.603.  Plaintiff Thrower claims he

heard either Dennis Hertz or Bruce Hertz or employee Sullivan say "I can't tow

Honda without damaging it because it's at an angle."  ECF 55, PageID.603 at ⁋22.

Next, plaintiff Thrower alleges that on July 8, 2021, he went to the STI office to

retrieve his Silverado and in ⁋28, a "Hertz Brother or employee Sullivan stalled

him per earlier agreement with (D) Scott-for approximately 30 minutes pretending

like (D) could not find (PT) Silverado."  ECF 55, PageID.604 at ⁋28.  According to

plaintiff Thrower, he was restrained by Scott "while (Ds') Hertz Bros &/or

Sullivan watched".  ECF 55, PageID.604 at ⁋29.

The STI Defendants submit that as to Claim No. One, plaintiffs have failed to state a claim upon which relief may be granted as the amended complaint contains no facts in support of its conclusory allegations that Defendants violated his constitutional rights. What did Sandra Hertz, Bruce Hertz, Dennis Hertz, Edward Hertz and Randy Sullivan do to violate any right as alleged in Claim No. 1? Likewise, there are no specific and separate allegations against Defendant Able Towing, LLC in the towing of the vehicles. We do not know these answers as the amended complaint does not clarify exactly who is alleged to have done what to whom. Nor does it provide each Defendant with fair notice of the basis of the claims against it, him or her.

Likewise, as to Claim No. Two, plaintiffs have similarly failed to provide any specific facts about the so-called agreement or conspiracy between Mr. Scott and either Bruce Hertz or Dennis Hertz or Sandra Hertz or Randy Sullivan. Defendants submit it is not enough to simply announce that there was an agreement or conspiracy between Scott and the individual STI Defendants to detain or stall plaintiff Thrower. Yet even assuming *arguendo* the existence of such an agreement, there is no constitutional violation in "stalling" someone so that the police may ultimately arrive to arrest him on misdemeanor warrants. And merely watching or observing the situation unfold does not create liability where they did nothing more than play a passive role in the alleged violations.

7

Defendants further submit to the Court it is not enough simply to announce that the Defendants entered on to the 7568 Hudson property and towed 2 operable vehicles violating the 4th, 5th and 14th Amendments. Even assuming the truth of the above allegations, entering onto property at the direction of another and towing a vehicle does not constitute a constitutional violation nor does one merely making an alleged statement that a certain vehicle cannot be towed without damaging it because it is at an angle. For all of the foregoing reasons, Plaintiffs have failed to state claims upon which relief may be granted.

## B.      PLAINTIFFS DO NOT STATE VALID CLAIMS FOR UNSPECIFIED VIOLATIONS OF THE FIFTH AMENDMENT.

Plaintiffs' claims for a violation of the Fifth Amendment is meritless, fails to state a claim upon which relief may be granted and ought to be dismissed with prejudice. In their 3rd Amended Complaint, Plaintiffs merely announce alleged violations of the 5th Amendment but there are no facts alleged in support of an alleged violation. ECF No. 55, PageID.601; ECF No. 55, PageID.605. Even accepting the scant factual allegations as true, here, there was no taking without just compensation under the Fifth Amendment. In *Brite Financial Services, LLC v Bobby's Towing Service, LLC*, 461 F.Supp.3d 549, 558 (E.D. Mich. 2020), the district court noted that construction of the public use requirement does not extend the scope of the 5th Amendment to the towing and storage of vehicles pursuant to

Michigan's towing laws.  The law is well established that Section 1983 is the

exclusive remedy for alleged constitutional violations.  *Thomas v Shipka*, 848 F2d

496, 499 (6th Cir. 1987), vacated on other grounds, 488 US 1036 (1989) (holding

that Section 1983 is the exclusive remedy for alleged violations of a plaintiff's

constitutional rights).  Nor was the towing of the vehicles for "public use" and as

such, there could be no Fifth Amendment violation.  Lastly, the STI Defendants

are not state actors and therefore, are not entities or individuals subject to an action

under Section 1983.  Thus, the foregoing reasons, Plaintiffs' claims for unspecified

violations of the Fifth Amendment in towing plaintiffs' vehicles (Claim I) and

apparently "stalling" Thrower on July 8, 2021 (Claim II) do not state claims for a

violation of the Fifth Amendment upon which relief may be granted and the STI

Defendants' Motion ought to be granted on this basis.

### C.  CLAIMS ONE AND TWO FAIL TO STATE CLAIMS THAT THE STI DEFENDANTS VIOLATED PLAINTIFFS' 4TH AMENDMENT RIGHTS IN TOWING VEHICLES.

In their 3rd Amended Complaint, Plaintiffs allege the STI Defendants, in

tandem and in a conspiracy with Defendant Scott, violated their 4th Amendment

rights when they entered on to the 7568 Hudson property without a search warrant,

towing the two vehicles. ECF No. 55, PageID.605 (Claim No. One).  Yet plaintiffs

have clearly failed to state a claim upon which relief may be granted for several

reasons.  First, their legal conclusions masquerading as facts concerning curtilage

at pages 3-4 contradict other allegations, namely, those in which they admit that the "2008 Honda Civic was parked on concrete drive behind 7568 Hudson."  ECF No. 55, PageID.603 at ⁋21.  This is significant as when both a vehicle and a police officer were both on a driveway, "depending on the driveway's particularities, has been viewed as outside the curtilage."  See *Habich v Wayne County, MI*, No. 22-1517, 6th Cir. April 12, 2023, citing *U.S. v Coleman*, 923 F.3d 450, 455-56 (6th Cir. 2019); *U.S. v Galaviz*, 645 F.3d 347, 356 (6th Cir. 2011).

Next, City of Warren court records and a citation No. Y028064, issued on 7/7/21, establish that contrary to plaintiffs contention, the vehicle(s) were parked on the grass. **Exhibit A—Court Records.** Third, the Order To Clean Up Property dated July 7, 2021 and issued in three separate cases, orders 7568 Hudson to be cleaned and cleared of all debris, inoperable vehicles and other items and expressly authorizes the City of Warren to enter the Property and conduct any work necessary to comply with the Order.  *Id.* Notably, one of the Cases in which the Order To Clean Up Property dated July 7, 2021 also was entered was Y025638, wherein the City of Warren Administrative Hearings Bureau had previously entered its Default Decision And Order against Thrower on March 4, 2020.  *Id.* That Decision/Order provides "that if respondent fails to correct the violation(s) within 30 days, the City may correct the violation and request enforcement costs." *Id*.  Once again, this Order furnishes the City with additional authority to correct

the violation and lawfully be upon or at 7568 Hudson to remedy the violations. Additionally, on July 7, 2021, court records reflect there was an existing Complaint-Misdemeanor and an existing Warrant for the arrest of Thrower, although the complaint establishes that he was not arrested until July 8, 2021. **Ex. A**. Clearly, plaintiffs simply ignore that each of the court Orders above establish that any officer at 7568 Hudson on July 7, 2021 is lawfully positioned in a place from which the two vehicles can be plainly viewed and each officer has a lawful right of access to the vehicles, constituting a plain view exception to the warrant requirement.  See *U.S. v Bishop*, 338 F.3d 623, 626 (6th Cir. 2003).

Moreover, plaintiffs once again ignore that another source of authority for the towing of the vehicles by the City of Warren on July 7, 2021 is grounded in state law, specifically in MCL 257.252d(1).  Subsection (1)(f) applies if removal is necessary in the interest of public safety because of fire, flood, etc. or in case of an emergency (such as the illegal use or occupation of 7568 Hudson such that one must clear the entire scene to prevent injury to persons or property).  Likewise, subsection (1)(g) applies if the vehicle is hampering the use of private property by the owner or individual in charge or is parked in a manner that impedes the movement of another vehicle.  Utilizing either source compels the conclusion that the towing of the vehicles by both the STI Defendants and the City of Warren Defendants were proper, lawful and cannot constitute a 4th Amendment violation.

Importantly, the Sixth Circuit has held that even a wrongful search or seizure by a private party does not violate the Fourth Amendment. *US v Morgan*, 744 F2d 1215, 1218 (6th Cir. 1984). Once again, plaintiffs scant factual allegations are not enough to raise a right to relief above the speculative level. *Bell Atlantic Corp v Twombly*, 550 U.S. at 555. As such, Claim Nos. 1 and 2 should be dismissed to the extent plaintiffs allege a violation of the 4th Amendment.

### D.   PLAINTIFFS FAIL TO STATE VALID CLAIMS FOR ALLEGED VIOLATIONS OF THE 14TH AMENDMENT.

Plaintiffs in conclusory fashion allege that the STI Defendants violated their 14th Amendment rights in Claim Nos. 1 and 2.  Although "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner[,]' " *Mathews v Eldridge*, 424 US 319, 333 (1976) (citation omitted), courts must look at the particular situation to determine what level of due process is required.  See *Morrissey v Brewer*, 408 US 471, 481 (1972) ("due process is flexible and calls for such procedural protections as the particular situation demands.").

Yet plaintiffs have failed to state a claim upon which relief may be granted and their 14th Amendment claims cannot be sustained.  Courts addressing similar claims in this circuit have determined that as long as the State provides a process by which an owner may regain possession, the impoundment of a vehicle does not

violate due process.  See *Brite Financial Services, LLC v Bobby's Towing Services, LLC*, 461 F.Supp.3d 549, 559 (E.D. Mich. 2020) (impounding a vehicle violates due process only if the State fails to provide a process by which the owner can regain possession).  Yet Michigan's statutory towing scheme provides an established mechanism and legal process by which one may obtain their vehicles and challenge both the propriety of the towing and/or reasonableness of the towing and storage fees.  MCL 257.252a, MCL 257.252d and MCL 257.252f (by filing petition in the state district court).   Moreover, in their amended complaint, plaintiffs allege that each retrieved and/or redeemed each vehicle.  ECF No. 55,PageID.605 at ¶¶ 35-36.

There are simply no facts to support an undefined violation of the 14th Amendment in Claim No. 2 by any STI Defendant other than a vague allegation that the Hertz brothers or Mr. Sullivan "watched" plaintiff Thrower be arrested. ECF No. 55,PageID.604 at ¶29.  Clearly, there are no violations of the 14th Amendment by the STI Defendants and Plaintiffs have failed to state any claim upon which relief may be granted.

### E.    PLAINTIFFS' STATE LAW ALLEGATIONS/CLAIMS ARE FRIVOLOUS AND FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

In their 3rd Amended Complaint, Plaintiffs claim they are seeking damages for state law torts of assault and battery, kidnapping, trespassing, theft.  ECF

No.55, PageID.600. In ¶1 they add "abuse of process" to the list. In ¶3, plaintiffs state they bring "state law claims pursuant to the Court's supplemental jurisdiction of trespass, theft, assault and battery, kidnapping, false imprisonment, abuse of process." ECF No.55,PageID.601. Claim Nos. 1 and 2 are devoid of any factual allegations to support these claims and only Claim No. 2 even references an "assault and battery" but not as a request for relief. In their prayer entitled "Relief", although Plaintiffs request $100 Million Dollars in compensatory and punitive damages, no specific relief is requested for state law claims. ECF No.55,PageID.605.

In Magistrate Judge Ivy's Report And Recommendation On Defendant's (Warren Defendants) Motion To Dismiss And For Summary Judgment (ECF No. 35), Mag. Judge Ivy recommends the Court decline supplemental jurisdiction over Plaintiffs state law claims. ECF No. 46, PageID.548. Thus, it is not clear from the amended complaint whether Plaintiffs are seeking relief upon the mentioned state law claims or since they did not request any specific relief thereon in Claim Nos. 1 and 2 or in the Relief section of the complaint, whether they have abandoned their state law claims.

Although Plaintiffs leave it to all of the Defendants and the Court to unravel their claims, it is undisputed that such pleading fails to state any state law claims and the Court should both decline to exercise supplemental jurisdiction and dismiss

the state law allegations/claims for trespass, theft, assault and battery, kidnapping, false imprisonment and abuse of process.  Plaintiffs do not even attempt to plead the elements of these claims or furnish any factual allegations to establish any state law claim (and explain who did what to whom? How and when?).  Accordingly, Plaintiffs have failed to state any claims upon which relief may be granted as to their so-called state law allegations/claims and these ought to be dismissed.

**F.   NONE OF THE SERVICE TOWING, INC. DEFENDANTS ARE "STATE ACTORS" AND CANNOT BE HELD LIABLE FOR ALLEGED, UNSUPPORTED CONSTITUTIONAL VIOLATIONS.**

In Plaintiffs' 3rd Amended Complaint—ECF No. 55, Plaintiffs allege a series of constitutional violations of the 4th Amendment, 5th Amendment and 14th Amendment against Defendants involving the towing of two vehicles on July 7, 2021.  It is elementary that a private business does not act under color of state law, and thus is not a "state actor," unless its conduct is "fairly attributable to the state." *Lugar v Edmondson Oil Co*, 457 US 922, 937, 102 SCt 2d 744, 73 LEd2d 482 (1983).  "A plaintiff may not proceed under Section 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.  *See Tahfs v Proctor*, 316 F3d 584, 590 (6th Cir. 2003).

The District Court's review of authority involving whether towing companies are state actors in this circuit in the case of *Olivia Robertson, et al v Breakthrough Towing*, LLC, USD.C. E.D. Mich. Case No. 2:19-cv-10266-MAG-

EAS; ECF No. 148, PageID.2831-2867, at PageID.2844-2845 is instructive, noting that "[t]he fact that towing occurs does not make every entity that has some connection to the tow a representative of the state.  In fact, case law in this circuit indicates that towing companies are generally <u>not</u> state actors under the nexus and state compulsion theories—both at the summary judgment stage7 and on the face of the pleadings8—even when those companies tow vehicles pursuant to government contracts or at the express request of the police."  Indeed, the District Court cited *Carmen v City of Detroit*, 2018 WL 1326295, at *7-8 (finding that two private towing companies called by Detroit police officers to impound certain vehicles were not state actors liable under Section 1983, explaining that plaintiffs had failed to establish "pervasive entwinement" considering factors including (i) the companies were only "two of about twenty companies with a towing contract with Detroit," and (ii) "the private towing companies did nothing more than fulfill their contractual obligations") in footnote 7 of the opinion in support of the conclusion that towing companies are generally not considered state actors within the Sixth Circuit.

In *Moldowan v City of Warren*, 578 F3d 351, 399 (6th Cir. 2009), the Sixth Circuit stated that it recognized three tests for determining whether private conduct is fairly attributable to the state:  the public function test, the state compulsion test, and the nexus test.

The public function test "requires that the private entity exercise
powers which are traditionally exclusively reserved to the state…"
The typical examples are running elections or eminent domain.  The
state compulsion test requires proof that the state significantly
encouraged or somehow coerced the private party, either overtly or
covertly, to take a particular action so that the choice is really that
of the state.  Finally, the nexus test requires a sufficiently close
relationship ( *i.e.* through state regulation or contract) between the
state and the private actor so that the action may be attributed to
the state.
*Moldowan v City of Warren*, *Id*. at 399.

The Sixth Circuit in *Nugent v Spectrum Juv. Just Servs*, 72 F4th 135, 139-
140 (6th Cir. 2023) recognized that several tests have been employed to determine
when a private entity may qualify as a state actor, including the entwinement test.
This test requires Plaintiffs to show that the private entity is "entwined with
governmental policies" or that the government is "entwined in [the private entity's]
management or control.  *Brentwood Acad v Tenn Secondary School Athletic Ass'n*,
531 US 288, 294, 121 SCt 924, 148 LEd2d 807 (2001).

On these facts and employing any of the four tests, Plaintiffs cannot
establish that any of the Service Towing Defendants conduct is fairly attributable
to the state.  Indeed, the public function test fails as the private entities are not
exercising powers traditionally reserved to the state such as running an election or
eminent domain.  Moreover, the public function test has been narrowly interpreted
and Plaintiffs bear the burden of establishing a historical showing, which cannot be
done on these facts.  Next, the state compulsion test also is inapplicable, as there is

no proof that the towing companies were coerced by the state to take any action.

Likewise, the nexus test requirement of a sufficiently close relationship so that the

towing companies conduct may be attributed to the state is not borne out by the

proofs.  "[M]ere cooperation simply does not rise to the level of merger required

for a finding of state action."  *Lansing v City of Memphis*, 202 F3d 821, 831-832

(6th Cir. 2000).  Therefore, Plaintiffs have failed to state a claim upon which relief

may be granted for towing of the vehicles in violation of the 4th, 5th and 14th

Amendments.

## IV. CONCLUSION

For the foregoing reasons, the Service Towing, Inc. Defendants respectfully

request the Court:  (a) grant their Motion To Dismiss Plaintiffs' Third Amended

Complaint—ECF No. 55; (b) dismiss with prejudice Claim Numbers 1 and 2 on

the basis of the 4th, 5th and 14th Amendments pursuant to Fed. R. Civ.P. 12(b)(6);

(c) dismiss Defendants Sandra Hertz, Edward Hertz, Bruce Hertz, Dennis Hertz

and Randy Sullivan and Able Towing, LLC from this action with prejudice; (d)

award the Service Towing Defendants their costs and expenses, including attorney

fees, incurred in filing this Motion, and (e) grant such other and further relief as the

Court deems just and proper.

Respectfully submitted,

_/s/ ThomasStidham_____
Thomas H. Stidham (P56504)
Jennifer Mead (P57106)
Co-Counsel for Service Towing, Inc.
Defendants

Dated:  June 12, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

ELIZABETH NELSON and ALBERT THROWER, Case No. 2:23-cv-11597

                                                   Hon. Brandy R. McMillion

      Plaintiffs,                           Mag. Judge Curtis Ivy, Jr.

-v-

ROBERT SCOTT, *et al.,*

      Defendants.

_____/

# EXHIBIT A

## TO THE SERVICE TOWING, INC. DEFENDANTS
## MOTION FOR DISMISSAL UNDER RULE 12(b)(6)

### INDEX OF EXHIBIT A:  OTHER COURT RECORDS/PROCEEDINGS AND MATTERS OF PUBLIC CONCERN RE: 7568 HUDSON AND PLAINTIFF THROWER

- **37th District Court Order To Clean Up Property re: 7568 Hudson dated 7/7/21;**
- **City of Warren Administrative Hearings Bureau Default Decision And Order dated 3/14/20 in Case No. Y025638W re: 7568 Hudson**
- **City of Warren Citation Y028064 dated 7/7/21;**
- **City of Warren Citation Y028065 dated 7/7/21;**
- **City of Warren Citation Y028242 dated 7/7/21;**
- **37th District Court Case No. Y028065/Y028048 Complaint-Misdemeanor;**
- **37th District Court Case No. Y028065/Y028048 Warrant-Misdemeanor dated July 7, 2021.**

**STATE OF MICHIGAN**
**IN THE 37TH JUDICIAL DISTRICT COURT**

CITY OF WARREN,

      Plaintiff,

v.

   Y 28065
   Y 028048
Case No. Y 025638
Hon. John M. Chmura

Albert Dudley Thrower
(Defendant's Name)
7568 Hudson
(Address)
Warren, MI 48089
(City, State, Zip)
313-319-7370
(Telephone Number)

      Defendant.
Albert Dudley Thrower        /

**ORDER TO CLEAN UP PROPERTY**
7568 Hudson    , **WARREN, MICHIGAN**
(Insert Address)

At a session of said court held in the
City of Warren, County of Macomb and State of Michigan
on 07/07 , 20 21 .

Present: Hon. John M. Chmura
District Court Judge

This matter having been heard on 07/07/2021 , for violation of the
(Court Date)
City of Warren Section(s) (1)308.1, Junk on property, (2) 302.5, Rodent Harborage
(Insert section numbers and identify the code—zoning, property maintenance, etc.)
(3) 308.2, Disposal of rubbish

Ordinances, and Defendant having appeared before this Court, and been found

responsible for the violation(s), this Court orders that the property be cleaned as more

particularly set forth in this Order, and Court being otherwise duly advised in the

premises;

IT IS ORDERED, that within Today ( ) days of this Order, Defendant shall
(number of days)
comply with the conditions set forth in this Order. The property is described as:
7568 Hudson 12-13-33-278-030

(Address, Legal Description, Parcel Identification Number)

Ex M p l

The entire Property is to be cleaned and cleared of  All debris including,

 outdoor furniture,wood, metal, plastic, cardboard, overflowing garbage, bags of

 garbage, inoperable vehicles, rodent harborage.                                    .

any and all junk and debris scattered on or about the front, rear, and side yards of the

Property, and any overgrown or dead vegetation, from the Property and/or the fences.

IT IS FURTHER ORDERED, that in the event the Defendant fails to comply with

the above requirements, the City of Warren may enter the Property and conduct any

work necessary to comply with this Order.

IT IS FURTHER ORDERED, that the City may assess and collect all costs of

such work necessary to comply with this Order, and may assess and collect all costs of

such work and removal from the Defendant or otherwise lien the Property through any

lawful remedy.

IT IS FURTHER ORDERED, that Defendant pay fines and costs in the amount of

$  TDB                                    .

IT IS FURTHER ORDERED, that Defendant may be held in contempt of Court

for the failure to comply with this Order, and may be ordered to appear before this Court

and show cause why he should not be held in contempt of this Court and subject to

penalty of this Court.

This Court shall retain jurisdiction to enforce the provisions of this order.

District Court Judge
JOHN M. CHMURA

Ex M p 2

Original – Bureau
1st Copy – Petitioner
2nd Copy – Respondent

| ADMINISTRATIVE HEARINGS BUREAU | DEFAULT DECISION AND ORDER | TICKET NO., AND PROPERTY ADDRESS |
|---|---|---|
| | | Y025638 W<br>7568 HUDSON |

8300 Common Road, Warren, Michigan 48093      **(586) 574-4700**

| Inspector, address, and telephone number | | Respondent's name and address |
|---|---|---|
| FRANK BONVILAMENT-P<br>CITY OF WARREN<br>ONE CITY SQUARE<br>WARREN, MICHIGAN 48093<br>Telephone (586) 574-4503 | v | ALBERT THROWER<br>7568 HUDSON<br>WRN, MI 48089 |

IT IS HELD that:

1. The Administrative Hearings Officer (AHO) finds that respondent is responsible by default of all blight violation counts.

2. Respondent had notice of the hearing date and time, and failed to appear on that date and time.

3. I FRANK BONVILAMENT provided respondent notice of this violation by posting a copy of the ticket in a prominent place at the address where the violation occurred or sent a copy of the ticket by first-class mail to respondent's last known address or personally served respondent with a copy of the ticket. This paragraph is made on my personal knowledge. If sworn as a witness, I can testify competently to the facts in this paragraph.

3 / 4 / 00
Date

_____
Inspector

IT IS ORDERED that respondent:

1. ☑ Pay fines and costs in the amount of:
   Count I **#1000**    Count II _____ Count III _____ TOTAL **#1000**
   (Indicate 1st violation, 2nd violation, or 3rd or more violation for each count)

2. ☐ Reimburse the City of Warren for enforcement costs in the amount of _____ (see enforcement cost form).

3. ☐ Fines are waived because the violator is an owner-occupier of the dwelling, is a first-time offender, and has corrected the violation.

4. ☐ Other _____

IT IS ALSO ORDERED that if respondent fails to correct the violation(s) within 30 days, the City may correct the violation and request enforcement costs.

3 / 4 / 00
Date

_____
Administrative Hearings Bureau Officer

Send payment to or pay in person at the 37th District Court. Make checks payable to the 37th District Court.

Respondent may file a motion to set aside this default decision and order within 21 days of the date of this order. Motion to Set Aside forms are available at the Violation's Bureau in the 37th District Court.

Respondent may appeal an adverse decision of the Administrative Hearings Bureau to the Macomb County Circuit Court within 28 days of the date of this order.

**CITY OF WARREN CITATION**   Ticket No.  Y 028064

| THE UNDERSIGNED SAYS THAT ON: | Month 07 | Day 07 | Year 21 | At Approx. ☒AM ☐PM 1024 | DOB Month | Day | Year |
|---|---|---|---|---|---|---|---|
| State | Driver License / State Identification Number | | | | Employer | | |

| Race | Sex | Height | Weight | Hair | Eyes | Occupation |
|---|---|---|---|---|---|---|

| Vehicle Plate Number | | | | State | Vehicle Description (Year. Make. Color) |
|---|---|---|---|---|---|

Name (Company or Individual)

ALbeRT THrower

Street

7568 - Hudson

| City | State | Zip Code |
|---|---|---|
| WRN | MI | 48089 |

In violation of local ordinance(s) within the City of Warren Michigan

At or near  7568  Hudson
(address/location of the violation)

The person named above did the following.

| Type | Ordinance No. | Code No. | Description | Charge No. | Repeat offender status |
|---|---|---|---|---|---|
| Blight ☒ | 302.4 | 98 39 | TALL CRASS weeds | 1 | 1st ☐ 2nd ☐ |
| Blight ☒ | 308.1 | 98 39 | JUNK on property | 2 | 1st ☐ 2nd ☐ |
| Blight ☐ | 4.06 | 98 39 | PARKING ON GRASS | 3 | 1st ☐ 2nd ☐ 3rd ☐ |

☒ I personally observed the blight violation.

☐ After investigation, I have reasonable cause to believe that the person named above is responsible for the blight violation.

If the second box is checked. City Attorney's Office approval is required.

| City Attorney or Assistant City Attorney (Signature) | Month | Day | Year |
|---|---|---|---|

Remarks: _____

I served a copy of the citation on the person named above by
☐ Personal Service
☐ First Class Mail
☒ Posting on property  7568 Hudson
(address/location)

**SEE THE BACK OF THIS TICKET FOR FURTHER INSTRUCTIONS.**

I declare under penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

| Authorized local officer and badge number (Printed)  52 | Agency DPM( | Month 7 | Day 7 | Year 21 |
|---|---|---|---|---|
| Authorized local officer (Signature) | ☐ Police Department ☒ Property Maintenance ☐ Rental Division | ☐ Zoning ☐ Other | | |

**COURT COPY**

Y 028064

**CITY OF WARREN CITATION**    Ticket No.  Y 028065

| THE UNDERSIGNED SAYS THAT ON: | Month 07 | Day 07 | Year 4 | At Approx. ☐ AM ☑ PM 1154 | DOB | Month | Day | Year |
|---|---|---|---|---|---|---|---|---|

| State | Driver License / State Identification Number | Employer |
|---|---|---|

| Race | Sex | Height | Weight | Hair | Eyes | Occupation |
|---|---|---|---|---|---|---|

| Vehicle Plate Number | | State | Vehicle Description (Year, Make, Color) |
|---|---|---|---|

Name (Company or Individual)

ALBERT THRUER

Street   7568   Hudson

City  WRN    State  MI    Zip Code  48089

In violation of local ordinance(s), within the City of Warren Michigan

At or near   7568 Hudson
(address/location of the violation)

The person named above did the following:

| Type | Ordinance No. | Code No. | Description | Charge No. | Repeat offender status |
|---|---|---|---|---|---|
| Blight ☐ | 301.3 | | UNSAFE STRUCTURE FOR HUMAN HABITATION | 1 | 1st ☐ 2nd ☐ 3rd ☐ |
| Blight ☐ | 22.11a | | OCCUPYING W/O CITY CERTS | 2 | 1st ☐ 2nd ☐ 3rd ☐ |
| Blight ☐ | 28.20b | | FAIL TO OBTAIN CITY CERTS | 3 | 1st ☐ 2nd ☐ 3rd ☐ |

☐ I personally observed the blight violation

☑ After investigation, I have reasonable cause to believe that the person named above is responsible for the blight violation. If the second box is checked, City Attorney's Office approval is required

| City Attorney or Assistant City Attorney (Signature) | Month | Day | Year |
|---|---|---|---|

Remarks

I served a copy of the citation on the person named above by:
☑ Personal Service
☐ First Class Mail
☑ Posting on property    7568 Hudson
(address/location)

**SEE THE BACK OF THIS TICKET FOR FURTHER INSTRUCTIONS.**
I declare under penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

| Authorized local officer and badge number (Printed)  32 | Agency  DPM | Month  07 | Day  07 | Year  21 |
|---|---|---|---|---|
| Authorized local official (Signature) | ☐ Police Department ☑ Property Maintenance ☐ Rental Division | ☐ Zoning ☐ Other | | |

**COURT COPY**

Y 028065

**CITY OF WARREN CITATION**

| THE UNDERSIGNED SAYS THAT ON: | Month | Day | Year | At Approx. ☐AM ☑PM | DOB | Month | Day | Year |
|---|---|---|---|---|---|---|---|---|
| | 7 | 7 | 21 | 12:00 | | | | |

| State | Driver License / State Identification Number | | Employer |
|---|---|---|---|
| OH | PD 104 875 | | |

| Race | Sex | Height | Weight | Hair | Eyes | Occupation |
|---|---|---|---|---|---|---|
| | | | | | | |

| Vehicle Plate Number | | State | Vehicle Description (Year, Make, Color) |
|---|---|---|---|
| | | | |

Name (Company or Individual)
**Albert Thrower  (st Anthony the Great Romana)**

Street
**7568 Hudson**

| City | State | Zip Code |
|---|---|---|
| Warren | MI | 48089 |

In violation of local ordinance(s) within the City of Warren Michigan

At or near **7568 Hudson**
(address/location of the violation)

The person named above did the following

| Type | Ordinance No. | Code No. | Description | Charge No | Repeat offender status |
|---|---|---|---|---|---|
| Blight ☑ | 22-11(A) | 4934 | Occupying without City Certification | 1 | 1st ☐ 2nd ☐ 3rd ☑ |
| Blight ☑ | 22-11(E) | 4931 | Failure to obtain City Certification | 2 | 1st ☑ 2nd ☐ 3rd ☐ |
| Blight ☑ | 28,210 (109·i) | 4931 | Unsafe premises | 3 | 1st ☑ 2nd ☐ 3rd ☐ |

☐ I personally observed the blight violation.
☐ After investigation, I have reasonable cause to believe that the person named above is responsible for the blight violation.
If the second box is checked, City Attorney's Office approval is required.

| City Attorney or Assistant City Attorney (Signature) | Month | Day | Year |
|---|---|---|---|
| | | | |

Remarks

I served a copy of the citation on the person named above by:
☐ Personal Service
☐ First Class Mail
☑ Posting on property  **7568 Hudson**
(address/location)

SEE THE BACK OF THIS TICKET FOR FURTHER INSTRUCTIONS.

I declare under penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

| Authorized local official and badge number (Printed) | | Agency | Month | Day | Year |
|---|---|---|---|---|---|
| Steven M. Waterpoat | 48 | Zoning | 7 | 8 | 21 |

Authorized local official (Signature)
*[signature]*

☐ Police Department
☐ Property Maintenance
☐ Rental Division
☑ Zoning
☐ Other

**COURT COPY**

Y 028242

| Approved, SCAO | Original complaint - Court<br>Warrant - Court | 2nd Complaint copy - Prosecutor<br>3rd Complaint copy - Defendant |
|---|---|---|

| STATE OF MICHIGAN<br>37TH JUDICIAL DISTRICT | COMPLAINT<br>MISDEMEANOR | CASE NO.<br>Y028065 / Y028048 |
|---|---|---|

| ORI<br>MI-500025J | Court address<br>8300 COMMON ROAD WARREN MI 48093 | Court telephone no.<br>586-574-4900 |
|---|---|---|

**THE PEOPLE OF**
☐ The State of Michigan
☒ CITY OF WARREN

v

Defendant's name and address
ALBERT THROWER
CLEVELAND OH 44102-1828

Victim or complainant
CITY OF WARREN

Complaining witness
JAMES CUMMINS

Co-defendant(s)

Date: On or about
7-7-21

| City/Twp./Village<br>WARREN | County in Michigan<br>MACOMB | Defendant TCN | Defendant CTN | | Defendant SID<br>W/M | Defendant DOB |
|---|---|---|---|---|---|---|
| Police agency report no.<br>Y028065 / Y028048 | Charge<br>CT I - FAILURE TO OBTAIN CITY CERTIFICATION | | | Maximum penalty | | |

Witnesses
ZONING CODE 22.11A
CT II - ILLEGAL OCUPATION OF POSTED
VACANT HOME - ZONING CODE 22.11E
CT III- UNLAWFUL OCCUPATION OF UNSAFE
STRUCTURE 28-2(109)

☐ Oper./Chauf. | Vehicle Type | Defendant DLN
☐ CDL

**STATE OF MICHIGAN, COUNTY OF** ___MACOMB___.

The complaining witness says that on the date and at the location described, the defendant, contrary to law,

CTI
Committed at least two violations of failure to obtain city certification for residential rental property at 7568 Hudson, City of Warren, Michigan, pursuant to section 22.11a of the Code of Zoning Ordinances of the City of Warren, Michigan
CTII
At least two violations of illegal occupation of residential home posted for no occupancy: at 7568 Hudson, Warren, Michigan pursuant to section 22.11( e) of the Code of Ordinances of the City of Warren, Michigan
CT III
Unlawfully allowing occupancy of a unsafe residential structure posted for no occupancy: at 7568 Hudson, Warren, Michigan in violation of section 28-2(109) of the Code of Ordinances of the City of Warren
CT IV
Failure to comply with obey the administrative hearings officers' orders to pay fine or cost imposed under 2.5-7(a)(2) pursuant section 2.5.8 of the Code of Ordinances of the City of Warren, State of Michigan.

The complaining witness asks that defendant be apprehended and dealt with according to law.

(Peace Officers only) I declare that the statements above are true to the best of my information, knowledge, and belief.

| Warrant authorized on __2/7/21__ by:<br>Date | Complaining witness signature<br>Subscribed and sworn to before me on _____ |
|---|---|
| Prosecuting official | JUL 07 2021<br>Judge/Court clerk/Magistrate |

| Approved, SCAO | | Original complaint - Court<br>Warrant - Court | | 2nd Complaint copy - Prosecutor<br>3rd Complaint copy - Defendant | |
|---|---|---|---|---|---|
| **STATE OF MICHIGAN**<br>**37TH JUDICIAL DISTRICT** | | **WARRANT**<br>**MISDEMEANOR** | | **CASE NO.**<br>Y028065 / Y028048 | |

| ORI<br>ML- 500025J | | Court address<br>8300 COMMON ROAD WARREN MI 48093 | | | Court telephone no.<br>586-574-4900 |
|---|---|---|---|---|---|

| THE PEOPLE OF<br>☐ The State of Michigan<br>☒ CITY OF WARREN | v | Defendant's name and address<br>ALBERT THROWER<br>─────────────<br>CLEVELAND OH 44102-1828 | | Victim or complainant<br>CITY OF WARREN | |
|---|---|---|---|---|---|
| | | | | Complaining witness<br>JAMES CUMMINS | |
| Co-defendant(s) | | | | Date: On or about<br>7-7-21 | |

| City/Twp./Village<br>WARREN | County in Michigan<br>MACOMB | Defendant TCN | Defendant CTN | | Defendant SID<br>W/M | Defendant DOB |
|---|---|---|---|---|---|---|
| Police agency report no.<br>Y028065 / Y028048 | Charge<br>CT I - FAILURE TO OBTAIN CITY CERTIFICATION | | | Maximum penalty | | |
| Witnesses<br>ZONING CODE 22.11A | | ☐ Oper./Chauf.<br>☐ CDL | Vehicle Type | Defendant DLN | | |

CT II - ILLEGAL OCUPATION OF POSTED
VACANT HOME - ZONING CODE 22.11B
CT III- UNLAWFUL OCCUPATION OF UNSAFE
STRUCTURE 28-2(109)

STATE OF MICHIGAN, COUNTY OF ___MACOMB_____,

**To any peace officer or court officer authorized to make an arrest:** The complaining witness has filed a sworn complaint in this court stating that on the date and the location described, the defendant, contrary to law,

CT I
Committed at least two violations of failure to obtain city certification for residential rental property at 7568 Hudson, City of Warren, Michigan, pursuant to section 22.11a of the Code of Zoning Ordinances of the City of Warren, Michigan
CT II
At least two violations of illegal occupation of residential home posted for no occupancy: at 7568 Hudson, Warren, Michigan pursuant to section 22.11( e) of the Code of Ordinances of the City of Warren, Michigan
CT III
Unlawfully allowing occupancy of a unsafe residential structure posted for no occupancy: at 7568 Hudson, Warren, Michigan in violation of section 28-2(109) of the Code of Ordinances of the City of Warren
CT IV
Failure to comply with obey the administrative hearings officers' orders to pay fine or cost imposed under 2.5-7(a)(2) pursuant section 2.5.8 of the Code of Ordinances of the City of Warren, State of Michigan.

Upon examination of the complaint, I find probable cause to believe defendant committed the offense set forth.
**THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN, I order you to arrest and bring defendant before the court immediately, or the defendant may be released when a cash bond is posted in the amount of $ _____** for personal appearance before the court.

JUL 07 2021

_____ (SEAL)     _____ Judge/Magistrate     _____ 761 Bar no.
Date

By virtue of this warrant the defendant has been taken into custody as ordered.

_____     _____
Date                          Peace officer

DC 225 (6/06) **WARRANT, MISDEMEANOR**