UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON and
ALBERT THROWER,

        Plaintiffs,

-v-

ROBERT SCOTT, SERVICE TOWING, INC.,
ABLE TOWING, BRUCE HERTZ,
SANDRA A. HERTZ, RANDY
SULLIVAN, DENNIS HERTZ
 4 JOHN DOE WARREN POLICE
DEPARTMENT POLICEMEN, and CITY OF
WARREN,

           Defendants.

Case No. 2:23-cv-11597
Hon. Brandy R. McMillion
Hon. Mag. Judge Curtis Ivy, Jr.

| | |
|---|---|
| Elizabeth Nelson<br>P.O. Box 1422<br>Warren, MI 48090<br>In Pro Per<br><br>Albert Thrower<br>P.O. Box 6702<br>Cleveland, OH 44101<br>In Pro Per | BERRY MOORMAN P.C.<br>Mark E. Straetmans (P29158)<br>Rachel C. Selina (P85430)<br>255 E. Brown Street, Suite 320<br>Birmingham, MI 48009<br>(248) 645-9680<br>Attorney for Named City of Warren<br>Defendants<br>mstraetmans@berrymoorman.com<br>rselina@berrymoorman.com<br><br>LAW OFFICES OF JENNIFER E. MEAD<br>Jennifer Mead (P57106)<br>P.O. Box 806042<br>St. Clair Shores, MI 48080<br>(313) 485-1250<br>Attorney for Service Towing, Inc.<br>Defendant<br>meadjenn@hotmail.com |

## <u>CITY OF WARREN DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'</u> <u>THIRD AMENDED COMPLAINT</u>

Defendants, City of Warren, Robert Scott, and Four John Doe Policemen (together "City Defendants"), through their attorneys, Berry Moorman P.C., for their Motion to Dismiss Plaintiffs' Third Amended Complaint state as follows:

1. Plaintiffs' Third Amended Complaint is filed pursuant to the Magistrate Judge Ivy's Report and Recommendation Granting Defendants' Motion to Dismiss ("R&R"). **ECF 46, Page ID: 545.**

2. The Court's R&R **(ECF 46)** recommended:

   a. All Plaintiffs' federal claims be dismissed with prejudice, with the exception of Plaintiffs' claim regarding an alleged unlawful seizure of two vehicles. **Page ID: 548.**

   b. All Plaintiffs' state law claims be dismissed without prejudice. ***Id.***

3. The Court permitted Plaintiffs to file an amended complaint only to "expressly allege personal involvement [in the alleged illegal towing of two vehicles] by the individuals named." ***Id.* at Page ID: 545.**

4. Plaintiffs' Third Amended Complaint is not viable for a number of reasons.

5. Defendant Scott passed away in March **2024 (see Suggestion of Death, ECF 52)**, but Plaintiffs did not properly substitute another party.

6. Plaintiffs' Third Amended Complaint attempts to revive already dismissed claims **(see e.g., ECF 55, Page ID: 602, ¶¶15, 25-36).**

7. Plaintiffs make no allegations against the "Four John Doe Warren Police Officers" except to list them in the caption. ***Id.* at Page ID: 600.**

8. Plaintiffs' still fail to state a claim upon which relief can be granted because their Third Amended Complaint consists largely of legal conclusions and implausible factual allegations.

9. City Defendants also rely on the accompanying Brief in Support of their Motion to Dismiss.

10. In accordance with Local Rule 7.1(a), City Defendants sent an email to Plaintiffs[1] on Monday, June 17 explaining the nature of the relief sought in the Motion and the reasons for such relief.

11. As of the filing of this Motion, Plaintiffs had not responded to City Defendants' request for concurrence.

WHEREFORE, Defendants respectfully request the Court grant Defendants' Motion to Dismiss, dismiss all City of Warren Defendants with prejudice, and grant

---

[1] The previously successful means of communication between City Defendants and Plaintiffs.

other relief as is deemed necessary and just.

Respectfully submitted,

BERRY MOORMAN P.C.

By:/s/*Rachel C. Selina*
Rachel C. Selina (P85430)
Attorneys for City of Warren
Defendants
255 E. Brown St., Suite 320
Birmingham, MI 48009
(248) 645-9680
mstraetmans@berrymoorman.com
rselina@berrymoorman.com

Dated: June 19, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON and
ALBERT THROWER,

                Plaintiffs,

-v-

ROBERT SCOTT, SERVICE TOWING, INC.,
ABLE TOWING, BRUCE HERTZ,
SANDRA A. HERTZ, RANDY
SULLIVAN, DENNIS HERTZ
 4 JOHN DOE WARREN POLICE
DEPARTMENT POLICEMEN, and CITY OF
WARREN,

                Defendants.

Case No. 2:23-cv-11597
Hon. Brandy R. McMillion
Hon. Mag. Judge Curtis Ivy, Jr.

_____

Elizabeth Nelson
P.O. Box 1422
Warren, MI 48090
In Pro Per

Albert Thrower
P.O. Box 6702
Cleveland, OH  44101
In Pro Per

BERRY MOORMAN P.C.
Mark E. Straetmans (P29158)
Rachel C. Selina (P85430)
255 E. Brown Street, Suite 320
Birmingham, MI 48009
(248) 645-9680
Attorney for Named City of Warren
Defendants
mstraetmans@berrymoorman.com
rselina@berrymoorman.com

LAW OFFICES OF JENNIFER E. MEAD
Jennifer Mead (P57106)
P.O. Box 806042
St. Clair Shores, MI 48080
(313) 485-1250
Attorney for Service Towing, Inc.
Defendant
meadjenn@hotmail.com

_____

## <u>CITY OF WARREN DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT</u>

# <u>TABLE OF CONTENTS</u>

STATEMENT OF ISSUES PRESENTED ............................................................. ii

CONTROLLING AUTHORITY ...................................................................... iii

I.  Introduction ........................................................................................ 1

II.  Relevant Procedural Background .......................................................... 1

III.  Fed. R. Civ. P. 12(b)(6) Standard ...................................................... 2

IV.  Brief Factual Background ................................................................... 4

V.  Discussion ........................................................................................ 5

      a.  Plaintiffs' claim against the City of Warren was already decided, is improper, and must be dismissed ............................................. 5

      b.  Plaintiffs' state law claims have already been adjudicated and must be dismissed ....................................................................... 5

      c.  Defendant Scott passed away and no party has been properly substituted in his place ....................................................................... 6

      d.  Plaintiffs' Fourth Amendment claim against Defendant Robert Scott fails to establish its material elements .............................. 7

      e.  Plaintiffs' allegations of a Fifth Amendment violation are deficient as a matter of law ....................................................................... 10

      f.  Plaintiffs' Fourteenth Amendment "claim" is wholly improper and conclusory and must be dismissed ............................................. 12

      g.  Plaintiffs make no allegations against "John Doe Warren Police Officers" so they must also be dismissed ................................... 13

VI.  Conclusion ........................................................................................ 13

## STATEMENT OF ISSUES PRESENTED

**I.    Must Plaintiffs properly substitute a viable party for a deceased Defendant to maintain this action?**

Defendants' Answer:        Yes.

Plaintiffs' Answer:        No.

**II.   Must some of Plaintiffs' claims be dismissed because the Court already recommended their dismissal?**

Defendants' Answer:        Yes.

Plaintiffs' Answer:        No.

**III.  Are all City Defendants entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiffs' failure to state a claim?**

Defendants' Answer:        Yes.

Plaintiffs' Answer:        No.

## CONTROLLING AUTHORITY

*Arizona v. California,* 460 U.S. 605, 618 (1983)

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 25

## I.    Introduction

City of Warren Defendants (the "City Defendants") file this Motion in response to Plaintiffs' Third Amended Complaint. Despite numerous attempts at pleading, Plaintiffs' present pleading is still deficient and untenable. Plaintiffs' claims are deficiently pled and implausible or contradicted by their own allegations and documentation already in the record. Plaintiffs also attempt to revive previously dismissed claims and improperly attempt to maintain a cause of action against a deceased Defendant.  For all these reasons, more thoroughly stated herein, Plaintiffs' Third Amended Complaint should be dismissed with prejudice.

## II.    Relevant Procedural Background

After nearly two years of litigation substantially similar to this case, Plaintiffs' claims in Case No. 22-cv-10918 were dismissed. However, just before that dismissal happened, Plaintiffs filed this case. Shortly after filing, Plaintiffs filed an Amended Complaint in this new case. **ECF 25.** Plaintiffs then sought leave to file a Second Amended Complaint which the Court granted. **ECF 28.** In response to Plaintiffs' Second Amended Complaint, the City of Warren Defendants filed a Motion to Dismiss/Motion for Summary Judgment. **ECF 35.** Magistrate Judge Ivy then entered a Report and Recommendation ("R&R") dismissing all claims against the City of Warren Defendants with prejudice with the following exceptions:

- State law claims – dismissed without prejudice for lack of supplemental jurisdiction (**ECF 46, Page ID: 548**); and

- Plaintiffs' claim regarding an alleged unlawful seizure of two vehicles – dismissed without prejudice providing Plaintiffs the opportunity only to "expressly allege personal involvement [in the alleged illegal towing of two vehicles] by the individuals named." *Id.* **at Page ID: 545**[2].

Plaintiffs then filed their Third Amended Complaint which this Motion now seeks to have dismissed.

### III.    Fed. R. Civ. P. 12(b)(6) Standard

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility

---

[2] Plaintiffs also objected to this R&R and Defendants responded to those objections. The Court has not yet adopted Magistrate Judge Ivy's R&R, but because a new scheduling order was entered and Plaintiffs filed their Third Amended Complaint, City Defendants now respond with this Motion.

of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.,* 727 F.3d 502, 504 (6th Cir. 2013). To make a determination as to "plausibility", a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Finally, while the Court may hold *pro se* complaints to a lesser standard that those drafted by lawyers, a pro se complaint still requires that a plaintiff plead allegations respecting all the material elements of a claim to sustain recovery. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). Particularly relevant to this case, this Court has previously stated that "where a pro se litigant has been extremely litigious and is quite familiar with the legal system and with pleading requirements, the deference usually granted to pro se plaintiffs need not be expansively drawn." *Witzke v. Rieck,* 2022 U.S. Dist. LEXIS 119858 at *14 (E.D. Mich.) (Leitman, J.) (quoting *Johnson v. Eggersdorf*, 8 F.App'x 140, 143 (2d Cir. 2001)(internal quotation marks omitted).

## IV.   Brief Factual Background

This case arises from the towing of two vehicles from a blighted property in the City of Warren on July 7, 2021 (the "Hudson Property"). Plaintiff Thrower is known to the City of Warren because of his extensive history of property maintenance violations – the majority of which he failed to correct or even respond to. **ECF 35-6, Page ID: 316-317.** As City Defendants' co-defendants have also noted, a Default Decision and Order to clean up the Hudson Property had previously been entered and provided to Plaintiff Thrower. **ECF 35-10.** Other vehicles (including the same 2009 Chevrolet Silverado) were also towed from the Hudson Property in May 2020. **22-cv-10918, ECF 6, Page ID: 49.** Plaintiffs' claims arising from those actions were dismissed in a previous action. ***Id.* at ECF 104, Page ID 2133 and ECF 107, Page ID: 2175.** In July 2021, more vehicles were towed from the Hudson Property. ***See* ECF 55.** In this case, the July 2021 order/warrant mentioned in Plaintiffs' Third Amended Complaint, references the original ticket number for the 2020 still unremedied blight violations for which Plaintiff already had notice. **ECF 35-14, Page ID: 381 (see ticket number Y025638).** The previously entered Default Decision and Order indicated that if the respondent did not correct the violations, the City would correct the violations. **ECF 35-10.** That is what occurred.

## V.    Discussion

### a.  Plaintiffs' claim against the City of Warren was already decided, is improper, and must be dismissed.

In his R&R Magistrate Judge Ivy determined that the City of Warren should be dismissed from this action. **ECF 46, Page ID: 534.** Magistrate Judge Ivy reasoned that "to successfully sue a municipality for failure to train, Plaintiffs needed to address 'the adequacy of the training program in relation to the task the particular officers must perform.' *City of Canton v. Harris,* 489 U.S. 378, 390 (1989)." As noted in the R&R, Plaintiffs made no such allegations in their prior Complaint. Likewise, Plaintiffs make no such allegations in their Third Amended Complaint. ***See generally*** ECF 55. Instead, Plaintiffs merely state the City "is being sued for 'failure to train' it's employees." ***Id.*** **at Page ID: 602, ¶15.** This is the only reference to any claims against Defendant City of Warren. ***See generally*** **ECF 55.** So, for the same reasons as this Court has already noted, the City of Warren must be dismissed from this action for failure to state a claim.

### b.  Plaintiffs' state law claims have already been adjudicated and must be dismissed.

Plaintiffs' Third Amended Complaint presumably attempts to bring state law claims of "assault and battery" and "kidnap[ing]" against Defendant Scott and various Service Towing Defendants. ***See*** **ECF 55, Page ID: 605.** "Claim Number Two". The R&R recommended dismissal of Plaintiffs' state law claims without prejudice because there were no remaining, predicate federal law claims to support

supplemental jurisdiction. **ECF 46, Page ID: 548.** Unlike the "towing" claim that was dismissed without prejudice, the R&R would not permit the amendment or refiling of these dismissed state claims. The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618 (1983). Plaintiffs' attempts to maintain these potentially dismissed state law claims in their Third Amended Complaint are improper and these claims should again be dismissed.

> **c. Defendant Scott passed away and no party has been properly substituted in his place.**

On May 8, 2024, Counsel for all City of Warren Defendants filed a Suggestion of Death noting that Defendant Scott passed away. **ECF 52.** The Suggestion of Death indicated that no decedent estate had been opened but that he is survived by his wife. ***Id.*** Plaintiffs now improperly attempt to maintain this action by simply stating, "(deceased substituted estate)", in the caption of their Third Amended Complaint. **ECF 55, Page ID: 600.**

Pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Fed. R. Civ. P. 25 plainly provides substitution procedures upon the death of a party. Plaintiffs have made no attempts to follow these procedures. In addition, there is no decedent estate to be substituted in this action. ***See St. Clair County Probate Records.*** Fed. R. Civ.

P. 25 does not require the suggesting party to establish or open an estate for the decedent. *See Blackmore v. City of Alpena*, U.S. Dist. LEXIS 224176, at \*8 (E.D. Mich. Sep. 8, 2020)(Morris, J). Regardless, Plaintiffs fail to identify an estate or other substitute for Defendant Scott, nor have they served this Amended Complaint on any such party. For this reason and for all the reasons stated below, Plaintiffs' Third Amended Complaint against Defendant Robert Scott is improper.

> **d. Plaintiffs' Fourth Amendment claim against Defendant Robert Scott fails to establish its material elements.**

Beyond the garbled legal jargon, repeated legal conclusions, and allegations unrelated to the alleged illegal towing of the vehicles, Plaintiffs' make few specific allegations as to Defendant Scott. To maintain a Fourth Amendment claim, a plaintiff must allege that (1) the defendant's alleged actions constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the defendant's actions were unreasonable in light of the surrounding circumstances. *Collins v. Nagle*, 892 F.2d 489, 493-94 (6th Cir. 1989) However, Plaintiff's Third Amended Complaint still fails to properly allege the material elements of such a Fourth Amendment Claim, so dismissal is proper. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). The specific allegations levied against Defendant Scott are listed below:

- Defendant Scott learned Plaintiff Thrower arrived at the Hudson Property to mow the grass. **ECF 55, Page ID 603, ¶16** – this fact is of no consequence to the elements of a Fourth Amendment claim.

- Defendant Scott called his co-defendants to tow vehicles from the Hudson Property; *Id.* **at ¶17** – there existed a valid order for the City to clean up the Hudson Property from 2020 **(ECF 35-10).**

- While at the Hudson Property, Defendant Scott "directed" his co-defendants during the towing of the vehicles and stated that he did not care if the Honda got damaged during towing. *Id.* **at ¶¶ 18, 19, 22** – this is of no consequence to the elements of a Fourth Amendment claim where the City had authority to clean up the property.

- Defendant Scott "caused" Judge Chmura to issue an order and misdemeanor warrant for Plaintiff Thrower's arrest after the cars were towed. *Id.* **at ¶23** – as this Court has already noted "conferring with a judge about a warrant, without more, does not violate the Constitution or federal law." **ECF 46, Page ID: 545.** Here, Plaintiffs have not provided "more". Plaintiffs have only provided restated legal conclusions (see below).

The remainder of Plaintiffs' allegations regarding Defendant Robert Scott's alleged Fourth Amendment violation are legal conclusions and statements of law. For example, Plaintiffs cite *Collins v. Virginia* to conclude that entry onto the

Hudson Property's "curtilage" without a warrant is equal to a violation of the Fourth Amendment by Defendant Robert Scott. **ECF 55, Page ID: 602.** However, *Collins* involved the searching of a motorcycle that was covered with a tarp and parked in a three-sided driveway enclosure. 584 U.S. 586, 589-90 (2018). This is factually and legally distinct from this case wherein vehicles were towed from an unenclosed location on the driveway of the Hudson Property (shared by multiple tenants) after longstanding notice to Plaintiffs and a Default Order indicating that the City could remedy the Hudson Property's violations. *See e.g., United States v. Coleman,* 923 F.2d 450, 455-58 (2019) (explaining and holding that an unenclosed driveway, shared by multiple tenants is not considered curtilage and therefore requires no warrant to enter); *See also Keene Grp., Inc. v. City of Cincinnati,* 998 F.3d 306, 315 (2021)(citing *Freeman v. City of Dallas,* 242 F.3d 642, 352 (2001)) (explaining that a plaintiff retained little to no expectation of privacy in a dilapidated, uninhabited rental property when the [City] entered orders declaring them an urban nuisance and the owner failed to abate the violations).

Regardless, beyond listing case law defining curtilage (ECF 55, Page ID: 603) and restating that Defendant Robert Scott's actions violated the Fourth Amendment (*Id.* at Page ID: 605), Plaintiffs make no attempt to explain or plausibly establish that Defendant Robert Scott's actions amounted to a search/seizure or that his actions were unreasonable. Plaintiffs simply restate legal conclusions and announce their

position to the Court with no other support. It is not the responsibility of this Court to put "flesh on [the] bones" of Plaintiffs' "skeletal" pleading. *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293-94 (1st Cir. 1995)). Plaintiffs' Fourth Amendment claim against Defendant Robert Scott fails as a matter of law and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### e. Plaintiffs' allegations of a Fifth Amendment violation are deficient as a matter of law.

Plaintiff's Third Amended Complaint briefly makes mention of the Fifth Amendment and provides a conclusory description of Defendant Scott "illegally taking property". **ECF 55, Page ID: 604.** It is questionable whether the Court even permitted this amendment **(see ECF 46, Page ID: 545),** but Defendant Scott addresses it briefly here.

The Fifth Amendment Takings Clause provides that no "private property [shall] be taken for public use, without just compensation." U.S. Const. amend. V. Plaintiffs' Third Amended Complaint makes no attempt to explain how the court ordered towing of vehicles from a blighted property amounts to an illegal taking under the Fifth Amendment. And even if Plaintiffs' conclusory allegation of an "illegal taking" were adequately pled, Plaintiffs' have failed to demonstrate *or even allege* that the towed vehicles were taken for public use (a material element of a Fifth Amendment Claim). ***See generally* ECF 55.** This is sufficient reason alone to

dismiss Plaintiffs' Fifth Amendment "claim". *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(finding that to avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim).

Nevertheless, even assuming Plaintiffs' Third Amended Complaint contained any allegations about the vehicles being towed for "public use", the claim would still fail as a matter of law. The Supreme Court previously held "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." *Bennis v. Michigan,* 516 U.S. 441, 452 (1996). As explained above, the towing of Plaintiffs' vehicles was lawful. Other federal courts, relying on *Bennis* have held that towing and storing a vehicle does not constitute a public use. *See e.g., Tate v. Dist. Of Columbia,* 627 F.3d 904, 909 (D.C. Cir. 2010) (finding that impounding and selling a plaintiff's vehicle didn't constitute a taking for public use under the Fifth Amendment). In this case, it is undisputed that the towed vehicles were not even sold, and that Plaintiffs were able to retrieve the towed vehicles shortly after they were towed. **ECF 55, Page ID: 604, ¶27;** *Id.* **at Page ID: 605, ¶¶ 35-36.** Even if Plaintiffs' Fifth Amendment "claim" was properly pled, it still fails as a matter of law because storing legally towed vehicles does not constitute a taking for "public use".

**f. Plaintiffs' Fourteenth Amendment "claim" is wholly improper and conclusory and must be dismissed.**

The only indication that Plaintiff makes a Fourteenth Amendment claim is their identifying of the amendment in five separate paragraphs of their Third Amended Complaint. In a "preliminary statement" Plaintiffs mention the Fourteenth Amendment but fail to identify against whom this claim is brought. **ECF 55, Page ID: 600.** Similarly, Plaintiffs then allege "(Ds') acted 'under color of state law'...and violated rights under the...14th Amendment." *Id.* **at 601, ¶2.** Plaintiffs also state that Defendant Scott "conspired" and acted "in concert" with his co-defendants to violate Plaintiffs' Fourteenth Amendment rights with no further explanation. *Id.* **at ¶4.** Then Plaintiffs merely list the Fourteenth Amendment again under Claims "Number One" and "Number Two". *Id.* **at Page ID: 605.**

Plaintiffs' Third Amended Complaint contains no other factual allegations or connections between the individual defendants and the Fourteenth Amendment. Plaintiffs merely mix these alleged Fourteenth Amendment violations in with all of their other claims (see e.g., Claim One – "violated the (Ps') 4, 5, 14th Amendment rights.) *Id.* This "shotgun" approach to their pleadings, i.e., "throwing everything against the wall and hoping some sticks," *Krusinski v. U.S. Dept., of Agriculture,* U.S. App. LEXIS 23430, at *5 (6th Cir. Sept. 10, 1993) is improper and violates basic pleading requirements of Fed. R. Civ. P. 10(b). *Lee v. Ohio Educ. Ass'n,* 951 F.3d 386, 393 (2020). "[C]ourts may not rewrite a complaint to include claims that

were never presented, nor may courts construct the plaintiff's legal arguments for him." *Rogers v. Detroit Police Dep't,* 595 F.Supp.2d 757, 766 (E.D. Mich. 2009)(Ludington, J., adopting report and recommendation of Binder, M.J.). This Court is not required to accept as true, Plaintiffs' conclusory legal allegations, so the Fourteenth Amendment "claim" must be dismissed as a matter of law.

### g. Plaintiffs make no allegations against "John Doe Warren Police Officers" so they must also be dismissed.

Other than naming them as Defendants in this action, Plaintiffs make no specific allegations against the John Doe Defendants. *See generally,* ECF 55. This lack of specific pleading fails to state a claim against these John Doe Officers. When an individual defendant is named as a defendant but there are no allegations of specific conduct, the complaint should be dismissed, even when liberally construing a pro se complaint. *Gilmore v. Corr. Corp. of Am.* 92 Fed. Appx. 188, 190 (6th Cir. 2004); *Frazier v. Michigan,* 41 Fed. Appx. 762, 764 (6th Cir. 2002).

## VI.   Conclusion

The majority of Plaintiffs' claims will be dismissed in this action if the Court adopts the R&R. Plaintiffs' Third Amended Complaint improperly attempts to keep those potentially dismissed claims alive. It also fails to adequately remedy the deficiencies of their previous complaints. For all the reasons stated herein, Defendants City of Warren, Robert Scott, and John Doe Warren Police Officers are entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

BERRY MOORMAN P.C.

By:/s/*Rachel C. Selina*
Rachel C. Selina (P85430)
Attorneys for City of Warren
Defendants
255 E. Brown St., Suite 320
Birmingham, MI 48009
(248) 645-9680
mstraetmans@berrymoorman.com
rselina@berrymoorman.com

Dated: June 19, 2024

## CERTIFICATE OF SERVICE

I, Traci L. Gesquiere, hereby certify that on June 19, 2024, I electronically
filed the foregoing documents and this Certificate of Service with the Clerk of the
Court using the ECF system, which will send notification of such filing to all
attorneys of record registered for electronic filing. I further certify that on June 19,
24, I also sent the foregoing document and this Certificate of Service via first-class
mail and electronic mail to Elizabeth Nelson and Albert Thrower at the physical and
email addresses they provided to the Court.

/s/*Traci L. Gesquiere*
Traci L. Gesquiere