

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
JUN 25 2024
CLERK'S OFFICE
DETROIT

Elizabeth Nelson
PO Box 1422
WARREN MI 48090
Et al

Case No. 2:23-cv-11597

      Plaintiff

Judge McMillion

-vs-

Magistrate: Ivy Jr

ROBERT SCOTT
(automatic substitute estate of SCOTT &/or City of Warren)

&/0r

Substitute New City of Warren Property & Maintenance Supervisor

**Doug Campbell**
*Chief Code Enforcement Officer*
dcampbell@cityofwarren.org

**Suite 315**
One City Square, Warren, MI, 48093

## MOTION FOR SUBSTITUTION OF PARTIES PER DEATH OF ROBERT SCOTT

   (D) Scott, defended by (D) City of Warren gave notice of death ECF 52. Now the (D) City of Warren seeks to dismiss action since (D) Scott died 3/24. If (D) City of Warren had chose not to defend (D) Scott and had him obtain his own attorney-(D) estate of Scott may have merit to

1

dismiss but since (D) City of Warren is defending (D) Scott, although Scott alleged to be acting in his "personal capacity" the (D) City of Warren – defends (D) Scott averring that he has done nothing wrong. The real party of interest is City of Warren &/OR -substituted party

**Doug Campbell**

*NEW Chief Code Enforcement Officer*
 dcampbell@cityofwarren.org

**Suite 315**
One City Square, Warren, MI, 48093

Rule 25. Substitution of Parties

(a) DEATH.

(1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

(2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

(3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner...

TRANSFER OF INTEREST. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

(d) PUBLIC OFFICERS; DEATH OR SEPARATION FROM OFFICE. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the

parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Assuming arguendo the action was to be dismissed against (D) Scott, the action can still proceed against the named (D)'s "successor party" Doug Campbell -holder of deceased Property Maintenance Supervisor-Robert Scott's position, & (D) City of Warren per their "failure to train policy", failure to train (D) Scott-ex police officer for (D) City of Warren who acts like he's still a police officer -effecting "citizen's arrest" and conspiring with (D) STI Towing, (D) Sullivan, (D) Hertz Bros & (D) Sandra Hertz-per the facts in the complaint.

1. **Public Officers; Death or Separation from Office**:
    o An action doesn't abate when a public officer who is a party in an official capacity dies, resigns, or ceases to hold office. The officer's successor is automatically substituted as a party.

Remember, these rules ensure that legal proceedings can continue smoothly even when parties experience changes in status"

Per lawsuit "accepted as true", (Ps') are proceeding against the (D) city of Warren under *Monell v. Department of Social Services of the City of New York, infra* which created.. for civil rights P to seek money damages against a city. *Pembaur v City of Cincinnati, infra* "Monell.. recovery.. municipality is limited to acts.. 'municipality'-that is, acts which the municipality has officially sanctioned or ordered.'....". "1st P alleges (D Warren) has an unconstitutional policy. These policies may written or unwritten, so long as .. attributed to a "policymaker." Warren has an unconstitutional policy" &/or towing cars for "blight" entering private property without search warrant "policymakers.. elected officials or those defined as policymakers by state law. This.. also provides a standard of causation: if a subordinate employee is the party responsible.. deprivation of rights, the local entity may only be responsible if a certain policy was a "moving force" behind their action. This but-for standard .. 2nd a local entity may be liable .. § 1983 for unconstitutional customs and practices. .. advantageous to a civil rights plaintiff when no

policymaker can be identified. ... 3) if a policymaker delegates his or her authority to a subordinate employee or explicitly approves of unconstitutional actions,.. act can be said to be "of the municipality" by adoption.  4) civil rights plaintiff may allege deliberate indifference. .. applies to single-incident-type injustices and concerns the city or county's failure to hire, train, or supervise its employees. Deliberate indifference liability attaches when policymakers of ..local entity are aware .. risk and grossly neglect to address it.  Blatant unconstitutional policies are (not) authorized by city councils.. admissible evidence proving policymaker authorization or adoption of a subordinate employee's unconstitutional action is often non-existent" .  Ps' alleges was a final policymaker] acted under color of state law;  2. acts of (Ds') *final policymaker* deprived P of rights under United States Constitution. (D) , *final policymaker* had final authority from D City Warren concerning these acts.  When Ds' *final policymaker* engaged in these acts, was acting as a final policymaker for (D)  City Warren and acts , *final policymaker* caused the deprivation of the plaintiff's rights; that is, *final policymaker*'s acts were so closely related.. deprivation of P's rights as to.. moving force that caused ..ultimate injury.  Person acts "under color of state law" when person acts or purports to act in performance of official duties under any state, county, or municipal law, ordinance or regulation.  *Monell* liability is based on the acts of a final policymaker.  For other bases of *Monell* liability,  Unlawful Official Policy, Practice, or Custom... Based on a Policy that Fails to Prevent Violations of Law or a Policy of Failure to Train *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691.  Such liability attach when official or employee who caused a constitutional violation was acting as "final policymaker." *Lytle v Carl*, 382 F3d 978, 981. "To hold a local governing body liable for an official's conduct, a plaintiff must first show .. official (1) had final policymaking authority concerning.. action ..and (2) was the policymaker for the local governing body for purposes of

4

particular act." Whether an official is a policymaker for *Monell* purposes is a question of state law for the court" *City of St Louis v Praprotnik*, 485 US 112, 123 .. determination is made on a function-by-function approach analyzed under state organizational structure.  A "policy" is a deliberate choice to follow a course of action made from among various alternatives by ..official responsible for establishing final policy" Ps' seeking to establish municipal liability under this theory.. demonstrate that an action of final policymaker "was the 'moving force' behind the constitutional violation  Ps' suffered." "To meet this requirement, P.. show both causation-in-fact & proximate causation." *Id.* A municipality may be liable for the acts of a final policymaker if these acts caused a constitutional violation, even if the constitutional violation occurs only once. *Pembaur v City of Cincinnati*, 475 US 469, 478 municipality is also liable if a policymaking official fully delegates discretionary authority to a subordinate, and  subordinate uses that discretion.  *City of St. Louis Id.* Official may be found to have been delegated final policymaking authority when the official's discretionary decision is unconstrained by policies not of that official's making and unreviewable by the municipality's authorized policymakers" .See Ex 15 10/12/22 Detroit Free Press "This video is sickening, …Detroit teen punched, kicked by Warren Police" Warren Police kick black youth.  condone this illegal behavior, &/or § 1983 for unconstitutional customs and practices.

 (P) 7/7/21 car towed "operable"  Ex  Afft P Ex 4 p1-2,  ExJ-P-Thrower afft  contrary to court order tow "inoperable vehicles" entered after vehicle towed. Ex I: Pic Car Speedway after left D Service Towing Inc tow yard.  Ex J court order dated 7/7/21 entered same day Honda towed, Ex J Afft landlord para 3 "tow employees said 'Honda cannot be towed without damaging it because it is at an angle behind the house  (7568 Hudson", then towed.  Ex J Afft affiant states "he was not in court 7/7/21". P in hospital 7/7/21,  Ex K Afft-& attached Ex 4, cannot be deemed to have

"constitutional notice" alleged order by court 7/7/21 entered same day as car towed. Ds were aware other tenants in property and did not ascertain who owned Honda before tow.

Wherefore, new city of Warren Property and Maintenance Supervisor Doug Campbell is substituted for deceased (D) Robert Scott.

Albert Thrower ,pro se    Elizabeth Nelson pro se

## CERTIFICATE OF SERVICE

A copy of this motion has been served on the below defendants after calling same to see if they agree with (Ps') position this    6/22/24

Mark Straetmans/ Rachel Selina  255 E Brown St #320 Birmingham, MI 48009  tel 2486459680

mstraetmans@berrymoorman.com

rselina@berrymoorman.com

Jenifer Mead    PO Box 806042 St Clair Shores, MI 48080   tel 3134851250

meadjenn@hotmail.com

Law Offices of Thomas H. Stidham. 1401 W Fort St. Rm 1006. Detroit, MI 48233. Telephone: (248) 303-0306. Fax: (313) 832-7661.

Tsstidham@hotmail.com

Albert Thrower ,pro se   Elizabeth Nelson pro se

6




US POSTAGE AND FEES PAID
2024-06-22
44102
C4784838
Commercial
2.0 OZ ZONE 2

0901000014400

## USPS GROUND ADVANTAGE™

WORLD PLANT GROWTH LLC
1312 W 89TH ST
CLEVELAND OH 44102-1828

0002

C052



SHIP TO: CLERK OF COURTS 5TH FL
US COURTHOUSE
231 W LAFAYETTE BLVD
DETROIT MI 48226-2700

### USPS TRACKING #



9400 1361 0553 6327 9681 54



U.S. MARSHALS