UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON and
ALBERT THROWER,

               Plaintiffs,

-v-

ROBERT SCOTT, SERVICE TOWING, INC.,
ABLE TOWING, BRUCE HERTZ,
SANDRA A. HERTZ, RANDY
SULLIVAN, DENNIS HERTZ
 4 JOHN DOE WARREN POLICE
DEPARTMENT POLICEMEN, and CITY OF
WARREN,

               Defendants.

Case No. 2:23-cv-11597
Hon. Brandy R. McMillion
Hon. Mag. Judge Curtis Ivy, Jr.

| | |
|---|---|
| Elizabeth Nelson | BERRY MOORMAN P.C. |
| P.O. Box 1422 | Mark E. Straetmans (P29158) |
| Warren, MI 48090 | Rachel C. Selina (P85430) |
| In Pro Per | 255 E. Brown Street, Suite 320 |
| | Birmingham, MI 48009 |
| Albert Thrower | (248) 645-9680 |
| P.O. Box 6702 | Attorney for Named City of Warren |
| Cleveland, OH  44101 | Defendants |
| In Pro Per | mstraetmans@berrymoorman.com |
| | rselina@berrymoorman.com |
| | |
| | LAW OFFICES OF JENNIFER E. MEAD |
| | Jennifer Mead (P57106) |
| | P.O. Box 806042 |
| | St. Clair Shores, MI 48080 |
| | (313) 485-1250 |
| | Attorney for Service Towing, Inc. |
| | Defendant |
| | meadjenn@hotmail.com |

{00435242;v1 }

## <u>CITY OF WARREN DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUBSTITUTION OF PARTIES PER DEATH OF ROBERT SCOTT</u>

NOW COME, City of Warren Defendants, and for their Response in Opposition to Plaintiffs' Motion for Substitution of Parties Per Death of Robert Scott, state as follows:

1. Defendants cannot properly respond to Plaintiff's "Motion" because it consists of unenumerated paragraphs and is combined with their brief.

2. However, Defendants will briefly respond to Plaintiffs' statements below:

3. The City of Warren and Doug Campbell may not be appropriately substituted in Robert Scott's place in this action.

4. The City of Warren is already a party to this lawsuit, so if Plaintiffs intended to make additional allegations against the City, they should have done so in their many attempts at pleading, not in a Motion for Substitution.

5. Plaintiffs offer no legitimate support for why Doug Campbell is an appropriate substitute for Robert Scott in this action except to restate the rule for substituting parties.

6. Doug Campbell cannot automatically be substituted in this action because Robert Scott was sued in his individual, not official, capacity.

7. Plaintiffs make no argument in support of substituting Robert Scott's estate in this action.

8. Plaintiffs have also not served Robert Scott's "estate" with their Motion for Substitution.

9. As of the filing of this Response, no decedent estate for Robert Scott has been opened.

10. Plaintiffs' references to *Monell* liability are irrelevant to this Motion.

11. Plaintiffs' additional allegations are also irrelevant to this Motion because it is not a pleading.

12. Plaintiffs' requested relief is unclear, but every type of relief requested in their Motion for Substitution is improper.

WHEREFORE, Defendants respectfully request this Court deny Plaintiffs' Motion for Substitution and grant other such relief as is deemed appropriate.

Respectfully submitted,

BERRY MOORMAN P.C.

By:/s/Rachel C. Selina_____
Rachel C. Selina (P85430)
Attorneys for City of Warren
Defendants
255 E. Brown St., Suite 320
Birmingham, MI 48009
(248) 645-9680
mstraetmans@berrymoorman.com
rselina@berrymoorman.com

Dated: July 9, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON and
ALBERT THROWER,

            Plaintiffs,

-v-

ROBERT SCOTT, SERVICE TOWING, INC.,
ABLE TOWING, BRUCE HERTZ,
SANDRA A. HERTZ, RANDY
SULLIVAN, DENNIS HERTZ
 4 JOHN DOE WARREN POLICE
DEPARTMENT POLICEMEN, and CITY OF
WARREN,

            Defendants.

Case No. 2:23-cv-11597
Hon. Brandy R. McMillion
Hon. Mag. Judge Curtis Ivy, Jr.

| | |
|---|---|
| Elizabeth Nelson<br>P.O. Box 1422<br>Warren, MI 48090<br>In Pro Per<br><br>Albert Thrower<br>P.O. Box 6702<br>Cleveland, OH  44101<br>In Pro Per | BERRY MOORMAN P.C.<br>Mark E. Straetmans (P29158)<br>Rachel C. Selina (P85430)<br>255 E. Brown Street, Suite 320<br>Birmingham, MI 48009<br>(248) 645-9680<br>Attorney for Named City of Warren<br>Defendants<br>mstraetmans@berrymoorman.com<br>rselina@berrymoorman.com<br><br>LAW OFFICES OF JENNIFER E. MEAD<br>Jennifer Mead (P57106)<br>P.O. Box 806042<br>St. Clair Shores, MI 48080<br>(313) 485-1250<br>Attorney for Service Towing, Inc.<br>Defendant<br>meadjenn@hotmail.com |

# BRIEF IN SUPPORT OF CITY OF WARREN DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUBSTITUTION OF PARTIES PER DEATH OF ROBERT SCOTT

## <u>TABLE OF CONTENTS</u>

STATEMENT OF ISSUES PRESENTED...................................................... ii

CONTROLLING AUTHORITY ............................................................... iii

I.  Introduction............................................................................1

II.  Legal Standard – Substitution Procedure ...............................................1

III.  Argument .............................................................................2

    a.  "Estate"...........................................................................2

    b.  Doug Campbell .....................................................................3

    c.  City of Warren......................................................................4

IV.  Conclusion ...........................................................................5

## STATEMENT OF ISSUES PRESENTED

**I.   Can Robert Scott's "estate" be substituted for Robert Scott in this action?**

Defendants' Answer:      No.

Plaintiffs' Answer:      Yes.

**II.   Can the City of Warren be substituted for Robert Scott in this action?**

Defendants' Answer:      No.

Plaintiffs' Answer:      Yes.

**III.   Can Doug Campbell be substituted for Robert Scott in this action?**

Defendants' Answer:      No.

Plaintiffs' Answer:      Yes.

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 25

## I.    Introduction

It is unclear from Plaintiffs' Motion who they believe should be substituted in Robert Scott's place. Plaintiffs reference Robert Scott's estate **(ECF 62, Page ID: 678)**, the City of Warren, and the "Warren Property and Maintenance Supervisor", Doug Campbell. ***Id.* at Page ID: 679**[1]. The caption on Plaintiffs' Motion is amended to indicate, "automatic substitute estate of SCOTT &/or City of Warren &/or Substitute New City of Warren Property & Maintenance Supervisor Doug Campbell Chief Code Enforcement Officer." ***Id.* at Page ID: 678.** Plaintiffs' "wherefore" clause provides more specific insight to the relief requested and states their apparent intent to have Doug Campbell substituted in Robert Scott's place. ***Id.* at Page ID: 683.**

## II.   Legal Standard – Substitution Procedure

Fed. R. Civ. P. 25 outlines the procedure for substitution when a party dies during litigation. It states: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). It further provides:

---

[1] Doug Campbell is the current Chief Code Enforcement Officer for the City of Warren.

"A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district." Fed. R. Civ. P. 23(a)(3).

## III.   Argument

### a.  "Estate"

Plaintiffs cannot substitute Robert Scott's estate in this action by merely stating that the estate is substituted. Fed. R. Civ. P. 25 provides the appropriate procedure for substitution upon the death of a party, but Plaintiffs did not follow this procedure. Pursuant to Fed. R. Civ. P. 25(a)(1) Defendants' Suggestion of Death appropriately identified a potential successor in interest. **ECF 52.** However, Plaintiffs instead attempt to name Robert Scott's "estate" which, as of the time of filing this Response, does not exist. Plaintiffs cannot proceed against a non-existent legal entity. The suggesting party is not required to establish or open an estate for the decedent so that another party may proceed against it. *See Blackmore v. City of Alpena,* U.S. Dist. LEXIS 224176, at *8 (E.D. Mich. Sept. 8, 2020)(Morris, J). Plaintiffs' mention of Robert Scott's "estate" is not sufficient to maintain this action in Robert Scott's place.

### b.  Doug Campbell

Fed. R. Civ. P. 25(d) does not allow for the automatic substitution of Doug Campbell for Robert Scott as Plaintiffs suggest. First, the plain language of Fed. R. Civ. P. 25(d) only allows for such a substitution when officer is sued in their "official capacity." Plaintiff's Third Amended Complaint[2] states that this case arises from all Defendants "acting in their individual capacities." **ECF 55, Page ID: 601, ¶2.**

Plaintiffs' characterization of Robert Scott acting in his individual capacity is consistent with the allegations against him in their Amended Complaint. For example, Plaintiffs' allegations almost entirely consist of things Robert Scott allegedly did personally without reference to his department within the City. Plaintiffs make no allegations regarding Robert Scott's Department within the City of Warren. Put differently, Robert Scott is named in Plaintiffs' Third Amended Complaint because of things he allegedly did as an individual not because he was the person who happened to be the City's Property Maintenance Director at the time of filing. Plaintiffs' criticisms lie with Robert Scott not the City's Property Maintenance Director – whoever they may be.

Conversely, "a suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). "[I]ndividuals sued in their official capacities stand in

---

[2] The operative pleading in this case.

the shoes of the entity they represent." *Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003). This well-established law fits logically with Fed. R. Civ. P. 25(d) which allows for automatic substitution of officers sued in their official capacities – because the identity of the officer does not matter. Plaintiffs' Third Amended Complaint is explicit – Robert Scott is sued in his individual capacity. Plaintiffs cannot now, for the sake of keeping their case alive, automatically substitute the person who took over Robert Scott's role.

### c. City of Warren

Plaintiffs' attempt to substitute the City of Warren in Robert Scott's place is an improper attempt at maintaining *Monell* liability. Plaintiffs have had ample opportunity to make allegations against the City of Warren. However, this Court already recommended dismissal of claims against the City of Warren for failure to state a claim. **ECF 46, Page ID: 534.** A Motion for Substitution is not the proper place for pleading, and Plaintiffs offer no support for why an existing defendant and municipal entity to this Action should be substituted for a deceased individual sued in his individual capacity. Plaintiffs "may not merely announce [their] position and leave it to this Court to discovery and rationalize the basis for [their] claims." *Farley v. Christiansen,* 2021 U.S. Dist. LEXIS 222525, at *13 (ED Mich, Nov. 17, 2021) (Freidman, J)(quoting *People v. Matuszak,* 687 N.W.2d 342, 353 (Mich. Ct. App. 2004)).

## IV.     Conclusion

It is unclear what relief Plaintiffs are requesting in their Motion for Substitution, but each variation of relief requested is improper. Plaintiffs' Motion for Substitution should be denied.

Respectfully submitted,

BERRY MOORMAN P.C.

By:/s/Rachel C. Selina
Rachel C. Selina (P85430)
Attorneys for City of Warren
Defendants
255 E. Brown St., Suite 320
Birmingham, MI 48009
(248) 645-9680
mstraetmans@berrymoorman.com
rselina@berrymoorman.com

Dated: July 9, 2024

## <u>CERTIFICATE OF SERVICE</u>

I, Traci L. Gesquiere, hereby certify that on July 9, 2024, I electronically filed the foregoing documents and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing. I further certify that on July 9, 2024, I also sent the foregoing document and this Certificate of Service via first-class mail and electronic mail to Elizabeth Nelson and Albert Thrower at the physical and email addresses they provided to the Court.

/s/Traci L. Gesquiere_____
Traci L. Gesquiere