69

0~~0

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

ELIZABETH NELSON, et al.,

Case No. 2:23-cv-11597
Hon. Brandy R. McMillion
Plaintiffs, Mag. Judge Curtis Ivy, Jr.

-v-
ROBERT SCOTT
(city of Warren MAINTENANCE DIVISION SUPERVISOR)
SERVICE TOWING, INC., ABLE TOWING, LLC,
Et al., Defendants.

_____/



FILED

JUL 15 2024

CLERK'S OFFICE
DETROIT

COMBINED RESPONSE TO CITY OF WARREN, ROBERT SCOTT, SERVICE
TOWING INC, HERTZ BROS. et al MOTION TO DISMISS

TRIAL COURT HELD PLAINTIFFS' STATE A CLAIM UNDER THE 4TH, 5th,
14TH AMENDMENT WHEN (Ds') CITY OF WARREN, (D) SCOTT IN
"TANDEM" WITH (Ds') SERVICE TOWING INC., HERTZ BROS.,
EMPLOYEE SULLIVAN AND SANDRA HERTZ, ENTERED PLAINTIFFS'
LEASED PRIVATE PROPERTY AND TOWED 2 "OPERABLE" VEHICLES
AND TOOK PERSONAL PROPERTY FROM THEIR RESIDENCE
CURTILAGE WITHOUT A SEARCH WARRANT, WITHOUT PROBABLE
CAUSE, WITHOUT TICKET IN VIOLATION OF *Collins v. Virginia*, 138 S. Ct.
1663, 201 L. Ed. 2d 9 (2018) WITHOUT DUE PROCESS OF LAW

Per law everything in (Ps') ECF 55 complaint must be accepted as true same as if
rewritten herein: *Anderson v Liberty Lobby*, 477 US 242, 248,

(Ps') are pro'se and held to "more liberal standard", *Haines v Kerner*, 404 U.S.

519. Per *Collins v. Virginia*, 138 S. Ct. 1663, 201, reaffirmed 4th Amendment

included "curtilage has long been black letter law". "[W]hen it comes ,, Fourth Amendment, the home is first among equals." *Florida v. Jardines,* <u>569 U.S. 1,</u> <u>6,</u> "At the Amendment's ..right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' " *Ibid*...full practical effect to that right, the Court considers curtilage—"the area 'immediately surrounding and associated with the home' "—to be " 'part of home itself for 4th Amendment purposes.' " *Jardines,* <u>569 US, at 6,</u> <u>133 SCt 1409,</u> *Oliver v. United States,* <u>466</u> <u>U.S. 170, 180,</u> "The <u>*protection afforded the curtilage is essentially a protection of*</u> <u>*families and personal privacy in an area intimately linked to the home,*</u> both physically and psychologically, where privacy expectations are most heightened." *California v. Ciraolo,* <u>476 U.S. 207, 212–213,</u> When a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of 4th Amendment has occurred. *Jardines,* <u>569 U.S., at</u> <u>11,</u> .. conduct is presumptively unreasonable absent a warrant.*"*

   Per *NILI et al v City of Warren et al* Case No. 15-cv-13392 consent decree  para 12 (D) city of Warren agree to obtain administrative warrant if denied entry,..." See ECF 40 Ex 12

> 13.ECF 55 Complaint facts:  (D) Robert Scott is supervisor of (D) City of Warren Property & Maintenance Dept Warren MI- deceased-city is representing (D) Scott and is still liable  working for (D) city of Warren in his individual capacity.
> 14. All of the private parties (Ds') Hertz Brothers, (D) Sullivan acted "under of color of state law", acting "in concert", "conspiracy" with state actors per facts alleged "to be engaged in joint action, a private party must be a "willful participant" with the state or its agents in an activity which deprives others of constitutional rights. *Dennis,* 449 U.S.at 27. A private party is liable under this theory, .. its particular actions are "inextricably intertwined" with those of the government. *Brunette,* 294 F.3dat 1211. Substantial cooperation between the private party and the state must be shown. *Mathis. Pac. Gas & Elec.Co.,*75 F.3d 498, 503

(9thCir. 1996). An agreement between government and a private party for some governmental-type action can create state action" Substantial coordination and integration between the private party and the government are the essence of a symbiotic relationship. Id. A significant financial integration may form the nexus of a symbiotic relationship. *Rendell-Baker*, 457 U.S. at 842-43. A symbiotic relationship may also arise from of the government's exercise of control over the private party's actions. "*Brunette,* 294 F.3d at 1213. (D) STI and Hertz Bros., Sandra Hertz, Randy Sullivan fit this definition for liability of private parties acting in concert with (D) Scott.

15. (D) City of Warren MI is a local government entity which (D) Scott and (D) police Does work for. It is being sued for "failure to train" it's employee's.

When a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of the Fourth Amendment has occurred. *Jardines*, 569 U. S., at 11. Such conduct thus is presumptively unreasonable absent a warrant."

16. On 7/7/21 (D) Scott learned (P) Thrower arrived to mow grass at 7568 Hudson Ave Warren MI.

17. (D) SCOTT learning (PT) arrived called (Ds') STI, Hertz Brothers, Randy Sullivan to meet (D) SCOTT and tow vehicles from 7568 Hudson Ave

18. (PT)= plaintiff Thrower was in his apartment @ 7568 Hudson Ave – (DUPLEX) and saw and heard (D) STI tow company, (D) Hertz Brothers, and/or employees (D) Sullivan towing his 2011 Silverado & Honda directed by (D) Scott.

19. (PT) saw (D) SCOTT throw (PT) mower in the back of the (PT) Silverado upside down ruining same.

20.(PT) was in 7568 Hudson Ave and heard (D) SCOTT scream at (Ds) STI Towing, Hertz Brothers and or employee (D) Sullivan "I want the Honda towed".

21. 2008 Honda Civic was parked on concrete drive behind 7568 Hudson Ave.

22. (PT) heard (D) Hertz Brother or employee (D) Sullivan say "I can't tow Honda without damaging it because it's at an angle". (D) SCOTT responded, "I don't care I want it towed anyhow"

((Ps') have listed Joseph Bayura Jr as a witness to testify to paint damage and bumper torn 2 places underneath 2008 Honda and needs replaced)

23. (D) Scott later caused 37th District Court Judge Chumra to issue a
CYA court order after towing cares and issue misdemeanor warrant for
(PT) arrest dated 7/7/21. Judge Chumra order delineated to tow
"inoperable vehicles"  Order Ex 1, ECF 40 Ex 1

24.  7/7/21 court order is void as a matter of law since:

    a.    Issued without notice or an "opportunity to be heard" or
probable cause (issued 7/7/21-same day cars towed)

    b.    Cars towed were "operable" so assuming arguendo court order
was valid, it was limited to "inoperable" vehicles and (Ps') 2 vehicles
were "operable"

    c.    Order was not a "search warrant" to enter private property

    d.    Cars were licensed, insured, and no ticket for "blight" or other
infraction issued

    e.    2008 Honda was driven by renter (PN)=plaintiff Nelson who
had taken an ambulance to Ascension Hospital days before and was in
the hospital when her Honda was towed

    f.    Order as a matter of law did not allow (D) SCOTT to enter
private property without a search warrant as a matter of law per
*Collins v Virginia, supra.*

25.  (PT) saw (D) SCOTT take (PT) "personal property" grill, gutter
attached to house, wood from 7568 Hudson Ave address

26.  (D) SCOTT billed (PT) $687.50 for illegally taking property 7/7/21
in his alleged capacity as supervisor of property and maintenance

27.  On 7/8/21 (PT) went to (D) STI 6006 Rinke Ave Warren MI to
retrieve Silverado at about 8.30 AM.

28.  (D) Hertz Brother &/or employee (D) Sullivan stalled (PT) per
earlier agreement with (D) Scott-for approximately 30 minutes
pretending like (D) could not find (PT) Silverado.

29.  (PT) was told to wait in STI garage and (D) Scott arrived and
attacked (PT) running up on him in (D) STI garage and physically
restraining (PT) while (Ds') Hertz Bros &/or Sullivan watched

30.  (PT) yelled "what are you doing"? (D) SCOTT said "I am doing a
citizens arrest, there is warrant out for you for housing violations."

31.  (PT)  told (D) Scott that under MI law he could not perform a
citizens arrest for alleged misdemeanor housing violations.

32.  (PT) called 911 to report kidnapping in process and assault and
battery, with (D) SCOTT knocking phone out of (PT) Thrower's hand
injuring same after 911 operator answered

33. (D) Scott searched (PT) Aldi's bag

34.   On 7/21/21 (PT) filed a police report for (D) Scott "assault and battery", "kidnapping" Incident #21-33784

35.(PN) after exiting Ascension Hospital had to retrieve her "operable" Honda from (D) STI towing paying $330 tow fee. Rear bumper damaged. Paint $880

36.  (PT) paid $330 to retrieve Silverado from (D) STI at a later date

## CLAIM NUMBER ONE

Per facts same rewritten herein (D) Scott in tandem, conspiracy, agreement with (Ds') STI, Hertz Brothers, employee (D) Randy Sullivan  violated the (Ps') 4, 5, 14th Amendment rights United States Constitution when they entered on to the 7568 Hudson Ave property, curtilage, 7/7/21 without search warrant and towed 2 operable vehicles belonging to (PT) and (PN) tenants.  (D) SCOTT confiscated personal property of (PT) Thrower in the process

## CLAIM NUMBER TWO

Per facts same rewritten herein the (D) SCOTT violated the (PT) United States Constitutional rights to be free from unconstitutional seizure in violation of the 4, 5, 14th Amendment when (D) Scott preformed a "citizen's arrest" when as a matter of law (D) Scott was not legally allowed to.  (D) Scott acted in agreement, tandem, conspiracy, actions "inextricably intertwined",  with (D) Hertz Brothers, (D) Sandra Hertz, (D) Randy Sullivan to detain, stall (PT) at (D) STI, call (D) Scott who rushed over and do "citizen's arrest", "assault and battery", kidnapped, search (PT) at  (D) STI garage   while (D) Hertz Brother(s) &/or (D) Sullivan watched per agreement"

The (Ds') city Warren, Scott, aver that a warrant was issued for housing violations to (P) Thrower.

1) The 7568 Hudson Ave Warren MI is owned by St Anthony the Great Romanian Orthodox Monastery, a MI registered corporation, not (P) Thrower. ECF 40 Ex

2) Assuming arguendo 7/7/21 warrant was legitimately obtained it is a misdemeanor warrant and cannot be used to tow cars and seize personal property at a residence or even enter a residence to perfect an arrest. *New York v Payton,*    445 U.S. 573, 100 S. Ct. 1371;  for the law that a search warrant must be issued to enter property for a felony arrest.

3)   (D) city, Scott cite a 6th Cir case *US v Coleman*, 923 F3d 450 (6th Cir), for the proposition that this Court is wrong stating that (Ps') state a 4, 14th

Amendment claim for illegal entry onto the Ps' leased residential property without a search warrant towing 2 cars and taking personal property.

Per Ex's 36, pg 1-10 show that 7568 Hudson Ave was completely fenced in. 7568 Hudson Ave Warren= duplex, not a condominium complex delineated in *Coleman, Id.* The only other tenant was city's witness Branson who had her eviction "stayed" because of covid. (Ds') do not get an affidavit from renter Branson to aver that she allowed (Ds') in. Per facts, the 2008 Honda was parked behind building on concrete at an angle. The government in *Coleman* had a court order to place a tracking device on Coleman in *Coleman, Id. 450-1.* *Coleman* is inapplicable because Coleman was the subject of a narcotics investigation. In *Coleman*, 451, "Coleman moved to suppress the fruits of the … vehicle tracking and residential search warrants,.." In case *sub judice,* there was no search warrant. Id 451, "Coleman's driveway was not within the curtilage of his home..", contrary to Ex 1 pg 1-9 shows 7568 Hudson right next to home. Per Ex 38-39 Affidavits' (P) Thrower, (P) Nelson aver anyone seen past driveway entrance would be deemed "trespassing" as it enters yard enclosed by fence on 4 sides and driveway. Per Ex 37 Affidavit & Ex 38 pic., there was a "no trespassing sign" on fence like the one in Ex 32 pic-although faded. In *Coleman*, there was no "no trespassing" sign just a "private property" sign on entrance to condo complex. Further ECF 40 Ex 28, 32 pg 2 show Ps' gate @ 7568 Hudson Ave closed after vehicles entered or left.

Assuming arguendo what Ds' say is true re *Coleman*, case is *not on point* because facts Ds' seized Ps' 2 vehicles and personal property and in residential "curtilage" area which constitutes 4, 5, 14th Amendment violation alleged without a search warrant. The seizing of the 2 cars is the 4, 5, 14th , and a separate cause 4,  5, 14th Amendments for entering property without search

warrant US Constitutional violation without Due Process of law. Ps' do not read *Coleman* to allow same and Ds' do not cite *Coleman* that allows the conduct alleged in the facts of complaint. STI (Service Towing Inc-Able Towing LLC) Hertz Bros., Sandra Hertz & Randy Sullivan acted in "concert", "tandem", "Conspiracy" to tow the Ps' vehicles. "*Nugent v Spectrum Juv Servs*, 72 F4th 135, 139-140 6CA '..test ..employed to determine when a private entity may qualify as a state actor, including entwined test..private entity is entwined in private entity's management or control' *Brentwood Acad v Tenn Secondary Scholl Athletic Ass'n*, 121 SCt 924. In this case … facts in complaint that appellant STI, Hertz Bros were called to tow cars off private property by 'state actors'. See ECF105 Ex 5,6,7,9 ADMISSION. …STI, HERTZ BROS tow company claim they have a contract with (D) city of Warren that mandates they comply with city of Warren employees requests…. Shows 'as to the elements of these three theories… nexus test, state compulsion test, and conspiracy framework are all sufficient bases on which to find private company defendants liable under Sec 1983' *Memphis Tenn Local .. v City of Memphis*, 361 F3d 898, 905

Per exhibits *infra* are referenced  ECF 40 & annexed hereto. (Ds') STI, Hertz Bros appear confused and argue that since police are not involved in the illegal tow scheme, then they are not liable. (D) Scott, et al., are "state actors" for 42 USC Sec 1983 purposes. (D) Warren city workers (D) Scott is a "state actor" , like tow companies, city in *Robertson v Breakthrough et al*, argues state law has exclusive "subject matter jurisdiction", "Mich Comp L Sec 257.252e(1), ..relies on *Gilbert-Rutter v Parkview Towers*..WL 2016 3913713 at 2 (ED MI).. however

*Gilbert-Rutter*.. concerned a single plaintiff challenging the one-time tow of a vehicle with expired plates".  See Ex 23 *Gilbert-Rutter v Parkview Towers et al., Case 16-11-10,* dismissing pro'se complaint @ p 3 para 1 "In Plaintiff's amended complaint, all allegations .. legality of towing of her car from private property of (D) Parkview Towers. Plaintiff admits she was given 48 hours notice by Parkview towers prior to towing of her car. She admits that her car had expired plates, and that the car was considered abandoned. Plaintiff admits.. lease that she received from Parkview states that a vehicle can be towed for expired plates. Plaintiff also admits in her complaint that she could have retrieved her vehicle from the police but did not pay required fee. Per MCL §257.252a(2)(a), an abandoned vehicle is defined as, inter alia, "[a] vehicle that has remained on private property without consent of owner."  (P) lease, Parkview could remove cars parked on their property that had expired registration plates. Parkview had a contract with Goch & Sons Towing..". Hence owner of property, Parkview Towers called tow company .. expired plates, after giving 48 hours notice pursuant to renter Gilbert-Rutter's per written lease, within the direct language Mich Comp L Sec 257.2523(1) Ex 16 MI Abandoned Vehicle Code."  .. magistrate opinion was not appealed by plaintiff in *Gilbert-Rutter v Parkview Towers et al..*  Case *sub judice,* is differentiated because 2 cars were towed, b) 2 cars were "operable", c) state actors or STI tow company under Mi Abandoned vehicle code was not allowed on private property to tow cars

d) cars had current plates, insured to same address as (PN) owner's driver's license

e) Came on private property without warrant behind a privacy fence  g)  "other

acts"  22-cv-10918 *Nelson et al., v Service Towing Inc. et al*.,  where same (Ds')

towed 4 other cars, (D) SCOTT & other city employees entering (Ps') residence

without search or administrative warrant as found by this Court but dismissed on

"statute of limitations" grounds ECF    -even though "dismissed" on statute of

limitations grounds can still be considered as "other acts" for (D) city liability. "

Under the continuing violation doctrine, certain plaintiffs can overcome a statute of limitations

defense by arguing that the allegedly unconstitutional acts were parts of a continuing violation

amounting to a single wrong occurring within the limitations period." See *United Air Lines, Inc.*

*v. Evans*, 431 U.S. 553 (1977),  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002),

and *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S. Ct. 2162 (2007) (Ds') Hertz Bros.,

Sandra Hertz & employee Sullivan worked with (D) Scott to "set up" (PT) ..

citizens arrests (P) Thrower Ex 24 Warren 7/16/21 police report.  "scheme…

violated federal statutes and constitutional rights –all 'arise under the Constitution,

laws, treaties of United States.' 28 USCA Sec 1331.  Court has jurisdiction.

*Carmen Auto Sales III Inc. v City of Detroit*, 2018 WL 1326295, @ 3-4",

"explaining: '*Congress—not state a state legislature—controls federal court*

*jurisdiction*..nothing in Sec 257.252e(1).. limits a federal court's jurisdiction to

hear federal claims…'" *Robertson et al v Breakthrough et* al., pg. 11. Indeed, per

facts complaint,  Michigan Vehicle Code Sec 257.252e(1), does not even apply to

the facts accepted as true, since only property owner or police can authorize tows
off private property, which "state actor", working under Supervisor of Property &
Maintenance. Hence, *"Breakthrough'*s authority to tow vehicles derives from
Michigan Vehicle Code, which allows for towing of an 'abandoned vehicle'—that
is 'a vehicle that has remained on private property without consent of the owner'
Mich Code L, Sec 257.252a(2)(a). A towing agency may take custody of an
abandoned vehicle through one of two ways: (i) .. direction of a police agency, see
Sec 257.252(a)(4), or (ii) at the request of the owner of the private property where
the abandoned vehicle is located, see Sec 257.252a(10)." Hence tow company
(Ds')=appellees STI, Hertz Bros cannot rely on a state code to violate (Ps) US
Constitutional rights that does not even apply per the facts accepted as true.

Police have not been identified or served. "For (Ps') to state a claim for civil
conspiracy, 'all that must be shown is that there is a single plan,.. alleged
coconspirator shared in the general conspiratorial objective, and that an overt act
was committed in furtherance of the conspiracy that caused injury to the
complainant", *Memphis*, 361 F3d 905. The "conspiracy" was to tow 2 licensed, ,
insured cars from ( P-Nelson) home and (P- Thrower) & take personal property. It
is well settled law that private parties can "conspired with state actors.  (Ds') STI,
AT LLC employees Hertz Bros., Sandra Hertz, Edward Hertz, Randy Sullivan
acted "in concert", "conspiracy" with state (Ds'), engage in conduct under "color

of State law," .. subject to liability under section 1983 where they "act jointly" or

conspire with state government officials. See, e.g., *Brentwood Acad. v. Tenn.*

*Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 296 (2001*); Tower v. Glover, 467 U.S.*

*914, 919 (1984*); *Dennis v. Sparks, 449 U.S. 24, 27 (1980); cf. United States v.*

*Price, 383 U.S. 787, 794 (1966*) (holding that, for purposes of finding liability..

criminal law analogue of section 1983, 18 U.S.C. § 242, private individuals acting

jointly with state officers engage in conduct "under color" of state law). All private

appellees ABLE TOWING LLC, SERVICE TOWING INC., owners DENNIS

HERTZ. BRUCE HERTZ, SANDRA HERTZ and their employee=Randy Sullivan

via agency law "act jointly" and / or "conspire with state government officials" i.e.

appellee (D) City of Warren Property & Maintenance Supervisor Scott et al.,

*Brentwood Acad. V Tenn. Secondary Sch. Ath. Ass'n, supra* with City of Warren MI

Property & Maintenance division, (d) Robert Scott,  Does, (Ds') all acting in their

'individual capacities" at all times per facts of this complaint and conspired with

private towing company STI, AT LLC and Hertz Bros., Sullivan, employees.

Appellees' (Ds') STI, AKA AT LLC, Hertz Bros, & Sandra Hertz, claim  they were

"just fulfilling a contract", with (D) city of Warren, yet the existence of a

"contract", "with state and private actors,  so that the action may be attributed to

the state', 'to take a particular action so .. really that of the state'" *Robertson et al v*

*Breakthrough* et al @ 12.   See *Memphis Tenn Area Loc Am Postal Workers Union*

*AFL-CIO v Memphis,* 361 F3d 898, 905, "nexus test, state compulsion test, and conspiracy framework are all sufficient bases on which to find the private company liable under Sec 1983..elements of these three theories: * 'The state compulsion test requires proof that the state significantly encouraged or .. coerced either overtly or covertly, to take a particular action so that the choice is really that of the state.' *Moldowan,* 578 F3d at 399. The "particular action" i.e. illegally tow cars, appellees (Ds') STI, Hertz Bros., Edward & Sandra Hertz, employee Sullivan is mandated by their "contract", "so that choice is really that of.. state' *Moldowan, Id.* " ".. nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between ..state and..private actor so… action may be attributed to the state.'" *Robertson et al v Breakthough Towing et al.,* at 12, i.e., "contract" appellees (Ds') STI, Hertz Bros claim for immunity, in the law shows liability, "contract) between the state and private actor .. action may be attributed to the state.'" *Robertson et al v Breakthrough Towing et al.,* Id. * 1983 civil conspiracy occurs where 'private party has conspired with state officials to violate constitutional rights, and (3) an overt act was committed.' *Revis v Meldrum,* 489 F3d 273, 290 CA6", *Robertson et al v Breakthrough Towing et al., supra* @ p12 The fact that 2 cars were illegally towed is "1983 civil conspiracy occurs… violate constitutional rights..and (3) an overt act was committed.'" Overt Act: = (D) "state actor" Warren Property Maintenance Supervisor Scott (Ds) STI, Hertz Bros

state they have a "contract", hence their "contract" with (D) city of Warren requires

(Ds')-STI, Hertz Bros, Sandra Hertz to violate (Ps') US Constitutional rights, enter

private property-tow cars in violation of 4,5,14th Amendments US Constitution, "so

that.. choice is really that of ..state'" *Moldowan, Id.* and "contract" claimed by

(Ds') STI, Hertz Bros. to make them not liable is in fact "nexus test requires a

sufficient close relationship (i.e. through state regulation *or contract)* between the

state and the private actor so that the action may be attributed to the state.' "

*Robertson et al., v Breakthrough Towing et al., supra.* (D) scott as observed by (p)

thrower directed towing (ps') 2 cars, took personal property "without notice and an

opportunity to be heard at a meaningful time" *Fuentes v Shevin*, 92 SCt 1983

**Due Process:** The due process cl 14th Amendment ensures no party will be

*deprived of property without notice and an opportunity to be heard at a meaningful*

*time* and in a meaningful manner. *Fuentes v. Shevin,* 92 S. Ct. 1983, .. Fourteenth

Amendment protection of property has been broadly extended to "any significant

property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379, It is undisputed ..

Uninterrupted use of one's vehicle is a substantial property interest, and that before

"local government may so interrupt its use, ..owner is entitled to due process." *Bell*

*v. Burson,* 402 U.S. 535, 539. Per ECF 40 Ex 1, also annexed hereto is Judge 37th

District Court issuing order 7/7/21, same day cars were towed. Cars were towed

9:00 AM. 1) order was not and could not be served on (Ps') same day, (PN) was in

Ascension Hospital. 2) Order states "inoperable vehicles". (Ps') 2 cars were "operable" per facts and driven away from (D) STI towing facility ECF 40 Ex 21 & annexed hereto as Ex 21 @ Speedway "gas station after removal from (D) STI tow yard-shows 'operable'". (Ps') were "deprived of property without notice and an opportunity to be heard at a meaningful time and in a meaningful manner". *Fuentes v Shevin, Id.* "state actors". Several of the "overt acts" are: 1) coming on the private property to tow 2 cars and take the personal property, 2) Telephone call from City of Warren Property & Maintenance Doe, Scott to STI, Hertz Bros Towing. MI Code L Sec 257.252a(2)(a) statute Warren Property and Maintenance Supervisor, (D) SCOTT, Doe- has "no authority" to tow vehicles off "private property" in violation of well settled "black letter" law 2018 *Collins v Virginia*, as "property and maintenance" employees for (D) City of Warren… police officers. "Sec 257.252a(2)(a). A towing agency may take custody of an abandoned vehicle through one of two ways: (i) at the direction of a police agency, see Sec 257.252(a)(4),..". (Ds') STI, Hertz Bros entered into a conspiracy, meeting of the minds, with "state actors" (D) Scott, Doe evidenced by (D) STI admitted "mystery contract" to violate (Ps') US Constitutional rights acting in their "individual capacities". ".. that the nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between the state and the private actor so that the action may be attributed to the state.'" *Robertson et al v Breakthough Towing et*

*al.*, at 12", P-Thrower saw (D) Scott ordering towing of 2 cars and loading (PT) mower into (PT) truck upside down ruining.

(Ds') STI, Hertz Brothers cite a "contract" with city of Warren tow cars when called by Warren City employees. (Ds') STI, Hertz Brother's have not produced this contract, and (Ps') aver that it should not be allowed as a defense, said "mystery contract". Further, said contract would be illegal if interpreted to enter private property at the request of (D) city of Warren Property & Maintenance employees, supervisor appellee (D) Scott to tow licensed, plated, insured vehicles registered to same address. "Private parties may also be liable under Sec 1983 if they 'willfully participated in joint actions with state agents' by joining a civil conspiracy with state officials *Memphis Tenn Area Loc., Am Postal Workers Union, AFL CIO v City of Memphis*, 361 F3d 898, 905 CA 6. "knowingly allowed the seizure …in reckless disregard of statute requirements' …violated (Ps) clearly established Fourth Amendment rights to be free from unreasonable seizures' *Livingston*, 151 F.App'x at 476..for plaintiffs to state a claim for civil conspiracy 'all that must be shown is that there was a single plan", appellees STI, Hertz Bros, Sandra Hertz, Edward Hertz-private parties aver "mystery contract" allows them to break the law, violate United States Constitutional rights, yet fails to produce same ," .. nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between…state and.. private actor so ..action may be

attributed to the state.'" *Robertson et al v Breakthough Towing et al.*, at 12", & at

*Robertson et al., v Breakthrough Towing LLC et al.*, @ p 6 para 2,  Mich Comp. L.

Sec 257.252a(11)." Owner of  property owner, a circumstance not authorized by

Mich. Code L Sec. 257.252a",  "Before removing the vehicle from private

property, the towing agency shall provide notice by telephone, or otherwise, to a

police agency having jurisdiction over the "mystery contract" not produced in

discovery cannot be relied upon to break the law, violate the constitution and

contract shows  "may be subject to liability under section 1983 where they "act

jointly" or conspire with state government officials. See, e.g., *Brentwood Acad. v.*

*Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001*); Tower v. Glover, 467*

*U.S. 914, 919 (1*984); *Dennis v. Sparks, 449 U.S. 24, 27 (1980); cf. United States v.*

*Price, 383 U.S. 787, 794 (1966*) (.. finding liability under the criminal law

analogue of section 1983, 18 U.S.C. § 242, private individuals acting jointly with

state officers engage in conduct "under color" of state law). All private (Ds')

ABLE TOWING LLC, SERVICE TOWING INC.,=STI, owners  Dennis Hertz,

Bruce hertz, Sandra hertz & employees=Randy Sullivan via agency law "act

jointly" and / or "conspire with state government officials" i.e. (D) City of Warren

Property & Maintenance Supervisor Scott et al., *Brentwood Acad. V Tenn.*

*Secondary Sch. Ath. Ass'n, supra* with City of Warren MI Property & Maintenance

division, (d) Robert Scott, Does, (Ds') all acting in their 'individual capacities" at

all times per facts of this complaint and conspired with private towing company

STI, AT LLC and Hertz Bros., Sullivan, employees. See "other acts" of city of

Warren, Ex 29 6/24/23 "Warren police officer caught on video punching jail inmate

pg 1-5. Ex 24 Warren Police Report dated 7/16/21, "other act" (Ds') STI, Hertz

Bros., working w "state actor (D) Scott in re "citizen's arrest" @ (Ds') STI tow

yard, Hertz Brother, Sullivan defendants. "One theory that civil rights attorneys

have used to establish § 1983 liability is a ratification theory. Under a ratification

theory, the plaintiff argues, that because the municipality subsequently approved of

conduct by its officials that deprived the plaintiff of his constitutional rights, the

municipality should be liable under §1983. In *City of St. Louis v. Praprotnik*,4 a

plurality in the United States Supreme Court accepted this theory: when a final

policy maker "approve[d] a subordinate's decision and the basis for it, their See

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (Ps') aver that (D) STI

admission of "tow contract" with (D) city of Warren, "approved of the conduct by

its officials that deprived the plaintiff(s) of (their) constitutional rights,...the

municipality should be liable under Sec 1983" Id" . Per lawsuit "accepted as true", (Ps')

are proceeding against the (D) city of Warren under *Monell v. Department of Social Services of*

*the City of New York, infra* which created.. for civil rights P to seek money damages against a

city. *Pembaur v City of Cincinnati, infra* "Monell.. recovery.. municipality is limited to acts..

'municipality'-that is, acts which the municipality has officially sanctioned or ordered.'....". "1st

Ps' allege (D Warren) has an unconstitutional policy. These policies may written or unwritten, so

long as .. attributed to a "policymaker."  Warren has an unconstitutional policy" &/or towing cars for "blight" entering private property without search warrant "policymakers.. elected officials or those defined as policymakers by state law. This.. also provides a standard of causation: if a subordinate employee is the party responsible.. deprivation of rights, the local entity may only be responsible if a certain policy was a "moving force" behind their action. This but-for standard .. 2nd a local entity may be liable .. § 1983 for unconstitutional customs and practices. .. advantageous to a civil rights plaintiff when no policymaker can be identified. … 3) if a policymaker delegates his or her authority to a subordinate employee or explicitly approves of unconstitutional actions,.. act can be said to be "of the municipality" by adoption. 4) civil rights plaintiff may allege deliberate indifference. .. applies to single-incident-type injustices and concerns the city or county's failure to hire, train, or supervise its employees. Deliberate indifference liability attaches when policymakers of ..local entity are aware .. risk and grossly neglect to address it.   Blatant unconstitutional policies are (not) authorized by city councils.. admissible evidence proving policymaker authorization or adoption of a subordinate employee's unconstitutional action is often non-existent" .  Ps' alleges was a final policymaker] acted under color of state law;  2. acts of  (Ds') *final policymaker* deprived  Ps' of rights under United States Constitution. (D) , *final policymaker* had final authority from (D) City Warren concerning these acts.  When Ds' *final policymaker*  engaged in these acts,  was acting as a final policymaker for (D)  City Warren and acts, *final policymaker* caused the deprivation of the plaintiff's rights; that is, *final policymaker*'s acts were so closely related.. deprivation of Ps' rights as to.. moving force that caused ..ultimate injury.  Person acts "under color of state law" when person acts or purports to act in performance of official duties under any state, county, or municipal law, ordinance or regulation. *Monell* liability is based on the acts of a final policymaker.  For other bases

of *Monell* liability,  Unlawful Official Policy, Practice, or Custom… Based on a Policy that Fails

to Prevent Violations of Law or a Policy of Failure to Train  *Monell v. Dep't of Soc. Servs. of*

*N.Y.*, 436 U.S. 658, 691.  Such liability attach when official or employee who caused a

constitutional violation was acting as "final policymaker." *Lytle v Carl*, 382 F3d 978, 981. "To

hold a local governing body liable for an official's conduct, a plaintiff must first show .. official

(1) had final policymaking authority concerning.. action ..and (2) was the policymaker for the

local governing body for purposes of particular act." Whether an official is a policymaker

for *Monell* purposes is a question of state law for the court" *City of St Louis v Praprotnik*, 485

US 112, 123 .. determination is made on a function-by-function approach analyzed under state

organizational structure.   A "policy" is a deliberate choice to follow a course of action made

from among various alternatives by ..official responsible for establishing final policy" Ps'

seeking to establish municipal liability under this theory.. demonstrate that an action of final

policymaker "was the 'moving force' behind the constitutional violation  Ps' suffered." "To meet

this requirement, P.. show both causation-in-fact & proximate causation." *Id.* A municipality

may be liable for the acts of a final policymaker if these acts caused a constitutional violation,

even if the constitutional violation occurs only once.  *Pembaur v City of Cincinnati*, 475 US 469,

478 municipality is also liable if a policymaking official fully…"

1) Per Ex 38-39 Affidavits of (Ps') "At 7568 Hudson Ave Warren MI 48090 since approximately 2019 there was a gate across the driveway where each half swung open.

2) The tenant BRANSON did not have a car so there was no need for BRANSON to open or close the gate because there was a 2nd gate to walk through.

3) Branson was instructed to keep the gate(s) closed.

4) The gates are shown in exhibit 32 pg. 2, annexed hereto, same as ECF 40 Ex 32 pg. 2, Ex 36 pictures. The Ex 36 pictures were taken 7/11/24 after property was sold and the new owner removed the gate.

5) There was a "privacy fence" built with (D) city of Warren permit where zoning employee Bagdamente instructed affiant that privacy fence had to be online with the main structure of house.

6) Per Ex 36 photos the yard was completely fenced in.

7) There was a "no trespassing sign" posted on the privacy fence that became faded after time similar to Ex 38 picture.

8) 2008 Honda bumper is torn underneath and needs to be replaced per witnessed proffered for trial and it is the opinion of witness that towing of 2008 Honda from the rear torn the bumper underneath in 2 places per conversation with witness.

9) Per (D) STI, Hertz Bros (Ds') the tickets annexed to ECF    , unlabeled and annexed hereto as Ex 37 pg. 1-5 were all issued the same day 7/7/21 the day the 2 cars were towed or Ex 37 pg. 3=7/8/21 the day after so as to not be relevant except to show that (Ds') returned to property to write the same tickets again.  Per para 10, infra, (PN) Honda was parked on the cement behind the house & was "operable".

10)       (PN) was in Ascencion hospital having travelled there by ambulance the day before 7/6/21

The normal procedure per Warren code is write a ticket if car is parked on the grass and allow violator to appear in an administrative hearing NOT tow the car on grass the same day "without notice and an opportunity to be heard", *Mullane v. Central Hanover Bank & Trust Co.*, **339 U.S. 306 (1950)** "Notice must be reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to respond."

11)       Per covid Michigan & Warren had "stayed" all evictions, including 3/10/20 eviction of tenant BRANSON, per "occupying an uncertified structure ticket".  7568 Hudson Ave was owned by St Anthony the Great Romanian Orthodox Monastery ECF 40, Ex 33-34, deed for both parcels, not (Ps')", who leased apartments at 7568 Hudson Ave address ECF 40 Ex 2-3

**(PT) STATES A CLAIM THAT (D) SCOTT VIOLATED (PT) 4th, 5, 14 US CONSTITUTIONAL RIGHTS WHEN HE DID A CITIZENS ARREST ON (PT) AND WORKED WITH PRIVATE (Ds') STI, HERTZ BROS., SANDRA HERTZ, RANDY SULLIVAN TO "STALL" (PT) AND NOTIFY**

(D) SCOTT WHEN (PT) CAME TO RETRIEVE CARS PER EALIER AGREEMENT

Judge in action dismissed the state law claims.  This leaves 4, 5, 14th Amendment US Constitution claims per the fact which must be accepted as true. See ECF 55

27.  "On 7/8/21 (PT) went to (D) STI 6006 Rinke Ave Warren MI to retrieve Silverado at about 8.30 AM.

28. (D) Hertz Brother &/or employee (D) Sullivan stalled (PT) per earlier agreement with (D) Scott-for approximately 30 minutes pretending like (D) could not find (PT) Silverado."

OBJECTION   No. 1 MAGISTRATE ERRED BY STATING PLAINTIFF THROWER= (PT) DID NOT STATE A 4TH AMENDMENT CLAIM AGAINST ROBERT SCOTT-Warren Property & Maintenance supervisor when he did a citizens arrest at service towing inc=STI tow yard 7/8/21 working in agreement with  (D) STI Towing, Hertz Bros., Sandra Hertz, Sullivan employee.   Per complaint ECF 29 pg 12, P "67. On 7/8/21 (P) Thrower went to tow yard to retrieve Silverado @ 9:15 AM.

68. (D) Hertz brother or (D) Sullivan stalled (P) Thrower  and (D) Hertz brother(s) & or Sullivan, Sandra Hertz, called (D) Scott, Property and Maintenance Supervisor per earlier agreement who rushed over to (STI).

69.   9.40 AM (D) Scott #32 (deceased-estate substituted) arrived at (D) STI...6006 Rinke Ave Warren MI and threw (PT) against .. (restrained Thrower physically in center right of  (D) STI garage where (D) Doe Hertz Brother or (D) Sullivan told (P) Thrower to wait) physically restraining (P) Thrower inside STI garage (D) Scott yelling @ (P) Thrower 'there was a warrant out for housing violations (allegedly) issued 7/7/21'". See ECF 40, INDEX OF EXHIBITS 26 pg 1-2 AFFIDAVIT OF ALBERT THROWER, Ex 25 pg 1-3 new Affidavits of (Ps') (two affidavits), Ex 38-39 annexed hereto.

70. "(P) Thrower yelled at (D) Scott 'what are you doing'? (D) Scott replied 'doing a citizens arrest'. (P) told (D) SCOTT that under Michigan law (p 13) he could (NOT) sic perform a citizen's arrest. (P) Thrower proceeded to call 911 to report crime of Kidnapping in process under MI law. (D) Scott knocked (P) Thrower 313 line out of his hand and knocked (P) Thrower glasses off, breaking them committing felony 'assault and battery'. (P) Thrower told (D) Scott #32 "you are assaulting me and doing battery on me', (D) Scott (deceased-estate substituted-if needed per AMENDED filing) roughing (P) Thrower up and holding his hands behind his back." (D) Scott is an x-Warren police officer of 28 years, (obit) and apparently still thinks he was a police officer.

71. "While restraining (P) Thrower (D) Scott #32 searched (P) Thrower Aldi's bag with personal property ….performing illegal search and seizure under United States Constitution 4, 5, 14th Amendment including illegal seizure by physically restraining (P) Thrower."

72. "Under Michigan law (D) Scott did not have authority to do a citizen's arrest for misdemeanor warrant. (P) Thrower told (D) Scott he did not have legal authority to restrain (P) Thrower, to which (D) Scott #32 responded, 'I am doing a citizen's arrest'. Which (P) Thrower informed (D) Scott 'he did not have authority to perform a citizen's arrest under MI law per facts.'"

73. "(P) Thrower phone was knocked out of his hand, and he was forcibly detained and injured … by (D) Scott."

74. "Covid was still an issue during this alleged citizen's arrest 7/8/21 and (D) Scott was yelling @ (P) Thrower and spit was going on (P) Thrower from (D) Scott."

75. After about 10-15 minutes of (P) Thrower being physically restrained by (D) Scott Warren police arrived (witnessing (D) Scott physically restraining (P) Thrower).

76. Warren police witnessed the felony in process of kidnapping (P) ..Thrower and did not arrest (D) Scott but rather arrested (P) Thrower for alleged misdemeanor housing violations."

   Magistrate erred because it appears that since Warren police ultimately arrested (P) Thrower that (D) Scott did not perform a "citizen's arrest" as he claimed he did to (P) Thrower.

   (D) Scott having ample to time to respond under oath does not deny this assault and citizen's arrest took place, nor have Warren police officer's arrived who witnessed same, or (D) Hertz Bros (Ds') or employee Sullivan.

77) "Under Michigan Code of Criminal Procedures Act 175 of 1927, 764.16 Arrest by Private Persons… Section 16, For a felony committed in the private person's presence

- … committed felony not in private person's presence, If the private person is summoned by a peace officer to assist the officer….(d)" ECH 46 pg 3, P 2, magistrate correctly states fact: "July 8, 2021, Thrower went to the tow yard to retrieve the vehicles… (D) Hertz (or (D)=Doe employee Sullivan-who was mistaken as one of the (Ds') Hertz Brothers stalled Thrower while (D) Scott was on his way to the tow yard (after being called by (D) Hertz Bros per agreement). When (D) Scott arrived, he threw (P) Thrower against the wall and conducted a citizen's arrest for unsafe structure-for-habitation ticket(issued the day before 7/7/21 & not served on (P) ) (Id. At PageID,94-95) (as noted in (Ps')

brief tenant Branson had her eviction stayed because of covid, and then evictions were tolled because of covid-later (D) Scott testified at 8/21 eviction hearing that Branson should be allowed to stay at Hudson property for free while (D) Scott helped her find a place & "it was a nice apartment" Tsp of hearing-to 37th District Court's Judge Chuma's dismay). While restraining ((P) Thrower), (D) Scott searched through Thrower's bag (and assault and battery (P) Thrower per ECF 29 pg 12-13 complaint "which must be accepted as true" quoted *supra*. Thrower alleges that Scott lacked authority to conduct a citizen's arrest for a misdemeanor charge. Warren police then arrived but did not arrest Scott for kidnapping; instead, they arrested (P) Thrower on the misdemeanor housing violation." Magistrate was correct by holding (Ps') complaint to a lesser pro'se standard per *Haines v Kerner,* 404 US 519, 520. @ pg 5 P 2.

Magistrate erred in applying law in re citizen's arrest. Pg 22 ECF 46 PageID 547, as to probable cause for (D) Scott to do a citizen's arrest-restrain (P) Thrower, "assault & battery on (P) Thrower per ECF 25 Amended complaint quoted supra. (D) Scott is not a police officer, magistrate using "The officer subjective reason for making the arrest …" *Devenpeck v Alford,* 543 US 146, 153. As stated in ECF Amended complaint 29 (D) Scott is a supervisor Warren Property and Maintenance. (Ps') can find no law, that an employee of Warren property and maintenance can do a "citizen's arrest" as (D) Scott claimed he did, Scott was attacking, restraining, knocking (PT) glasses off, knocking his phone out of his hand, spit on during covid, and searching ALDI bag until Warren police arrived "10-15 minutes later", he being a public official, city of Warren employee under Michigan law was not allowed to do same. Using a police case as to whether a *police had probable cause to arrest* … *Devenpeck Id.,* is not on point. "Held*: 1. A warrantless arrest by a law officer is*

*reasonable under the Fourth Amendment if, given the facts known to the officer,*
*there is probable cause to believe that a crime has been or is being*
*committed...officers* to cease providing reasons for arrest, or to cite every class
of offense for which probable cause could conceivably exist. Pp. 5–9.", "Officer
.. State Patrol, ..supervisor, Sergeant Devenpeck," *Devenpeck v Alford, Id.*
Complaint ECF 29, (D) Scott=(D) city of Warren Property & Maintenance", not
"a police officer", so *Devenpeck v Alford, Id.,* is not relevant.  (D) city of
Warren failed to train (D) Scott and "train" him that he is "(not) a law officer"
as he was for 28 yrs (Scott obit). The city of Warren is liable for it's failure to
train policy" and ample case and newspaper articles set forth in Ps' ECF 40
RESPONSE TO DEFENDANTS MOTION TO DISMISS .. same as if
rewritten herein including exhibits 1-35. Magistrate states @ pg 22 para 2 "As
Scott noted, PT did not allege that .. citizens arrest … was affected without
probable cause…" .  Scott, per ECF 29 pg 6 P"15) (D) Scott=supervisor of city
of warren property maintenance div..".  For a city employee law states he
cannot make a "citizens arrest".  There is no weighing if he had "probable
cause" as he is not a police officer.  2nd, Warren Police officers that arrived 10-
15 minutes later and observed (D) Scott "physically restraining" (PT) had they
been "properly trained" would have observed that there was a felony in the
process of kidnapping, assault & battery & should have arrested (D) Scott
instead of arresting (PT) for outstanding misdemeanor warrant-issued day
before.  ECF 40, index of exhibits, Ex 26 pg 1-2 AFFIDAVIT (PT) See 3rd
Amended complaint ECF which must be accepted as true: ECF 55.

1) " On 7/8/21 (PT) went to (D) STI 6006 Rinke Ave Warren MI to retrieve
   Silverado at about 8.30 AM.

2)    (D) Hertz Brother &/or employee (D) Sullivan stalled (PT) per earlier
      agreement with (D) Scott-for approximately 30 minutes pretending like (D)
      could not find (PT) Silverado.

3)    (PT) was told to wait in STI garage and (D) Scott arrived and attacked
      (PT) ..in (D) STI garage and physically restraining (PT) while (Ds') Hertz
      Bros &/or Sullivan watched

4)    (PT) yelled "what are you doing"? (D) SCOTT said "I am doing a citizens
      arrest, there is warrant out for you for housing violations."

5)    (PT)  told (D) Scott that under MI law he could not perform a citizens
      arrest for alleged misdemeanor housing violations.

6)    (PT) called 911 to report kidnapping in process and assault and battery,
      with (D) SCOTT knocking phone out of (PT) Thrower's hand injuring same
      after 911 operator answered-(PT) amended witness list to obtain this 911
      recording. ..  (D) Scott searched (PT) Aldi's bag.

7)   7/21/21  (PT)  filed  police  report  on  (D)  Scott  "assault  and  battery",
     "kidnapping" Incident #21-33784…" CLAIM NUMBER TWO
        Per facts same rewritten herein (D) Scott violated (PT) US Constitutional
     rights to be free from unconstitutional seizure in violation 4, 5, 14[th] Amendment
     when (D) Scott performed  "citizen's arrest" when as a matter of law (D) Scott
     was not legally allowed to.  (D) Scott acted in agreement, tandem, conspiracy,
     actions "inextricably intertwined",  with (D) Hertz Brothers, (D) Sandra Hertz,
     (D) Randy Sullivan to detain, stall (PT) at (D) STI, call (D) Scott who rushed
     over to do "citizen's arrest", search (PT) at  (D) STI garage  while (D) Hertz
     Brother(s) &/or (D) Sullivan watched per agreement.", "legality of citizen's
     arrest changes, .. arresting individual becomes subject to same
     4th Amendment restrictions on search and seizure as law enforcement officers.
     … inherent danger .. arresting citizen may face, that this is a rare occurrence.

..citizen detaining another person by citizen's arrest,… does *not adhere to the standards for legal search and seizure,* the arresting citizen may face criminal prosecution…citizen's arrest is determined to be unlawful, ..arresting individual ..exposed to civil liability, and ..criminally charged ..crimes as: False imprisonment, Assault & battery" Citizen's Arrest - .. (legaldictionary.net), "Sec. 1983, Fourth Amendment, and False Arrests"

- Section 1983 allows a false arrest victim to sue the offending officers for a constitutional violation under the Fourth Amendment.. false arrest serves as an unreasonable seizure… offending officers were acting under color of state law while conducting the arrest, Section 1983 enables the victim to file a civil lawsuit." *Civil Rights Protections & False Arrest By Police (federalcriminallawyer.us)*

Respectfully submitted,

Albert Thrower pro'se          Elizabeth Nelson pro'se

## CERTIFICATE OF SERVICE

A copy of this brief has been served on the below (Ds') 7/15/24, Mark Straetmans/ Rachel Selina 255 E Brown St #320 Birmingham, MI 48009 tel 2486459680

mstraetmans@berrymoorman.com rselina@berrymoorman.com

Jenifer Mead PO Box 806042 St Clair Shores, MI 48080 tel 3134851250 meadjenn@hotmail.com

Law Offices of Thomas H. Stidham. 1401 W Fort St. Rm 44-1815. Detroit, MI 48233. Tel (248) 303-0306 Tsstidham@hotmail.com

Albert Thrower, pro se   Elizabeth Nelson pro se

## INDEX OF EXHIBITS

EXHIBIT 1  Judge Chumra 7/7/21 Order 37th District Court Warren

EXHIBIT 2  Lease: PN-Plaintiff Elizabeth Nelson

EXHIBIT 3  Lease: PT=Plaintiff Thrower

EXHIBIT 4  8/1/21 Menards Mower Receipt

EXHIBIT 5  STI 2008 Honda Receipt $330 dated 7/7/21

EXHIBIT 6  STI 2011 Silverado Receipt dated 7/7/21

EXHIBIT 7  Regal Tire Receipt  dated 7/16/21 "towed in"- flat tire ● STI Tow Yard $75

EXHIBIT 8  Pic (D) Mayor Fouts, (D) Robert Scott

EXHIBIT 9 p 1-2  3/11/20 pic of furnace taken after illegal entry into (Ps') basement apartment

EXHIBIT 10 p 1-2  3/11/20 pic in (Ps') basement apartment  after illegal entry

EXHIBIT 11 p 1-4  3/11/20 pic (Ps') basement apartment after illegal entry

EXHIBIT 12  NILI 2011v City of Warren,  EDMI class action

EXHIBIT 13  7/14/21 Warren Weekly "Warren tracks down 'bad landlord'", "Warren Mayor (D) Jim Fouts said".

EXHIBIT 14  Mail for (P) Elizabeth Nelson to 7568 Hudson Ave Warren MI 48091

EXHIBIT 15  "Fire Pit ordinance stands in Warren", dated 5/12/21, yet city (Ds') take (Ps') grill 7/7/21, $75

EXHIBIT 16  List of Expenses Incurred so far as of 11/24/23

EXHIBIT 17  (PN) Driver's License showing 7568 Hudson Ave Warren MI 48091

EXHIBIT 18  Photo at (D) STI Tow yard (PN) Honda "blight" on windshield

EXHIBIT 19  Mower @ scrapyard-since (Ds') threw upside down in (PT) truck

EXHIBIT 20  (D) City of Warren bill for unidentified work 3/24/20 during covid,

EXHIBIT 21   (PN) Honda @ Speedway Gas station after removal from STI tow yard-shows "operable"

Exhibit 22   *Haman v Dwyer et al.*, EDMI Case #11-13587, shows false arrest-not training officers, "pattern"

Exhibit 23   March 2022 Warren Flyer, (D) Fouts, "Prepared not Scared"

Exhibit 24 pg 1-2 (D) Mayor Fouts, Press Release -references "State of the City reception June 24, 2021", getting city employees fired up which led to (D) Scott attacking (PT) @ STI Tow yard

Exhibit 25 pg 1-3 Affidavit of Elizabth Nelson (two affidavits)

Exhibit 26 pg 1-2 Affidavit of Albert Thrower

Exhibit 27 pg 1-13  Agreement spells out that Warren Police Commissioner Dwyer is "policymaker"

Exhibit 28 PRESIDENT TRUMP CORONAVIRUS GUIDELINES 3/16/20

Exhibit 29 Pic of (PT) 2011 Silverado towed 7/7/21 pg 1-2  — *Shows Gate*

Exhibit 30 2-6-20, amended 32 pges. 3-10-20 Michigan Governor Whitmer "covid emergency order"

Exhibit 31  Cleveland MetroHealth Cancer documentation 3/20 for (P) Thrower

*Gate —* Exhibit 32  Picture SIDE DOOR where (Ds') entered 7568 Hudson Ave 2 pages

Exhibit 33  Deed, and side lot transfer "St Anthony the Great Monastery"

Exhibit 34  Deed shows Saint Anthony Monastery owns property

Exhibit 35  "Other acts Warren police", shows "pattern", "This video sickening"

*Ex 36 pg 1-9: Pics showing 40' ECF yard enclosed and pg √1 Ex 29*

*Ex 37 pg Tickets GATE*

*Ex 38 (PT) Affidavit Ex 32*

*Ex 39 (PN) Affidavit Gate*

*Ex 40: N, Trespassing Sign*

**Left page:**

**STATE OF MICHIGAN**
**IN THE 37TH JUDICIAL DISTRICT COURT**

CITY OF WARREN,

Plaintiff,

v.

Case No. 4025633

Hon. John M. Chmura

Albert Dudley Thrower
(Defendant's Name)

7568 Hudson
(Address)

Warren, MI 48089
(City, State, Zip)

313-319-7370
(Telephone Number)

Defendant.

Albert Dudley Thrower

**ORDER TO CLEAN UP PROPERTY**

7568 Hudson , WARREN, MICHIGAN
(Street Address)

At a session of said court held in the
City of Warren, County of Macomb and State of Michigan
on 07/07 , 20 21 .

Present: Hon. John M. Chmura
District Court Judge

This matter having been heard on 07/07/2021 , for violation of the
(Court Date)

City of Warren Section(s) (1)306.1, Junk on property, (2) 302.5, Rodent Harborage
(insert section numbers and identify the code—zoning, property maintenance, etc.)

(3) 308.2, Disposal of rubbish

Ordinance, and Defendant having appeared before this Court, and been found

responsible for the violation(s), this Court orders that the property be cleaned as more

particularly set forth in this Order, and Court being otherwise duly advised in the

premises;

IT IS ORDERED, that within Today ( ) days of this Order, Defendant shall
(Number of days)

comply with the conditions set forth in this Order. The property is described as:

7568 Hudson 12-13-33-278-030

(Address, Legal Description, Parcel Identification Number)

Ex M p 1

**Right page:**

The entire Property is to be cleaned and cleared of: All debris including,

outdoor furniture,wood, metal, plastic, cardboard, overflowing garbage, bags of

garbage, inoperable vehicles, rodent harborage.

any and all junk and debris scattered on or about the front, rear, and side yards of the

Property, and any overgrown or dead vegetation, from the Property and/or the fences.

IT IS FURTHER ORDERED, that in the event the Defendant fails to comply with

the above requirements, the City of Warren may enter the Property and conduct any

work necessary to comply with this Order.

IT IS FURTHER ORDERED, that the City may assess and collect all costs of

such work necessary to comply with this Order, and may assess and collect all costs of

such work and removal from the Defendant or otherwise lien the Property through any

lawful remedy.

IT IS FURTHER ORDERED, that Defendant pay fines and costs in the amount of

$ TDB

IT IS FURTHER ORDERED, that Defendant may be held in contempt of Court

for the failure to comply with this Order, and may be ordered to appear before this Court

and show cause why he should not be held in contempt of this Court and subject to

penalty of this Court.

This Court shall retain jurisdiction to enforce the provisions of this order.

District Court Judge
JOHN M. CHMURA

Ex M p 2

# RENTAL AGREEMENT

THIS IS A LEGALLY BINDING CONTRACT.
IF NOT UNDERSTOOD, CONSULT AN ATTORNEY.

The Tenant(s) known as _Elizabeth Nelson_ hereby agrees to rent the dwelling located at _7568 Hudson Ave James Warren MI 48091_
The premises are to be occupied by the above named tenants only. Tenant may not sublet premises.

TERM The term shall commence on _8-1-18_ at _600_ per month payable on the 1st of each month in full.

LATE FEES In the event rent is not paid by the ___ (5th) day after due date, Tenant agrees to pay a late charge of $_10 zero_.

UTILITIES Tenant shall be responsible for the payment of the following utilities: water, electric, gas, heating fuel, Telephone.

APPLIANCES Appliances provided in this rental are ___ dishwasher, ___ range ___ for ___
Repairs will be made by said Tenants if damage is due to negligence of Tenants.

SECURITY Amount of security deposit is $_NA_. Security shall be held by Landlord until the time said Tenants have vacated the premises and Landlord has inspected it for damages. Tenant shall not have the right to apply Security Deposit in payment of any rent. Security deposits must be mixed proportionately with rent increases.

INSURANCE Tenant is responsible for liability/fire insurance coverage on premises. Tenant agrees to obtain a "Renter's Insurance" policy and provide Owner or agent with a copy of policy within seven (7) days of lease execution.

NOTICES Should tenant decide to vacate the premises _10_ day written notice to the landlord is required. Should landlord decide to have tenants vacated, a _10_ day written notice is required. Tenant agrees to allow premises to be shown at any and all reasonable times for re-rental.

REAL ESTATE COMMISSION (if applicable) In the event a commission rate earned by a real estate broker, Tenant shall at time procuration of the premises and in all then due hereunder paid in full as agreed. Commission is payable when this lease is signed by the Tenant(s). It is solely the leasing fee rental for the Tenant and is not refundable under any circumstances regardless of any dispute or conditions between the Landlord and Tenant before or after occupancy is taken.

ACKNOWLEDGMENT Tenants hereby acknowledge that they have read, understand and agree to all parts of this document, and have reached a copy.

| | AMOUNT RECEIVED | BALANCE DUE |
|---|---|---|
| RENT : | 600 | |
| SECURITY: | | |
| BROKER'S FEE: | | |

THE UNDERSIGNED TENANT(S) ACKNOWLEDGES RECEIPT OF A COPY HEREOF.

DATE : _8-10-2018_

OWNER/AGENT _St Anthony the Great Orthodox Monastery_

PHONE ___

TENANT _Elizabeth Nelson_

PHONE ___

Ex C    Ex 2

---

# RENTAL AGREEMENT

THIS IS A LEGALLY BINDING CONTRACT.
IF NOT UNDERSTOOD, CONSULT AN ATTORNEY.

The Tenant(s) known as _Albert Thrower_ hereby agrees to rent the dwelling located at ___
The premises are to be occupied by the above named tenants only. Tenant may not sublet premises.

TERM The term shall commence on _6-1-14_ at _100_ per month payable on the 1st of each month in full.

LATE FEES In the event rent is not paid by the ___ (5th) day after due date, Tenant agrees to pay a late charge of $___.

UTILITIES Tenant shall be responsible for the payment of the following utilities: water, electric, gas, heating fuel, Telephone.

APPLIANCES Appliances provided in this rental are stove, refrigerator, dishwasher, washing machine, dryer, ___ ___
Repairs will be made by said Tenants if damage is due to negligence of Tenants.

SECURITY Amount of security deposit is $___. Security shall be held by Landlord until the time said Tenants have vacated the premises and Landlord has inspected it for damages. Tenant shall not have the right to apply Security Deposit in payment of any rent. Security deposits must be mixed proportionately with rent increases.

INSURANCE Tenant is responsible for liability/fire insurance coverage on premises. Tenant agrees to obtain a "Renter's Insurance" policy and provide Owner or agent with a copy of policy within seven (7) days of lease execution.

NOTICES Should tenant decide to vacate the premises _10_ day written notice to the landlord is required. Should landlord decide to have tenants vacated, a _10_ day written notice is required. Tenant agrees to allow premises to be shown at any and all reasonable times for re-rental.

REAL ESTATE COMMISSION (if applicable) In the event a commission rate earned by a real estate broker, Tenant shall at time procuration of the premises and in all then due hereunder paid in full as agreed. Commission is payable when this lease is signed by the Tenant(s). It is solely the leasing fee rental for the Tenant and is not refundable under any circumstances regardless of any dispute or conditions between the Landlord and Tenant before or after occupancy is taken.

ACKNOWLEDGMENT Tenants hereby acknowledge that they have read, understand and agree to all parts of this document, and have reached a copy.

| | AMOUNT RECEIVED | BALANCE DUE |
|---|---|---|
| RENT : | 100 | |
| SECURITY: | | |
| BROKER'S FEE: | | |

+ Permanent Defier
* Albert Thrower living in ANY Available Apartment

THE UNDERSIGNED TENANT(S) ACKNOWLEDGES RECEIPT OF A COPY HEREOF.

DATE : _6-1-14_

OWNER/AGENT _the Great Monkey_

PHONE ___

TENANT _Albert Thrower_

PHONE ___

EX

Ex 3

# MENARDS

Store# 3399 CHST          08/01/21
45800 Market Place Blvd.
Chesterfield, MI 48051
FAX: (586) 464-2386
EMAIL: CHST@menards.com
Sold By: Online Sale
Purchase Date: 07/31/21
Location: AISLE 1 S BAY

**GUEST NAME - ADDRESS - PHONE**
Saint Anthony Monestary
1312 W 38th St
Cleveland, OH 44102
Ph#(216) 396-6626
EMAIL: stanthonymonestary@gmail.com
JOB DESC:

**CHST 70407**

GATE PASS COPY - PICKING TICKET
**PAGE 1 OF 1**

| QTY SOLD | DESCRIPTION | SKU NUMBER | UNIT PRICE | EXTENDED PRICE | QTY PICKED-UP | QTY NOT PICKED-UP |
|---|---|---|---|---|---|---|
| 1 EACH | 20" 2R1 PULSAR PUSH MOWERPTG11220SBM Vendor Part #: PTG11220SBM Color: Black/Gray Pulsar 20" 150cc Gas Push Lawn Mower | 270-3838 | 169.99 | 169.99 | 0 | 1 |

*Ex F*

SUB-TOTAL          169.99

If this is a partial pickup, please verify all quantities / items being signed for. Menards is not responsible for shortages after leaving the yard.

**THIS IS NOT A RECEIPT**

*Ex 4*

CONSOLIDATED DOCUMENT SOLUTIONS LLC - FRASER, MI 48026   (586) 435-1411

586-758-0600                                    HERTZ BROS.

# SERVICE TOWING, INC.

24 Hour Towing and Road Service
Heavy Duty Truck Towing

8006 RINKE                              WARREN, MICHIGAN 48091

Date _____

Name _____

Address _____

City _____

MFC-1                    Called by _____

MAKE OF CAR _____ INS. CO. _____
LICENSE NO. _____ STOCK NO. _____
TROUBLE _____ CLAIM NO. _____
VIN#

| TOWED FROM | | | TOW CHG. | |
|---|---|---|---|---|
| TOWED TO | | | SERVICE CHG. | |
| MILEAGE | | COLOR | LABOR CHG. | |
| | YES NO | | YES NO | STORAGE |
| KEYS | | CASSETTE | | PAID OUT |
| PLATES | | WHEELS | | DOLLEY USE |
| VIN GOOD | | SPARE | | STATE FEE |
| AM-FM | | WHEEL COVERS | | CITY FEE |
| CB | | | | |
| REMARKS | | | | |

| DRIVER | TRUCK NO. | YARD LOCATION | Total |
|---|---|---|---|
| P.O. | P.O. | | AUTHORIZED BY |

*Ex B p 2*          *Ex 5*

CONSOLIDATED DOCUMENT SOLUTIONS LLC • FRASER, MI 48026 • (586) 285-0100   4383000

332301

586-756-6600                                                   HERTZ BROS.

# SERVICE TOWING, INC.

**24 Hour Towing and Road Service**
**Heavy Duty Truck Towing**

6666 RINKE                                        WARREN, MICHIGAN 48091

Date _____

Name _____

Address _____

City _____

MFC-1                    Called by _____

MAKE OF CAR _____

LICENSE NO. _____      STOCK NO. _____

TROUBLE _____      CLAIM NO. _____

VIN _____

| | | TOW CHG. | |
|---|---|---|---|
| TOWED FROM | | SERVICE CHG. | |
| TOWED TO | | LABOR CHG. | |
| MILEAGE | COLOR | STORAGE | |
| | YES NO | YES NO | PAID OUT | |
| KEYS | X CASSETTE | DOLLEY USE | |
| PLATES | WHEELS | STATE FEE | |
| VIN GOOD | SPARE | CITY FEE | |
| AM-FM | WHEEL COVERS | | |
| CB | | | |
| REMARKS | | | |

| DRIVER | TRUCK NO. | YARD LOCATION | Total | |
|---|---|---|---|---|

| R.O. | P.O. | |
|---|---|---|
| | | AUTHORIZED BY |

*Ex 6*

MOTOR VEHICLE REPAIR REGISTRATION NO.
F 162849

## REGAL TIRE CO.
23600 VAN DYKE • WARREN, MI-
PHONE: (586) 757-6326 • FAX: (586)
www.regaltire.com

NOT RESPONSIBLE FOR LOSS BY FIRE, THEFT, OR ANY OTHER
CAUSE BEYOND OUR CONTROL. ALSO NOT RESPONSIBLE FOR
LOSS OF WHEEL COVERS AFTER VEHICLE LEAVES OUR PREMISES.

☐ LF Tire  ☐ RF Tire  ☐ High Speed Balance  ☐ Shock Absorbers
☐ LR Tire  ☐ RR Tire  ☐ Wheel Alignment  ☐ Exhaust System
☐ Wheels  ☐ Brakes

COOPER • GOODRICH • GOODYEAR • FIRESTONE • KELLY

| | |
|---|---|
| TOTAL PARTS | |
| SALES TAX | |
| TOTAL PARTS | |
| INCL. TAX | |

SHIMS ☐        LUG NUTS ☐
CHECK/ADJUST HIGH SPEED STATIC
AND/OR DYNAMIC WHEEL BALANCING ☐
FRONT WHEEL ALIGNMENT ☐
FLAT REPAIR ☐
ROTATION ☐
☐ DISMOUNT        ☐ REMOUNT ☐
☐                 TIRE DISPOSAL
☐ Customer wants old tires or parts back
☐ ESTIMATE ONLY - No Sale or Work Performed

**NO WARRANT**
**SOLD**
**"AS IS"**

TO

WARNING: REGAL TIRE HAS TIGHTENED ALL
OR WHEELS WE SERVICED. HOWEVER, IT IS
SHOWN THAT THEY MAY BECOME LOOSE AFTER
FOR YOUR SAFETY, YOU SHOULD RE-TIGH
NUTS AFTER DRIVING 25-50 MILES.

X _____

I HEREBY AUTHORIZE THE ABOVE REPAIR WORK TO BE
NECESSARY MATERIAL AND GRANT PERMISSION TO OPER
FOR PURPOSE OF TESTING AND INSPECTION. A MECHA
LIEN IS ACKNOWLEDGED TO SECURE THE AMOUNT OF RE

Thank You for Sh

NO GOODS HELD AFTER 60 DAYS • NO REFUNDS ON LABOR • NO REFUND OR FEE OF ESTABLISHMENT AFTER 60 DAYS • NO REFUNDS OR SPECIAL

| INSPECTION SCHEDULE | DATE | DATE | DATE | DATE | DATE | DATE |
|---|---|---|---|---|---|---|
| | MILEAGE | MILEAGE | MILEAGE | MILEAGE | MILEAGE | MILEAGE |

*Ex 7*

regarding the legal claims at issue in this lawsuit. You also will not be bound by the Orders the Court issues and Judgments the Court makes in this lawsuit.

**13. How do I opt out of the Class?**
If you want to opt out of the Class, you must send a written "Request to Opt Out", which references the case name, *"WILDELL, LLC, et. al v City of Warren "* to all of the following addresses:

| Mark K. Wisnery, | John Gillooly |
|---|---|
| Mark K. Wisnery, P.C. | Garan Lucow Miller, P.C. |
| 2401 W Big Beaver Rd | 1155 Brewery Park Blvd |
| Ste 500 | Ste 200 |
| Troy, MI 48084 | Detroit, MI 48207 |
| | (248) 649-2917 |

If you wish to opt out of the Class, your Request to Opt Out must be postmarked by February 26, 2018.

**14. What happens if I do not do anything?**
By doing nothing, you are choosing to stay in the Class. You don't have to do anything now if you want to stay in the Class. If you stay in the Class and the Class Representatives obtain money or benefits, either as a result of a trial or a settlement, you will be notified about how to apply for a share. Regardless of whether the Plaintiff wins or loses the trial, if you do not opt out of the Class, you will not be able to sue, or continue to sue Defendant as part of any other lawsuit for the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and Judgments the Court makes in this lawsuit.

**15. Where do I get more information?**
This Notice contains a summary of relevant court papers. Complete copies of public pleadings, Court rulings and other filings are available for review and copying at the Clerk's office. The address is 231 W. Lafayette, Detroit, MI 48226.

Additional information regarding lawsuit may be found online at www.aaroncoxlaw.com.

*Please do not contact the Court or Judge Drain. They cannot answer any questions or discuss this action.*

DATED: November 27, 2017

BY ORDER OF THE UNITED STATE DISTRICT COURT—EASTERN DISTRICT OF MICHIGAN

**THE LAWYERS REPRESENTING YOU**

**15. As a Class Member, do I have a lawyer representing my interests in this Class Action?**
Yes. The Court has appointed lawyers to represent you and other Class Members. These lawyers are called Class Counsel. The following lawyers are representing the Class:

| Mark K. Wisnery | Aaron Cox |
|---|---|
| Mark K. Wisnery, P.C. | The Law Offices of Aaron D Cox, PLLC |
| 2401 W. Big Beaver Rd | 23380 Goddard Rd |
| Ste 500 | Taylor, MI 48180 |
| Troy, MI 48084 | (734) 287-3664 |

**16. How will the lawyers be compensated, and will the Class Representatives receive anything else?**
If recovery is obtained for the Class, Class Counsel will request from the Court an award for attorneys' fees and expenses. Class Counsel may also ask the Court to approve a reasonable incentive award for the Class Representatives. If approved, these fees and expenses and incentive awards will either be paid from the recovery obtained for the Class or separately by Defendant.

**17. Should I get my own lawyer?**
You do not need to hire your own lawyer because Class Counsel is working for you. However, you are welcome to hire your own lawyer at your own expense. If you hire a lawyer to speak for you or to appear in Court, your lawyer must file a Notice of Appearance with the Court.

FWD

WARREN, MI 48089-5525
8075 PACKARD AVE
THE GREAT R ST. ANTHONY
12996578
S/7 1089.......AUTO..SCH 5-DIGIT 48089



PRSRT FIRST CLASS
US Postage
PAID
Kalamazoo, MI
Permit No.297

12996578

NELA v City of Warren
PO Box 6009
Hillsdale, NY 11802-6009
Class-settlement.com

Ex 12

# ND FRONT PAGE

eeklg · 🐦 @candgnews ————————————————

July 14, 2020 · 3A
WARREN WEEKLY

## Warren tracks down 'bad landlord'

BY BRIAN LOUWERS
brianlouwers@candgnews.com

WARREN — A "bad landlord" with dozens of outstanding tickets for blight at several properties was reportedly arrested by Warren police on July 8 after a "24-hour stakeout" at a rental home on Hudson Avenue, west of Van Dyke Avenue.

"This chronic out-of-state landlord is a resident of Cleveland, Ohio," Warren Mayor Jim Fouts said.

Announcing the arrest on Facebook, Fouts added, "His homes are despicable and clearly blighted."

According to the mayor, the man had 69 outstanding tickets related to allegedly blighted homes over the last three years. Violations of the International Property Maintenance Code were also cited.

Fouts said Public Service Director Gus Ghanam, Warren Property Maintenance Division Supervisor Bob Scott and Building Department Director Jim Cummins were also involved in the investigation.

A source said the effort to apprehend the landlord began on July 7 and culminated with his arrest at a city tow yard, where his vehicles had been taken.

Fouts said the city currently has a list of seven or more "chronic landlords" facing similar violations. The mayor said fighting blight and holding rental property owners accountable were among the pledges he made during his State of the City remarks last month.

The man was not identified ahead of his expected arraignment in the 37th District Court on July 8, after the *Warren Weekly* went to press.

Look for more on this developing story on Facebook @WarrenWeekly. Follow Staff Writer Brian Louwers on Twitter @warrenreporter.

Ex 13

**MICHIGAN MEDICINE**
UNIVERSITY OF MICHIGAN

HEALTH INFORMATION MANAGEMENT
3621 S. State Street
Ann Arbor, Michigan 48108

~BNSLP 480 Tray 1 : Piece 93
93 1 SP 0.610
Elizabeth L Nelson
7958 Hudson Ave
Warren MI 48091-5912

48091985912 CO13

EX 14

# WARREN WEEKLY

## WOMEN IN BUSINESS
### STARTS ON 14

MAY 12, 2021
Vol. 41 No. 19

# Fire pit ordinance stands in Warren

BY BRIAN LOUWERS

brianlouwers@candgnews.com

WARREN — An ordinance permitting the "reasonable" outdoor burning of dry, seasoned wood in approved containers on residential properties that pissed Warren Mayor Jim Fouts against a united City Council will stand as approved in April.

On April 27, council members voted unanimously to override a veto by Fouts of action they took earlier in the month to approve the ordinance. The vote came with Councilman Eddie Kabacinski absent from the meeting. The 7-0 approval vote was also unanimous.

Fouts cited a list of concerns as reasons for the veto, including irritation for residents suffering from asthma, bronchitis and other respiratory or heart ailments. He said enforcement of the ordinance would end up "pitting neighbor against neighbor," and that was bad for the environment.

Council Secretary Mindy Moore, however, said again that the ordinance was crafted in consultation with the International Fire Code, and with the support of the Warren Fire Department.

"The fire pit ordinance does allow the Fire Department to extinguish a

See FIRE PITS on page 22A

---

## Fire pits

from page 1A

fire if it's causing a nuisance to the neighbors," Moore said.

Councilman Garry Watts voted for the ordinance last month because he said it was clear it was what a majority of Warren residents wanted, even though he had opposed the idea in the past. He said he'd like to see a permit required to ensure a backyard fire pit meets the conditions specified in the ordinance.

As it stands, containers are required to be store-bought or support modifications to include a lid and constructed to include a lid and ensure that keep any wood enclosed. Again, only the burning of dry and seasoned firewood is permitted under the ordinance. The burning of garbage or building material is prohibited.

Councilwoman Angela Rogensues she'd received calls and messages from residents about the mayor's veto and that while she would vote to override it, she en-

couraged residents to contact her with any issues. She also said she'd support further modifications to the ordinance based on feedback received by council members.

"I've stated previously I don't agree with the ordinance allowing fires until 1 a.m. I think that's excessive. However, I am supportive of this overall ordinance." Rogen-

sues said.

Councilman Jonathan Lafferty said the mayor's statements about the ordinance contributing to increased "greenhouse gas" and "climate change" were nothing more than "scare tactics."

In a Facebook post on April 26, Fouts also said fire pits were "cleaned as long as there were no

major problems," even before the new ordinance governing them was passed. Lafferty took exception to that statement.

"Mr. Mayor, lawlessness is not an excuse, and the council is right," Lafferty said.

Call Staff Writer Brian Louwers at (586) 498-1089.

Ex 15    Ex E

# Expenses

| | |
|---|---|
| Cost Filing | 402 |
| Tow fees | 330 |
| | 375 |
| Glasses — | 100 |
| Fix—— | 50 |
| Tires | 75 |
| Mower | 170 |
| Gas | 10 |
| En | 100 |
| Grill | 75 |
| Postage | Brief (2) 45 |
| Court overnight | 25 |
| Priority | 8 |
| Print / tonda | 850 |
| | |
| Mower Fee | 2600 |
| Xtra Ticket (1000)? | |
| Paper | 15 |

EX 10

Case 2:23-cv-11597-BRM-CI ECF No. 67, PageID.756 Filed 07/15/24 Page 38 of 69
Case 2:23-cv-11597-BRM-CI ECF No. 40, PageID.456 Filed 11/30/23 Page 53 of 100
Case 2:22-cv-10918-MFL-APP ECF No. 39, PageID.467 Filed 09/26/22 Page 61 of 100

**DRIVER LICENSE**
**NOT FOR FEDERAL IDENTIFICATION**

DOB **12-10-1967**     ISS
EXP **12-10-2024**

ELIZABETH LUISE NELSON
7590 HUDSON AVE
WARREN, MI 48091-5912

Sex **F**           Hgt **502**        Eyes **GRN**
Lic Type **O**      End **NONE**
        Restrictions **NONE**

DD: 8804075767162

Ex A    Ex 17







Ex 18

Ex P



Ex O   Ex 19





**Marijuana Odor**

If your neighbor is growing marijuana and the smell is on the outside, contact us to make sure they have the proper permits.
Call: (586) 574-4504.

MAYOR FOUTS WARNS everyone to follow Centers for Disease Control (CDC) guidelines during the COVID-19 pandemic.
- Released a Public Service Announcement (PSA) and will continue to release to remind the public on the COVID-19.

In COVID-19:
- Dispatchers have been educated on COVID-19 risk assessment so that they can alert first responders of potential risk or may call on a shift they are out.
- All city bldgs. deploy educational materials from the CDC.
- All city bldgs. all fixtures have sanitizing stations at each entrance and at each Department entrance.
- But the shortage with hand hospitals. (Personnel and St. John Ascension)
- Will be working with local schools to distribute these supplies to look for work status and shall follow safety guidelines.
- Masks and gloves available for residents visiting city hall and employees.

**New Hiring**
City of Warren Parks & Recreation Department is hiring for Lifeguards. Please go to the following website
www.cityofwarren.org

**Sanitation Hiring**
The Sanitation Department is now hiring Temporary Laborers. Please go to the following website:
www.cityofwarren.org

**Computers For Sale**
Twenty-seven Dell OptiPlex 7020 with Windows 7, 4 GB with CD/DVD Drive. Mouse and keyboard included. 15" monitors sold separately. For information, call 586-574-4464.

March 2020

**CENSUS 2020 – "COUNT ME IN WARREN" STARTING IN MARCH**
- The Census form is 10 questions, takes 10 minutes, and determines Warren's population for the next 10 years.
- Census information is CONFIDENTIAL. Federal law prohibits sharing personal Census data with anyone.
- Once the invitation arrives, you should respond for your home in one of three ways: Online, by phone, or by mail.
- For every Warren household that does not fill out the census, the City loses up to and over $3,000 each year over next 10 years.
- The Census determines federal funding for programs in Warren for things like new roads, schools, internal clinics, hospitals, fire departments, etc.
- For more information about Census jobs, volunteering and other resources, please visit: https://www.cityofwarren.org/census-in-warren/

**Low Cost Vaccination Clinic April 18**
Sponsored by the Macomb County Animal Control Commission
Sunday, April 18 – 9 am – 3 pm – Location: Warren DPW – 12801 Stephens
(Corner: Hoover and Schoenherr)
(Rabies, CASH ONLY)
- All pets MUST be on a leash or in a carrier.
- Includes Rabies (1 or 3 yr), Distemper, etc.
- 3 year rabies requires previous certificate ... or call 586-275-5181
- Individual vaccines ... or call 586-275-5181

The Job Fair will be held at South Campus, Sports and Expo Center from 4-7 p.m. Call 586-445-7321.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY HAMAN,

    Plaintiff,

v.               Case No. 11-13597
               Honorable David M. Lawson

WILLIAM DWYER, JERE GREEN,
WARREN POLICE DEPARTMENT, CITY
OF WARREN, ROSS, PRIEST, PYLAK, and
SULLIVAN,

    Defendants.

## JUDGMENT

On February 16, 2012, the defendants filed an offer of judgment in the amount of $5,000.00 pursuant to Federal Rule of Civil Procedure 68. On February 24, 2012, the plaintiff filed an acceptance of the defendants' offer. Pursuant to Rule 68,

It is hereby ORDERED AND ADJUDGED that the plaintiff shall recover from the defendants, jointly and severally, in the amount of $5,000.00, inclusive of costs and attorney's fees.

Dated: February 27, 2012

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2012.

s/DEBORAH R. TOFIL

Ex 22

Ex CC

*Ex 24 - P3*

*Ex H P3*

*Ex 24*

*Ex H P2*

# MAYOR FOUTS KEEPS PROMISES, SLUMLORD ARRESTED AND IN JAIL

At my State of the City reception on June 24th, I promised residents that we would be getting tough on several bad Warren landlords and that would include jail time. I am pleased to announce that after a 24-hour stakeout at a rental home, we apprehended a bad landlord who had at least 69 outstanding tickets for blighted homes over the past three years.

Albert Thrower, a resident of Cleveland, Ohio and a one-time millionaire, owns four homes in the city of Warren that are all in disrepair. Mr. Thrower also had violations of the International Property Maintenance Code and a failure to apply for city certifications.

Mr. Thrower was hiding in the basement of one of his illegally occupied homes before he was apprehended. This arrest demonstrates loud and

This is not the first time that Mr. Thrower has been on the wrong side of the law. Mr. Thrower has been convicted of fraud, mail conspiracy, and mail fraud among other things.

I am very proud of the great work of our property maintenance employees and police officers. We have a list of at least seven more chronic landlords that are facing the same charges and jail time.

Sincerely,

Mayor James R. Fouts
City of Warren
One City Square- Suite 215
Warren, MI 48093-5725
586-574-4520
mayor@cityofwarren.org
www.cityofwarren.org

### AFFIDAVIT OF PLAINTIFF ELIZABETH NELSON

Now comes the affiant under the penalty of perjury per 28 USC Section 1746 and avers:

1) Everything is true in the complaint and amended complaints and motion for summary judgment same as if rewritten herein

2) All exhibits are copies of originals

3) Affiant was in Ohio when notified cars missing, "self isolating" since she is deemed "at risk" for COVID 19

4) Doctor @ Eastern Michigan told affiant "do not come to Michigan because everything is going crazy because of COVID 19

5) Affiant contacted ALBERT THROWER who was "self isolating being treated for prostate cancer at METROHEALTH CLEVELAND OHIO, to drive her to WARREN MICHIGAN to retrieve her vehicles

6) Affiant was terrified to travel to Michigan and have to interact with people while the COVID 19 was raging.

✓ 7) On 7/5/21, affiant took an ambulance to ASCENSION HOSPITAL 12 Mile & Hoover and was admitted for an infection.

✓ 8) Affiant pulled her 2008 Honda Civic behind house at 7568 Hudson Ave Warren Mi.

9) Honda was operable

✓ 10) Affiant was informed by ALBERT THROWER-LANDLORD THAT Warren Police, SERVICE TOWING INC., ROBERT SCOTT, JAMES CUMMINS, AND OTHERS HAD TOWED HER CAR.

✓ 11) Upon obtaining release of her car affiant notice that paint was missing where SERVICE TOWING INC., had towed her car from the rear

✓ 12) When towing her car, Warren Building Inspector and Robert Scott took her mower, WEBER grill, which pursuant to CITY COUNCIL ORDANCE 4/28/21 she was allowed to have.    Affiant never received grill back and mower was broken when retrieved from Service Towing Inc., since thrown upside down in landlords 2011 Silverado which was towed at the same time.

13) Affiant needs DISCOVERY to same defendants that towed affiants cars 5/1/20 for liability, interrogatories, compensation & authenticate "chain of evidence" matters

Pursuant to Title 28 USC Section 1746 the affiant avers under the penalty of perjury that everything is true

5/18/2020
Eliz......Ne....
∫11-25-23

Affiant Elizabeth Nelson

Exit

Ex # 61

Ex # 25

### AFFIDAVIT OF PLAINTIFF ELIZABETH NELSON

Now comes the affiant under 28 USC Section 1746 "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that"

Everything is true in the complaint and amended complaints and motion for summary judgment same as if rewritten herein

1) All exhibits are copies of originals and all facts are true in the complaint same as if rewritten herein

2) Affiant was in Cleveland Ohio when notified cars missing, "self-isolating" since she is deemed "at risk" for COVID 19

3) 4/25/20 Doctor @ Eastern Michigan told affiant "Do not come to Michigan because everything is going crazy because of COVID 19.

4) Affiant contacted ALBERT THROWER 5/3/20 who was "self-isolating" being treated for prostate cancer METROHEALTH CLEVELAND Ohio, to drive her to WARREN MICHIGAN to retrieve her  4 vehicles

5) Affiant was terrified to travel to Michigan and have to interact with people while the COVID 19 was raging.

6) On 7/5/21, affiant took an ambulance to MACOMB ASCENSION HOSPITAL 12 Mile & Hoover and was admitted for an infection.

7) Affiant pulled her 2008 Honda Civic behind house at 7568 Hudson Ave Warren Mi.

8) Honda was operable 7/7/21 as it was driven away from (S) SERVICE TOWING INC. see Ex I pic @ SPEEDWAY GAS STATION MOUND AFTER TOWING RELEASE

9) Affiant was informed by ALBERT THROWER-LANDLORD THAT Warren Police, SERVICE TOWING INC., ROBERT SCOTT, JAMES CUMMINS, AND OTHERS were in the process of towing her car having a view from the basement 7/7/21

10) Upon obtaining release of her car affiant notice that paint was missing Ex I where SERVICE TOWING INC., had towed her car from the rear of auto as ALBERT THROWER Ex L Affidavit heard (D) Service Towing Inc. state they had to tow (P) vehicle as same was parked behind house

11) When towing her car,  defendants Warren Building Inspector JAMES CUMMINS, GHANAM, GAUSS, Robert Scott took her mower, WEBER grill, which pursuant to CITY COUNCIL ORDANCE 4/28/21 see Exh DD WARREN WEEKLY MAY 12, 2021. "Fire pit ordinance stands in Warren" she was allowed to have.    Affiant never received WEBER grill back and affiant mower was broken when retrieved from Service Towing Inc., since thrown upside down in landlords 2011 Silverado which was towed at the same time. See Ex   affiant purchased new mower from Menards

12) Plaintiffs 2008 HONDA was marked "blight" on the windshield by the defendants

13) Affiant was never served with any infraction as to her 2008 Honda, WEBER GRILL, and lawn mower when same taken 7/7/21.

14) (P) had an agreement w landlord A THROWER mow lawn @ 7568 Hudson Ave., and defendants took her mower. Mower was later observed upside down in landlord

EX K

Ex 25
P 2

# AFFIDAVIT OF ALBERT THROWER

Now comes the affiant ALBERT THROWER per 28 USC Section 1746 "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that .:

1) Affiant is the manager of the property located at 7568 Hudson Ave Warren MI 48091 and the adjacent lot 7560 Hudson Ave Warren MI 48090

2) Affiant rented an apartment to Elizabeth Nelson @ 7568 Hudson Ave 2018 Lease C with the understanding that the adjacent lot was part of the rental lease for her use. It was approved that she could park numerous vehicles on the property.

3) Affiant was being treated 5 days a week for prostate cancer at METRO/HEALTH CLEVELAND OHIO and "self-isolating" due to Covid 19 -5/1/20 being at risk for COVID19

4) Affiant on 5/3/20 was contacted by ELIZABETH NELSON to assist her in obtaining return of vehicles. (Saturday)

5) Affiant called Warren Police who informed affiant that cars were towed by (D) Service Towing Inc., Able towing LLC on Ridge Ave Warren MI

6) Affiant and Mrs. Nelson traveled to Warren Michigan to obtain release of vehicles 5/3/20

7) Ex F7 Ohio Temple receipt

8) Affiant talked to renter KIM ELIZABETH BRANSON, 2nd Ft tenant whose eviction was placed on hold because of COVID 19.

9) Branson told AFFIANT that Warren Police, Warren Inspectors were out at the property 5/1/20 and towed the 4 vehicles. She said she was told to "go inside and said her own business"

9) Affiant when obtaining release of 4 vehicles had to enter a 4 x 4 area at SERVICE TOWING INC. and although there was a sign on the door "1 person at a time" this was not being enforced.

10) On 7/7/21 affiant came to WARREN MICHIGAN to mow grass and install a concrete driveway.

11) Warren Property & Maintenance Supervisor ROBERT SCOTT came to 7568 Hudson Ave and was screaming "I want all vehicles towed". Service Towing Inc. employee said "I can't get the Honda because it behind the house parked at an angle. If I tow HONDA, it will damage it. Robert Scott was observed through the basement window and known to affiant, screamed "I don't care, I want the Honda towed too"

"Tow employees said that HONDA CANNOT BE TOWED WITHOUT DAMAGING IT BECAUSE IT IS AT AN ANGLE BEHIND THE HOUSE (7568 HUDSON AVE). (D)

ROBERT SCOTT screamed, 'I DON'T CARE !

## WANT THAT CAR TOWED", which it was then towed.

12) Affiant observed HONDA when released from towed yard and back bumper was damaged as is evidenced by Ex I Summary Judgement-pic of rear of Honda

13) 2008 Honda was "operable" and driven off tow yard

Ex 24
P 1

---

15) THROWER vehicle when 2011 Silverado also towed was released from (D) SERVICE TOWING INC.

16) Silverado would not start-in spite of working before, and had to be supposed @ GLS Scrap yard, Eliveson Ave Warren MI- see Pic O of owner @ GLS scrap yard

17) Affiant purchased a new mower @ MENARDS 211 Mfr, receipt attached hereto as Ex B5

18) Affiant swears that she was in MACOMB ASCENSION HOSPITAL 7/7/21 when 2nd towing also place. Landlord Thrower called Affiant from basement (as submitted to by (D) Scott, (D) Mayor Fouts Ex L and (P) affiant heard screaming "I WANT THAT HONDA TOWED"!

19) All responses are correct as answered to this motion

20) Affiant was notified of (D)s' and that her 4 cars would be towed again 5/1/20 and had to transport cars to CLEVELAND OHIO where they would be safe housing equipment.

21) If (O)s) had not towed cars, affiant would not have transported 4 cars to OHIO.

22) 5/1/20 1st two cars behind duplex Ex D pic -The other 2 cars- 2012 MAZDA 5 Grand Touring, 2009 Silverado were to the right of the pictured cars behind the security fence

Ex N before towed 5/1/20.

23) Albert 7/30/21 affiant went with landlord Thrower to Warren Police substation Van Dyke to make a police report on the falsified citations 7729 Hudson Ave

24) Pursuant to Title 28 USC Section 1746"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the affiant swears under the penalty of perjury that everything is true

9/26/2022

Affiant Elizabeth Nelson

11-25-23

Ex 25
P 3

Ex K p 2

EX K

Ex Q P1    Ex 27

## AGREEMENT

This Agreement (the "Agreement") is made the 10th day of April, 2017, between the City of Warren (the "City") and Matthew Nichols (the "Deputy Commissioner", or "Employee"),

WHEREAS, the City hereby desires to employ the services of Matthew Nichols as in Deputy Police Commissioner;

WHEREAS, the parties acknowledge that this position is filled by appointment of the Mayor, and the Deputy Commissioner serves at the pleasure of the Mayor;

WHEREAS, the Employee hereby accepts such employment in accordance with the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the parties intending to be legally bound, do hereby represent, warrant, covenant and agree as follows:

1.   Term.  The Deputy Police Commissioner is appointed by the Mayor of the City of Warren and the chief serves at the pleasure of the Mayor. By serving "at the pleasure of" the Mayor, either party may terminate this Agreement at any time, with or without cause, and for any reason or no reason at all. The term and conditions of this position, including wages, and all other benefits and terms and conditions of this employment relationship, are subject to the sole discretion of the Employer. Nothing in this Agreement shall be deemed to establish for any reason an amount of or a term of employment, and the Employee shall have the right to resign, if he so chooses, in his former position.

2.   Duties of Deputy Police Commissioner.  The Deputy Police Commissioner reports directly to both the Mayor and Police Commissioner and the Police Commissioner.

3.   Salary.  The Deputy Police Commissioner's annual salary shall be in the amount approved by Warren City Council consistent with such fiscal year, currently $119,477.00 in the 2016-2017 budget. The tax present (10%) per differential between this position and Captain shall be incorporated.

4.   Fringe Benefits.  The Deputy Commissioner shall continue to accrue all things benefits as all other members of the Warren Police Commander Officers Association, hereby incorporated by reference. Provided, however the Police relationship that shall be in as such a detail and receive payment on leave accrued in the amount of forty (40) hours. In the event the Deputy Commissioner Officers shall retire, he will receive all such guidelines and accrual as the provisions expired to redirect future shortages, except where otherwise provided this the Agreement.

5.   Other. In the event the Mayor terminates the Deputy Commissioner for ordinary reason under circumstances that could cause an electrical other opportunity to return as a Lieutenant, the Deputy Commissioner has the right to return to WPOA exclusive bargaining agreement, for the purpose of bargaining.

---

✓14) Affidavit was never in court on 7/7/21 under oaten, indeed per article it says "he was arrested the next day at the your" 7/8/21

15) Elizabeth Nelson went to the hospital with an infection

16) 2008 HONDA belongs to ELIZABETH NELSON.

17) Affidavit talked to residence at 7528 Hudson Ave Warren MI 48091, the address defendants falsified on tow paperwork, and they know -0- about cars being taken, their front yard 115 ft from curb and having numerous vehicles on their property

18) On or about 7/30/21 (F) NELSON/affidavit attempted to make a police report with WARREN POLICE DEPT.  concerning DOB CITY OF WARREN MI police, defendants where the 4 vehicles were towed from.  DOB CITY OF WARREN MI police, defendants Commander CAPTAIN WILLIAM HERCHANG, WILLIAM DWYER refused to file the Complaint.  During the Course of the attempt to file a police report the DOB WARREN POLICE officers run Case Number 20-19750 on B (DOC 1 ORIGINAL COMPLAINT PETITION FOR HEARING ON ABANDONED VEHICLE and said same was COMPLAINT NUMBER FOR WARREN POLICE DEPT

19) 5/1/20 1st two cars behind gate Ex D plu -the 2 cars- 2012 MAZDA 3 Grand Touring, 2009 Silverado were to the right of the pictured cars behind the security fence

Ex N before towed 5/1/20.

Pursuant to Title 28 USC Section 1746"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the affiant sworn under the penalty of perjury that everything is true

9/26/2022

Albert-Romeo affiant [signature]

11-25-23

Ex 26
P2

Photos

Street View



Ex 29  p 1

Case 2:23-cv-11597-BRM-CI   ECF No. 67, PageID.765   Filed 07/15/24   Page 47 of 69
Case 2:23-cv-11597-BRM-CI   ECF No. 40, PageID.485   Filed 11/30/23   Page 82 of 100
Case 2:22-cv-10918-MFL-APP   ECF No. 39, PageID.491   Filed 09/26/22   Page 85 of 100





Photos

Street View

Gate

Gate



Ex 29  p 1



Gate

EX 32 p²



---

Case 2:22-cv-10918-MFL-APP   ECF No. 79-3, PageID.1303   Filed 08/18/23   Page 2 of 3

**LARA** Corporations Online Filing System

ID Number: 802328046

Summary for: SAINT ANTHONY THE GREAT ORTHODOX MONASTERY

The name of the DOMESTIC NONPROFIT CORPORATION: SAINT ANTHONY THE GREAT ORTHODOX MONASTERY

Entity type: DOMESTIC NONPROFIT CORPORATION
Identification Number: 802328046

Date of Incorporation in Michigan: 02/26/2019

Purpose: Other

Date of Dissolution 11/01/2022                    Term: Perpetual

Most Recent Annual Report                Most Recent Annual Report with Officers & Directors

The name and address of the Resident Agent:
Resident Agent Name:   ALBERT THROWER
Street Address:        7200 HUDSON AVE
Apt/Suite/Other:
City:
Registered Office Mailing address:
P.O. Box or Street Address:

Act Formed Under:  162-1982 Nonprofit Corporation Act
Acts Subject To:   162-1982 Nonprofit Corporation Act

Total Authorized Shares: 100

Written Consent

View filings for this business entity:
ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
ARTICLES OF INCORPORATION
ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION

View filings

*Ex 34*

---

**Detroit Free Press**

MACOMB

# 'This video is sickening,' attorney says of Detroit teen punched, kicked by Warren police

Christina Hall
Detroit Free Press

Published 5:46 p.m. ET Oct. 12, 2022 | Updated 8:29 p.m. ET Oct. 12, 2022

Tyler Wade's attorney said his teenage client was repeatedly punched, kicked and stomped by Warren police officers in a vicious attack after a chase in June that began in Warren and ended in Ferndale.

And attorney James King said it's all on police body camera footage that he released Wednesday, one day after he filed a federal lawsuit on behalf of the Detroit teen. A civilian also recorded the incident.

*Ex 35*





EX 36 p1



Ex 36 p2



Ex 36 p3



Ex 36
p4



Ex 36 p 5



Ex 36 p6



REAR                    Ex 36 p 7

Case 2:23-cv-11597-BRM-CI   ECF No. 67, PageID.776   Filed 07/15/24   Page 58 of 69
Case 2:23-cv-11597-BRM-CI   ECF No. 57, PageID.644   Filed 06/12/24   Page 37 of 41
Case 2:23-cv-11597-NGE-CI   ECF No. 35-12, PageID.373   Filed 10/23/23   Page 2 of 4

CITY OF WARREN CITATION

| THE UNDERSIGNED SAYS THAT ON: | Month 07 | Day 07 | Year 21 | At Approx am / PM 10:24 | DOW | Month | Day | Year |

| State | Driver License / State Identification Number | | Employer |

| Race | Sex | Height | Weight | Hair | Eyes | Occupation |

| Vehicle Plate Number | | State | Vehicle Description (Year Make Color) |

Name (Company or Individual)

**ALBERT THROWER**

Street

**7568 - Hudson**

City **WRN**   State **MI**   Zip Code **48089**

In violation of local ordinance(s) within the City of Warren Municipal

At or near **7568   Hudson**
(address/location of the violation)

This person named above did the following:

| Type | Ordinance No | Code No | Description | Charge No. | Repeat offender status |
|------|------|------|------|------|------|
| Blight | 302.4 | 9 39 | TALL GRASS WEEDS | 1 | |
| Blight | 3081 | 39 | JUNK ON PROPERTY | 2 | |
| Blight | 4.06 | 39 | PARKING ON GRASS | 3 | |

X I personally observed the blight violation

After investigation, I have reasonable cause to believe that the person named above is responsible for the blight violation.
If the second box is checked, City Attorney's Office approval is required.

| City Attorney or Assistant City Attorney (Signature) | Month | Day | Year |

Remarks _____

I served a copy of the citation on the person named above by:
☐ Personal Service
☐ First Class Mail
X Posting on property   **7568 Hudson**
(address/location)

SEE THE BACK OF THIS TICKET FOR FURTHER INSTRUCTIONS.
I declare under penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

| Authorized local officer and badge number (Printed) **32** | DPW1 | Month 7 | Day 7 | Year 21 |
| Authorized local officer (Signature) | ☐ Police Department  ☐ Building Department  ☐ Zoning  ☐ Other |

**COURT COPY**

Y 028064

Ex 37 pg 1





Ex 36
P 9

**CITY OF WARREN CITATION**  Ticket No. Y 028065

| THE UNDERSIGNED SAYS THAT ON | Month 07 | Day 07 | Year 4 | At Appear ☐ AM ☐ PM 1154 | DOB | Month | Day | Year |
| State | | Driver License / State Identification Number | | | Employer | | | |

| Race | Sex | Height | Weight | Hair | Eyes | Occupation |
| Vehicle Plate Number | | | | State | Vehicle Description (Year, Make, Color) |

Name (Company or Individual)  ALBERT THRUWER

Street  7568 Hudson

City  WAN  State  MI  Zip Code  48089

In violation of local ordinance(s), within the City of Warren Michigan

At or near  7568 Hudson
(Address/location of the violation)

The person named above did the following

| Type | Ordinance No. | Code No. | Description | Charge No. | Repeat offender status |
|------|---------------|----------|-------------|------------|------------------------|
| Blight ☐ | 301.3 | | UNSAFE STRUCTURE FOR HUMAN HABITATION | 1 | 1st ☐ 2nd ☐ 3rd ☐ |
| Blight ☐ | 22.11a | | OCCUPYING W/O CITY CERTS | 2 | 1st ☐ 2nd ☐ 3rd ☐ |
| Blight ☐ | 28.20b | | FAIL TO OBTAIN CITY CERTS | 3 | 1st ☐ 2nd ☐ 3rd ☐ |

☐ I personally observed the blight violation
☒ After investigation, I have reasonable cause to believe that the person named above is responsible for the blight violation
If the second box is checked, City Attorney's Office approval is required

| City Attorney or Assistant City Attorney (Signature) | Month | Day | Year |

Remarks _____

I served a copy of the citation on the person named above by:
☒ Personal Service
☐ First Class Mail
☒ Posting on property  7568 Hudson
(address/location)

**SEE THE BACK OF THIS TICKET FOR FURTHER INSTRUCTIONS.**
I declare under penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

| Authorized local official's badge number (Printed)  32 | Agency DPM | Month 07 | Day 07 | Year 21 |
| Authorized local official (Signature) | ☐ Police Department  ☒ Property Maintenance  ☐ Fire Division | ☐ Zoning  ☐ Other |

**COURT COPY**

Y 028065

Ex 37 pg 2

**CITY OF WARREN CITATION**

| THE UNDERSIGNED SAYS THAT ON: | Month | Day | Year | At Approx. ☐AM ☐PM | DOB | Month | Day | Year |
|---|---|---|---|---|---|---|---|---|
| | 7 | 7 | 21 | 12:00 | | | | |

| State | Driver License / State Identification Number | Employer |
|---|---|---|
| OH | PD 104 875 | |

| Race | Sex | Height | Weight | Hair | Eyes | Occupation |
|---|---|---|---|---|---|---|

| Vehicle Plate Number | | State | Vehicle Description (Year, Make, Color) |
|---|---|---|---|

Name (Company or Individual)
*Albert Thrower (st. Anthony the Great Romuog)*

Street
*7568 Hudson*

| City | State | Zip Code |
|---|---|---|
| Warren | MI | 48089 |

In violation of local ordinance(s) within the City of Warren Michigan

At or near *7568 Hudson*
(address/location of the violation)

The person named above did the following:

| Year | Ordinance No. | Code No. | Description | Charge No. | Repeat Offender Status |
|---|---|---|---|---|---|
| Single | 22-11(A) | 1934 | Occupying without City Certification | | |
| Single | 22-11(E) | 1935 | Failure to obtain City Certification | | |
| Single | 28.21(E)(104.1) | 1937 | Unsafe premises | | |

☑ I personally observed the above violation.
☐ After investigation I have reasonable cause to believe that the below named above is responsible for the listed violation
(If the second box is checked, City Attorney or PPA appearance is required)

| City Attorney or Assistant City Attorney (Signature) | Month | Day | Year |
|---|---|---|---|

Remarks

I served a copy of this citation on the person named above on:
☐ Personal Service
☐ First Class Mail
☑ Posting on property *7568 Hudson*
(address/location)

SEE THE BACK OF THIS TICKET FOR FURTHER INSTRUCTIONS.
I declare under penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

| Authorized local official and badge number (Printed) | Agency | Month | Day | Year |
|---|---|---|---|---|
| Steven H Watripont 18 | Zoning ☐Police Department ☐Property Maintenance ☐Rental Division ☐Other | 7 | 8 | 21 |

Authorized local officer (Signature)

COURT COPY

Y 028242

EX 37 pg #3

Case 2:23-cv-11597-BRM-CI ECF No. 67, PageID.781 Filed 07/15/24 Page 63 of 69
Case 2:23-cv-11597-BRM-CI ECF No. 57, PageID.647 Filed 06/12/24 Page 40 of 41
Case 2:23-cv-11597-NGE-CI ECF No. 35-13, PageID.379 Filed 10/23/23 Page 4 of 4

| Approved, SCAO | Original complaint - Court Warrant - Court | 2nd Complaint copy - Prosecutor 3rd Complaint copy - Defendant |
|---|---|---|

| STATE OF MICHIGAN 37TH JUDICIAL DISTRICT | COMPLAINT MISDEMEANOR | CASE NO. Y028065 / Y028048 |
|---|---|---|

| ORI ML- 5000025J | Court address 8300 COMMON ROAD WARREN MI 48093 | Court telephone no. 586-574-4900 |
|---|---|---|

| THE PEOPLE OF ☐ The State of Michigan ☒ CITY OF WARREN | Defendant's name and address ALBERT THROWER CLEVELAND OH 44102-1828 | Victim or complainant CITY OF WARREN Complaining witness JAMES CUMMINS |
|---|---|---|

Co-defendant(s)

Date: On or about 7-7-21

| City/Twp./Village WARREN | County in Michigan MACOMB | Defendant TCN | Defendant CTN | Defendant SID W/M | Defendant DOB |
|---|---|---|---|---|---|
| Police agency report no. Y028065 / Y028048 | Charge CT I - FAILURE TO OBTAIN CITY CERTIFICATION | | | Maximum penalty | |

Witnesses
ZONING CODE 22.11A
CT II - ILLEGAL OCUPATION OF POSTED VACANT HOME - ZONING CODE 22.11E
CT III- UNLAWFUL OCCUPATION OF UNSAFE STRUCTURE 28-2(109)

☐ Oper./Chauf. ☐ CDL   Vehicle Type   Defendant DLN

STATE OF MICHIGAN, COUNTY OF ___MACOMB_____.

The complaining witness says that on the date and at the location described, the defendant, contrary to law,

CT I
Committed at least two violations of failure to obtain city certification for residential rental property at 7568 Hudson, City of Warren, Michigan, pursuant to section 22.11a of the Code of Zoning Ordinances of the City of Warren, Michigan
CT II
At least two violations of illegal occupation of residential home posted for no occupancy: at 7568 Hudson, Warren, Michigan pursuant to section 22.11( e) of the Code of Ordinances of the City of Warren, Michigan
CT III
Unlawfully allowing occupancy of a unsafe residential structure posted for no occupancy: at 7568 Hudson, Warren, Michigan in violation of section 28-2(109) of the Code of Ordinances of the City of Warren
CT IV
Failure to comply with obey the administrative hearings officers' orders to pay fine or cost imposed under 2.5-7(a)(2) pursuant section 2.5.8 of the Code of Ordinances of the City of Warren, State of Michigan.

The complaining witness asks that defendant be apprehended and dealt with according to law.

(Peace Officers only) I declare that the statements above are true to the best of my information, knowledge, and belief.

| Warrant authorized on 2/2/3/ Date by: _Mr. Michael_ Prosecuting official | Complaining witness signature Subscribed and sworn to before me on JUL 0 7 2021 Judge/Clerk of/Magistrate |
|---|---|

EX 37 pg 4

| Approved, SCAO | Original complaint - Court Warrant - Court | 2nd Complaint copy - Prosecutor 3rd Complaint copy - Defendant |
|---|---|---|

| STATE OF MICHIGAN 37TH JUDICIAL DISTRICT | WARRANT MISDEMEANOR | CASE NO. Y028065 / Y028048 |
|---|---|---|

| ORI ML 500025J | Court address 8300 COMMON ROAD WARREN MI 48093 | Court telephone no. 586-574-4900 |
|---|---|---|

| THE PEOPLE OF | Defendant's name and address | Victim or complainant |
|---|---|---|
| ☐ The State of Michigan v | ALBERT THROWER | CITY OF WARREN |
| ☒ CITY OF WARREN | CLEVELAND OH 44102-1828 | Complaining witness JAMES CUMMINS |
| Co-defendant(s) | | Date: On or about 7-7-21 |

| City/Twp./Village WARREN | County in Michigan MACOMB | Defendant TCN | Defendant CTN | Defendant SID W/M | Defendant DOB |
|---|---|---|---|---|---|
| Police agency report no. Y028065 / Y028048 | Charge CT I - FAILURE TO OBTAIN CITY CERTIFICATION | | | Maximum penalty | |
| Witnesses ZONING CODE 22.11A | | ☐ Oper./Chauf. ☐ CDL | Vehicle Type | Defendant DLN | |

CT II - ILLEGAL OCUPATION OF POSTED
VACANT HOME - ZONING CODE 22.11E
CT III - UNLAWFUL OCCUPATION OF UNSAFE
STRUCTURE 28-2(109)

STATE OF MICHIGAN, COUNTY OF __MACOMB__

To any peace officer or court officer authorized to make an arrest: The complaining witness has filed a sworn complaint in this court stating that on the date and the location described, the defendant, contrary to law,

CT I
Committed at least two violations of failure to obtain city certification for residential rental property at 7568 Hudson, City of Warren, Michigan, pursuant to section 22.11a of the Code of Zoning Ordinances of the City of Warren, Michigan

CT II
At least two violations of illegal occupation of residential home posted for no occupancy: at 7568 Hudson, Warren, Michigan pursuant to section 22.11( e) of the Code of Ordinances of the City of Warren, Michigan

CT III
Unlawfully allowing occupancy of a unsafe residential structure posted for no occupancy: at 7568 Hudson, Warren, Michigan in violation of section 28-2(109) of the Code of Ordinances of the City of Warren

CT IV
Failure to comply with obey the administrative hearings officers' orders to pay fine or cost imposed under 2.5-7(a)(2) pursuant section 2.5.8 of the Code of Ordinances of the City of Warren, State of Michigan.

Upon examination of the complaint, I find probable cause to believe defendant committed the offense set forth.
**THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN,** I order you to arrest and bring defendant before the court immediately, or the defendant may be released when a cash bond is posted in the amount of $ _____
for personal appearance before the court.

| JUL 0 3 2024 | (SEAL) | | |
|---|---|---|---|
| Date | | Judge/Magistrate | Bar no. |

By virtue of this warrant the defendant has been taken into custody as ordered.

| | | |
|---|---|---|
| Date | | Peace officer |

DC 225 (6/05) **WARRANT, MISDEMEANOR**

Ex 37 pg 5

## AFFIDAVIT IN SUPPORT

Now comes the affiant under the penalty of perjury and avers:

1) At 7568 Hudson Ave Warren MI 48090 since approximately 2019 there was a gate across the driveway where each half swung open.

2) The tenant BRANSON did not have a car so there was no need for BRANSON to open or close the gate because there was a 2nd gate to walk through.

3) Branson was instructed to keep the gate(s) closed.

4) The gates are shown in exhibit 32 pg. 2, annexed hereto, same as ECF 40 Ex 32 pg. 2, Ex 36 pictures. The Ex 36 pictures were taken 7/11/24 after property was sold and the new owner removed the gate.

5) There was a "privacy fence" built with (D) city of Warren permit where zoning employee Bagdamente instructed affiant that privacy fence had to be inline with the main structure of house.

6) Per Ex 36 photos the yard was completely fenced in.

7) There was a "no trespassing sign" posted on the privacy fence that became faded after time similar to the Ex 38 picture.

8) 2008 Honda bumper is torn underneath and needs to be replaced per witnessed proffered for trial and it is the opinion of witness that towing of 2008 Honda from the rear torn the bumper underneath in 2 places per conversation with witness.

9) Per (D) STI, Hertz Bros (Ds') the tickets annexed to ECF    , unlabeled and annexed hereto as Ex 37 pg. 1-5 were all issued the same day 7/7/21 the day the 2 cars were towed or Ex 37 pg. 3=7/8/21 the day after so as to not be relevant except to show that (Ds') returned to property to write the same tickets again.  Per para 10, infra, (PN) Honda was parked on the cement behind the house & was "operable".

10)    (PN) was in Ascencion hospital having travelled there by ambulance the day before 7/6/21

Exhibit 38  pg 1

The normal procedure per Warren code is write a ticket if car is parked on the grass and allow the violator to appear in an administrative hearing NOT tow the car on grass the same day "without notice and an opportunity to be heard", *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*

"Notice must be reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to respond."

11)    Per covid Michigan & Warren had "stayed" all evictions, including 3/10/20 eviction of tenant BRANSON, per "occupying an uncertified structure ticket".  7568 Hudson Ave was owned by St Anthony the Great Romanian Orthodox Monastery ECF 40, Ex 33-34, deed for both parcels, not plaintiffs (Ps')-affiants

12)    Anyone on property behind fence 7568 Hudson Ave would be deemed "trespassers"  by affiants

Affiant aver under the penalty of perjury per 28 USC Section 1746 that everything is true above in affidavit

7/14/24

Exhibit 38   pg 2

## AFFIDAVIT IN SUPPORT

Now comes the affiant under the penalty of perjury and avers:

1) At 7568 Hudson Ave Warren MI 48090 since approximately 2019 there was a gate across the driveway where each half swung open.
2) The tenant BRANSON did not have a car so there was no need for BRANSON to open or close the gate because there was a 2nd gate to walk through.
3) Branson was instructed to keep the gate(s) closed.
4) The gates are shown in exhibit 32 pg. 2, annexed hereto, same as ECF 40 Ex 32 pg. 2, Ex 36 pictures. The Ex 36 pictures were taken 7/11/24 after property was sold and the new owner removed the gate.
5) There was a "privacy fence" built with (D) city of Warren permit where zoning employee Bagdamente instructed affiant that privacy fence had to be inline with the main structure of house.
6) Per Ex 36 photos the yard was completely fenced in.
7) There was a "no trespassing sign" posted on the privacy fence that became faded after time similar to the Ex 38 picture.
8) 2008 Honda bumper is torn underneath and needs to be replaced per witnessed proffered for trial and it is the opinion of witness that towing of 2008 Honda from the rear torn the bumper underneath in 2 places per conversation with witness.
9) Per (D) STI, Hertz Bros (Ds') the tickets annexed to ECF    , unlabeled and annexed hereto as Ex 37 pg. 1-5 were all issued the same day 7/7/21 the day the 2 cars were towed or Ex 37 pg. 3=7/8/21 the day after so as to not be relevant except to show that (Ds') returned to property to write the same tickets again.  Per para 10, infra, (PN) Honda was parked on the cement behind the house & was "operable".
10)         (PN) was in Ascencion hospital having travelled there by ambulance the day before 7/6/21

Exhibit 3 *9* pg 1

The normal procedure per Warren code is write a ticket if car is parked on the grass and allow the violator to appear in an administrative hearing NOT tow the car on grass the same day "without notice and an opportunity to be heard", *Mullane v. Central Hanover Bank & Trust Co.,* **339 U.S. 306 (1950)**

"Notice must be reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to respond."

11)     Per covid Michigan & Warren had "stayed" all evictions, including 3/10/20 eviction of tenant BRANSON, per "occupying an uncertified structure ticket". 7568 Hudson Ave was owned by St Anthony the Great Romanian Orthodox Monastery ECF 40, Ex 33-34, deed for both parcels, not plaintiffs (Ps')-affiants

12)     Anyone on property behind fence 7568 Hudson Ave would be deemed "trespassers" by affiants

Affiant aver under the penalty of perjury per 28 USC Section 1746 that everything is true above in affidavit

7/14/24

Exhibit 39   pg 2



No Trespassing

Ex 40