

FILED
AUG - 9 2024
CLERK'S OFFICE
DETROIT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

**ELIZABETH NELSON,  et al.,**

Case No. 2:23-cv-11597

Hon. Brandy R. McMillion

Plaintiffs, Mag. Judge Curtis Ivy, Jr.

-v-

**ROBERT SCOTT**

**(city of Warren MAINTENANCE DIVISION SUPERVISOR),**

**SERVICE TOWING, INC., ABLE TOWING, LLC,**

**Et al., Defendants.**

_____/

### REQUEST FOR CONCURRENCE ON DISCOVERY MOTION
### PURSUANT TO ED MI LR 7.1(a), FRCP 37(a)(1)

The Court expects parties and counsel to conduct discovery cooperatively and fairly. Discovery requests must be made sufficiently in advance of the discovery completion date to permit timely response within the discovery period.

Motions related to discovery, if any, shall be filed within the discovery period unless it is impossible or impracticable to do so. Prior to filing a motion, parties must strictly comply with both E.D. Mich. LR 7.1(a) and Federal Rule of Civil

Procedure 37(a)(1), which requires that the movant "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

"…before filing a motion to compel discovery based upon failure to respond to discovery requests in a timely manner, the party seeking relief should first send a proposed stipulated order compelling discovery to the party owing the discovery responses, providing a reasonable amount of time for responses. If the party owing discovery responses fails to so stipulate, the proposed stipulated order and the related correspondence should be attached to the motion to compel. In cases where Judge Patti is presiding by consent of the parties, or where all pretrial or discovery matters have previously been referred to him, this requirement is mandatory.

On all motions for discovery that have been referred to the Magistrate Judge, counsel is required to meet and confer, in accordance with E.D. Mich. LR 37.1 in an attempt to resolve, or at least narrow the disputed issues. The Court requires counsel to engage in a good-faith attempt to resolve all discovery matters before a motion is heard, and to submit a Stipulation and Order Resolving Motion where the parties have been able to work out their differences. Accordingly, parties are directed to meet and confer <u>face-to-face; i.e., in person</u>, in advance of the hearing, for an item-by-item discussion of each issue in dispute.

If unresolved issues remain, the parties shall cooperatively prepare a Joint List of Unresolved Issues setting forth the issues that remain unresolved. The Joint List must certify that good faith efforts to resolve the matter[s] in controversy have been undertaken and specify the date(s), time(s), method/mode, and length of the events by which the meet-and-confer requirements were fulfilled. The Joint List is meant to *summarize, not fully rehash* the previously briefed arguments, and

2

shall not exceed ten pages, absent good cause, and should be structured as follows:

Unresolved Issue No. 1: [Recite Issue]

- Movant's position:

   Respondent's position (including any proposal made to resolve movant's
- request):

In addition, for each discovery request or dispute that remains at issue, counsel should assess how the following factors weigh either for or against the discovery:

1. Importance of the issues at stake in the action;
2. The amount in controversy;
3. The parties' resources;
4. The importance of the discovery in resolving the issues;
5. Whether the burden or expense of the proposed discovery outweighs its likely benefit;
6. Whether the discovery sought is cumulative or duplicative;
7. Whether the discovery sought can be obtained from a more convenient, less burdensome, or less expensive source; and
8. Whether the party seeking discovery had ample opportunity to obtain the information by discovery in the action.

Fed. R. Civ. P. 26(b)[1]

No exhibits or attachments shall be filed with the Joint List. The list should be e-filed by the moving party at least three business days prior to the hearing.

This meet-and-confer requirement is not satisfied by an email exchange or message left unanswered, or by mere compliance with LR 7.1, which requires the moving party to seek concurrence in a motion. Where a conference has not been conducted, the moving party is to submit a written statement to the Court outlining all steps taken to undertake a conference with the opposing party. Any party refusing to appear for the conference or confer as the Court directs may be subject to costs and/or sanctions.

If the party filing the motion, or the party opposing the motion, seek their "reasonable expenses incurred" under Fed. R. Civ. P. 37 (including attorney fees), that party must be prepared to offer, at the hearing on the motion, proof of the costs and expenses requested (including brief testimony by counsel) or risk having that request denied. Before requesting an award of Rule 37 expenses, the requesting party is encouraged to read: (1) *Thomas v. Bannum Place of Saginaw*, No. 4:17-CV-13492, 2019 WL 4597483 (E.D. Mich. Sept. 23, 2019) (Patti, M.J.); and, (2) *Martin v. Lincor Eatery, Inc.*, No. 2:17-CV-11634, 2018 WL 4658996 (E.D. Mich. Sept. 28, 2018) (Patti, M.J.).

When the District Judge has expressly referred all discovery disputes to the Magistrate Judge, the Court is available to conduct an informal discovery conference (usually by telephone) to resolve pressing discovery disputes and may schedule such a conference on its own initiative. However, the parties should still make a good-faith attempt to engage in the LR 37.1 conference ahead of this informal conference.

In a particular case, where there are multiple discovery disputes or where many motions are filed, the Court may set the matter for a general discovery conference or direct the parties to conduct a Federal Rule of Civil Procedure 26(f) conference.

In responding to discovery requests, form or boilerplate objections shall not be used and, if used, may subject the party and/or its counsel to sanctions. Objections must be specific and state an adequate individualized basis. *See Wesley Corp. v. Zoom T.V. Products*, LLC, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.); *Sister N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection."); *accord Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court."); *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, "…, a party objecting to a request for production of documents as unduly burdensome must submit affidavits or other evidence to substantiate its objections. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D.

As of this filing no response has been received.


Respectfully submitted,

Elizabeth Nelson pro'se Albert Thrower


## CERTIFICATE OF SERVICE

A copy of this motion has been served on below (Ds') 8/9/24, Mark

Straetmans/ Rachel Selina 255 E Brown St #320 Birmingham, MI 48009

tel 2486459680

mstraetmans@berrymoorman.com rselina@berrymoorman.com

**Jenifer Mead** PO Box 806042 St Clair Shores, MI 48080 tel
3134851250 meadjenn@hotmail.com

**Law Offices of Thomas H. Stidham. 1401 W Fort St. Rm 44-1815. Detroit,
MI 48233. Tel (248) 303-0306** Tsstidham@hotmail.com

Albert Thrower, pro se    Elizabeth Nelson pro se