UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON, and
ALBERT THROWER

                Plaintiffs,

v.

ROBERT SCOTT, *et. al.*,

                Defendants.

_____/

Case No. 2:23-cv-11597

Brandy R. McMillion
United States District Judge

Mag. Judge Curtis Ivy, Jr.

**<u>ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 46), OVERRULING PLAINTIFFS' OBJECTIONS (ECF NO. 50), AND DISMISSING THE SECOND AMENDED COMPLAINT (ECF NO. 29) AS TO THE CITY OF WARREN DEFENDANTS</u>**

      Plaintiffs Elizabeth Nelson and Albert Thrower (together, "Plaintiffs") filed this *pro se* civil rights action against Defendants City of Warren, James Fouts, Robert Scott, James Cummins, Curtis Gauss, Frank Badalamente, Mary Michaels, Brian Kijewski, Marilyn Trembath, Everett Murphy, Pete Warack, Annette Gattari-Ross, R. Lipa, William Reichling, and William Dwyer (collectively, the "City of Warren Defendants") and Defendants Service Towing, Inc., Able Towing, LLC, Dennis Hertz, Bruce Hertz, Sandra Hertz, Edward D. Hertz, and Randy Sullivan (collectively, the "Service Towing Defendants"). Plaintiffs allege violations of their constitutional rights and various statutes, under the Fourth, Fifth, and Fourteenth

1

Amendments.  *See generally* ECF No. 29.  Plaintiffs' allegations concern the search of Plaintiffs' commercial property located in Warren, Michigan and the towing of vehicles found on that property.  *Id*.

This case was originally filed on July 5, 2023, and the Complaint was amended on August 18, 2023, as a matter of right.  *See* ECF Nos. 1, 25.  On August 28, 2023, the Court granted Plaintiffs leave to file a Second Amended Complaint, which is the operative complaint for purposes of the instant motion.  *See* ECF No. 29.  The Service Towing Defendants filed an Answer to the Second Amended Complaint on September 8, 2023.  ECF No. 31.  On October 23, 2023, the City of Warren Defendants moved to dismiss the Second Amended Complaint, or in the alternative for summary judgment.  ECF No. 35.  The motion was fully briefed.  *See* ECF Nos. 40, 43.

On April 2, 2024, this matter was reassigned to the undersigned.  On April 4, 2024, the Court referred all pretrial matters to Magistrate Judge Curtis Ivy, Jr., including the Motion to Dismiss. ECF No. 44. Magistrate Judge Ivy issued a Report and Recommendation ("R&R") suggesting that the Court grant the City of Warren Defendants' motion and dismiss Plaintiffs' Second Amended Complaint as to all City of Warren Defendants.[1]  ECF No. 46.

---

[1] After issuance of the R&R, Plaintiffs filed a Third Amended Complaint without leave of the Court.  *See* ECF No. 55.  The filing of this amended complaint was premature because the Court

As provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d), objections to the R&R were due within fourteen (14) days of service, or by April 23, 2024. *See* FED. R. CIV. P. 72(b)(2); E.D. Mich. L.R. 72.1(d)(2)-(3). The failure to timely object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Similarly, failure to object to an R&R forfeits any further right to appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely file objections to an R&R).

Here, Plaintiffs filed their Objections to the R&R on April 29, 2024 – 6 days after the deadline. *See* ECF No. 50. Thus, Plaintiffs' objections are untimely. Consequently, they have waived their rights to contest the R&R and forfeited their right to appeal the decision to dismiss the Second Amended Complaint as to the City of Warren Defendants.

---

had not yet ruled on the Magistrate Judge's R&R suggesting dismissal of the Second Amended Complaint. The Court will dismiss the Third Amended Complaint as to the City of Warren Defendants. The Court will allow the Third Amended Complaint to stand as to the Service Towing Defendants because they have already filed a Motion to Dismiss the Third Amended Complaint (ECF No. 57) and did not file a responsive pleading to the Second Amended Complaint.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Ivy's Report and Recommendation (ECF No. 46). The City of Warren Defendants' Motion to Dismiss (ECF No. 35) is **GRANTED**. Plaintiff's Objections (ECF No. 50) are **OVERRULED**.

**IT IS HEREBY ORDERED** that all Federal Claims as to the City of Warren Defendants are **DISMISSED WITH PREJUDICE**, with the exception that the claims regarding the unlawful seizure of the two vehicles identified in the R&R are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' State Law Claims are **DISMISSED WITHOUT PREJUDICE** to be refiled in state court if the Plaintiffs so desire.

**IT IS FURTHER ORDERED** that Plaintiffs' Third Amended Complaint (ECF No. 55) is **DISMISSED** as to the City of Warren Defendants. The Motion to Dismiss the Third Amended Complaint filed by the City of Warren Defendants (ECF No. 60) is **DENIED AS MOOT**. The City of Warren Defendants are hereby **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Substitution of Parties per Death of Robert Scott (ECF No. 62) and Amended Motion for Substitution of Parties per Death of Robert Scott (ECF No. 68) are both **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: August 22, 2024                                     <u>s/Brandy R. McMillion</u>
                                                          Brandy R. McMillion
                                                          United States District Judge