UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON and                         Case No. 23-11597
ALBERT THROWER,
     Plaintiffs,                         Brandy R. McMillion
     v.                                  United States District Judge

ROBERT SCOTT, *et al.*,                      Curtis Ivy, Jr.
     Defendants.                         United States Magistrate Judge
_____/


## REPORT AND RECOMMENDATION ON MOTION TO DISMISS (ECF No. 57)

### I.    PROCEDURAL HISTORY

Plaintiffs Nelson and Thrower filed a lawsuit against City of Warren officials and two towing companies and employees for violations of their constitutional rights when entering their property without permission and towing their vehicles away.  The defendants associated with the City of Warren have been dismissed.  (ECF Nos. 46, 78).  Defendants Able Towing, LLC, Bruce Hertz, Edward D. Hertz, Randy Hertz, Sandra A. Hertz, Service Towing Inc., and Randy Sullivan, the "Towing Defendants," moved to the dismiss the amended complaint. (ECF No. 57).  This case was referred to the undersigned for all pretrial matters. (ECF No. 44).

For the reasons discussed below, the undersigned recommends that the motion to dismiss be **GRANTED**.

## II.    AMENDED COMPLAINT ALLEGATIONS

During a scheduling conference, the parties agreed that Plaintiffs would file a third amended complaint stating all their claims against the Towing Defendants. (ECF No. 53).  The third amended complaint is now the operative complaint. (ECF No. 55).

Plaintiffs assert that an illegal search and seizure conducted on July 7 and 8, 2021, violated the Fourth, Fifth, and Fourteenth Amendments, as well as state law. (*Id.* at PageID.600-01).  Much of the amended complaint concerns dismissed defendants.  What is relevant to the Towing Defendants' motion is addressed here.

Plaintiffs assert that all Defendants were acting under color of state law in their involvement in the constitutional violations.  The "private parties" Towing Defendants conspired "with state actors" to deprive Plaintiffs of their rights.  (*Id.* at PageID.601).  The "private parties" Towing Defendants acted under color of state law by acting in concert with state actors.  (*Id.* at PageID.602).  Plaintiffs assert that private parties can be liable as state actors when their actions are "inextricably intertwined" with the conduct of the government.  (*Id.*).  They contend that the Towing Defendants' actions "fit this definition for liability of private parties acting in concert with (D) Scott."  (*Id.*).

2

Plaintiffs allege that on July 7, 2021, former defendant Scott learned that Plaintiff Thrower arrived at his property at 7568 Hudson Avenue, Warren, Michigan, to mow the lawn.  Scott called a few of the Towing Defendants to meet Scott at the property and tow vehicles.  (*Id.* at PageID.603).  Two vehicles were towed.  Plaintiff Thrower heard Scott "scream at" the Towing Defendants "I want the Honda towed."  (*Id.*).  One of the defendants said "I can't tow [sic] Honda without damaging it because it's at an angle."  (*Id.*).  Scott said he did not care.  A state court judge later issued an order to tow "inoperable vehicles" at the property, but this order is allegedly void.  (*Id.* at PageID.603-04).

On July 8, 2021, Plaintiff Thrower went to Defendant Service Towing, Inc., to retrieve one of the vehicles around 8:30 am.  One of the defendant towing employees "stalled" him "per earlier agreement with (D) Scott for approximately 30 minutes pretending like (D) could not find [Thrower's] Silverado."  (*Id.* at PageID.604).  While Plaintiff Thrower waited, former defendant Scott arrived and attacked him and performed a "citizen's arrest."  The Towing Defendants who were present watched.  (*Id.*).

When Plaintiff Thrower was released from the hospital, he went back to Service Towing to retrieve his vehicles.  The Honda was damaged, but he paid for both vehicles.  (*Id.* at PageID.605).

There are two counts.  "Claim Number One" asserts that former defendant Scott and the Towing Defendants conspired to violate the Constitution when they entered his property without a search warrant and towed two operable vehicles belonging to Plaintiffs.  "Claim Number Two" asserts that Scott acted in agreement with the Towing Defendants to attack him and perform a "citizen's arrest" while the Towing Defendants watched "per agreement."  (*Id.*).

## III.   ANALYSIS AND RECOMMENDATIONS

### A.   Governing Standards

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility of an

inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

B.   Discussion

The Towing Defendants addressed each of Plaintiffs' substantive claims and ended their brief arguing that they are not state actors subject to suit under 42

U.S.C. § 1983.  Because that alone is a basis for dismissal, the undersigned will focus this report and recommendation on state action.

"[N]umerous courts have found that when a city official uses a towing company's services, that fact alone does not make the towing company liable for violating the plaintiff's constitutional rights." *Harris v. Malone*, 2022 WL 400809, at *2 (E.D. Mich. Feb. 9, 2022) (collecting cases).  "Private action . . . may . . . count as state action under discrete circumstances[,]" *Thomas v. Nationwide Child. Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018), as long as the private conduct "causing the deprivation of a federal right may be fairly attributable to the state," *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007).  The Sixth Circuit uses "three tests to resolve the state-actor inquiry: the public-function test, the state-compulsion test, and the nexus test." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

Liability arises under the public function test if the private individual or entity "exercises powers which are traditionally exclusively reserved to the state." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).  The Sixth Circuit interprets this test "narrowly," such that "[o]nly functions like holding elections, exercising eminent domain, and operating a company-owned town fall under this category of state action." *Chapman v. Higbee Co.*, 319 F.3d 825, 833–34 (6th Cir. 2003) (internal citations omitted).  Liability attaches under the compulsion test if the entity or individual "exercised coercive power or . . . provided such significant

encouragement, either overt or covert, that the choice" to tow the vehicles "must in

law be deemed to be that of the government."  *United States v. Miller*, 982 F.3d

412, 423 (6th Cir. 2020).

Plaintiffs' allegations do not suggest public function or compulsion.  Towing

vehicles is not a function typically reserved for the government—the company

merely handled the logistics of transporting the vehicles for the Warren officials.

The compulsion test is also unmet.  Merely working for the government is

insufficient.  *See Partin v. Davis*, 675 F. App's 575, 586-87 (6th Cir. 2017) ("A

plaintiff must show more than joint activity with the state to prove that a private

party working for the government is a state actor. In particular, she must

demonstrate "pervasive entwinement" between the two entities surpassing that of a

mere contractual relationship."); *Robertson v. Breakthrough Towing, LLC*, 2022

WL 4292314, at *7 (E.D. Mich. Sept. 16, 2022) ("case law in this circuit indicates

that towing companies are generally <u>not</u> state actors under the nexus and state

compulsion theories—both at the summary judgment stage and on the face of the

pleadings—even when those companies tow vehicles pursuant to government

contracts or at the express request of the police.") (emphasis in original and

footnotes omitted).

"Under the symbiotic or nexus test, a section 1983 claimant must

demonstrate that there is a sufficiently close nexus between the government and

the private party's conduct so that the conduct may be fairly attributed to the state itself." *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003).  A conspiracy could satisfy the nexus test, *see Miller*, 982 F.3d at 425, but Plaintiffs' allegations that the Towing Defendants conspired with Scott are conclusory.  To successfully plead a § 1983 conspiracy, a plaintiff must allege facts sufficient to state a claim that (i) a single plan existed, (ii) the conspirators shared a conspiratorial objective to deprive the plaintiff of his or her constitutional rights, and (iii) an overt act was committed in furtherance of the conspiracy that caused the injury.  *Hooks v. Hooks*, 771 F.2d 935, 943-944 (6th Cir. 1985).  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  This pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).  Plaintiffs do no more than allege that Scott and the Towing Defendants conspired together to tow the vehicles and for the Towing Defendants to falsely hold Thrower at the facility until Scott arrived to assault and arrest him. The Court cannot accept conclusory allegations as established fact.  *Iqbal*, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Plaintiffs cite *Memphis, Tenn. Area Local, Am. Postal Workers Union, ALF-CIO v. City of Memphis*, 361 F.3d 989, 905 (6th Cir. 2004), in support of their claims against the Towing Defendants.  But in that case, "all of the elements of conspiracy [were] sufficiently alleged."  *Id.*  The allegations here are not sufficiently alleged.  So the nexus test is also unsatisfied.

Both Plaintiffs and Defendants point to *Nugent v Spectrum Juv. Just Servs*, 72 F4th 135, 139-140 (6th Cir. 2023), as providing an "entwinement test."  (*See* ECF No. 57, PageID,637; ECF No. 67, PageID.725).  *Nugent* does not mention such a test.  "Entwinement" is a consideration for the nexus test, which Plaintiffs have not satisfied.

Because Plaintiffs have not adequately alleged that the Towing Defendants and Warren Defendants were "pervasive[ly] entwin[ed]" with each other such that the towing company's relationship with Warren surpassed that of a mere contractual relationship and made it a state actor.  *Plummer v. Detroit Police Dep't*, 2017 WL 1091260, at *4 (E.D. Mich. Mar. 23, 2017) ("Even if the police directed the company to tow Plaintiff's vehicle to the company's storage facility, the company's involvement falls short of demonstrating the kind of close nexus

with government officials that is necessary to expose it to § 1983 liability.").  Thus, the constitutional claims against the Towing Defendants should be dismissed.

Given the recommendation to dismiss all the federal claims for lack of state action, the undersigned further recommends that the Court decline to accept supplemental jurisdiction over the state-law claims and instead dismiss those without prejudice.  *Sharwell v. Selva*, 4 F. App'x 226, 227 (6th Cir. 2001) ("Where a district court has jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits.").

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the motion to dismiss (ECF No. 57) be **GRANTED**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  September 30, 2024.          s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 30, 2024.

s/Sara Krause
Case Manager
(810) 341-7850