**U.S. District Court**
**Eastern District of Michigan (Detroit)**
**CIVIL DOCKET FOR CASE #: 2:23-cv-11597-BRM-CI**

Nelson et al

v.

Scott et al

FILED
CLERK'S OFFICE

OCT 1 5 2024

U.S DISTRICT COURT
EASTERN MICHIGAN

Judge: B. McMillion

Magistrate IVY, JR

OBJECTION TO MAGISTRATES REPORT ECF No. 82

Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) provide that such written objections are to be filed and served within *14 days after service of a copy* of the recommended disposition. The district court then conducts a *de novo* review of any portion of the report and recommendation that has been properly objected to. *See id.* EDMI Local Rule 72.1(d) "after service of a copy".

Plaintiff's file a timely objection to Magistrate's Report ECF 82:

What constitutes a "proper objection"? As one district court in Michigan recently observed, "it is not the job of the Court to make arguments on [a party's] behalf" – parties cannot simply make an "argument in the most skeletal way, leaving the court to … put flesh on its bones." *Sands v. Brennan*, 2018 WL 4356650, at *2 (E.D. Mich. Sept. 13, 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).

Ps'=Plaintiffs rewrite entire 1st complaint-which (Ps') allege should be operative complaint & amended complaint ECF No. 29-2ND AMENDED COMPLAINT same as if rewritten herein

All the allegations in complaint must be accepted as true. *Anderson v Liberty Lobby*, 477 US 242, 248, which the Magistrate was correct to assert.

The facts in this complaint deal with 2 different cars towed=Honda, Silverado towed on 7/7/21, one year and 2 months after facts in case *Nelson v Service Towing Inc*., Case 22-cv-10918 in re incident of illegal search of Ps' apartment and a citizen's arrest 7/8/21 @ STI tow yard which magistrate correctly found were different.

 OBJECTION TO THE MAGISTRATE's report   No. 1

MAGISTRATE ERRED BY STATING PLAINTIFF THROWER= (PT) DID NOT STATE A 4TH AMENDMENT CLAIM AGAINST ROBERT SCOTT-Warren Property & Maintenance supervisor WHEN HE DID A CITIZENS ARREST  AT SERVICE TOWING INC=STI TOW YARD 7/8/21 working in agreement with  (D) STI Towing, Hertz Bros., DOE-Sullivan employee in either ECF 29 2nd Amended Complaint or ECF 55 3rd Amended Complaint

 Per 2nd Amended  complaint ECF 29 pg 12, P "67. On 7/8/21 (P) Thrower went to tow yard to retrieve Silverado @ 9:15 AM.

 68. (D) Doe Hertz brother stalled (P) Thrower  and (D) Hertz brother(s) called (D) Scott, Property and Maintenance Supervisor per earlier agreement who rushed over to (STI).

 69.   9.40 AM (D) Scott #32 (deceased) arrived at (D) STI…6006 Rinke Ave Warren MI and threw (P) Thrower against the wall (actually he restrained Thrower physically in the center right of the STI garage where (D) Doe Hertz Brother or (D) Sullivan told (P) Thrower to wait) physically restraining (P) Thrower inside STI garage (D) Scott yelling @ (P) Thrower 'there was a warrant out for housing violations (allegedly) issued 7/7/21'". See ECF 40, INDEX OF EXHIBITS 26 pg 1-2 AFFIDAVIT OF ALBERT THROWER, Ex 25 pg 1-3 Affidavit of Elizabeth Nelson (two affidavits).

70. "(P) Thrower yelled at (D) Scott 'what are you doing'? (D) Scott replied 'doing a citizens arrest'. (P) told (D) SCOTT that under Michigan law (p 13) he could (NOT) sic perform a citizen's arrest. (P) Thrower proceeded to call 911 to report crime of Kidnapping in process under MI law. (D) Scott knocked (P) Thrower 313 line out of his hand and knocked (P) Thrower glasses off, breaking them committing felony 'assault and battery'. (P) Thrower told (D) Scott #32 "you are assaulting me and doing battery on me', (D) Scott (deceased-estate substituted)

roughing (P) Thrower up and holding his hands behind his back." (D) Scott is an x-Warren police officer of 28 years, (obit) and apparently still thinks he was a police officer.

71. "While restraining (P) Thrower (D) Scott #32 searched (P) Thrower Aldi's bag with personal property ....performing illegal search and seizure under Michigan Constitution, United States Constitution 4, 5, 14th Amendment including illegal seizure by physically restraining (P) Thrower."

72. "Under Michigan law (D) Scott did not have authority to do a citizen's arrest for misdemeanor warrant. (P) Thrower told (D) Scott he did not have legal authority to restrain (P) Thrower, to which (D) Scott #32 responded, 'I am doing a citizen's arrest'. Which (P) Thrower informed (D) Scott 'he did not have authority to perform a citizen's arrest under MI law per facts.'"

73. "(P) Thrower phone was knocked out of his hand, and he was forcibly detained and injured … by (D) Scott."

74. "Covid was still an issue during this alleged citizen's arrest 7/8/21 and (D) Scott was yelling @ (P) Thrower and spit was going on (P) Thrower from (D) Scott."

75. After about 10-15 minutes of (P) Thrower being physically restrained by (D) Scott Warren police arrived (witnessing (D) Scott physically restraining (P) Thrower).

76. Warren police witnessed the felony in process of kidnapping (P) ..Thrower and did not arrest (D) Scott but rather arrested (P) Thrower for alleged misdemeanor housing violations."

   Magistrate erred because it appears that since Warren police ultimately arrested (P) Thrower that (D) Scott did not perform a "citizen's arrest" as he claimed he did to (P) Thrower.

   (D) Scott having ample to time to respond under oath does not deny this assault and citizen's arrest took place, nor have Warren police officer's arrived who witnessed same, or (D) Hertz Bros (Ds') or employee Sullivan.

77) "Under Michigan Code of Criminal Procedures Act 175 of 1927, 764.16 Arrest by Private Persons... Section 16

- For a felony committed in the private person's presence
- ... committed felony not in private person's presence
- If the private person is summoned by a peace officer to assist the officer....(d) ..." ECH 46 pg 3, P 2, magistrate correctly states fact: "July 8, 2021, Thrower went to the tow yard to retrieve the vehicles... (D) Hertz (or (D)=Doe employee Sullivan-who was mistaken as one of the (Ds') Hertz Brothers stalled Thrower while (D) Scott was on his way to the tow yard (after being called by (D) Hertz Bros per agreement). When (D) Scott arrived, he threw (P) Thrower against the wall and conducted a citizen's arrest for unsafe structure-for-habitation ticket(issued the day before 7/7/21 & not served on (P) Thrower) (Id. At PageID,94-95) (as noted in (Ps') brief tenant Branson had her eviction stayed because of covid, and then evictions were tolled because of covid-later (D) Scott testified at 8/21 eviction hearing that Branson should be allowed to stay at Hudson property for free while (D) Scott helped her find a place-to 37th District Court's Judge Chuma's dismay). While restraining ((P) Thrower), (D) Scott searched through Thrower's bag (and assault and battery (P) Thrower per ECF 29 pg 12-13 complaint "which must be accepted as true" quoted *supra*. Thrower alleges that Scott lacked authority to conduct a citizen's arrest for a misdemeanor charge. Warren police then arrived but did not arrest Scott for kidnapping; instead, they arrested (P) Thrower on the misdemeanor housing violation." CLAIM 4 in ECF 29 Amended complaint @ pg 16

Magistrate was correct by holding (Ps') complaint to a lesser pro'se standard per *Haines v Kerner,* 404 US 519, 520. @ pg 5 P 2.

Magistrate erred by not addressing law &/or applying law in re citizen's arrest. Pg 22 ECF 46 PageID 547, as to probable cause for (D) Scott to do a citizen's arrest-restrain (P) Thrower, "assault & battery on (P) Thrower per ECF 25 Amended complaint quoted supra. (D) Scott is not a police officer, magistrate using "The officer subjective reason for making the arrest ..." *Devenpeck v Alford,* 543 US 146, 153. As stated in ECF Amended complaint 29 (D) Scott is a supervisor with Warren Property and Maintenance. (Ps') can find no law,

nor has magistrate cited any that an employee of Warren property and maintenance can do a "citizen's arrest" as (D) Scott claimed he did, and even if was not a "citizen's arrest" as (D) Scott claimed it was attacking (P) Thrower restraining (P) Thrower, knocking Thrower's glasses off, knocking his phone out of his hand, spit in (P) Thrower during covid, and physically holding him and restraining (PT) until Warren police arrived "10-15 minutes later", he being a public official, city of Warren employee under Michigan law was not allowed to do same.  Using a police case as to whether a *police had probable cause to arrest* … *Devenpeck Id.*, is not on point. "Held: *1. A* <u>warrantless arrest by a law officer</u> *is reasonable under the Fourth Amendment if, given the facts known to the officer, there is probable cause to believe that a crime has been or is being committed. The Ninth Circuit's additional limitation—that the offense establishing probable cause must be "closely related" to, and based on the same conduct as, the offense the arresting officer identifies at the time of arrest—is inconsistent with this Court's precedent, which holds that an arresting officer's state of mind (except for facts that he knows) is irrelevant to probable cause, see Whren* v. *United States,* 517 U. S. 806, 812–815. The "closely related offense" rule is also condemned by its perverse consequences: it will not eliminate sham arrests but will cause officers to cease providing reasons for arrest, or to cite every class of offense for which probable cause could conceivably exist. Pp. 5–9."

"Officer Joi Haner of the Washington State Patrol, one of the two petitioners here, … 333 F. 3d, at 974. .. On the basis of this information, Haner radioed his supervisor, Sergeant Gerald Devenpeck," *Devenpeck v Alford, Id*

As noted, and clearly in complaint ECF 29, (D) Scott is the supervisor or City of Warren Property & Maintenance", not "a police officer", so *Devenpeck v Alford, Id.,* is not relevant. The city of Warren failed to train (D) Scott and "train" him that he is "(not) a law officer" as he was for 28 yrs (Scott obit). The city of Warren is liable for it's failure to train policy" and ample case and newspaper articles set forth in Ps' ECF 40 RESPONSE TO DEFENDANTS MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT INSTANTER same as if rewritten herein including exhibits 1-35.

The magistrate states @ pg 22 para 2 "As Scott noted, Plaintiffs did not allege that the citizens arrest … was affected without probable cause…" .  Scott, per ECF 29 pg 6 P"15)

Defendant Robert Scott is supervisor of city of warren mi property and maintenance division…". For a city employee the law states he cannot make a "citizens arrest". There is no weighing if he had "probable cause" as he is not a police officer. 2nd, the Warren Police officers that arrived 10-15 minutes later and observed (D) Scott "physically restraining" (PT) had they been "properly trained" would have observed that there was a felony in the process of kidnapping, assault and battery and should have arrested (D) Scott instead of just arresting (P) Thrower for outstanding misdemeanor warrant. (PT) does not allege that Warren police could not have arrested (PT) in complaint which must be "accepted as true". See ECF 40, INDEX OF EXHIBITS 26 pg 1-2 AFFIDAVIT OF ALBERT THROWER

Yet, magistrate erred when applying the law to these facts and stating (P) Thrower did not state a claim for relief, and that his 4, 5, 14th Amendment rights were violated by the actions of (D) Scott acting in conspiracy with private parties (D) Hertz Brothers, STI, Able Towing LLC to stall (P) Thrower & tip off (D) Scott.

## OBJECITON TO THE MAGISTARE'S REPORT No. 2

MAGISTRATE ERRED BY STATING PLAINTIFFS' THROWER/NELSON (P-T/N) or (Ps')
DID NOT STATE A 4, 5, 14th US Constitution CLAIM WHEN DEFENDANTS' TOWED (Ps')
OPERABLE VEHICLES OFF PRIVATE PROPERTY WHERE PLAINTIFFS' WERE
RENTING

(Ds') with (D) STI, (D) Scott, (D) Hertz Bros towed 2008 Honda Civic-driven by plaintiff Nelson (PN) 7/7/21. 2011 Silverado driven by (PT) was towed 7/7/21 off private property in violation of 4, 5, 14th AMENDMENT United States Constitution.

Magistrate erred by claiming (Ps') failed to state a claim because Ps' could not ID who towed cars. Per ECF 29 pg 11 P "56) (D) Scott yelled 'I want the black car towed' that was being driven by (P) Nelson (tenant of 7568 Hudson) and was in Michigan Ascencion hospital having travelled there by ambulance…". Per complaint ECF 29, ECF 40, Ex 26 para 11 Affidavit of (P) Thrower-renter @ 7568 Hudson Ave Warren MI

"11) Warren Property & Maintenance Supervisor ROBERT SCOTT came to 7568 Hudson Ave and was screaming 'I want all vehicles towed'. Service Towing Inc. employee said "I can't get

the Honda because it behind the house parked at an angle. If I tow Honda, i will damage it. Robert Scott-was observed through the basement window and known to affiant, screamed 'I don't care, I want the Honda towed too....'"

. Per the complaint and RESPONSE TO MOTION TO DISMISS Td 40 PageId.468 AFFIDAVIT (P) Thrower saw (D) Scott-a supervisor directing towing of Silverado & Honda per ECF 29, ECF 40. (D) STI & Hertz Brother's towed same. The cars were towed, with a tow truck from (D) STI Towing in a conspiracy – agreement with (D) Scott & other (Ds') off private property. Magistrate admits 2 cars were "operable" in violation of 37th District Court Judge Chunra 7/7/21 order to tow "inoperable vehicles"-the same day 7/7/21 of the towing & (Ps') allege issued AFTER cars towed in CYA order & not served on (Ps') in a meaningful manner as to give notice to (Ps'). Why were the cars towed off private property?, the (D)'s do not address why they were "towed off private property". Per ECF 29 AMENDED COMPLAINT same rewritten herein & ECF 40 RESPONSE TO MOTION TO DISMISS same rewritten herein magistrate erred by not stating (Ps') stated a claim under 4, 5, 14th Amendment United States Constitution. (PT) avers under oath he saw (D) Scott tow the cars "through the basement window known to affiant", and (Ds') STI Towing, Hertz Brothers towed the cars. Thus magistrate erred when it opined that complaint should be DISMISSED  1) This is what DISCOVERY IS FOR 2)  (Ps')  ID'd (D) SCOTT as the person directing that the 2 cars be towed, the same (D) SCOTT that did "citizen's arrest" on (PT) Objection to Magistrate's Report No. 1 ECF .

OBJECTION No. 3

The 37th District Court entered order same day 2 cars were towed 7/7/21 without United States Constitutional notice *Mathews v Eldridge*,  424 U.S. 319 (1976), *Mullane v Central Hanover Bank & Trust Co.,*

(1950) "Notice must be reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to respond. The ECF 40 RESPONSE TO MOTION TO DISMISS Ex 1 shows 37th District Court Chmura order dated 7/7/21, same day cars were towed, "IT IS ORDERED TODAY..". Ps' aver that as a matter of law an order entered 7/7/21 and executed  "today" is unconstitutional insufficient notice as a matter of law.

Ps' need discover to see who ordered cars towed.  Ps' stated in ECF 29 AMENDED COMPLAINT ECF 40 RESPONSE TO MOTION TO DISMISS they heard (D) Scott ordering the cars towed and (P) Thrower saw (D) Scott directing police and (D) STI and Hertz Brothers towing same. See FedR.Civ.P. 26(b) "Parties may obtain discovery regarding any matter no privileged, which is relevant to the subject matter involved in the pending action…." And that "this rule 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" *Oppenheimer Fund. Inc. v Sanders*, 437 US 340, 351.  The magistrate erred because opined that "plaintiffs' are master of their own complaint" but have not allowed to case to proceed to discovery to identify who called the (D) STI, (D) Hertz Brothers' tow company and serve ADMISSIONS.

OBJECTION TO THE MAGISTRATE'S REPORT No. 4

Renters whose eviction was tolled because of covid did not have authority or apparent authority to give defendant city employees ID's in ECF 29 access to basement apartment of plaintiffs as magistrate correctly found.

At ECF 46 pg 2 ft 1, the magistrate erred by changing the date the Ps' found out about the illegal search. "Plaintiffs learned of Defendants' search of the residence on April 23, 2020, ft 1 (Id. At PageID.91) Ft 1 Plaintiff's wrote "4/23". Ps' aver it was "4/23" when they found about the illegal search of their apartment. See ECF 29 pg 9 P "45") "(Ps') Thrower, Nelson did not become aware that (Ds') Scott, Cummins, … had entered basement apartment until 4/23".  Although there was an earlier date alleged 8/21 in complaint where Ps' could have found out about the illegal entry, *they did not* and actually found out about illegal search 4/23 as complaint states, thus the magistrate erred by changing the date of (Ps') complaint when (Ps') stated they found out about the illegal entry into their basement apartment from "4/23" to "April 23, 2020" and the statute of limitations has to be reapplied under this discovery context, (Ps') averring magistrate erred per (Ps') ECF 40 RESPONSE TO MOTION TO DISMISS in re statute of limitations same as if rewritten herein.  Ps' also state magistrate erred that the repeated ENTRY onto (Ps') rented premises was an ongoing pattern of illegally entering Ps' rented premises that extended statute of limitations as set forth in ECF 40.

OBJECTION TO MAGISTRATE'S REPORT No. 5

**A NOTICE OF APPEAL WAS FILED ECF 80 9/6/24 DIVESTING TRIAL COURT OF JURISDICTION. PER A REVIEW OF THE RECORD AFTER THE JUDGE RULED IN THE CASE ADOPTING THE MAGISTRATE'S REPORT ECF 78 THIS EFFECTIVELY ENDED THE CASE AS THERE WAS NOTHING LEFT TO DO IN THE TRIAL COURT.**
"Effect of Taking Appeal

The mere filing of an appeal does not vacate or nullify the judgment appealed from.  Courts have consistently held that the mere filing of an appeal from a decree dismissing a complaint seeking an injunction, in the absence of a stay of proceedings, will not disturb the operative effect of such a decree.  Also, "where the act sought to be restrained has been performed, the appellate courts will deny review on the ground of mootness."[i]  Thus, the filing of a petition to review an order of a bankruptcy judge does not stay the effect or operation of the order unless a supersedeas bond is filed or the order itself provides for a stay [ii] However, if the appeal is for de novo review, it may operate to vacate or nullify the judgment appealed from.

An appeal is perfected upon the filing of a written notice of appeal and once a case has been appealed, the trial court loses jurisdiction except to take action in support of the appeal.

The effect of the appeal is that it transfers the jurisdiction of an issue from the lower court to an appellate court.  The trial court will no longer have jurisdiction or authority to vacate, amend, modify or reconsider its judgment.  However, a trial court's jurisdiction is not removed simply by the fact that a notice of appeal has been filed.  A trial court is not divested of jurisdiction to issue further orders in the case relative to the order or judgment appealed from if such further orders are specifically authorized by statute or rule.[iii]

The lower court may retain jurisdiction to determine matters collateral or incidental to the judgment and not inconsistent with the appellate court's jurisdiction. For instance, an appeal may not affect the lower court's ministerial functions and the court may exercise the ministerial function of entering final judgment where a partial summary judgment and order of dismissal have left no unresolved claims.[iv] A notice of appeal does not oust a trial court of its jurisdiction to consider a timely-filed post-judgment motion, irrespective of the sequence in which the notice of appeal and a post-trial motion are filed.[v]

Similarly, interlocutory appeals from rulings in the lower court do not divest the lower court of jurisdiction over the case. In some situations, the lower court is permitted to act in aid of the appeal."

[i] *Brill v. General Ind. Enterprises*, 234 F.2d 465, 469 (3d Cir. 1956) [ii] *In re Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir. Nev. 1977)

[iii] *Odd Fellows Building & Investment Co. v. City of Englewood*, 667 P.2d 1358 (Colo. 1983) [iv] *Lewis v. United States*, 992 F.2d 767, 772 (8th Cir. 1993)

[v] *Ex parte Andrews*, 520 So. 2d 507 (Ala. 1987) [vi] *McGurn v. Scott*, 596 So. 2d 1042 (Fla. 1992)

It is well-settled law that a NOTICE OF APPEAL ECF 80 divest the trial court of jurisdiction to proceed further in the case. Wherefore, trial court erred by issuing ECF 82 9/30/24 after the case had been effectively terminated by virtue of ECF 78, order adopting magistrate's ECF 46, appealed per ECF 80.

OBJECTION No. 6

(Ps') OBJECT TO MAGISTRATE'S REPORT BECAUSE 1) DID NOT ADDRESS THE "CITIZEN'S ARREST " AGAINST (D) WARREN, MI PROPERTY AND MAINTENANCE EMPLOYEE ROBERT SCOTT, IN TERMS OF THE 4, 14th AMENDMENT T US CONSTITUTIONAL VIOLATION 2) DID NOT ADDRESS (D) SCOTT, (D) PROPERTY & MAINTENANCE EMPLOYEE TOWING "OPERABLE VEHICLES" OFF

PRIVATE PROPERTY WITHOUT PROBABLE CAUSE IN TERMS OF 4, 5, 14th AMENDMENT US CONSTITUTION

OBJECTION No. 7

OBJECTION TO MAGISTRATE REPORT SINCE ERRED BY NOT OPINING THAT ECF 29 IS THE OPERATIVE COMPLAINT, SAME AS IF REWRITTEN HEREIN AS ECF 55 3rd AMENDED COMPLAINT WAS FILED OVER OBJECTION

If a complaint sets forth facts that must be accepted as true, ECF 29, 2nd Amended Complaint same as if rewritten herein, the magistrate erred by not proceeding on that complaint.

OBJECTION No. 8

OBJECTION TO MAGISTRATE REPORT BECAUSE (Ps') SET FORTH FACTS IN COMPLAINT ECF #29, ECF

OBJECTION TO THE MAGISTRATE'S REPORT No. 9

Magistrate erred by not stating that (D) private parties, (D) Hertz Bros., STI Towing Sullivan acted in conspiracy with "state officials", (D) property & maintenance supervisor Scott, in A) towing 2 cars, 7/7/21, and B) scheming the "citizen's arrest" of (P) Thrower @ STI Service Inc with et al., (Ds'), per facts in ECF 29, 55 same as if rewritten herein.

See ECF 67 Ex's 1-40 same as if attached hereto in support of objection to magistrate's report.

11

included "curtilage has long been black letter law". "[W]hen it comes ,, Fourth Amendment, the home is first among equals." *Florida v. Jardines*, <u>569 U.S. 1, 6</u>, "At the Amendment's ..right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' " *Ibid*...full practical effect to that right, the Court considers curtilage—"the area 'immediately surrounding and associated with the home' "—to be " 'part of home itself for 4th Amendment purposes.' " *Jardines*, <u>569 US, at 6</u>, <u>133 SCt 1409</u>, *Oliver v. United States*, <u>466 U.S. 170, 180</u>, "The <u>*protection afforded the curtilage is essentially a protection of families and personal privacy in an area intimately linked to the home*</u>, both physically and psychologically, where privacy expectations are most heightened." *California v. Ciraolo*, <u>476 U.S. 207, 212–213</u>, When a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of 4th Amendment has occurred. *Jardines*, <u>569 U.S., at 11</u>, .. conduct is presumptively unreasonable absent a warrant."

   Per *NILI et al v City of Warren et al* Case No. 15-cv-13392 consent decree  para 12 (D) city of Warren agree to obtain administrative warrant if denied entry,…"
See ECF 40 Ex 12

   13. ECF 55 Complaint facts:  (D) Robert Scott is supervisor of (D) City of Warren Property & Maintenance Dept Warren MI- deceased-city is representing (D) Scott and is still liable  working for (D) city of Warren in his individual capacity.
   14. All of the private parties (Ds') Hertz Brothers, (D) Sullivan acted "under of color of state law", acting "in concert", "conspiracy" with state actors per facts alleged "to be engaged in joint action, a private party must be a "willful participant" with the state or its agents in an activity which deprives others of constitutional rights. *Dennis*, 449 U.S.at 27. A private party is liable under this theory, .. its particular actions are "inextricably intertwined" with those of the government. *Brunette*, 294 F.3dat 1211. Substantial cooperation between the private party and the state must be shown. *Mathis. Pac. Gas & Elec.Co.*,75 F.3d 498, 503

(9thCir. 1996). An agreement between government and a private party for some governmental-type action can create state action" Substantial coordination and integration between the private party and the government are the essence of a symbiotic relationship. Id. A significant financial integration may form the nexus of a symbiotic relationship. *Rendell-Baker*, 457 U.S. at 842-43. A symbiotic relationship may also arise from of the government's exercise of control over the private party's actions. "*Brunette*, 294 F.3d at 1213. (D) STI and Hertz Bros., Sandra Hertz, Randy Sullivan fit this definition for liability of private parties acting in concert with (D) Scott.

15. (D) City of Warren MI is a local government entity which (D) Scott and (D) police Does work for. It is being sued for "failure to train" it's employee's.

When a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of the Fourth Amendment has occurred. *Jardines*, 569 U. S., at 11. Such conduct thus is presumptively unreasonable absent a warrant."

16. On 7/7/21 (D) Scott learned (P) Thrower arrived to mow grass at 7568 Hudson Ave Warren MI.

17. (D) SCOTT learning (PT) arrived called (Ds') STI, Hertz Brothers, Randy Sullivan to meet (D) SCOTT and tow vehicles from 7568 Hudson Ave

18. (PT)= plaintiff Thrower was in his apartment @ 7568 Hudson Ave – (DUPLEX) and saw and heard (D) STI tow company, (D) Hertz Brothers, and/or employees (D) Sullivan towing his 2011 Silverado & Honda directed by (D) Scott.

19. (PT) saw (D) SCOTT throw (PT) mower in the back of the (PT) Silverado upside down ruining same.

20. (PT) was in 7568 Hudson Ave and heard (D) SCOTT scream at (Ds) STI Towing, Hertz Brothers and or employee (D) Sullivan "I want the Honda towed".

21. 2008 Honda Civic was parked on concrete drive behind 7568 Hudson Ave.

22. (PT) heard (D) Hertz Brother or employee (D) Sullivan say "I can't tow Honda without damaging it because it's at an angle". (D) SCOTT responded, "I don't care I want it towed anyhow"

((Ps') have listed Joseph Bayura Jr as a witness to testify to paint damage and bumper torn 2 places underneath 2008 Honda and needs replaced)

23. (D) Scott later caused 37th District Court Judge Chumra to issue a CYA court order after towing cares and issue misdemeanor warrant for (PT) arrest dated 7/7/21. Judge Chumra order delineated to tow "inoperable vehicles"  Order Ex 1, ECF 40 Ex 1

24.  7/7/21 court order is void as a matter of law since:

    a.    Issued without notice or an "opportunity to be heard" or probable cause (issued 7/7/21-same day cars towed)

    b,    Cars towed were "operable" so assuming arguendo court order was valid, it was limited to "inoperable" vehicles and (Ps') 2 vehicles were "operable"

    c.    Order was not a "search warrant" to enter private property

    d.    Cars were licensed, insured, and no ticket for "blight" or other infraction issued

    e.    2008 Honda was driven by renter (PN)—plaintiff Nelson who had taken an ambulance to Ascension Hospital days before and was in the hospital when her Honda was towed

    f.    Order as a matter of law did not allow (D) SCOTT to enter private property without a search warrant as a matter of law per *Collins v Virginia, supra.*

25. (PT) saw (D) SCOTT take (PT) "personal property" grill, gutter attached to house, wood from 7568 Hudson Ave address

26.  (D) SCOTT billed (PT) $687.50 for illegally taking property 7/7/21 in his alleged capacity as supervisor of property and maintenance

27.  On 7/8/21 (PT) went to (D) STI 6006 Rinke Ave Warren MI to retrieve Silverado at about 8.30 AM.

28.  (D) Hertz Brother &/or employee (D) Sullivan stalled (PT) per earlier agreement with (D) Scott-for approximately 30 minutes pretending like (D) could not find (PT) Silverado.

29.  (PT) was told to wait in STI garage and (D) Scott arrived and attacked (PT) running up on him in (D) STI garage and physically restraining (PT) while (Ds') Hertz Bros &/or Sullivan watched

30.  (PT) yelled "what are you doing"? (D) SCOTT said "I am doing a citizens arrest, there is warrant out for you for housing violations."

31.  (PT)  told (D) Scott that under MI law he could not perform a citizens arrest for alleged misdemeanor housing violations.

32.  (PT) called 911 to report kidnapping in process and assault and battery, with (D) SCOTT knocking phone out of  (PT) Thrower's hand injuring same after 911 operator answered

33. (D) Scott searched (PT) Aldi's bag

14

34.   On 7/21/21 (PT) filed a police report for (D) Scott "assault and battery", "kidnapping" Incident #21-33784

35.(PN) after exiting Ascension Hospital had to retrieve her "operable" Honda from (D) STI towing paying $330 tow fee. Rear bumper damaged. Paint $880

36.   (PT) paid $330 to retrieve Silverado from (D) STI at a later date

## CLAIM NUMBER ONE

Per facts same rewritten herein (D) Scott in tandem, conspiracy, agreement with (Ds') STI, Hertz Brothers, employee (D) Randy Sullivan  violated the (Ps') 4, 5, 14ᵗʰ Amendment rights United States Constitution when they entered on to the 7568 Hudson Ave property, curtilage, 7/7/21 without search warrant and towed 2 operable vehicles belonging to (PT) and (PN) tenants.  (D) SCOTT confiscated personal property of (PT) Thrower in the process

## CLAIM NUMBER TWO

Per facts same rewritten herein the (D) SCOTT violated the (PT) United States Constitutional rights to be free from unconstitutional seizure in violation of the 4, 5, 14ᵗʰ Amendment when (D) Scott preformed a "citizen's arrest" when as a matter of law (D) Scott was not legally allowed to.  (D) Scott acted in agreement, tandem, conspiracy, actions "inextricably intertwined",  with (D) Hertz Brothers, (D) Sandra Hertz, (D) Randy Sullivan to detain, stall (PT) at (D) STI, call (D) Scott who rushed over and do "citizen's arrest", "assault and battery", kidnapped, search (PT) at  (D) STI garage   while (D) Hertz Brother(s) &/or (D) Sullivan watched per agreement"

The (Ds') city Warren, Scott, aver that a warrant was issued for housing violations to (P) Thrower.

1) The 7568 Hudson Ave Warren MI is owned by St Anthony the Great Romanian Orthodox Monastery, a MI registered corporation, not (P) Thrower. ECF 40 Ex

2) Assuming arguendo 7/7/21 warrant was legitimately obtained it is a misdemeanor warrant and cannot be used to tow cars and seize personal property at a residence or even enter a residence to perfect an arrest. *New York v Payton*,   445 U.S. 573, 100 S. Ct. 1371;   for the law that a search warrant must be issued to enter property for a felony arrest.

3)   (D) city, Scott cite a 6ᵗʰ Cir case *US v Coleman*, 923 F3d 450 (6ᵗʰ Cir), for the proposition that this Court is wrong stating that (Ps') state a 4, 14ᵗʰ

Amendment claim for illegal entry onto the Ps' leased residential property without a search warrant towing 2 cars and taking personal property.

Per Ex's 36, pg 1-10 show that 7568 Hudson Ave was completely fenced in. 7568 Hudson Ave Warren= duplex, not a condominium complex delineated in *Coleman, Id.* The only other tenant was city's witness Branson who had her eviction "stayed" because of covid. (Ds') do not get an affidavit from renter Branson to aver that she allowed (Ds') in. Per facts, the 2008 Honda was parked behind building on concrete at an angle. The government in *Coleman* had a court order to place a tracking device on Coleman in *Coleman, Id. 450-1. Coleman* is inapplicable because Coleman was the subject of a narcotics investigation. In *Coleman*, 451, "Coleman moved to suppress the fruits of the ... vehicle tracking and residential search warrants,.." In case *sub judice,* there was no search warrant. Id 451, "Coleman's driveway was not within the curtilage of his home..", contrary to Ex 1 pg 1-9 shows 7568 Hudson right next to home. Per Ex 38-39 Affidavits' (P) Thrower, (P) Nelson aver anyone seen past driveway entrance would be deemed "trespassing" as it enters yard enclosed by fence on 4 sides and driveway. Per Ex 37 Affidavit & Ex 38 pic., there was a "no trespassing sign" on fence like the one in Ex 32 pic-although faded. In *Coleman*, there was no "no trespassing" sign just a "private property" sign on entrance to condo complex. Further ECF 40 Ex 28, 32 pg 2 show Ps' gate @ 7568 Hudson Ave closed after vehicles entered or left.

Assuming arguendo what Ds' say is true re *Coleman*, case is *not on point* because facts Ds' seized Ps' 2 vehicles and personal property and in residential "curtilage" area which constitutes 4, 5, 14th Amendment violation alleged without a search warrant. The seizing of the 2 cars is the 4, 5, 14th , and a separate cause 4, 5, 14th Amendments for entering property without search

*16*

warrant  US Constitutional violation without Due Process of  law. Ps' do not
read *Coleman* to allow same  and Ds' do not cite *Coleman* that  allows the
conduct alleged in the facts of complaint.  STI (Service Towing Inc-Able
Towing LLC) Hertz Bros., Sandra Hertz & Randy Sullivan acted in "concert",
"tandem", "Conspiracy" to tow the Ps' vehicles.  *"Nugent v Spectrum Juv
Servs*, 72 F4th 135, 139-140  6CA '..test ..employed to determine when a
private entity may qualify as a state actor, including entwined test..private entity
is entwined in private entity's management or control' *Brentwood Acad v Tenn
Secondary Scholl Athletic Ass'n*, 121 SCt 924. In this case … facts in complaint
that appellant STI, Hertz Bros were called to tow cars off private property by
'state actors'. See ECF105 Ex 5,6,7,9 ADMISSION. …STI, HERTZ BROS
tow company claim they have a contract with (D) city of Warren that mandates
they comply with city of Warren employees requests…. Shows 'as to the
elements of these three theories… nexus test, state compulsion test, and
conspiracy framework are all sufficient bases on which to find private company
defendants liable under Sec 1983' *Memphis Tenn Local .. v City of Memphis*,
361 F3d 898, 905

Pet exhibits *infra* are referenced  ECF 40 & annexed hereto. (Ds') STI,
Hertz Bros appear confused and argue that since police are not involved in the
illegal tow scheme, then they are not liable. (D) Scott,  et al., are "state actors" for
42 USC Sec 1983 purposes. (D) Warren city workers (D) Scott is a "state actor" ,
like tow companies, city in *Robertson v Breakthrough et al*,  argues state law has
exclusive "subject matter jurisdiction", "Mich Comp L Sec 257.252e(1), ..relies on
*Gilbert-Rutter v Parkview Towers*..WL 2016 3913713 at 2  (ED MI).. however

*Gilbert-Rutter..* concerned a single plaintiff challenging the one-time tow of a vehicle with expired plates". See Ex 23 *Gilbert-Rutter v Parkview Towers et al., Case 16–11–10,* dismissing pro'se complaint @ p 3 para 1 "In Plaintiff's amended complaint, all allegations .. legality of towing of her car from private property of (D) Parkview Towers. Plaintiff admits she was given 48 hours notice by Parkview towers prior to towing of her car. She admits that her car had expired plates, and that the car was considered abandoned. Plaintiff admits.. lease that she received from Parkview states that a vehicle can be towed for expired plates. Plaintiff also admits in her complaint that she could have retrieved her vehicle from the police but did not pay required fee. Per MCL §257.252a(2)(a), an abandoned vehicle is defined as, inter alia, "[a] vehicle that has remained on private property without consent of owner." (P) lease, Parkview could remove cars parked on their property that had expired registration plates. Parkview had a contract with Goch & Sons Towing..". Hence owner of property, Parkview Towers called tow company .. expired plates, after giving 48 hours notice pursuant to renter Gilbert-Rutter's per written lease, within the direct language Mich Comp L Sec 257.2523(1) Ex 16 MI Abandoned Vehicle Code." .. magistrate opinion was not appealed by plaintiff in *Gilbert-Rutter v Parkview Towers et al..* Case *sub judice,* is differentiated because 2 cars were towed, b) 2 cars were "operable", c) state actors or STI tow company under Mi Abandoned vehicle code was not allowed on private property to tow cars

d) cars had current plates, insured to same address as (PN) owner's driver's license

e) Came on private property without warrant behind a privacy fence  g) "other

acts" 22-cv-10918 *Nelson et al., v Service Towing Inc. et al.,* where same (Ds')

towed 4 other cars, (D) SCOTT & other city employees entering (Ps') residence

without search or administrative warrant as found by this Court but dismissed on

"statute of limitations" grounds ECF    -even though "dismissed" on statute of

limitations grounds can still be considered as "other acts" for (D) city liability. "

Under the continuing violation doctrine, certain plaintiffs can overcome a statute of limitations

defense by arguing that the allegedly unconstitutional acts were parts of a continuing violation

amounting to a single wrong occurring within the limitations period." See *United Air Lines, Inc.*

*v. Evans,* 431 U.S. 553 (1977), *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002),

and *Ledbetter v. Goodyear Tire & Rubber Co., Inc.,* 127 S. Ct. 2162 (2007) (Ds') Hertz Bros.,

Sandra Hertz & employee Sullivan worked with (D) Scott to "set up" (PT) ..

citizens arrests (P) Thrower Ex 24 Warren 7/16/21 police report.  "scheme…

violated federal statutes and constitutional rights –all 'arise under the Constitution,

laws, treaties of United States.' 28 USCA Sec 1331.  Court has jurisdiction.

*Carmen Auto Sales III Inc. v City of Detroit,* 2018 WL 1326295, @ 3-4",

"explaining: '*Congress—not state a state legislature—controls federal court*

*jurisdiction*..nothing in Sec 257.252e(1).. limits a federal court's jurisdiction to

hear federal claims…'" *Robertson et al v Breakthrough et* al., pg. 11. Indeed, per

facts complaint,  Michigan Vehicle Code Sec 257.252e(1), does not even apply to

the facts accepted as true, since only property owner or police can authorize tows off private property, which "state actor", working under Supervisor of Property & Maintenance.  Hence, *"Breakthrough's* authority to tow vehicles derives from Michigan Vehicle Code, which allows for towing of an 'abandoned vehicle'—that is 'a vehicle that has remained on private property without consent of the owner' Mich Code L, Sec 257.252a(2)(a). A towing agency may take custody of an abandoned vehicle through one of two ways: (i) .. direction of a police agency, see Sec 257.252(a)(4), or (ii) at the request of the owner of the private property where the abandoned vehicle is located, see Sec 257.252a(10)."  Hence tow company (Ds')—appellees STI, Hertz Bros cannot rely on a state code to violate (Ps) US Constitutional rights that does not even apply per the facts accepted as true.

   Police have not been identified or served. "For (Ps') to state a claim for civil conspiracy, 'all that must be shown is that there is a single plan,.. alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant", *Memphis*, 361 F3d 905. The "conspiracy" was to tow 2 licensed, , insured cars from ( P-Nelson) home and (P- Thrower) & take personal property. It is well settled law that private parties can "conspired with state actors.  (Ds') STI, AT LLC employees Hertz Bros., Sandra Hertz, Edward Hertz, Randy Sullivan acted "in concert", "conspiracy" with state (Ds'), engage in conduct under "color

of State law," .. subject to liability under section 1983 where they "act jointly" or

conspire with state government officials. See, e.g., *Brentwood Acad. v. Tenn.*

*Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 296 (2001*); Tower v. Glover, 467 U.S.*

*914, 919 (1984); Dennis v. Sparks, 449 U.S. 24, 27 (1980); cf. United States v.*

*Price, 383 U.S. 787, 794 (1966)* (holding that, for purposes of finding liability..

criminal law analogue of section 1983, 18 U.S.C. § 242, private individuals acting

jointly with state officers engage in conduct "under color" of state law). All private

appellees ABLE TOWING LLC, SERVICE TOWING INC., owners DENNIS

HERTZ. BRUCE HERTZ, SANDRA HERTZ and their employee=Randy Sullivan

via agency law "act jointly" and / or "conspire with state government officials" i.e.

appellee (D) City of Warren Property & Maintenance Supervisor Scott et al.,

*Brentwood Acad. V Tenn. Secondary Sch. Ath. Ass'n, supra* with City of Warren MI

Property & Maintenance division, (d) Robert Scott,  Does, (Ds') all acting in their

'individual capacities" at all times per facts of this complaint and conspired with

private towing company STI, AT LLC and Hertz Bros., Sullivan, employees.

Appellees' (Ds') STI, AKA AT LLC, Hertz Bros, & Sandra Hertz, claim  they were

"just fulfilling a contract", with (D) city of Warren, yet the existence of a

"contract", "with state and private actors,  so that the action may be attributed to

the state', 'to take a particular action so .. really that of the state'" *Robertson et al v*

*Breakthrough* et al @ 12.   See *Memphis Tenn Area Loc Am Postal Workers Union*

*AFL-CIO v Memphis*, 361 F3d 898, 905, "nexus test, state compulsion test, and conspiracy framework are all sufficient bases on which to find the private company liable under Sec 1983..elements of these three theories: * 'The state compulsion test requires proof that the state significantly encouraged or .. coerced either overtly or covertly, to take a particular action so that the choice is really that of the state.' *Moldowan*, 578 F3d at 399. The "particular action" i.e. illegally tow cars, appellees (Ds') STI, Hertz Bros., Edward & Sandra Hertz, employee Sullivan is mandated by their "contract", "so that choice is really that of.. state' *Moldowan, Id.* " ".. nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between ..state and..private actor so… action may be attributed to the state.'" *Robertson et al v Breakthough Towing et al.*, at 12, i.e., "contract" appellees (Ds') STI, Hertz Bros claim for immunity, in the law shows liability, "contract) between the state and private actor .. action may be attributed to the state.'" *Robertson et al v Breakthrough Towing et al.*, Id. * 1983 civil conspiracy occurs where 'private party has conspired with state officials to violate constitutional rights, and (3) an overt act was committed.' *Revis v Meldrum*, 489 F3d 273, 290 CA6", *Robertson et al v Breakthrough Towing et al., supra* @ p12 The fact that 2 cars were illegally towed is "1983 civil conspiracy occurs… violate constitutional rights..and (3) an overt act was committed.'" Overt Act: = (D) "state actor" Warren Property Maintenance Supervisor Scott (Ds) STI, Hertz Bros

state they have a "contract", hence their "contract" with (D) city of Warren requires (Ds')-STI, Hertz Bros, Sandra Hertz to violate (Ps') US Constitutional rights, enter private property-tow cars in violation of 4,5,14ᵗʰ Amendments US Constitution, "so that.. choice is really that of ..state'" *Moldowan, Id*  and "contract" claimed by (Ds') STI, Hertz Bros. to make them not liable is in fact "nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between the state and the private actor so that the action may be attributed to the state.' " *Robertson et al., v Breakthrough Towing et al., supra.* (D) scott as observed by (p) thrower directed towing (ps') 2 cars, took personal property "without notice and an opportunity to be heard at a meaningful time" *Fuentes v Shevin,* 92 SCt 1983

 **Due Process:** The due process cl 14th Amendment ensures no party will be *deprived of property without notice and an opportunity to be heard at a meaningful time* and in a meaningful manner. *Fuentes v. Shevin,* 92 S. Ct. 1983, .. Fourteenth Amendment protection of property has been broadly extended to "any significant property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379,  It is undisputed .. Uninterrupted use of one's vehicle is a substantial property interest, and that before "local government may so interrupt its use, ..owner is entitled to due process." *Bell v. Burson,* 402 U.S. 535, 539.  Per ECF 40 Ex 1, also annexed hereto is Judge 37ᵗʰ District Court issuing order 7/7/21, same day cars were towed. Cars were towed 9:00 AM.  1) order was not and could not be served on (Ps') same day, (PN) was in

23

Ascension Hospital. 2) Order states "inoperable vehicles". (Ps') 2 cars were "operable" per facts and driven away from (D) STI towing facility ECF 40 Ex 21 & annexed hereto as Ex 21 @ Speedway "gas station after removal from (D) STI tow yard-shows 'operable'". (Ps') were "deprived of property without notice and an opportunity to be heard at a meaningful time and in a meaningful manner". *Fuentes v Shevin, Id.* "state actors". Several of the "overt acts" are: 1) coming on the private property to tow 2 cars and take the personal property, 2) Telephone call from City of Warren Property & Maintenance Doe, Scott to STI, Hertz Bros Towing. MI Code L Sec 257.252a(2)(a) statute Warren Property and Maintenance Supervisor, (D) SCOTT, Doe- has "no authority" to tow vehicles off "private property" in violation of well settled "black letter" law 2018 *Collins v Virginia,* as "property and maintenance" employees for (D) City of Warren... police officers, "Sec 257.252a(2)(a). A towing agency may take custody of an abandoned vehicle through one of two ways: (i) at the direction of a police agency, see Sec 257.252(a)(4),..". (Ds') STI, Hertz Bros entered into a conspiracy, meeting of the minds, with "state actors" (D) Scott, Doe evidenced by (D) STI admitted "mystery contract" to violate (Ps') US Constitutional rights acting in their "individual capacities". ".. that the nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between the state and the private actor so that the action may be attributed to the state.'" *Robertson et al v Breakthough Towing et*

24

*al.,* at 12", P-Thrower saw (D) Scott ordering towing of 2 cars and loading (PT) mower into (PT) truck upside down ruining.

(Ds') STI, Hertz Brothers cite a "contract" with city of Warren tow cars when called by Warren City employees. (Ds') STI, Hertz Brother's have not produced this contract, and (Ps') aver that it should not be allowed as a defense, said "mystery contract". Further, said contract would be illegal if interpreted to enter private property at the request of (D) city of Warren Property & Maintenance employees, supervisor appellee (D) Scott to tow licensed, plated, insured vehicles registered to same address. "Private parties may also be liable under Sec 1983 if they 'willfully participated in joint actions with state agents' by joining a civil conspiracy with state officials *Memphis Tenn Area Loc., Am Postal Workers Union, AFL CIO v City of Memphis,* 361 F3d 898, 905 CA 6. "knowingly allowed the seizure ...in reckless disregard of statute requirements' ...violated (Ps) clearly established Fourth Amendment rights to be free from unreasonable seizures' *Livingston,* 151 F.App'x at 476..for plaintiffs to state a claim for civil conspiracy 'all that must be shown is that there was a single plan", appellees STI, Hertz Bros, Sandra Hertz, Edward Hertz-private parties aver "mystery contract" allows them to break the law, violate United States Constitutional rights, yet fails to produce same ," .. nexus test requires a sufficient close relationship (i.e. through state regulation *or contract*) between...state and.. private actor so ..action may be

25

attributed to the state.'" *Robertson et al v Breakthough Towing et al.,* at 12", & at

*Robertson et al., v Breakthrough Towing LLC et al.,* @ p 6 para 2, Mich Comp. L.

Sec 257.252a(11)." Owner of property owner, a circumstance not authorized by

Mich. Code L Sec. 257.252a", "Before removing the vehicle from private

property, the towing agency shall provide notice by telephone, or otherwise, to a

police agency having jurisdiction over the "mystery contract" not produced in

discovery cannot be relied upon to break the law, violate the constitution and

contract shows "may be subject to liability under section 1983 where they "act

jointly" or conspire with state government officials. See, e.g., *Brentwood Acad. v.*

*Tenn. Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 296 (2001)*; Tower v. Glover, 467*

*U.S. 914, 919 (1984); Dennis v. Sparks, 449 U.S. 24, 27 (1980); cf. United States v.*

*Price, 383 U.S. 787, 794 (1966)* (.. finding liability under the criminal law

analogue of section 1983, 18 U.S.C. § 242, private individuals acting jointly with

state officers engage in conduct "under color" of state law). All private (Ds')

ABLE TOWING LLC, SERVICE TOWING INC.,=STI, owners Dennis Hertz,

Bruce hertz, Sandra hertz & employees=Randy Sullivan via agency law "act

jointly" and / or "conspire with state government officials" i.e. (D) City of Warren

Property & Maintenance Supervisor Scott et al., *Brentwood Acad. V Tenn.*

*Secondary Sch. Ath. Ass'n, supra* with City of Warren MI Property & Maintenance

division, (d) Robert Scott, Does, (Ds') all acting in their 'individual capacities" at

all times per facts of this complaint and conspired with private towing company STI, AT LLC and Hertz Bros., Sullivan, employees.  See "other acts" of city of Warren, Ex 29 6/24/23 "Warren police officer caught on video punching jail inmate pg 1-5. Ex 24 Warren Police Report dated 7/16/21, "other act" (Ds') STI, Hertz Bros., working w "state actor (D) Scott in re "citizen's arrest" @ (Ds') STI tow yard, Hertz Brother, Sullivan defendants. "One theory that civil rights attorneys have used to establish § 1983 liability is a ratification theory. Under a ratification theory, the plaintiff argues, that because the municipality subsequently approved of conduct by its officials that deprived the plaintiff of his constitutional rights, the municipality should be liable under §1983. In *City of St. Louis v. Praprotnik,*4 a plurality in the United States Supreme Court accepted this theory: when a final policy maker "approve[d] a subordinate's decision and the basis for it, their See *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)  (Ps') aver that (D) STI admission of "tow contract" with (D) city of Warren, "approved of the conduct by its officials that deprived the plaintiff(s) of (their) constitutional rights,…the municipality should be liable under Sec 1983" Id" . Per lawsuit "accepted as true", (Ps') are proceeding against the (D) city of Warren under *Monell v. Department of Social Services of the City of New York,  infra* which created.. for civil rights P to seek money damages against a city. *Pembaur v City of Cincinnati, infra* "*Monell*.. recovery.. municipality is limited to acts.. 'municipality'-that is, acts which the municipality has officially sanctioned or ordered.'….". "1st Ps' allege (D Warren) has an unconstitutional policy. These policies may written or unwritten, so

long as .. attributed to a "policymaker." Warren has an unconstitutional policy" &/or towing cars for "blight" entering private property without search warrant "policymakers.. elected officials or those defined as policymakers by state law. This.. also provides a standard of causation: if a subordinate employee is the party responsible.. deprivation of rights, the local entity may only be responsible if a certain policy was a "moving force" behind their action. This but-for standard .. 2nd a local entity may be liable .. § 1983 for unconstitutional customs and practices. .. advantageous to a civil rights plaintiff when no policymaker can be identified. … 3) if a policymaker delegates his or her authority to a subordinate employee or explicitly approves of unconstitutional actions,.. act can be said to be "of the municipality" by adoption. 4) civil rights plaintiff may allege deliberate indifference. .. applies to single-incident-type injustices and concerns the city or county's failure to hire, train, or supervise its employees. Deliberate indifference liability attaches when policymakers of ..local entity are aware .. risk and grossly neglect to address it. Blatant unconstitutional policies are (not) authorized by city councils.. admissible evidence proving policymaker authorization or adoption of a subordinate employee's unconstitutional action is often non-existent" . Ps' alleges was a final policymaker] acted under color of state law; 2. acts of (Ds') *final policymaker* deprived Ps' of rights under United States Constitution. (D) *final policymaker* had final authority from (D) City Warren concerning these acts. When Ds' *final policymaker* engaged in these acts, was acting as a final policymaker for (D) City Warren and acts, *final policymaker* caused the deprivation of the plaintiff's rights; that is, *final policymaker*'s acts were so closely related.. deprivation of Ps' rights as to.. moving force that caused ..ultimate injury. Person acts "under color of state law" when person acts or purports to act in performance of official duties under any state, county, or municipal law, ordinance or regulation. *Monell* liability is based on the acts of a final policymaker. For other bases

28

of *Monell* liability, Unlawful Official Policy, Practice, or Custom... Based on a Policy that Fails to Prevent Violations of Law or a Policy of Failure to Train *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691. Such liability attach when official or employee who caused a constitutional violation was acting as "final policymaker." *Lytle v Carl*, 382 F3d 978, 981. "To hold a local governing body liable for an official's conduct, a plaintiff must first show .. official (1) had final policymaking authority concerning.. action ..and (2) was the policymaker for the local governing body for purposes of particular act." Whether an official is a policymaker for *Monell* purposes is a question of state law for the court" *City of St Louis v Praprotnik*, 485 US 112, 123 .. determination is made on a function-by-function approach analyzed under state organizational structure. A "policy" is a deliberate choice to follow a course of action made from among various alternatives by ..official responsible for establishing final policy" Ps' seeking to establish municipal liability under this theory.. demonstrate that an action of final policymaker "was the 'moving force' behind the constitutional violation Ps' suffered." "To meet this requirement, P.. show both causation-in-fact & proximate causation." *Id.* A municipality may be liable for the acts of a final policymaker if these acts caused a constitutional violation, even if the constitutional violation occurs only once. *Pembaur v City of Cincinnati*, 475 US 469, 478 municipality is also liable if a policymaking official fully..."

1) Per Ex 38-39 Affidavits of (Ps') "At 7568 Hudson Ave Warren MI 48090 since approximately 2019 there was a gate across the driveway where each half swung open.

2) The tenant BRANSON did not have a car so there was no need for BRANSON to open or close the gate because there was a 2nd gate to walk through.

3) Branson was instructed to keep the gate(s) closed.

4) The gates are shown in exhibit 32 pg. 2, annexed hereto, same as ECF 40 Ex 32 pg. 2, Ex 36 pictures. The Ex 36 pictures were taken 7/11/24 after property was sold and the new owner removed the gate.

5) There was a "privacy fence" built with (D) city of Warren permit where zoning employee Bagdamente instructed affiant that privacy fence had to be online with the main structure of house.

6) Per Ex 36 photos the yard was completely fenced in.

7) There was a "no trespassing sign" posted on the privacy fence that became faded after time similar to Ex 38 picture.

8) 2008 Honda bumper is torn underneath and needs to be replaced per witnessed proffered for trial and it is the opinion of witness that towing of 2008 Honda from the rear torn the bumper underneath in 2 places per conversation with witness.

9) Per (D) STI, Hertz Bros (Ds') the tickets annexed to ECF   , unlabeled and annexed hereto as Ex 37 pg. 1-5 were all issued the same day 7/7/21 the day the 2 cars were towed or Ex 37 pg. 3=7/8/21 the day after so as to not be relevant except to show that (Ds') returned to property to write the same tickets again.  Per para 10, infra, (PN) Honda was parked on the cement behind the house & was "operable".

10)    (PN) was in Ascencion hospital having travelled there by ambulance the day before 7/6/21

The normal procedure per Warren code is write a ticket if car is parked on the grass and allow violator to appear in an administrative hearing NOT tow the car on grass the same day "without notice and an opportunity to be heard", *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) "Notice must be reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to respond."

11)    Per covid Michigan & Warren had "stayed" all evictions, including 3/10/20 eviction of tenant BRANSON, per "occupying an uncertified structure ticket".  7568 Hudson Ave was owned by St Anthony the Great Romanian Orthodox Monastery ECF 40, Ex 33-34, deed for both parcels, not (Ps')", who leased apartments at 7568 Hudson Ave address ECF 40 Ex 2-3

(PT) STATES A CLAIM THAT (D) SCOTT VIOLATED (PT) 4th, 5, 14 US CONSTITUTIONAL RIGHTS WHEN HE DID A CITIZENS ARREST ON (PT) AND WORKED WITH PRIVATE (Ds') STI, HERTZ BROS., SANDRA HERTZ, RANDY SULLIVAN TO "STALL" (PT) AND NOTIFY

(D) SCOTT WHEN (PT) CAME TO RETRIEVE CARS PER EALIER AGREEMENT

Judge in action dismissed the state law claims. This leaves 4, 5, 14th Amendment US Constitution claims per the fact which must be accepted as true. See ECF 55

27. "On 7/8/21 (PT) went to (D) STI 6006 Rinke Ave Warren MI to retrieve Silverado at about 8.30 AM.

28.(D) Hertz Brother &/or employee (D) Sullivan stalled (PT) per earlier agreement with (D) Scott-for approximately 30 minutes pretending like (D) could not find (PT) Silverado."

OBJECTION No. 1 MAGISTRATE ERRED BY STATING PLAINTIFF THROWER= (PT) DID NOT STATE A 4TH AMENDMENT CLAIM AGAINST ROBERT SCOTT-Warren Property & Maintenance supervisor when he did a citizens arrest at service towing inc=STI tow yard 7/8/21 working in agreement with (D) STI Towing, Hertz Bros., Sandra Hertz, Sullivan employee. Per complaint ECF 29 pg 12, P "67. On 7/8/21 (P) Thrower went to tow yard to retrieve Silverado @ 9:15 AM.

68. (D) Hertz brother or (D) Sullivan stalled (P) Thrower and (D) Hertz brother(s) & or Sullivan, Sandra Hertz, called (D) Scott, Property and Maintenance Supervisor per earlier agreement who rushed over to (STI).

69. 9.40 AM (D) Scott #32 (deceased-estate substituted) arrived at (D) STI...6006 Rinke Ave Warren MI and threw (PT) against .. (restrained Thrower physically in center right of (D) STI garage where (D) Doe Hertz Brother or (D) Sullivan told (P) Thrower to wait) physically restraining (P) Thrower inside STI garage (D) Scott yelling @ (P) Thrower 'there was a warrant out for housing violations (allegedly) issued 7/7/21'". See ECF 40, INDEX OF EXHIBITS 26 pg 1-2 AFFIDAVIT OF ALBERT THROWER, Ex 25 pg 1-3 new Affidavits of (Ps') (two affidavits), Ex 38-39 annexed hereto.

31

70. "(P) Thrower yelled at (D) Scott 'what are you doing'? (D) Scott replied 'doing a citizens arrest'. (P) told (D) SCOTT that under Michigan law (p 13) he could (NOT) sic perform a citizen's arrest. (P) Thrower proceeded to call 911 to report crime of Kidnapping in process under MI law. (D) Scott knocked (P) Thrower 313 line out of his hand and knocked (P) Thrower glasses off, breaking them committing felony 'assault and battery'. (P) Thrower told (D) Scott #32 "you are assaulting me and doing battery on me', (D) Scott (deceased-estate substituted-if needed per AMENDED filing) roughing (P) Thrower up and holding his hands behind his back." (D) Scott is an x-Warren police officer of 28 years, (obit) and apparently still thinks he was a police officer.

71. "While restraining (P) Thrower (D) Scott #32 searched (P) Thrower Aldi's bag with personal property ….performing illegal search and seizure under United States Constitution 4, 5, 14th Amendment including illegal seizure by physically restraining (P) Thrower."

72. "Under Michigan law (D) Scott did not have authority to do a citizen's arrest for misdemeanor warrant. (P) Thrower told (D) Scott he did not have legal authority to restrain (P) Thrower, to which (D) Scott #32 responded, 'I am doing a citizen's arrest'. Which (P) Thrower informed (D) Scott 'he did not have authority to perform a citizen's arrest under MI law per facts.'"

73. "(P) Thrower phone was knocked out of his hand, and he was forcibly detained and injured … by (D) Scott."

74. "Covid was still an issue during this alleged citizen's arrest 7/8/21 and (D) Scott was yelling @ (P) Thrower and spit was going on (P) Thrower from (D) Scott."

75. After about 10-15 minutes of (P) Thrower being physically restrained by (D) Scott Warren police arrived (witnessing (D) Scott physically restraining (P) Thrower).

76. Warren police witnessed the felony in process of kidnapping (P) ..Thrower and did not arrest (D) Scott but rather arrested (P) Thrower for alleged misdemeanor housing violations."

Magistrate erred because it appears that since Warren police ultimately arrested (P) Thrower that (D) Scott did not perform a "citizen's arrest" as he claimed he did to (P) Thrower.

(D) Scott having ample to time to respond under oath does not deny this assault and citizen's arrest took place, nor have Warren police officer's arrived who witnessed same, or (D) Hertz Bros (Ds') or employee Sullivan.

77) "Under Michigan Code of Criminal Procedures Act 175 of 1927, 764.16 Arrest by Private Persons... Section 16, For a felony committed in the private person's presence

- ... committed felony not in private person's presence, If the private person is summoned by a peace officer to assist the officer....(d)" ECH 46 pg 3, P 2, magistrate correctly states fact: "July 8, 2021, Thrower went to the tow yard to retrieve the vehicles... (D) Hertz (or (D)=Doe employee Sullivan-who was mistaken as one of the (Ds') Hertz Brothers stalled Thrower while (D) Scott was on his way to the tow yard (after being called by (D) Hertz Bros per agreement). When (D) Scott arrived, he threw (P) Thrower against the wall and conducted a citizen's arrest for unsafe structure-for-habitation ticket(issued the day before 7/7/21 & not served on (P) ) (Id. At PageID,94-95) (as noted in (Ps')

brief tenant Branson had her eviction stayed because of covid, and then evictions were tolled because of covid-later (D) Scott testified at 8/21 eviction hearing that Branson should be allowed to stay at Hudson property for free while (D) Scott helped her find a place & "it was a nice apartment" Tsp of hearing-to 37th District Court's Judge Chuma's dismay). While restraining ((P) Thrower), (D) Scott searched through Thrower's bag (and assault and battery (P) Thrower per ECF 29 pg 12-13 complaint "which must be accepted as true" quoted *supra*. Thrower alleges that Scott lacked authority to conduct a citizen's arrest for a misdemeanor charge. Warren police then arrived but did not arrest Scott for kidnapping; instead, they arrested (P) Thrower on the misdemeanor housing violation." Magistrate was correct by holding (Ps') complaint to a lesser pro'se standard per *Haines v Kerner*, 404 US 519, 520. @ pg 5 P 2.

Magistrate erred in applying law in re citizen's arrest. Pg 22 ECF 46 PageID 547, as to probable cause for (D) Scott to do a citizen's arrest-restrain (P) Thrower, "assault & battery on (P) Thrower per ECF 25 Amended complaint quoted supra. (D) Scott is not a police officer, magistrate using "The officer subjective reason for making the arrest ..." *Devenpeck v Alford*, 543 US 146, 153. As stated in ECF Amended complaint 29 (D) Scott is a supervisor Warren Property and Maintenance. (Ps') can find no law, that an employee of Warren property and maintenance can do a "citizen's arrest" as (D) Scott claimed he did, Scott was attacking, restraining, knocking (PT) glasses off, knocking his phone out of his hand, spit on during covid, and searching ALDI bag until Warren police arrived "10-15 minutes later", he being a public official, city of Warren employee under Michigan law was not allowed to do same. Using a police case as to whether a *police had probable cause to arrest ... Devenpeck Id.*, is not on point. "Held: *1. A warrantless arrest by a law officer is*

34

*reasonable under the Fourth Amendment if, given the facts known to the officer, there is probable cause to believe that a crime has been or is being committed...officers* to cease providing reasons for arrest, or to cite every class of offense for which probable cause could conceivably exist. Pp. 5–9.", "Officer .. State Patrol, ..supervisor, Sergeant Devenpeck," *Devenpeck v Alford, Id.* Complaint ECF 29, (D) Scott=(D) city of Warren Property & Maintenance", not "a police officer", so *Devenpeck v Alford, Id.,* is not relevant.  (D) city of Warren failed to train (D) Scott and "train" him that he is "(not) a law officer" as he was for 28 yrs (Scott obit). The city of Warren is liable for it's failure to train policy" and ample case and newspaper articles set forth in Ps' ECF 40 RESPONSE TO DEFENDANTS MOTION TO DISMISS .. same as if rewritten herein including exhibits 1-35. Magistrate states @ pg 22 para 2 "As Scott noted, PT did not allege that .. citizens arrest … was affected without probable cause…" .  Scott, per ECF 29 pg 6 P"15) (D) Scott=supervisor of city of warren property maintenance div..".  For a city employee law states he cannot make a "citizens arrest".  There is no weighing if he had "probable cause" as he is not a police officer.  2nd, Warren Police officers that arrived 10–15 minutes later and observed (D) Scott "physically restraining" (PT) had they been "properly trained" would have observed that there was a felony in the process of kidnapping, assault & battery & should have arrested (D) Scott instead of arresting (PT) for outstanding misdemeanor warrant-issued day before.  ECF 40, index of exhibits, Ex 26 pg 1-2 AFFIDAVIT (PT) See 3rd Amended complaint ECF which must be accepted as true: ECF 55.

1) " On 7/8/21 (PT) went to (D) STI 6006 Rinke Ave Warren MI to retrieve Silverado at about 8.30 AM.

2)    (D) Hertz Brother &/or employee (D) Sullivan stalled (PT) per earlier agreement with (D) Scott-for approximately 30 minutes pretending like (D) could not find (PT) Silverado.

3)    (PT) was told to wait in STI garage and (D) Scott arrived and attacked (PT) ...in (D) STI garage and physically restraining (PT) while (Ds') Hertz Bros &/or Sullivan watched

4)    (PT) yelled "what are you doing"? (D) SCOTT said "I am doing a citizens arrest, there is warrant out for you for housing violations."

5)    (PT) told (D) Scott that under MI law he could not perform a citizens arrest for alleged misdemeanor housing violations.

6)    (PT) called 911 to report kidnapping in process and assault and battery, with (D) SCOTT knocking phone out of (PT) Thrower's hand injuring same after 911 operator answered (PT) amended witness list to obtain this 911 recording. ..  (D) Scott searched (PT) Aldi's bag.

7)   7/21/21  (PT)  filed  police  report  on  (D)  Scott  "assault  and  battery", "kidnapping" Incident #21-33784..." CLAIM NUMBER TWO

Per facts same rewritten herein (D) Scott violated (PT) US Constitutional rights to be free from unconstitutional seizure in violation 4, 5, 14th Amendment when (D) Scott performed  "citizen's arrest" when as a matter of law (D) Scott was not legally allowed to.  (D) Scott acted in agreement, tandem, conspiracy, actions "inextricably intertwined",  with (D) Hertz Brothers, (D) Sandra Hertz, (D) Randy Sullivan to detain, stall (PT) at (D) STI, call (D) Scott who rushed over to do "citizen's arrest", search (PT) at  (D) STI garage  while (D) Hertz Brother(s) &/or (D) Sullivan watched per agreement.", "legality of citizen's arrest changes, .. arresting individual becomes subject to same 4th Amendment restrictions on search and seizure as law enforcement officers. … inherent danger .. arresting citizen may face, that this is a rare occurrence.

36

WHEREFORE magistrates erred in granting MOTION TO DISMISS and the case

should proceed to discovery and trial and/or Magistrate had no jurisdiction to enter

ECF 82 after Notice of Appeal was filed ECF 80 *+(Ps') object to the Magistrate's Report for reasons stated supra.*

Respectfully submitted,

Albert Thrower pro'se   Elizabeth Nelson pro se


## CERTIFICATE OF SERVICE

A copy of this OBJECTION TO MAGISTRATE'S REPORT has been
served on the below defendants after calling same to see if they agree with
(Ps') position this 10/15/2024
Mark Straetmans/ Rachel Selina  255 E Brown St #320 Birmingham, MI
48009 tel  2486459680
mstraetmans@berrymoorman.com
rselina@berrymoorman.com
Jenifer Mead     PO Box 806042 St Clair Shores, MI 48080   tel
3134851250
meadjenn@hotmail.com
Law Offices of **Thomas H. Stidham. 1401 W Fort St. Rm 1006. Detroit,
MI 48233. Telephone: (248) 303-0306. Fax: (313) 832-7661**
Tsstidham@hotmail.com

Albert Thrower, pro se   Elizabeth Nelson pro se

*SAME AS IF Attached HERETO.*

## INDEX OF EXHIBITS

EXHIBIT 1 Judge Chmura 2/7/21 Order 37th District Court Warren

EXHIBIT 2 Lease PN-Plaintiff Elizabeth Nelson

EXHIBIT 3 Lease PT-Plaintiff Thrower

EXHIBIT 4 9/1/21 Menards Mower Receipt

EXHIBIT 5 STI 2008 Honda Receipt $350 dated 7/7/21

EXHIBIT 6 STI 2011 Silverado Receipt dated 7/7/21

EXHIBIT 7 Regal Tire Receipt dated 7/1/6/21 "towed in"- flat tire @ STI Tow Yard $75

EXHIBIT 8 Pic (D) Mayor Fouts, (D) Robert Scott

EXHIBIT 9 p 1-2 3/11/20 pic of furnace taken after illegal entry into (Pn') basement apartment

EXHIBIT 10 p 1-3 3/11/20 pic in (Pn') basement apartment taken after illegal entry

EXHIBIT 11 p 1-4 3/11/20 pic (Pn') basement apartment taken after illegal entry

EXHIBIT 12 NELI 2011v City of Warren, EDMI class action

EXHIBIT 13 7/14/21 Warren Weekly "Warren trucks down 'bad landlord'", "Warren Mayor (D) Jim Fouts said".

EXHIBIT 14 Mail for (P) Elizabeth Nelson to 7548 Hudson Ave Warren MI 48091

EXHIBIT 15 "The Pit nuisance stands in Warren", dated 5/12/21, yet city (Dn') tabs (Pn') still 7/7/21, $75

EXHIBIT 16 List of Expenses incurred so far as of 11/24/23

EXHIBIT 17 (PN) Driver's License showing 7548 Hudson Ave Warren MI 48091

EXHIBIT 18 Photo at (D) STI Tow yard (PN) Honda "illegal" on windshield

EXHIBIT 19 Mower @ scrapyard-since (Dn') throw upside down in (PT) truck

EXHIBIT 20 (D) City of Warren bill for unidentified work 3/24/20 during covid.

EXHIBIT 21 (PN) Honda @ Speedway Gas station after removal from STI tow yard-shows "operable"

EXHIBIT 22 Human v Dwyer et al., EDMI Case #11-13587, shows false arrest-not training officers, "person"

EXHIBIT 23 March 2022 Warren Flyer, (D) Fouts, "Prepared not Scared"

EXHIBIT 24 pg 1-2 (DD) Mayor Fouts, Press Release -references "State of the City reception June 24, 2021", getting city employees fired up which led to (D) Scott attacking (PT) @ STI Tow yard

EXHIBIT 25 pg 1-3 Affidavit of Elizabeth Nelson (two affidavits)

EXHIBIT 26 pg 1-2 Affidavit of Albert Thrower

EXHIBIT 27 pg 1-13 Agreement spells out that Warren Police Commissioner Dwyer is "policymaker"

EXHIBIT 28 PRESIDENT TRUMP CORONAVIRUS GUIDELINES 3/16/20

EXHIBIT 29 Pic of (PT) 2011 Silverado towed 7/7/21 pg 1-3 — 5 hour *GATE*

EXHIBIT 30 3-6-20, amended 3/23 pgs. 3-10-20 Michigan Governor Whitmer "covid emergency order"

EXHIBIT 31 Cleveland MetroHealth Center documentation 3/20 for (P) Thrower

*Gate* — EXHIBIT 32 Printno SIDE DOOR where (Dn') entered 7548 Hudson Ave 2 page

EXHIBIT 33 Deed, and side lot transfer "St Anthony the Great Monastery"

EXHIBIT 34 Deed shows Salus Anthony Monastery owns property

EXHIBIT 35 "Other note Warren police", shows "person", "This video sickening"

*Ex 36 pg 1-9: Pics showing yard enclosed and pg V2*
*Ex 37 PJ Tickets*
*Ex 38 (PT) Affidavit*
*Ex 39 (PN) Affidavit*
*Ex 40: N. Trespassing Sign*

*ECF 40:*
*Ex 29 GATE*
*Ex 32 Gate*