UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON, and
ALBERT THROWER

    Plaintiffs,

v.

ROBERT SCOTT, *et. al.*,

    Defendants.
_____/

Case No. 2:23-cv-11597
Hon. Brandy R. McMillion
Mag. Judge Curtis Ivy, Jr.

**<u>ORDER ADOPTING THE RECOMMENDED DISPOSITION OF
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(ECF NO. 82), OVERRULING PLAINTIFFS' OBJECTIONS (ECF NO. 83),
GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 57), AND
DISMISSING THE THIRD AMENDED COMPLAINT (ECF NO. 55)</u>**

Plaintiffs Elizabeth Nelson and Albert Thrower (together, "Plaintiffs") filed this *pro se* civil rights action against Defendants City of Warren, James Fouts, Robert Scott, James Cummins, Curtis Gauss, Frank Badalamente, Mary Michaels, Brian Kijewski, Marilyn Trembath, Everett Murphy, Pete Warack, Annette Gattari-Ross, R. Lipa, William Reichling, and William Dwyer (collectively, the "City of Warren Defendants") and Defendants Service Towing, Inc., Able Towing, LLC, Dennis Hertz, Bruce Hertz, Sandra Hertz, Edward D. Hertz, and Randy Sullivan (collectively, the "Towing Defendants"). Plaintiffs allege violations of their constitutional rights and various statutes, under the Fourth, Fifth, and Fourteenth

1

Amendments. *See generally* ECF No. 29. Plaintiffs' allegations concern the search of Plaintiffs' commercial property located in Warren, Michigan and the towing of vehicles found on that property. *Id*.

On August 22, 2024, the Court issued an order dismissing the claims against the City of Warren Defendants. ECF No. 78. Now pending before the Court is the Towing Defendants' Motion to Dismiss (ECF No. 57). The motion was fully briefed. *See* ECF No. 67, 72. On September 30, 2024, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation (R&R) recommending the Towing Defendants' Motion to Dismiss be granted. Plaintiffs objected to that recommendation and the Towing Defendants responded to those objections. *See* ECF No. 82-84.

Having reviewed the objections and conducting a *de novo* review of the record and briefs, the Court concludes that Plaintiffs have failed to state a claim against the Towing Defendants. Reaching that conclusion, the Court overrules Plaintiffs' objections and dismisses this case. Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 82), **OVERRULE** Plaintiffs' Objection (ECF No. 83); **GRANT** the Towing Defendants' Motion to Dismiss (ECF No. 57); and **DISMISS WITH PREJUDICE** Plaintiffs' Third Amended Complaint (ECF No. 55).

## I.

This case was originally filed on July 5, 2023, and the Complaint was amended on August 18, 2023, as a matter of right. *See* ECF Nos. 1, 25. On August 28, 2023, the Court granted Plaintiffs leave to file a Second Amended Complaint. *See* ECF No. 29. On October 23, 2023, the City of Warren Defendants moved to dismiss the Second Amended Complaint, or in the alternative for summary judgment. ECF No. 35. The Court granted that motion. *See* ECF No. 78. The City of Warren Defendant's Motion to Dismiss was originally considered by Magistrate Judge Ivy and he issued a R&R to the Court recommending that the motion be granted. *See* ECF No. 46. As a part of that R&R, Magistrate Judge Ivy noted that the only claims remaining in this case were against the Towing Defendants. *Id*.

After issuance of the R&R, Plaintiffs filed a Third Amended Complaint without leave of the Court. *See* ECF No. 55. The Court found that the filing of the Third Amended Complaint was premature because the Court had not yet ruled on the Magistrate Judge's R&R suggesting dismissal of the Second Amended Complaint. *See* ECF No. 78, PageID.866-867, fn1. However, the Court allowed the Third Amended Complaint to stand as to the Towing Defendants because they had filed a Motion to Dismiss the Third Amended Complaint (ECF No. 57). Therefore, for the purpose of this Motion, the Third Amended Complaint is the operative complaint.

The Third Amended Complaint alleges that Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights were violated when the Towing Defendants conspired with the City of Warrant Defendants to unlawfully tow their vehicles.  ECF No. 55, PageID.600-601.  Plaintiffs assert that the Towing Defendants were acting under the color of state law when they acted in concert with the City of Warren Defendants.[1] *Id*.  The Towing Defendants move to dismiss the complaint on the basis that they are not state actors subject to suit under 42 U.S.C. §1983.  Magistrate Judge Ivy found that alone as a basis for dismissal.  ECF No. 82, PageID.885.  Magistrate Judge Ivy also recommends, with dismissal of the federal claims, the Court decline to exercise supplemental jurisdiction and dismiss the state law claims against the Towing Defendants as well.  *Id*. at PageID.889.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Objections must be stated with specificity.  *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th

---

[1] Neither party has objected to the recitation of facts as found in the R&R (ECF No. 82, PageID.881-883), so the Court will adopt those facts as the basis for its decision.

4

Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3, 2013 U.S. Dist. LEXIS 44411 at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted).

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate

Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

## III.

Plaintiffs submit nine objections to the Magistrate Judge's R&R, however none of the objections address the legal basis of the recommended disposition of the Towing Defendants' motion. *See generally* ECF No. 83. The Magistrate Judge recommends dismissal of the federal claims against the Towing Defendants because, as alleged in their motion, Plaintiffs fail to show any state action on the part of the private towing defendants as required to successfully allege a § 1983 claim. *See* ECF No. 82, PageID.884-889. This Court agrees.

To hold a private entity liable under a § 1983 claim, a plaintiff must show that the entity's actions are reasonably attributable to the state. This can be done through the Public Function Doctrine, state compulsion, or a close nexus between the state and the private entity. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Because Plaintiffs do not address the Magistrate Judge's analysis of this specifically, the Court accepts the Magistrate Judge's recommended disposition on this issue. However, the Court will still address each of Plaintiffs' objections in turn.

**Objection Nos. 1, 3, 4, 6**:

Plaintiffs lodge several objections that relate to the City of Warren Defendants or other aspects of the facts alleged in this case. Each of these objections is unrelated

6

to the any allegations against the Towing Defendants. Because these objections do not address any facts or conclusions of law at issue in the Towing Defendants' Motion to Dismiss or the Magistrate Judge's R&R, each of these objections are overruled.

**Objection No. 2:**

Plaintiffs state that Magistrate Judge Ivy erred by stating Plaintiffs did not state a Fourth, Fifth, or Fourteenth Amendment claim. This objection merely disagrees with the Magistrate Judge generally and does nothing to address any specific objection to the Magistrate Judge's analysis of state action in dismissing Plaintiffs' claims against the Towing Defendants. General objections to the entirety of an R&R have the same effects as a failure to object. *See Howard*, 932 F.2d at 509. Consequently, this objection is overruled.

**Objection No. 5:**

Plaintiffs state that an appeal has been filed and as result the trial court is divested of any further jurisdiction. This objection is also overruled. There was no final judgment issued in this case with respect to the Towing Defendants. The Court previously adopted the Magistrate Judge's R&R recommending dismissal of the Second Amended Complaint as to the City of Warren Defendants. The Towing Defendants remained active defendants in this case, and later filed their own motion to dismiss. The R&R currently before the Court is that recommending dismissal of

all claims against the Towing Defendants; and the Court has jurisdiction to rule on these remaining claims.

**Objection Nos. 7, 8:**

Plaintiffs state that the Magistrate Judge erred by not accepting the Second Amended Complaint (ECF No. 29) as the operative complaint. As noted earlier, Plaintiffs filed a Third Amended Complaint, in response to the Magistrate Judge's recommendation to dismiss the Second Amended Complaint. *See supra* at fn1. Therefore, the Third Amended Complaint became the operative complaint. Accordingly, these objections are overruled.

**Objection No. 9:**

Objection No. 9 is merely a restatement of previous argument, previous court filings, and other facts already considered. A rehashing of previous claims is not a proper objection, and the Court is not require to entertain repeat argument. *See VanDiver*, 304 F.Supp.2d at 937. Therefore, this objection is overruled.

**IV.**

The R&R also recommends that the Court decline to exercise supplemental jurisdiction and dismiss all state law claims against the Towing Defendants. ECF No. 82, PageID.889. With dismissal of the federal civil rights claims, the Court agrees that it would be proper to also dismiss the state law claims against the Towing Defendants. *See Sharwell v. Selva*, 4 F. App'x 226, 227 (6th Cir. 2001).

8

## V.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Ivy's Report and Recommendation (ECF No. 46). The Towing Defendants' Motion to Dismiss (ECF No. 57) is **GRANTED**. Plaintiff's Objections (ECF No. 83) are **OVERRULED**.

**IT IS HEREBY ORDERED** that all federal claims as to the Towing Defendants are **DISMISSED WITH PREJUDICE**. Plaintiffs' state law claims against the Towing Defendants are **DISMISSED WITHOUT PREJUDICE** to be refiled in state court, if the Plaintiffs so desire.

**THIS IS A FINAL ORDER THAT CLOSES THE CASE**.

**IT IS SO ORDERED.**

Dated: November 20, 2024                     s/Brandy R. McMillion
                                             Brandy R. McMillion
                                             United States District Judge