UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FILED
CLERK'S OFFICE
DEC 18 2024
U.S DISTRICT COURT
EASTERN MICHIGAN

Elizabeth Nelson
Albert Thrower

　　　　　Plaintiff(s),

v.

Robert Scott, Service Towing Inc, Able Towing LLC, Bruce Hertz, Sandra Hertz, Randy Sullivan, Dennis Hertz, 4 Doe Warren Policemen, City of Warren, R. Lija, Annette Ross, Pete Warack, Everett Murphy, James Fouts, William Reichling, Marilyn Trembath, Brian Kijewski, William Dwyer, Doe, Doe, Mary Michaels, Curtis Gauss, Frank Badalamente, James Cummins Defendant(s).

Case No. 23-cv-11597

Brandy R. McMillion

Curtis Ivy, Jr.

Amended Notice of Appeal

**NOTICE OF APPEAL** — AMENDED

Notice is hereby given that _Albert Thrower, Elizabeth Nelson_ appeals to the United States Court of Appeals for the Sixth Circuit from the: ☒ Judgment ☒ Order

☑ Other: _ECF 78, ECF 80, ECF 87, ECF 86 Judgment & Order(s) ECF's 50, 46, 29_

entered in this action on _November 20, 2024_.

Date: December 14, 2024

Counsel is: PRO SE

Albert Thrower _/s/ Albert Thrower_

Elizabeth Nelson _/s/ Elizabeth Nelson_
PO 6702 Cleveland OH 44101
PO 1422 Warren MI 48090

Appellant: Please file this form with the District Court Clerk's Office. If you are paying the filing fee, please make your $605.00 check payable to: Clerk, U.S. District Court.

Respectfully submitted,

Elizabeth Nelson pro's Albert Thrower

## CERTIFICATE OF SERVICE

A copy of this ~~motion~~ Amended Notice of Appeal has been served on below (Ds') 9/6/24, Mark Straetmans/ Rachel Selina 255 E Brown St #320 Birmingham, MI 48009 Tel 2486459680

mstraetmans@berrymoorman.com rselina@berrymoorman.com

Jenifer Mead   PO Box 806042 St Clair Shores, MI 48080   Tel 3134851250 meadjenn@hotmail.com

Law Offices of *Thomas H. Stidham.* 1401 W Fort St. Rm 44-1815. Detroit, MI 48233. Tel (248) 303-0306 Tsstidham@hotmail.com

Albert Thrower, pro se   Elizabeth Nelson pro se

12-15-24

2/17

Case 2:23-cv-11597-BRM-CI ECF No. 88, PageID.959 Filed 12/18/24 Page 3 of 18
Case 2:23-cv-11597-BRM-CI ECF No. 80, PageID.874 Filed 09/06/24 Page 3 of 7
Case 2:23-cv-11597-BRM-CI ECF No. 78, PageID.865 Filed 08/22/24 Page 1 of 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON, and
ALBERT THROWER

                Plaintiffs,

v.

ROBERT SCOTT, *et. al.*,

                Defendants.
_____/

Case No. 2:23-cv-11597

Brandy R. McMillion
United States District Judge

Mag. Judge Curtis Ivy, Jr.

**ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 46), OVERRULING PLAINTIFFS' OBJECTIONS (ECF NO. 50), AND DISMISSING THE SECOND AMENDED COMPLAINT (ECF NO. 29) AS TO THE CITY OF WARREN DEFENDANTS**

Plaintiffs Elizabeth Nelson and Albert Thrower (together, "Plaintiffs") filed this *pro se* civil rights action against Defendants City of Warren, James Fouts, Robert Scott, James Cummins, Curtis Gauss, Frank Badalamente, Mary Michaels, Brian Kijewski, Marilyn Trembath, Everett Murphy, Pete Warack, Annette Gattari-Ross, R. Lipa, William Reichling, and William Dwyer (collectively, the "City of Warren Defendants") and Defendants Service Towing, Inc., Able Towing, LLC, Dennis Hertz, Bruce Hertz, Sandra Hertz, Edward D. Hertz, and Randy Sullivan (collectively, the "Service Towing Defendants"). Plaintiffs allege violations of their constitutional rights and various statutes, under the Fourth, Fifth, and Fourteenth

1



Ex A 3/17

Case 2:23-cv-11597-BRM-CI ECF No. 88, PageID.960 Filed 12/18/24 Page 4 of 18
Case 2:23-cv-11597-BRM-CI ECF No. 80, PageID.875 Filed 09/06/24 Page 4 of 7
Case 2:23-cv-11597-BRM-CI ECF No. 78, PageID.866 Filed 08/22/24 Page 2 of 5

Amendments. *See generally* ECF No. 29. Plaintiffs' allegations concern the search of Plaintiffs' commercial property located in Warren, Michigan and the towing of vehicles found on that property. *Id.*

This case was originally filed on July 5, 2023, and the Complaint was amended on August 18, 2023, as a matter of right. *See* ECF Nos. 1, 25. On August 28, 2023, the Court granted Plaintiffs leave to file a Second Amended Complaint, which is the operative complaint for purposes of the instant motion. *See* ECF No. 29. The Service Towing Defendants filed an Answer to the Second Amended Complaint on September 8, 2023. ECF No. 31. On October 23, 2023, the City of Warren Defendants moved to dismiss the Second Amended Complaint, or in the alternative for summary judgment. ECF No. 35. The motion was fully briefed. *See* ECF Nos. 40, 43.

On April 2, 2024, this matter was reassigned to the undersigned. On April 4, 2024, the Court referred all pretrial matters to Magistrate Judge Curtis Ivy, Jr., including the Motion to Dismiss. ECF No. 44. Magistrate Judge Ivy issued a Report and Recommendation ("R&R") suggesting that the Court grant the City of Warren Defendants' motion and dismiss Plaintiffs' Second Amended Complaint as to all City of Warren Defendants.[1] ECF No. 46.

---

[1] After issuance of the R&R, Plaintiffs filed a Third Amended Complaint without leave of the Court. *See* ECF No. 55. The filing of this amended complaint was premature because the Court

2

Case 2:23-cv-11597-BRM-CI ECF No. 88, PageID.961 Filed 12/18/24 Page 5 of 18
Case 2:23-cv-11597-BRM-CI ECF No. 80, PageID.876 Filed 09/06/24 Page 5 of 7
Case 2:23-cv-11597-BRM-CI ECF No. 78, PageID.867 Filed 08/22/24 Page 3 of 5

As provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d), objections to the R&R were due within fourteen (14) days of service, or by April 23, 2024. *See* FED. R. CIV. P. 72(b)(2); E.D. Mich. L.R. 72.1(d)(2)-(3). The failure to timely object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Similarly, failure to object to an R&R forfeits any further right to appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely file objections to an R&R).

Here, Plaintiffs filed their Objections to the R&R on April 29, 2024 – 6 days after the deadline. *See* ECF No. 50. Thus, Plaintiffs' objections are untimely. Consequently, they have waived their rights to contest the R&R and forfeited their right to appeal the decision to dismiss the Second Amended Complaint as to the City of Warren Defendants.

---

had not yet ruled on the Magistrate Judge's R&R suggesting dismissal of the Second Amended Complaint. The Court will dismiss the Third Amended Complaint as to the City of Warren Defendants. The Court will allow the Third Amended Complaint to stand as to the Service Towing Defendants because they have already filed a Motion to Dismiss the Third Amended Complaint (ECF No. 57) and did not file a responsive pleading to the Second Amended Complaint.

3

Case 2:23-cv-11597-BRM-CI ECF No. 88, PageID.962 Filed 12/18/24 Page 6 of 18
Case 2:23-cv-11597-BRM-CI ECF No. 80, PageID.877 Filed 09/06/24 Page 6 of 7
Case 2:23-cv-11597-BRM-CI ECF No. 78, PageID.868 Filed 08/22/24 Page 4 of 5

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Ivy's Report and Recommendation (ECF No. 46). The City of Warren Defendants' Motion to Dismiss (ECF No. 35) is **GRANTED**. Plaintiff's Objections (ECF No. 50) are **OVERRULED**.

**IT IS HEREBY ORDERED** that all Federal Claims as to the City of Warren Defendants are **DISMISSED WITH PREJUDICE**, with the exception that the claims regarding the unlawful seizure of the two vehicles identified in the R&R are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' State Law Claims are **DISMISSED WITHOUT PREJUDICE** to be refiled in state court if the Plaintiffs so desire.

**IT IS FURTHER ORDERED** that Plaintiffs' Third Amended Complaint (ECF No. 55) is **DISMISSED** as to the City of Warren Defendants. The Motion to Dismiss the Third Amended Complaint filed by the City of Warren Defendants (ECF No. 60) is **DENIED AS MOOT**. The City of Warren Defendants are hereby **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Substitution of Parties per Death of Robert Scott (ECF No. 62) and Amended Motion for Substitution of Parties per Death of Robert Scott (ECF No. 68) are both **DENIED AS MOOT**.

4

Case 2:23-cv-11597-BRM-CI ECF No. 88, PageID.963 Filed 12/18/24 Page 7 of 18
Case 2:23-cv-11597-BRM-CI ECF No. 80, PageID.878 Filed 09/06/24 Page 7 of 7
Case 2:23-cv-11597-BRM-CI ECF No. 78, PageID.869 Filed 08/22/24 Page 5 of 5

**IT IS SO ORDERED.**

Dated: August 22, 2024             s/Brandy R. McMillion
                                   Brandy R. McMillion
                                   United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON, and
ALBERT THROWER

    Plaintiffs,

v.

ROBERT SCOTT, *et. al.*,

    Defendants.

_____/

Case No. 2:23-cv-11597
Hon. Brandy R. McMillion
Mag. Judge Curtis Ivy, Jr.

## JUDGMENT

**IT IS ORDERED AND ADJUDGED** that pursuant to this Court's Order Adopting the Recommended Disposition of the Magistrate Judge's Report and Recommendation (ECF No. 86), entered on this date, this cause of action is **DISMISSED**.

KINIKIA ESSIX
CLERK OF COURT
By: s/L. Hosking
Deputy Clerk

Approved:
/s Brandy R. McMillion
BRANDY R. MCMILLION
United States District Judge
Dated: November 20, 2024
Detroit, Michigan

Ex B

8/17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON, and
ALBERT THROWER

    Plaintiffs,

v.

ROBERT SCOTT, *et. al.*,

    Defendants.
_____/

Case No. 2:23-cv-11597
Hon. Brandy R. McMillion
Mag. Judge Curtis Ivy, Jr.

### ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 82), OVERRULING PLAINTIFFS' OBJECTIONS (ECF NO. 83), GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 57), AND DISMISSING THE THIRD AMENDED COMPLAINT (ECF NO. 55)

Plaintiffs Elizabeth Nelson and Albert Thrower (together, "Plaintiffs") filed this *pro se* civil rights action against Defendants City of Warren, James Fouts, Robert Scott, James Cummins, Curtis Gauss, Frank Badalamente, Mary Michaels, Brian Kijewski, Marilyn Trembath, Everett Murphy, Pete Warack, Annette Gattari-Ross, R. Lipa, William Reichling, and William Dwyer (collectively, the "City of Warren Defendants") and Defendants Service Towing, Inc., Able Towing, LLC, Dennis Hertz, Bruce Hertz, Sandra Hertz, Edward D. Hertz, and Randy Sullivan (collectively, the "Towing Defendants"). Plaintiffs allege violations of their constitutional rights and various statutes, under the Fourth, Fifth, and Fourteenth

1



Ex C

9/17

Amendments. *See generally* ECF No. 29. Plaintiffs' allegations concern the search of Plaintiffs' commercial property located in Warren, Michigan and the towing of vehicles found on that property. *Id.*

On August 22, 2024, the Court issued an order dismissing the claims against the City of Warren Defendants. ECF No. 78. Now pending before the Court is the Towing Defendants' Motion to Dismiss (ECF No. 57). The motion was fully briefed. *See* ECF No. 67, 72. On September 30, 2024, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation (R&R) recommending the Towing Defendants' Motion to Dismiss be granted. Plaintiffs objected to that recommendation and the Towing Defendants responded to those objections. *See* ECF No. 82-84.

Having reviewed the objections and conducting a *de novo* review of the record and briefs, the Court concludes that Plaintiffs have failed to state a claim against the Towing Defendants. Reaching that conclusion, the Court overrules Plaintiffs' objections and dismisses this case. Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 82), **OVERRULE** Plaintiffs' Objection (ECF No. 83); **GRANT** the Towing Defendants' Motion to Dismiss (ECF No. 57); and **DISMISS WITH PREJUDICE** Plaintiffs' Third Amended Complaint (ECF No. 55).

10/17

## I.

This case was originally filed on July 5, 2023, and the Complaint was amended on August 18, 2023, as a matter of right. *See* ECF Nos. 1, 25. On August 28, 2023, the Court granted Plaintiffs leave to file a Second Amended Complaint. *See* ECF No. 29. On October 23, 2023, the City of Warren Defendants moved to dismiss the Second Amended Complaint, or in the alternative for summary judgment. ECF No. 35. The Court granted that motion. *See* ECF No. 78. The City of Warren Defendant's Motion to Dismiss was originally considered by Magistrate Judge Ivy and he issued a R&R to the Court recommending that the motion be granted. *See* ECF No. 46. As a part of that R&R, Magistrate Judge Ivy noted that the only claims remaining in this case were against the Towing Defendants. *Id.*

After issuance of the R&R, Plaintiffs filed a Third Amended Complaint without leave of the Court. *See* ECF No. 55. The Court found that the filing of the Third Amended Complaint was premature because the Court had not yet ruled on the Magistrate Judge's R&R suggesting dismissal of the Second Amended Complaint. *See* ECF No. 78, PageID.866-867, fn1. However, the Court allowed the Third Amended Complaint to stand as to the Towing Defendants because they had filed a Motion to Dismiss the Third Amended Complaint (ECF No. 57). Therefore, for the purpose of this Motion, the Third Amended Complaint is the operative complaint.

The Third Amended Complaint alleges that Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights were violated when the Towing Defendants conspired with the City of Warrant Defendants to unlawfully tow their vehicles. ECF No. 55, PageID.600-601. Plaintiffs assert that the Towing Defendants were acting under the color of state law when they acted in concert with the City of Warren Defendants.[1] *Id.* The Towing Defendants move to dismiss the complaint on the basis that they are not state actors subject to suit under 42 U.S.C. §1983. Magistrate Judge Ivy found that alone as a basis for dismissal. ECF No. 82, PageID.885. Magistrate Judge Ivy also recommends, with dismissal of the federal claims, the Court decline to exercise supplemental jurisdiction and dismiss the state law claims against the Towing Defendants as well. *Id.* at PageID.889.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th

---

[1] Neither party has objected to the recitation of facts as found in the R&R (ECF No. 82, PageID.881-883), so the Court will adopt those facts as the basis for its decision.

4

Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3, 2013 U.S. Dist. LEXIS 44411 at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted).

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate

Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

## III.

Plaintiffs submit nine objections to the Magistrate Judge's R&R, however none of the objections address the legal basis of the recommended disposition of the Towing Defendants' motion. *See generally* ECF No. 83. The Magistrate Judge recommends dismissal of the federal claims against the Towing Defendants because, as alleged in their motion, Plaintiffs fail to show any state action on the part of the private towing defendants as required to successfully allege a § 1983 claim. *See* ECF No. 82, PageID.884-889. This Court agrees.

To hold a private entity liable under a § 1983 claim, a plaintiff must show that the entity's actions are reasonably attributable to the state. This can be done through the Public Function Doctrine, state compulsion, or a close nexus between the state and the private entity. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Because Plaintiffs do not address the Magistrate Judge's analysis of this specifically, the Court accepts the Magistrate Judge's recommended disposition on this issue. However, the Court will still address each of Plaintiffs' objections in turn.

**Objection Nos. 1, 3, 4, 6:**

Plaintiffs lodge several objections that relate to the City of Warren Defendants or other aspects of the facts alleged in this case. Each of these objections is unrelated

to the any allegations against the Towing Defendants. Because these objections do not address any facts or conclusions of law at issue in the Towing Defendants' Motion to Dismiss or the Magistrate Judge's R&R, each of these objections are overruled.

**Objection No. 2:**

Plaintiffs state that Magistrate Judge Ivy erred by stating Plaintiffs did not state a Fourth, Fifth, or Fourteenth Amendment claim. This objection merely disagrees with the Magistrate Judge generally and does nothing to address any specific objection to the Magistrate Judge's analysis of state action in dismissing Plaintiffs' claims against the Towing Defendants. General objections to the entirety of an R&R have the same effects as a failure to object. *See Howard*, 932 F.2d at 509. Consequently, this objection is overruled.

**Objection No. 5:**

Plaintiffs state that an appeal has been filed and as result the trial court is divested of any further jurisdiction. This objection is also overruled. There was no final judgment issued in this case with respect to the Towing Defendants. The Court previously adopted the Magistrate Judge's R&R recommending dismissal of the Second Amended Complaint as to the City of Warren Defendants. The Towing Defendants remained active defendants in this case, and later filed their own motion to dismiss. The R&R currently before the Court is that recommending dismissal of

all claims against the Towing Defendants; and the Court has jurisdiction to rule on these remaining claims.

**Objection Nos. 7, 8:**

Plaintiffs state that the Magistrate Judge erred by not accepting the Second Amended Complaint (ECF No. 29) as the operative complaint. As noted earlier, Plaintiffs filed a Third Amended Complaint, in response to the Magistrate Judge's recommendation to dismiss the Second Amended Complaint. *See supra* at fn1. Therefore, the Third Amended Complaint became the operative complaint. Accordingly, these objections are overruled.

**Objection No. 9:**

Objection No. 9 is merely a restatement of previous argument, previous court filings, and other facts already considered. A rehashing of previous claims is not a proper objection, and the Court is not require to entertain repeat argument. *See VanDiver*, 304 F.Supp.2d at 937. Therefore, this objection is overruled.

**IV.**

The R&R also recommends that the Court decline to exercise supplemental jurisdiction and dismiss all state law claims against the Towing Defendants. ECF No. 82, PageID.889. With dismissal of the federal civil rights claims, the Court agrees that it would be proper to also dismiss the state law claims against the Towing Defendants. *See Sharwell v. Selva*, 4 F. App'x 226, 227 (6th Cir. 2001).

**V.**

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Ivy's Report and Recommendation (ECF No. 46). The Towing Defendants' Motion to Dismiss (ECF No. 57) is **GRANTED**. Plaintiff's Objections (ECF No. 83) are **OVERRULED**.

**IT IS HEREBY ORDERED** that all federal claims as to the Towing Defendants are **DISMISSED WITH PREJUDICE**. Plaintiffs' state law claims against the Towing Defendants are **DISMISSED WITHOUT PREJUDICE** to be refiled in state court, if the Plaintiffs so desire.

**THIS IS A FINAL ORDER THAT CLOSES THE CASE.**

**IT IS SO ORDERED.**

Dated: November 20, 2024                 s/Brandy R. McMillion
                                         Brandy R. McMillion
                                         United States District Judge

